# USDC SCAN INDEX SHEET










```
RYC     3/2/05    11:40
3:05-CV-00171   GONZALES V. ARROW FINANCIAL
*6*
*M.*
```

ORIGINAL

BUCHALTER, NEMER, FIELDS & YOUNGER
A Professional Corporation
    Abraham J. Colman (SBN: 146933)
    Russell L. Allyn (SBN 143531)
601 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-5704
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Defendant
ARROW FINANCIAL SERVICES LLC

FILED
05 MAR -1 PM 2:07
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

NUNC PRO TUNC
FEB 25 2005

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GONZALES, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ARROW FINANCIAL SERVICES LLC,<br><br>Defendant. | Case No. 05-CV-0171 JAH (RBB)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: April 7, 2005<br>TIME: 3 p.m.<br>PLACE: Courtroom F |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 7, 2005, at 3 p.m., or as soon thereafter as the matter may be heard, in Courtroom F of the above entitled Court, located at 880 Front Street, Suite 4290, San Diego, California, 92101, defendant Arrow Financial Services LLC ("Defendant") will, and hereby does, move this Court to dismiss the Complaint of plaintiff Johnny Gonzales ("Plaintiff") and its sole claim for violation of the Fair Debt Collection Practices Act (the "FDCPA"). The Complaint should be dismissed with prejudice for failure to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the ground that the claim alleged by Plaintiff does not rise to

///

1  the level of a violation of the FDCPA and does not state a cause of action as a matter of
2  law.[1]

3  The present Motion will be based upon this Notice, the accompanying
4  Memorandum of Points and Authorities, the pleadings and papers on file in this action;
5  and such other evidence and argument that may be presented at the hearing on this
6  Motion.

7  February 24, 2005                    BUCHALTER, NEMER, FIELDS & YOUNGER

   By: _____
         ABRAHAM J. COLMAN
         Attorneys for Defendant
         ARROW FINANCIAL SERVICES LLC

---

[1] Defendant has not yet completed its investigation into this matter. By filing this Motion to Dismiss, and to the extent the underlying cardholder agreement contains an arbitration clause, Defendant does not waive its right to file a motion to compel arbitration. Defendant hereby reserves its right to file such a motion at a later time. *Global Sec. & Commins., Inc. v. AT&T* (9th Cir. 1999) 1999 U.S. App. LEXIS 16955.

# TABLE OF CONTENTS

**Page(s)**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................3

I. INTRODUCTION ...............................................................................................................3

II. ALLEGATIONS OF COMPLAINT ..................................................................................3

III. LEGAL ARGUMENT........................................................................................................5

   A. THE FIRST AMENDED COMPLAINT MEETS THE STANDARDS FOR
       A MOTION TO DISMISS. ........................................................................................5

   B. THE COLLECTION LETTERS ARE NOT ACTIONABLE UNDER THE FDCPA ....6

      1. The Collection Letters Do Not Include a False Representation or Threaten Illegal or
         Unintended Action ..............................................................................................................6

      2. There is Nothing Deceptive or Misleading about the Collection Letters .......................7

      3. Defendant's Form Collection Letters Demonstrate Defendant's Attempt to Comply
         With Various State and Federal Collection Laws, Not Evade or Abuse Them.............9

IV. CONCLUSION.................................................................................................................13

BUCHALTER, NEMER,
FIELDS & YOUNGER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 368690v2

i

MOTION TO DISMISS PURSUANT TO
RULE 12(B)(6) 05-CV-0171 JAH (RBB)

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Advanced Cardiovascular Sys, Inc. v. Scimed Life Sys., Inc.*,
988 F.2d 1157 (Fed. Cir. 1993)..................................................................................5

*Anderson v. Credit Collection Services, Inc.*,
322 F.Supp.2d 1094 (S.D. Cal. 2004).............................................................6, 7, 8, 9

*Baker v. G.C. Servs. Corp.*,
677 F.2d 775 (9th Cir. 1982)......................................................................................7

*Ballistreri v. Pacifica Police Dep't.*,
901 F.2d 696 (9th Cir. 1988).....................................................................................5

*Clomon v. Jackson*,
988 F.2d 1314 (2nd Cir. 1993)..................................................................................7

*Fidelity Financial Corp. v. Fed. Home Loan Bank of San Francisco*,
792 F.2d 1432 (9th Cir. 1986)...................................................................................5

