USDC SCAN INDEX SHEET










```
CGL    8/12/05    8:30
3:05-CV-00171    GONZALES V. ARROW FINANCIAL
*17*
*DECL.*
```

LAW OFFICE OF ELIZABETH J. ARLEO, PLC
ELIZABETH J. ARLEO (CASB NO. 201730)
10085 Carroll Canyon Road, Suite 210A
San Diego, CA 92131
Telephone: 858/547-9800
858/547-9880 (fax)

ROBERT L. ARLEO, ESQ (NYSB NO. 7506)
225 East 79th Street, 2B
New York, NY 10021
Telephone: 212-517-9967
212/517-2919 (fax)

Attorneys for Plaintiff

FILED
05 AUG 11 PM 3:55
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

ORIGINAL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GONZALES, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ARROW FINANCIAL SERVICES LLC,<br><br>Defendant. | Case No. 05-CV-0171 JAH (RBB)<br><br>DECLARATION OF ELIZABETH J. ARLEO IN SUPPORT OF PLAINTIFF'S MOTION TO RECUSE COUNSEL OF RECORD<br><br>DATE: September 22, 2005<br>TIME: 3:00 p.m.<br>COURTROOM: F<br><br>Hon. John A. Houston |

I, Elizabeth J. Arleo, declare as follows:

1. I am an attorney duly admitted to practice law in the State of California and am attorney of record for plaintiff, Johnny Gonzales ("Plaintiff"). I make this declaration in support of Plaintiff's Motion to Recuse Counsel of Record, Robert L. Arleo. I have personal knowledge of, or am informed and believe, the facts set forth herein and, if called as a witness, would and could competently testify the truth thereof.

2. Since early June 2005, my brother, Robert Arleo, and I have had irreconcilable differences of opinion concerning litigation and settlement discussions in cases which we have attempted to jointly prosecute. The differences of opinion are numerous, significant and permanent. Without boring the Court with the details of each disagreement, suffice it to say that Mr. Arleo and I have different styles of litigation.

3. On June 15, 2005, I received a letter from Robert Arleo stating that he wished to be withdrawn as co-counsel for the Plaintiff in this matter.[1] The same letter directed me to "advise" Mr. Gonzales of Mr. Arleo's desire to be withdrawn. Mr. Arleo also asked that I "forward the necessary stipulation of voluntary withdrawal for [his] signature."

4. On or about July 12, 2005, I forwarded Mr. Arleo's letter to Plaintiff, who thereafter provided written consent that Mr. Arleo could be withdrawn from the case.

5. On July 18, 2005, I sent via facsimile draft withdrawal papers to Mr. Arleo requesting his comments. No motion to withdraw Mr. Arleo has been filed with the Court.

6. On July 25, 2005, Mr. Arleo sent a letter to me enclosing a declaration which was written and executed by Mr. Arleo in support of his motion to withdraw. The declaration contains statements which I believe are patently inaccurate.

7. On or about July 29, 2005, Plaintiff received copies of the correspondence to and from Mr. Arleo concerning his withdrawal, as well as a copy of Mr. Arleo's executed declaration.

---

[1] The documents referenced herein are protected by the attorney-client privilege and work product doctrine. Upon the Court's request, I can submit the documents for an *in camera* review. Plaintiff has requested that defendant's counsel be excluded from any such *in camera* review.

- 1 -

DECLARATION OF E. J. ARLEO                                                                              05-cv-0171 JAH

8.    On August 1, 2005, I received another letter from Mr. Arleo stating his "absolute desire to terminate our relationship in regard to *any and all* matters" and that his "July 25th declaration sets forth the true reasons [he is] compelled to withdraw as counsel for Mr. Gonzalez [sic]." Mr. Arleo also conditioned his withdrawal in this case upon my providing him with a declaration stating that I would *not* intervene in another action which Mr. Arleo is prosecuting.

9.    After I told Mr. Arleo that I had no intention of intervening in his other action, Mr. Arleo withdrew his demand for a declaration from me. But he would still not revise his July 25th declaration. On August 3, 2005, I asked that he provide revisions which accurately reflected the situation. I received a letter from him on the same day stating that he disagreed with my interpretation of the facts set forth in his declaration and suggesting that we contact the Court to resolve the dispute.

10.   On August 11, 2005, Plaintiff sent a letter terminating Mr. Arleo as counsel in this matter. I understand that Plaintiff disagrees with the assertions contained in Mr. Arleo's executed declaration and that Plaintiff is disappointed and frustrated with Mr. Arleo's behavior.

11.   I understand that Plaintiff anticipates retaining additional class counsel after Mr. Arleo is recused and prior to moving for class certification.

12.   My class action experience and qualifications are as follows:

13.   I received my law degree from the University of San Diego, School of Law, in 1998 and my Master of Business Administration from Southern Methodist University in 1993. Since 1999, I have been a member in good standing of the bar of the State of California. I am admitted as a member to the Southern, Central and Northern District Courts for California. I am a member of the American Bar Association, the San Diego County Bar Association and the National Association of Consumer Advocates.

14.   On January 3, 2005, I opened my law office as a solo practice limited to the representation of persons in consumer rights litigation, both individual and class actions. From 1999 to 2004, I practiced law with Milberg Weiss Bershad Hynes & Lerach in San Diego, California where I was involved in the prosecution of consumer and securities fraud class actions. During law school, I clerked at the United States Securities & Exchange Commission and Milberg Weiss where

I co-authored of *The Aftermath of BMW v. Gore - Who is Now the Trier of Fact?* Financial Services Litigation, PLI (1997). *See also* William S. Lerach, *et al., Experience and Practice in Securities Class Action Litigation Under the Private Securities Litigation Reform Act of 1995*, Sec. Reform Act Litig. Rep., July 1997 (acknowledgment).

