















KSR   2/8/06   7:59

3:05-CV-00171   GONZALES V. ARROW FINANCIAL

*46*

*O.*

FILED

06 FEB -7 PM 2: 00

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOHNNY GONZALES, on Behalf of    )    Civil No. 05cv0171 JAH(RBB)
Himself and All Others Similarly   )
Situated,                         )    **ORDER GRANTING PLAINTIFF'S**
                                  )    **MOTION FOR CLASS**
            Plaintiff,            )    **CERTIFICATION [Doc. No. 32]**
v.                                )
                                  )
ARROW FINANCIAL SERVICES LLC,     )
                                  )
            Defendant.            )
_____ )

## BACKGROUND

Plaintiff originally filed a complaint on January 28, 2005, naming Arrow Financial

Services, LLP as defendant. Defendant moved to dismiss the action for failure to state a

claim. Finding Plaintiff sufficiently pled facts that could entitled him to relief, the Court

denied the motion. On October 18, 2005, Plaintiff filed a First Amended Complaint

("FAC") alleging a violation of the Fair Debt Collection Practices Act and California's Fair

Debt Collection Practices Act. Specifically, Plaintiff alleges Defendant sent form collection

letters containing the following language, "Upon receipt of the settlement amount and

clearance of funds, and if we are reporting the account, the appropriate credit bureaus will

be notified that this account has been settled." FAC ¶ 14 at 3.

On November 14, 2005, Plaintiff filed a motion for class certification. Defendant

filed an opposition on December 22, 2005. Plaintiff filed a reply on January 19, 2006. The

motion was taken under submission without oral argument. After a thorough review of the



1 │ pleadings, the Court GRANTS Plaintiff's motion for class certification.

2 │                                          DISCUSSION

3 │         Plaintiff seeks class certification for his Fair Debt Collection Practices Act and

4 │ California Rosenthal Fair Debt Collection Practices Act claims.

5 │ **I. Legal Standard**

6 │         Whether to grant class certification is within the discretion of the court.

7 │ Montgomery v. Rumsfeld, 572 F.2d 250, 255 (9th Cir. 1978).  A cause of action may

8 │ proceed as a class action if a plaintiff meets the threshold requirements of Rule 23(a) of the

9 │ Federal Rules of Civil Procedure: numerosity, commonality, typicality, and adequacy of

10 │ representation.  Fed.R.Civ.P. 23(a).  In addition, a party seeking class certification must

11 │ meet one of the three criteria listed in Rule 23(b).  Pursuant to Rule 23(b) a party may

12 │ maintain a class action if:

13 │          (1) the prosecution of separate actions by or against individual members of the
   │          class would create a risk of
14 │                   (A) inconsistent or varying adjudications with respect to individual
   │                   members of the class which would establish incompatible standards of
15 │                   conduct for the party opposing the class, or
   │                   (B) adjudications with respect to individual members of the class which
16 │                   would as a practical matter be dispositive of the interests of the other
   │                   members not parties to the adjudications or substantially impair or
17 │                   impede their ability to protect their interests; or
   │          (2) the party opposing the class has acted or refused to act on grounds
18 │          generally applicable to the class, thereby making appropriate final injunctive
   │          relief or corresponding declaratory relief with respect to the class as a whole; or
19 │          (3) the court finds that the questions of law or fact common to the members of
   │          the class predominate over any questions affecting only individual members,
20 │          and that a class action is superior to other available methods for the fair and
   │          efficient adjudication of the controversy.
21 │ **II. Analysis**

22 │         Plaintiff maintains he meets the requirements of 23(a) and (b).  Plaintiff further

23 │ maintains class certification as a hybrid class under Rule 23(b)(2) and (3) is in the best

24 │ interests of the class members as declaratory relief and statutory damages are sought.

25 │         Defendant opposes the motion arguing the Rosenthal Act precludes a class action on

26 │ its face and, even if a class may be certified under the Rosenthal Act, it cannot allow double

27 │ recovery in connection with the exact violation alleged to be a violation of the FDCPA.

28 │ Defendant further argues no class may be certified based upon Plaintiff's allegations under

                                                2

1  section 1788.13 of the Rosenthal Act, because it must be pursued only in an individual

2  action. Defendant sets forth no argument opposing Plaintiff's assertion he meets the

3  requirements of Rule 23(a) and (b).