*Freyermuth v. Credit Bureau Services, Inc.*,
248 F.3d 767 (8th Cir. 2001).....................................................................................7

*Hal Roach Studios v. Richard Feiner & Co.*,
896 F.2d 1542 (9th Cir. 1990)...................................................................................6

*In re Stac Electronics Securities Litig.*,
89 F.3d 1399 (9th Cir. 1996).....................................................................................6

*In re U.S. Aggregates, Inc. Securities Litigation*,
235 F.Supp.2d 1063 (N.D. Cal. 2002).......................................................................5

*Jang v. A.M. Miller and Associates*,
122 F.3d 480 (7th Cir. 1997),..............................................................................11, 12

*Lewis v. ACB Business Services, Inc.*,
135 F.3d 389 (6th Cir. 1998).................................................................................7, 9

*McCarthy v. Mayo*,
827 F.2d 1310 (9th Cir. 1987)...................................................................................5

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988).....................................................................................5

*Morse v. Dun & Bradstreet, Inc.*,
87 F.Supp.2d 901 (D. Minn. 2000),.........................................................................11

*Stinson v. Home Ins. Co.*,
690 F.Supp. 882 (N.D. Cal. 1988)............................................................................5

BUCHALTER, NEMER,
FIELDS & YOUNGER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 368690v2

ii

MOTION TO DISMISS PURSUANT TO
RULE 12(B)(6) 05-CV-0171 JAH (RBB)

*Swanson v. Southern Oregon Credit Service, Inc.*,
    869 F.2d 1222 (9th Cir. 1989) ..................................................................................7

*Western Mining Council v. Watt*,
    643 F.2d 618 (9th Cir. 1981) .....................................................................................5

*White v. Goodman*,
    200 F.3d 1016 (7th Cir. 2000) ...................................................................................8

**Federal Statutes**

15 U.S.C.,
    § 1681s-2(a)(7)........................................................................................................10

15 U.S.C.,
    § 1681s-2(a)(2).................................................................................................10, 11

15 U.S.C.,
    § 1692g....................................................................................................................12

15 U.S.C.,
    1692g(a)..................................................................................................................12

Federal Rules of Civil Procedure,
    Rule 12(b)(6)........................................................................................1, 5, 6, 8, 12

**State Statutes**

Cal. Civ. Code,
    § 1785.26............................................................................................................9, 10

Cal. Civ. Code,
    § 1785.25(b)....................................................................................................10, 11

Cal. Civ. Code,
    § 1785.26 (b)............................................................................................................9

BUCHALTER, NEMER,
FIELDS & YOUNGER
ATTORNEYS AT LAW
LOS ANGELES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Although Plaintiff is an admitted debtor in default to Defendant, Plaintiff brings this action seeking substantial statutory, but not actual, damages for Defendant's alleged violation of the Fair Debt Collection Practices Act ("FDCPA"). The face of the Complaint, including the exhibits attached to it, however, reveal the complete lack of seriousness in the charges brought against Defendant. Specifically, Plaintiff is complaining about a particular sentence contained in form collection letters sent to him by Defendant referring to credit reporting that is transparently honest and conveys nothing more than what state and federal credit reporting statutes require. This action should be dismissed as the Complaint lacks merit as a matter of law.

## II.

## ALLEGATIONS OF COMPLAINT

In the Complaint, Plaintiff references the fact that he incurred a personal debt with Bally's Holiday Spa ("Bally's") for several hundred dollars. Complaint ¶¶ 10 and 11 and Exhibits "A" and "B." Plaintiff believes that Bally's charged off the debt owed by him in or about December 1992, which debt was assigned to Defendant for collection. Complaint ¶¶ 5 and 11. Defendant is alleged to be a "debt collector" under the FDCPA in that it acts as a collection agency including by purchasing and attempting collection on delinquent debts. Complaint ¶ 5.

The Complaint centers upon a particular sentence in two of Defendant's form collection letters sent to Plaintiff, dated April 30, 2004 and July 8, 2004, respectively, which letters are attached as Exhibits "A" and "B" to the Complaint (the "Collection Letters"). Plaintiff alleges that "<u>Exhibits A and B</u> are standard form letters mass mailed by Defendant. . ." Complaint ¶ 9.