15. I have been involved in the prosecution of numerous securities fraud class actions, including: *Alaska Electrical Pension Fund v. Pharmacia Corp.*, Case No. 03-1519 (D.N.J); *Anderton v. Clearone Communs, Inc.*, Master File No. 2:03-CV-0062-PGC (D. Utah); *In re Catalina Mktg. Corp. Secs. Litig.*, Case No. 8:03-CV-1582-27 TBM (M.D. Fl.); *In re Gemstar-TV Guide, Int'l Inc. Sec. Litig.*, Case No. CV 02-02775 MRP (PLAx) (C.D. Cal.); *In re Healthsouth Corp. Sec. Litig.*, Master File No. CV-98-BE-2634-S (N.D. Ala.); *In re Healthsouth Corp. Sec. Litig*, Consolidated Case No. CV-03-BE-1500-S (N.D. Ala.); In re Immune Response Secs. Litig., Master File No. 01-CV-1237-J (JAH) (S.D. Cal.); and *In re Lockheed Martin Corp. Secs. Litig.*, Case No. CV 99-00372 MRP (C.D. Cal.).

16. I have also represented pension funds and individual shareholders in complex securities fraud actions in state courts located in California and elsewhere, including: *AOL Time Warner Cases I & II*, JCCP Nos. 4322 and 4325 (Cal. Sup. Ct., Los Angeles County), *Los Angeles County Employees Retirement Ass'n v. Parsons*, Case No. BC303050 (Cal. Sup. Ct., Los Angeles County); *West Virginia Investment Mgmt. Bd. v. Richard D. Parsons*, Case No. 03-1752 (W.V. Circuit Ct., Kanawha County); *Ohio Public Employees Retirement System., v. Parsons*, Case No. 03-07-7932 (Ohio Common Pleas Ct., Franklin County); and *William Gonser, Derivatively On Behalf of DHB Industries, Inc., v. David H. Brooks and DHB Indus., Inc.*, Index No. 017380/02 (N.Y. Supreme Court, Nassau County) (shareholder derivative action).

17. I am particularly proud to have served as one of plaintiffs' counsel in three groundbreaking, related cases litigated on behalf of more than 30,000 Chinese garment workers against factories located in the U.S. territory, the Commonwealth of the Northern Mariana Islands and U.S. clothing retailers such as The Gap, Limited, Target and J.C. Penney entitled: *Does I v. Advance Textile Corp*, Case No. 99-0002 (D. Northern Mariana Islands); *Does I v. The Gap, Inc., et al.*, Case No. 01-0031 (D. Northern Mariana Islands); and *UNITE v. The Gap, Inc.*, Case No. 300474 (Cal.

Superior Ct., San Francisco County). The lawsuits, one of which was a class action, challenged sweatshop conditions in Saipan garment factories by alleging, among other things, violations of the Alien Tort Claims Act, the Fair Labor Standards Act, the California Unfair Business Practices Act, and RICO. Under the terms of the settlement agreement, 27 clothing retailers and 28 Saipan-based factories paid $20 million in back wages and damages, created a repatriation fund so workers can return to their home countries, implemented for the factories a code of conduct that fully comports with independent American employment standards, and used workplace monitors to oversee operations and investigate worker complaints.

18. I also prosecuted other consumer class actions and private attorney general actions brought under the California Unfair Business Practices Act, including: *Schwartz v. The Upper Deck Co.*, 96 CV 3408-B (AJB) (S.D. Cal.); *Chaset v. The Upper Deck Co.*, Case No. 830257-9 (Cal. Superior Ct., Alameda County); and *Benson v. Kwikset*, Case No.01275 (Cal. Superior Ct., Orange County).

19. Presently, I am involved in four cases in this district court representing alleged debtors under the Fair Debt Collection Practices Act.

Executed under penalty of perjury under the laws of the United States and the State of California this 11th day of August, 2005 at San Diego, California.

_____
ELIZABETH J. ARLEO

P:\Cases\05-1009 Gonzales v Arrow\Pleadings\05-1009 Recuse EJA Declaration.doc

- 4 -

DECLARATION OF E. J. ARLEO                    05-cv-0171 JAH

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States employed in the City and County of San Diego, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 10085 Carroll Canyon Rd, Suite 210-A, San Diego, California 92131.

2. That on August 11, 2005, declarant served the **DECLARATION OF ELIZABETH J. ARLEO IN SUPPORT OF PLAINTIFF'S MOTION TO RECUSE COUNSEL OF RECORD** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

4. I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of August, 2005, at San Diego, California.

_____
ELLEN DEWAN

SERVICE LIST
*Gonzales v. Arrow Financial Services, Inc.*
U. S. District Court for the Southern District of California
Case No. 05-CV-0171 JAH (RBB)

Attorneys for Plaintiff

LAW OFFICE OF ELIZABETH J. ARLEO, PLC
ELIZABETH J. ARLEO
10085 Carroll Canyon Road, Suite 210-A
San Diego, CA 92131
Telephone: 858/547-9800
858/547-9880 (fax)

ROBERT L. ARLEO, ESQ.
225 East 79th Street, 2B
New York, NY 10021
Telephone: 212/517-9967
212/517-2919 (fax)

Attorneys for Defendant

Russell Allyn **
Abraham J. Colman
BUCHALTER NEMER FIELDS & YOUNGER
601 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-5709
Telephone: 213/891-0700
213/630-5712 (fax)

**\*\* VIA OVERNIGHT MAIL**