4  **A. Rosenthal Act**

5      Section 1788.30 of the Rosenthal Act mandates that any debt collector who violates

6  the Act shall be liable "only in an individual action. . ." Cal. Civ. Code § 1788.30(a).

7  However, section 1788.17, a 1999 amendment to the Rosenthal Act, mandates debt

8  collectors, collecting or attempting to collect a debt are "subject to the remedies in Section

9  1692k, Title 15 of the United States Code." Ca. Civ. Code 1788.17. Section 1692k

10 provides for class actions. See 15 U.S.C. § 1692 (a)(2)(B). Courts have found section

11 1788.17 broadens the remedies of the Rosenthal Act to provide for class actions. See

12 Palmer v. Stassinos, 2006 WL 83059 (N.D.Cal. 2006); McDonald v. Bonded Collectors,

13 LLC, ___ F.R.D. ___, 2005 WL 2008202 (S.D.Cal. 2005); Abels v. JBC Legal Group, PC,

14 227 F.R.D. 541 (N.D.Cal. 2005).

15     Citing to the legislative history of the 1999 amendment, Plaintiff contends section

16 1788.17 incorporates the standards and remedies of section 1692k and thereby provides for

17 a class action remedy and the strict liability standard of the FDCPA. Plaintiff argues the

18 amendment created two independent remedies sections for the Rosenthal Act. He suggests

19 the two sections can be harmonized, and if the Court finds they conflict, the Court should

20 give effect to the most recently enacted statute.

21     Defendant argues a class action is not a remedy, but a procedure and, as such, section

22 1788.17 merely broadens the remedies of the Rosenthal Act to allow a plaintiff to seek

23 $1,000 in statutory damages without demonstrating the debt collector "willfully and

24 knowingly" violated the law. Defendant further argues resorting to legislative history is

25 improper, because the first canon of statutory interpretation holds that where a law is clear

26 on its face, legislative intent is drawn exclusively from the text. Defendant maintains the

27 language of section 1788.30, "only in an individual action" is clear. Defendant also argues

28 that giving priority to section 1788.17 over section 1788.30, and thereby ignoring the

1 prohibition against class action, is in direct violation of the canon of statutory interpretation

2 that courts should give effect to every word of statute and not render provisions

3 superfluous.

4      Although Defendant argues the language of section 1788.30 is clear, the Court must

5 look to the entire act to interpret its meaning. See Kokoszka v. Belford, 417 U.S. 642, 650

6 (1974) ("When interpreting a statute, the court will not look merely to a particular clause

7 in which general words would be used, but will take in connection with the whole statute. .

8 ." citing Brown v. Duchesne, 60 U.S. 183, 194 (1856)). Taking the two provisions at issue

9 together demonstrates an ambiguity as to whether class actions are permitted. While

10 section 1788.30 mandates a debt collector who violates the act shall be liable "only in an

11 individual action", section 1788.17 incorporates the portion of section 1692k which

12 provides remedies available in class actions. As such, the Court will look to the legislative

13 history to determine whether the legislature intended to permit class actions for violations

14 of the Rosenthal Act.

15      Plaintiff provides a copy of the legislative information surrounding the 1999

16 amendment.[1] The California Senate Judiciary Committee reported that the amendment

17 would subject violators to the remedies of 15 U.S.C. § 1692k, including damages for

18 prevailing plaintiffs in a class action. See Plaintiff's Request for Judicial Notice, Exhibit 2 at

19 1, 3. The Committee recognized the law prior to the amendment did not provide for class

20 actions and the amendment would incorporate the remedies included in section 1692k,

21 specifically referring to the remedies allowed in class actions. See id at 3. Furthermore, the

22 Committee noted the problems with the law prior to the amendment contained no incentive

23 to debt collectors to stop their wrongful conduct and violators were still able to avoid

24 penalty when a group of persons was affected by their conduct, "unless each and every

25 consumer brings a complaint." Id. at 4. The Court finds the legislative history

26 demonstrates the legislature intended to allow class actions for violations of the Rosenthal

27

28     [1]Plaintiff attaches printouts of the information on the legislative history of the 1999 amendment to his request for judicial notice of the information and request for judicial notice of Palmer v. Stassinos; No. C-04-03036 RMW and Palmer v. Far West Collections Svcs.; No. C-04-03027 RMW. The request is granted.