The Collection Letters are entitled "**PAST DUE BALANCE**" and are very similar in form and content. They each reference Holiday Spa of California, provide account and

1 identification numbers and state the total current balance owing on that account. They
2 provide the following notices:

> "**Important notice required by law:** This agency is engaged in the collection of debts. This communication is an attempt to collect a debt and any information obtained will be used for that purpose."
>
> \* \* \*
>
> "NOTICE TO CALIFORNIA RESIDENTS:
>
> As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations."

10 The Collection Letters offer to settle Plaintiff's past due account for 50% of the full
11 balance owing and specify the dollar amount that would satisfy the settlement. Then
12 comes the allegedly offending sentence:

> "Upon receipt of the settlement amount and clearance of funds, *and if we are reporting the account*, the appropriate credit bureaus will be notified that this account has been settled."

16 (Emphases added.) Plaintiff ignores the phrase "and *if* we are reporting the account" to
17 argue in his Complaint that reference in this particular sentence to credit reporting is
18 misleading because under the Fair Credit Reporting Act ("FCRA") a debt charged-off for
19 more than seven years cannot be reported to the credit bureaus and, therefore, it is an
20 empty promise that misleads consumers into thinking that their credit rating will somehow
21 be affected. Complaint ¶¶ 13-14. The Complaint does not comment on that part of the
22 sentence that makes credit reporting inapplicable if Defendant is not reporting the
23 account.
24 Plaintiff does not allege that he accepted the settlement offers put forward in
25 the Collection Letters or paid any portion of the settlement amounts proposed by them.
26 Instead, he sued Defendant seeking up to $500,000 in statutory damages and
27 attorneys' fees as a class representative, which class has not been certified.
28 Complaint, Prayer ¶¶ A and B.

# III.

# LEGAL ARGUMENT

## A. THE FIRST AMENDED COMPLAINT MEETS THE STANDARDS FOR A MOTION TO DISMISS.

The purpose of a Motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys, Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

The legal standard for dismissal of a complaint or cause of action under Rule 12(b)(6) is well established. A motion to dismiss for failure to state a claim may be granted where it appears that the plaintiff can prove no set of facts that would entitle it to relief. *Fidelity Financial Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1435 (9th Cir. 1986); *In re U.S. Aggregates, Inc. Securities Litigation*, 235 F.Supp.2d 1063, 1068 (N.D. Cal. 2002). Dismissal can be based on either a lack of a cognizable legal theory, or the lack of sufficient facts alleged under a cognizable legal theory. *In re U.S. Aggregates, Inc. Securities Litigation, supra*, 235 F.Supp.2d at 1068; *see also, Ballistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *see also*, *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987) (conclusory allegations are disregarded). A plaintiff cannot avoid this bar by clothing legal conclusions in the guise of facts to take advantage of the liberality with which the court would otherwise view its pleading. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Stinson v. Home Ins. Co.*, 690 F.Supp. 882, 886 (N.D. Cal. 1988) ("Where the claims in a complaint are insufficiently supported by factual allegation, the claims may be disposed of by summary dismissal.").

1      Exhibits attached to the complaint may be considered as part of the complaint for
2      purposes of a Rule 12(b)(6) motion. *Hal Roach Studios v. Richard Feiner & Co.*, 896
3      F.2d 1542, 1555 (9th Cir. 1990). In fact, the court may consider the full text of a
4      document the complaint quotes only in part. *In re Stac Electronics Securities Litig.*,
5      89 F.3d 1399, 1405 n. 4 (9th Cir. 1996).

6      "In the 9th Circuit, the court – and not the jury – determines whether a particular
7      collection letter violates the FDCPA." [Citations.] The court examines the letter from the
8      hypothetical 'least sophisticated debtor' viewpoint ('LSD'), an objective standard applied
9      as a mater of law. [Citation.]" *Anderson v. Credit Collection Services, Inc.*, 322
10     F.Supp.2d 1094, 1096-97 (S.D. Cal. 2004) (emphasis added).

11     Examining the allegations of the Complaint in the present action alongside the
12     attached exhibits, it is readily apparent from the face of the pleadings that Plaintiff's
13     claim under the FDCPA fails to state a viable cause of action. Accordingly, Defendant
14     respectfully requests that this motion be granted.