1 │ Act. Accordingly, Plaintiff's claims brought under the Rosenthal Act may be certified as a
2 │ class action if he meets the requirements of Rule 23.

3 │ **B.  Damages Issue**

4 │ Defendant argues Plaintiff impermissibly seeks certification as a class action under
5 │ the Rosenthal Act so he may seek double recovery, by asserting identical claims and prayers
6 │ for relief.  Plaintiff maintains this argument is incorrect and premature, and should be
7 │ addressed after a determination is made on whether Defendant violated the FDCPA and the
8 │ Rosenthal Act.

9 │ The Court finds the issue of whether plaintiff is impermissibly seeking double
10 │ recovery is irrelevant to the issue of class certification.  As such, it is not properly brought in
11 │ opposition to a motion for class certification.

12 │ **C.  Rule 23**

13 │ Rule 23(a) requires a finding of numerosity, commonality, typicality and adequacy of
14 │ representation.  Defendant asserts no opposition to certifying the FDCPA action as a class
15 │ action and provides no argument opposing Plaintiff's assertion he meets the threshold
16 │ requirements of Rule 23(a) and the criteria of Rule 23(b)(2) and (3).  Accordingly, the
17 │ Court will look to Plaintiff's arguments and documentation to determine whether he meets
18 │ the requirements.

19 │ **1.  Rule 23(a)**

20 │ Plaintiff establishes the proposed class will include approximately 40,000 members
21 │ who received the same debt collection letters at issue in this matter.  Accordingly, Plaintiff
22 │ sufficiently demonstrates joinder of the proposed class members is impracticable and the
23 │ existence of common questions of fact and law.  See Hanlon v. Chrysler Corp., 150 F.3d
24 │ 1101, 1019 (9th Cir. 1998); Palmer, 2006 WL 83059.  Plaintiff maintains he received the
25 │ same debt collection letter from Defendant as those received by the class members, and was
26 │ subject to the same demands.  As such his claims are typical to those of the class.  See
27 │ Ables, 227 F.R.D. at 545.

28 │ As to adequacy of representation, Plaintiff asserts he is represented by experienced

05cv0171

1  counsel, Elizabeth Arleo and O. Randolph Bragg.  Ms Arleo attests to experience

2  prosecuting numerous securities fraud actions, representing plaintiffs in other consumer

3  class actions and maintains she is currently involved in other cases brought for violations of

4  the Fair Debt Collection Practices Act.  Arleo Decl. ¶¶ 6, 7, 8, 9, 10.  Mr. Bragg attests he is

5  involved in numerous consumer cases, and lectures on the FDCPA.  Bragg Decl. ¶¶ 7, 8.

6  Plaintiff's counsel demonstrate they have sufficient experience to adequately represent the

7  class members.  Plaintiff also argues there is no potential for conflict with the class

8  members, because his claims are identical.   Plaintiff demonstrates he and his chosen

9  counsel shall adequately represent the class.  Therefore, the Court finds Plaintiff meets the

10  threshold requirements of Rule 23(a).

11  **2. Rule 23(b)**

12       To maintain a class action, Plaintiff must meet one of the three subdivisions of Rule

13  23(b). Plaintiff maintains he meets the requirements of both Rule 23(b)(2) and (3) and

14  seeks certification as a hybrid class under both, because this action seeks declaratory relief

15  and statutory damages.  Pursuant to Rule 23(b)(2) a class action may be maintained if "the

16  party opposing the class has acted or refused to act on grounds generally applicable to the

17  class, thereby making appropriate final injunctive relief or corresponding declaratory relief

18  with respect to the class as a whole."  If "questions of law or fact common to the members

19  of the class predominate over any questions affecting only individual members, and that a

20  class action is superior to other available methods for the fair and efficient adjudication of

21  the controversy" a class action may be maintained under Rule 23(b)(3).  "Rule 23(b)(2)

22  generally does not extend to cases in which the appropriate final relief 'relates exclusively or

23  predominantly to money damages.'" Irwin v. Mascott, 96 F.Supp.2d 968, 979 (N.D.Cal.