15     **B.**     **THE COLLECTION LETTERS ARE NOT ACTIONABLE UNDER**
16            **THE FDCPA**

17     **1.**     **The Collection Letters Do Not Include a False Representation or**
18            **Threaten Illegal or Unintended Action**

19     There is nothing untruthful in the Collection Letters, and they do not threaten to
20     take action that cannot legally be taken or that is not intended to be taken. They merely
21     advise the debtor that if Defendant has made a credit report of an account's delinquency in
22     the past, then upon settlement funds clearing Defendant will update that account's
23     tradeline with the credit bureaus to reflect that the current status of the account as settled.[2]
24     The Collection Letters tell the debtor exactly what Defendant will do only in the event
25     that it is reporting the account. The key word about credit reporting in the sentence in
26     question is "if." If Defendant is not reporting the account, then no further credit reporting

---

[2] In consumer reporting terms, this means updating the tradeline on the credit report from the lowest R9 rating (indicating an unpaid charge-off) to a higher R3 rating (indicating a settlement).

is threatened or required. There is nothing further to report, and the Collection Letters do not threaten to take any such action.

In other cases, debtors have claimed -- unsuccessfully -- that the mere sending of a collection letter on a time-barred debt is an implicit threat to commence litigation in violation of the FDCPA. The court in *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767, 771 (8th Cir. 2001), however, held that in the absence of an actual threat of litigation or actual litigation, it is not a violation of the FDCPA to collect on a potentially time-barred debt that is otherwise valid. Similarly here, without an explicit threat by Defendant to notice the bureaus of settlement irrespective of whether Defendant is currently reporting the account, there is no FDCPA violation.

### 2. There is Nothing Deceptive or Misleading about the Collection Letters

Plaintiff pretends to put himself in the mindset of the "least sophisticated debtor" to argue, unconvincingly, that the Collection Letters are misleading in terms of credit reporting. Plaintiff's forced mis-reading of the Collection Letters is plainly wrong on its face.

First, the "least sophisticated debtor" standard is not a license for Plaintiff's lawyers to ascribe meanings and hidden intentions that are not present in the debt collector's actual wording. The test is objective, not subjective. *Anderson, supra*, 322 F.Supp.2d at 1096-97; *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 400 (6th Cir. 1998); *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1989). "Courts will generally presume that consumers read the letter carefully and in context." *Anderson, supra*, 322 F.Supp.2d at 1099, n. 6. In doing so, a court "protects debt collectors from unreasonable misinterpretations of collection notices." *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 778 (9th Cir. 1982); *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2nd Cir. 1993).

///

///

///

As Judge Posner recently summed up,

> "Any document can be misread. The Act is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it. The Act protects the unsophisticated debtor, but not the irrational one."

*White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000).

Second, the Collection Letters here are very clear as to what is promised upon settlement: "[I]f we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled." It is an unreasonable misinterpretation of the Collection Letters for Plaintiff to claim that Defendant is threatening to impact Plaintiff's credit rating even if Defendant is not reporting the account. No such promise (or threat) is stated or implied.

In *Anderson, supra*, 322 F.Supp.2d 1094, the plaintiff alleged that a collection letter that quoted a section of the FDCPA *verbatim* was false, deceptive, misleading and harassed her by falsely implying that legal action would soon commence against her. The section of the FDCPA quoted in the collection letter simply stated that a creditor cannot contact third parties regarding the debt without the debtor's permission. The quoted section, however, included reference to "permission of a court of competent jurisdiction," which the plaintiff used to argue that the defendant had made a false threat of imminent litigation. The court in *Anderson* dismissed the complaint on a 12(b)(6) motion, stating,

> "Under Plaintiff's FDCPA interpretation, a collection letter that includes any legal term – regardless of its placement, context, or meaning – would constitute a *per se* FDCPA violation. This interpretation fails from both a legal and common sense standpoint. From a legal perspective, Plaintiff has failed to provide this Court with a single case where an 'implied' threat of litigation was actionable under the FDCPA. From a common sense perspective, Plaintiff's purported rule would preclude the creditor or debt collector from providing any legal information to the debtor without potential FDCPA liability. Indeed, the language at issue here actually *benefits* the debtor. . . . This Court will not hold Defendant liable for what at best is a 'bizarre or idiosyncratic' interpretation of the collection letter at issue here."

*Id.* at 1098.

BUCHALTER, NEMER,
FIELDS & YOUNGER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 368690v2

8

MOTION TO DISMISS PURSUANT TO
RULE 12(B)(6) 05-CV-0171 JAH (RBB)

Similarly here, Plaintiff has implied a meaning in the Collection Letters that is not there in fact and is relying on a tortured interpretation of the Collection Letters in an attempt to establish liability under the FDCPA. Plaintiff's position is that debtors are so uniformed that any mention of credit reporting, no matter in what context or how conditioned, will be wrongly misinterpreted. The law does not presume that debtors are so irrational as to imply hidden meanings into collection letters that are contrary to the plain written words. The holding in *Anderson, supra,* is that such hidden implications are not actionable as a matter of law.