24  1999) (citing Arnold v. United Artists Theatre Circuit, Inc., 158 F.R.D. 439, 450-51

25  (N.D.Cal. 1994).  However, a class action may be maintained under Rule 23(b)(2) if the

26  money damages are merely incidental to the claim for injunctive relief.  See Probe v. State

27  Teachers' Retirement System, 780 F.2d 776, 780 n.3 (9th Cir. 1986).

28       Here, Plaintiff seeks statutory damages and contends, because of the standardized

6

1   nature of Defendant's conduct in this case, common questions predominate.  He also argues

2   that a class action is superior to other available methods to resolve this controversy, because

3   it is a more efficient and consistent means of trying the legality of a collection letter.  At

4   issue in this case is whether Defendant violated the FDCPA and the Rosenthal Act using

5   certain language in standardized letters.  As argued by Plaintiff, the only individual issue is

6   the identification of consumers who received the letter.  The Court finds common questions

7   of law and fact predominate.  See Abels, 227 F.R.D. at 547.  Additionally, a class action is

8   more efficient than individual actions in cases involving consumer protection.  See Ballard v.

9   Equifax Check Svcs., 186 F.R.D. 589, 600 (E.D.Cal. 1999) (Finding class action superior

10  because individuals are unlikely to be aware of their rights under the FDCPA, the amount of

11  individual claims are generally so small there is not incentive to file individual actions, and

12  suits for standardized conduct more efficient as a class action).

13        Plaintiff also argues Defendant has acted or refused to act on grounds generally

14  applicable to the class, thereby making appropriate declaratory relief with respect to the

15  class as a whole, therefore class certification pursuant to 23(b)(2) is appropriate.  Plaintiff

16  alleges and seek a declaratory judgment that Defendant violated the FDCPA and the

17  Rosenthal Act by sending letters to numerous consumers that included the following

18  language: "Upon receipt of the settlement amount and clearance of funds, and if we are

19  reporting the account, the appropriate credit bureaus will be notified that this account has

20  been settled."  FAC, Exhs. A, B.  Defendant action is applicable to each member of the

21  proposed class, as they received the standardized letters.  As such, declaratory relief is

22  applicable to the class as a whole.  Class certification under Rule 23(b)(2) is appropriate.

23  Plaintiff's meet the requirements of Rule 23(b)(2) and (3).

24                            CONCLUSION AND ORDER

25        Based on the foregoing, IT IS HEREBY ORDERED Plaintiff's motion for class

26  certification is GRANTED.  The class consists of all natural persons with California

27  addresses who meet the following criteria:

28        1.  Defendant sent them a letter in the form represented by Exhibits A and/or B

7

1  attached to the First Amended Complaint;

2  　　2. on or after a date one year prior to the filing of this action;

3  　　3. seeking to collect a debt allegedly owed to Bally Total Fitness Corporation and/or

4  　　Holiday Spa Health Clubs of California that was charged off more than 7 years

5  　　previous to the date of the letter; and

6  　　4. which was not returned by the Postal Service.

7  　　The class claims and issues are whether Defendant violated the Fair Debt Collection

8  Practices Act, 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act,

9  Cal. Civ. Code § 1788 *et seq.* by:

10  　　1. Threatening to take action that cannot legally be taken or that is not intended to

11  　　be taken in violation of 15 U.S.C. § 1692e(5) and Cal. Civil Code § 1788; and

12  　　2. Utilizing false representations or deceptive means to collect or attempt to collect a

13  　　debt in violation of 15 U.S.C. §§ 1692e and 1692e(10) and Cal. Civil Code § 1788.

14  　　Johnny Gonzales is designated as representative for the class. Elizabeth Arleo and

15  O. Randolph Bragg are appointed as class counsel, pursuant to Federal Rule of Civil

16  Procedure 23(g).

17

18  Dated:　　　February 6, 2006

19

20  　　　　　　　　　　　　　　　　　　　　JOHN A. HOUSTON
　　　　　　　　　　　　　　　　　　　　United States District Judge
21

22  cc: Magistrate Judge Brooks
　　　All Counsel of Record

23

24

25

26

27

28

05cv0171