### 3. Defendant's Form Collection Letters Demonstrate Defendant's Attempt to Comply With Various State and Federal Collection Laws, Not Evade or Abuse Them

Debt collection has become a highly regulated industry. Congress passed the FDCPA with the intent to "eliminate unfair debt-collection practices, such as late-night telephone calls, false representations, and embarrassing communications." *Lewis, supra,* 135 F.3d at 398. Each state and the federal government has a large and growing array of laws and regulations governing the practice. As new laws come on the books requiring new and different notices, warnings and disclosures, legitimate debt collectors must do their best to comply.

So, for example, the Collection Letters in dispute contain a notice in compliance with 15 U.S.C. section 1692(e) under the FDCPA that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose. . ."

The Collection Letters also comply with the FCRA and California's Consumer Credit Reporting Agencies Act ("CCRAA"), both of which require that the consumer receive a written warning when negative credit information is reported to any of the credit bureaus. At the state level, "[a] creditor may submit negative credit information concerning a consumer to a consumer credit reporting agency, only if the creditor notifies the consumer affected." Cal. Civ. Code § 1785.26 (b). At the federal level, the FCRA

///

BUCHALTER, NEMER,
FIELDS & YOUNGER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 368690v2

9

MOTION TO DISMISS PURSUANT TO
RULE 12(B)(6) 05-CV-0171 JAH (RBB)

also requires written notice to the consumer that negative credit information is being reported. 15 U.S.C. § 1681s-2(a)(7).

California law specifically states,

> "The notice is sufficient if it is in substantially the following form:
>
> 'As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.'"

Cal. Civ. Code § 1785.26. This model form is *exactly* the language used by Defendant on the second page of the collection letter attached as Exhibit "A" to the Complaint.[3]

As a final example, under both the FCRA and the CCRAA, Defendant is under a legal duty to correct and update the credit information it has provided to the credit bureaus.

> "Duty to correct and update information. A person who –
>
> (A)   regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transaction or experiences with any consumer; and
>
> (B)   has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

15 U.S.C. § 1681s-2(a)(2); *see also*, Cal. Civ. Code § 1785.25(b). Therefore, the promise in the Collection Letters that upon settlement funds clearing, Defendant will report the account as settled is merely a restatement of the requirements under the FCRA and the CCRAA to correct and update credit information.

///

---

[3] One negative-credit notice is effective for all subsequent negative credit submissions on the same transaction or account. 15 U.S.C. § 1681s-2(a)(7)(ii); Cal. Civ. Code § 1785.26(b).

In *Morse v. Dun & Bradstreet, Inc.*, 87 F.Supp.2d 901 (D. Minn. 2000), a Minnesota-based debtor complained about a form dunning letter sent by a collection agency that contained multistate notices, including a notice labeled "Colorado (consumers only)." The plaintiff argued that the Colorado disclosures were misleading because she might have thought that the enumerated protections in Colorado (which are similar to those under the FDCPA and many other states) were not afforded to those in Minnesota, such as herself. The court there rejected what it characterized as the plaintiff's "idiosyncratic interpretation" of the form dunning letter, finding

> "The net outcome is to punish defendant for its compliance with state statutory law and essentially rewrite the FDCPA to contain a disclosure requirement that Congress clearly chose not to include when it enacted the FDCPA. . . .
>
> "Defendant has clearly attempted to comply with the requirements of various state and federal debt collection laws. Its form dunning letter in no way exemplifies the abusive behavior or false or misleading practices that Congress had in mind when it enacted the FDCPA."

*Id.* at 904.

Similarly here, the form Collection Letters, which the Court may independently review, demonstrate Defendant's efforts to comply with various state and federal laws, including disclosures, notices and requirements imposed by the CCRAA, FCRA and FDCPA, among others. The sentence to which Plaintiff objected explicitly applies only "if" Defendant is reporting the account. If that were the case, then Defendant is representing to do no more than 15 U.S.C. section 1681s-2(a)(2) and California Civil Code section 1785.25(b) require it do: update and correct Defendant's credit reporting to notify the credit bureaus that the account has been settled.

The fact that the credit reporting disclosures on the Collection Letters had no application to Plaintiff does not make them misleading. In *Jang v. A.M. Miller and Associates*, 122 F.3d 480 (7th Cir. 1997), the plaintiff complained that although form dunning letters technically complied with the FDCPA, they were misleading nonetheless because the collection agencies never intended to fully comply with the statutory notices

1  set forth in those letters.  In *Jang*, Discover Card hired the defendant as its debt collector.
2  The disclosure in question printed on the defendant's form dunning letters related to debt
3  verification.  Under the FDCPA, the first communication must disclose to the consumer
4  that if he or she disputes the debt, the credit reporting agency will obtain verification of
5  the debt and in the interim, cease collection activities.  15 U.S.C. § 1692g.  The
6  defendant's form dunning letters paraphrased these requirements.  However, the plaintiff
7  alleged that the defendant had a policy of returning all Discover Card accounts to
8  Discover Card upon receiving a validation request and never following up with any debt
9  validation.  Therefore, according to the complaint, the dunning letters were misleading
10 because the defendant never really intended to obtain the debt verification, as promised.
11 In granting the defendant's 12(b)(6) motion to dismiss, the court there noted that the
12 dunning letters "mirrored the language required by section 1692g(a)" and that the debt
13 collector "would have violated the statute if they had made any lesser promises than those
14 required by [the] section. . . ."  *Id.* at 482.  The court also noted that the defendant did
15 cease all collection activities subsequent to receipt of the consumer dispute of the debt and
16 held as follows:

> "When a debt collector provides the language required by the statute, and only the language required by the statute, we hold that a collection letter cannot be false, misleading or deceptive merely because the collection agency always chooses one statutorily allowed path (ceasing all collection activity) over the other (providing debt verification)."

*Id.* at 484 (also holding that "a debt collector who strictly complies with the provisions of the FDCPA cannot be said to have used unfair or unconscionable means to collect a debt under section 1692f").

Here, the form Collections Letters make the promises required by FCRA and CCRAA for updating and correcting credit information upon settlement.  Such promises are informative and helpful to those debts whose accounts are being reported.  Just because the language does not apply in Plaintiff's particular situation does not make it

///

BUCHALTER, NEMER,
FIELDS & YOUNGER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 368690v2

12

MOTION TO DISMISS PURSUANT TO
RULE 12(B)(6) 05-CV-0171 JAH (RBB)

1  deceiving, especially since it expressly limits itself to situations "if" Defendant is credit
2  reporting.
3      Since the sentence in question is clearly and explicitly conditioned on whether
4  Defendant has been "reporting the account," debtors are informed that it is inapplicable to
5  situations where Defendant is not so reporting the account, which is the situation at bar.
6  The Collection Letters clearly show Defendant's effort to comply with all debt collection
7  law and make all required debt collection disclosures and are not in any way abusive. No
8  one has been misinformed, mislead or deceived. The Complaint should be dismissed for
9  failing to state a claim under the FDCPA as a matter of law.

## IV.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court sustain the Motion to Dismiss the Complaint. Defendant requests such other and further relief as the Court deems just and proper.

February 24, 2005

BUCHALTER, NEMER, FIELDS & YOUNGER
A Professional Corporation

By: _____
ABRAHAM H. COLMAN
Attorneys for Defendant
ARROW FINANCIAL SERVICES LLC

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER, NEMER, FIELDS & YOUNGER, A Professional Corporation, 601 South Figueroa Street, Suite 2400, Los Angeles, California 90017-5704.

On the date set forth below, I served the foregoing document described as:

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on all other parties their attorneys of record to this action placing a true copy thereof in a sealed envelope as follows:

Elizabeth J. Arleo
LAW OFFICES OF ELIZABETH J. ARLEO
10085 Carroll Canyon Road, Suite 210-A
San Diego, CA  92131

Robert L. Arleo
225 East 79th Street, 2B
New York, NY  10021

**BY MAIL** I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. The addresses shown above are the same as shown on the envelopes. The envelopes were placed for deposit in the United States Postal Service at Buchalter, Nemer, Fields & Younger in Los Angeles, California on February 24, 2005. The envelopes were sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on February 24, 2005, at Los Angeles, California.

Kellie C. Brandon
_____
                                   (Signature)

BNFY 375736v1

PROOF OF SERVICE

BUCHALTER, NEMER,
FIELDS & YOUNGER
ATTORNEYS AT LAW
LOS ANGELES