SCAN INDEX SHEET

















JPP    3/10/06    13:11

3:05-CV-00171   GONZALES V. ARROW FINANCIAL

*48*

*P/A.*

ORIGINAL

1   ARLEO LAW FIRM, PLC
    ELIZABETH J. ARLEO (CASB NO. 201730)
2   850 Main Street, Suite 201
    Ramona, CA 92065
3   Telephone:  760/ 789-8000
    760/ 789-8081 (fax)
4
    HORWITZ, HORWITZ & ASSOCIATES
5   O. RANDOLPH BRAGG
    CRAIG M. SHAPIRO
6   25 East Washington Street, Suite 900
    Chicago, IL 60602
7   Telephone: 312/ 372-8822
    312/ 372-1693 (fax)
8
    Attorneys for Plaintiff
9

FILED

2006 MAR 10  AM 9:40

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

10              UNITED STATES DISTRICT COURT

11              SOUTHERN DISTRICT OF CALIFORNIA

12

13   JOHNNY GONZALES, on Behalf of Himself    Case No. 05-CV-0171 JAH (RBB)
     and All Others Similarly Situated,

14                        Plaintiff,          PLAINTIFF'S MEMORANDUM OF
                                              POINTS AND AUTHORITIES IN SUPPORT
15        vs.                                 OF MOTION FOR LEAVE TO SERVE
                                              ADDITIONAL DISCOVERY
16   ARROW FINANCIAL SERVICES, LLC.,
                                              Date:      April 10, 2006
17                        Defendant.          Time:      10:00 a.m.
                                              Courtroom: B, 1st Floor
18
                                              Magistrate Judge Ruben B. Brooks
19

20

21

22

23

24

25

26

27

28



48 2p

1

**TABLE OF CONTENTS**

2  I.      INTRODUCTION ........................................................................................1

3  II.     RELEVANT PROCEDURAL AND FACTUAL BACKGROUND ...................................1

4  III.    PREVIOUS DISCOVERY AND STATUS OF DISCOVERY .........................................3

5  IV.     ARGUMENT...................................................................................................4

6          A.    A Party Must Seek Leave for Additional Discovery ................................4

7          B.    The Information Sought is Relevant to the Subject Matter of the Litigation ..........4

8          C.    Whether Arrow Notifies the Credit Reporting Agencies of 7+ Year Old
9                Debt...................................................................................................6

10         D.    Whether Failure to Settle 7+ Year Old Holiday Spa Debt Could Have
                 Affected the Credit Score of Plaintiff and Members of the Class ............................6

11         E.    Did Arrow have Any Basis for Reporting Plaintiff's Debt to the Credit
12               Bureaus ..............................................................................................8

13         F.    Whether Arrow Intended or had Any Legal Basis to Report Information
                 on the Holiday Spa Debts to Any Credit Reporting Agency ....................................8

14  V.     CONCLUSION...................................................................................................10

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2 **STATUTES**

3   15 U.S.C. §1681c ................................................................................................. 5, 6

4   15 U.S.C. §1681c(c)(1) ............................................................................................. 9

5   15 U.S.C. §1692 ...................................................................................................... 1

6   15 U.S.C. §1692e .................................................................................................. 5, 8

7   15 U.S.C. §1692e(5) ........................................................................................... 2, 5, 8

8   15 U.S.C. §1692e(10) ......................................................................................... 2, 5, 8

9   Cal. Civ. Code §1788.13 ........................................................................................... 2

10  Cal. Civ. Code §1788.17 ........................................................................................... 2

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05-CV-0171 JAH (RBB)

## I. INTRODUCTION

Plaintiff Johnny Gonzales hereby respectfully moves this Court for leave to serve additional discovery upon Defendant, Arrow Financial Services, Inc. ("Arrow" or "Defendant").

Plaintiff seeks leave of the court to serve 17 Requests for Admissions and 16 Interrogatories which are set forth below. This additional discovery is reasonably calculated to lead to the discovery of admissible evidence concerning: (i) Arrow's policy of notifying the credit reporting agencies about seven year old debt; (ii) whether failure to settle the alleged debts could really have impacted the alleged debtors' credit score; (iii) whether Arrow had any basis for reporting the Holiday Spa debts; and (iv) whether Arrow actually intended to report the Holiday Spa debts. Based on its responses to other discovery, Arrow possesses sufficient information to admit or deny the proposed requests and to provide information responsive to the proposed interrogatories.

The additional discovery is also intended to address Defendant's objections to six prior requests for admission on the same topics, *e.g.* that the previous discovery requests were "vague" or improperly called for a "legal conclusion." The parties attempted but could not informally resolve defendant's objections to the prior discovery. In an attempt to eliminate the necessity for court intervention, on February 15, 2006, Plaintiff's Counsel Elizabeth Arleo wrote a comprehensive letter suggesting an informal resolution for additional discovery on three areas of inquiry. Defendant's counsel took the position that depositions should be taken first before additional discovery was served. Given the impasse, Plaintiff has elected to file this motion seeking leave to serve additional discovery on the most complex of the three topics raised in Plaintiff's February 15 letter, namely information concerning Defendant's reporting of the debts to the credit reporting agencies.

## II. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On January 28, 2005 Plaintiff commenced his class action alleging Arrow violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (the "FDCPA"). Plaintiff's claims arise from two collection letters sent by Arrow, (attached as Exhibits A and B to the complaint) which include the language "[u]pon receipt of the settlement amount and clearance of funds, and if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled." FAC ¶14. Plaintiff alleges the reference to credit bureaus is misleading because under the

1  Fair Credit Reporting Act ("FCRA"), a credit bureau cannot report a debt charged off more than 7

2  years previously. FAC ¶15. Plaintiff alleges the statements contained in <u>Exhibit A and B</u> violate

3  §1692e(5) and §1692e(10) of the FDCPA, which prohibit

4      ***False or misleading representations***

5      ***A debt collector may not use any false, deceptive, or misleading representation or***
    ***means in connection with the collection of any debt. Without limiting the general***
6      ***application of the foregoing, the following conduct is a violation of this section...***

7      ***(5) The threat to take any action that cannot legally be taken or that is not intended***
    ***to be taken.***

8
    ***(10) The use of any false representation or deceptive means to collect or attempt to***
9      ***collect any debt or to obtain information concerning a consumer.***

10      FAC ¶16.

11      On July 25, 2005, Judge Houston denied Defendant's motion to dismiss stating, in part: "it

12  can be inferred that the least sophisticated debtor with a non-reportable debt may be mislead to

13  believe the debt would be reported to the credit bureaus when no such action may be taken, this

14  Court finds the wording in the letters at issue, viewed in the light most favorable to plaintiff, could

15  be found violative of Act." Order Denying Defendant's Motion to Dismiss at 6:25-28.

16      On October 13, 2005, Plaintiff was granted leave to amend the complaint to add California

17  FDCPA claims, Cal. Civ. Code §§1788.13 and 1788.17, and redefine the class to California residents

18  who received Arrow's collection letter in an attempt to collect a debt allegedly owned to Bally Total

19  Fitness and/or Holiday Health Spa of California. On November 16, 2005, Arrow filed its Answer

20  denying almost all the allegations but admitting that it is a debt collector.

21      On September 19, 2005, the parties participated in an Early Neutral Evaluation with Your

22  Honor. Settlement was not reached. A telephonic conference was held on October 11, 2005 and the

23  Case Management Conference Order was issued on October 13, 2005. The third status conference

24  was held on December 6, 2005. On January 30, 2006, defense counsel Reed Smith filed a notice of

25  substitution for Arrow's previous counsel Buchalter Nemer. On February 7, 2006, Judge Houston

26  granted Plaintiff's Motion for Class Certification for claims pursuant to the FDCPA and California

27  FDCPA. The next status conference is scheduled for April 10, 2006 at 1:30 p.m.

28

## III. PREVIOUS DISCOVERY AND STATUS OF DISCOVERY

Initial Disclosures were exchanged on November 17, 2005. Arrow identified as witnesses only Plaintiff Johnny Gonzales, Brian Cutler Arrow's EVP and Chief Technology Officer; and representatives of Holiday Spa. To its Initial Disclosures, Arrow attached copies of its insurance policy and the computerized notes related to Plaintiff's account which were heavily redacted.

On November 22, 2005, Plaintiff propounded on Defendant his First Set of Discovery Requests, including 25 Interrogatories and 25 Requests for Admission. Pursuant to CivLR 33.1.a. and CivLR 36.1.a., twenty-five is the maximum number of interrogatories and requests permissible without leave of court to serve additional discovery. On December 27, 2005, Defendant mailed its Written Response to Plaintiff's First Set of Discovery Requests (hereinafter "Arrow Response").[1]

Among other things, Arrow stated that Plaintiff's alleged debt was written off in 1991; the original creditor was "Holiday Spa of California"; that Arrow was the creditor when the letters were mailed to 39,727 distinct debtors; and that in June 2002, Arrow received an electronic file from Daiwa with Plaintiff's account information including the account number, date of last payment, charge-off date, name, address, telephone number, social security number and unpaid balance. *See* Arleo Decl., Exhibit A (responses to Request for Admission No. 7 and Interrogatory Nos. 3, 5, 6, 10, 11, 12 and 19).

Also relevant to this motion is the fact that Arrow provided no substantive responses to Plaintiff's Requests for Admission Nos. 17, 18, 19, 22, 23 and 24 concerning the reporting of debts to credit bureaus and the affects of such reporting. Plaintiff's Counsel attempted to schedule a meet and confer in mid-January. But the meeting was delayed pending defense counsel's move from Buchalter Nemer to Reed Smith. Between February 8 and March 7, Plaintiff's Counsel Elizabeth Arleo engaged in multiple good faith attempts with defense counsel David Reidy to informally

---

[1] Arrow's Response is attached as Exhibit A to the Declaration of Elizabeth J. Arleo in Support of Plaintiff's Motion for Leave to Serve Additional Discovery (hereinafter "Arleo Decl.") filed concurrently herewith.

1 | resolve the disagreements concerning these requests.  Plaintiff asked that Arrow provide full and

2 | complete responses.  Defendant elected to stand on its objections.

3 |       Plaintiff's Counsel suggested the parties stipulate to additional discovery concerning three

4 | areas of inquiry.  *See* Arleo February 15 letter attached to Arleo Decl. as <u>Exhibit B</u>.  Defendant,

5 | however, declined to discuss the proposed discovery stating defense counsel's "understanding was

6 | that any such additional written discovery would supplement deposition testimony to the extent

7 | necessary once the key depositions in this case have been taken."  *See* Reidy February 16 letter

8 | attached to Arleo Decl. as <u>Exhibit C</u>.  Based on a conversation with defense counsel, Plaintiff's

9 | Counsel understood the matter would be discussed by the end of February.  *See* Arleo February 15

10 | letter attached to Arleo Decl. as <u>Exhibit D</u>.

11 |       Given the impasse, Plaintiff has elected to file this motion seeking leave to serve additional

12 | discovery on the most complex of the three topics raised in Plaintiff's February 15 letter, namely

13 | information concerning Defendant's reporting of the debts to the credit reporting agencies.

## IV.  ARGUMENT

### A.  A Party Must Seek Leave for Additional Discovery

Regarding interrogatories, CivLR 33.1.a. states:

> No party shall serve on any other party interrogatories which, including discrete subparts, number more than twenty-five interrogatories without leave of court.  Subparagraphs of any interrogatory shall relate directly to the subject matter of the interrogatory.  Any party desiring to serve additional interrogatories shall submit to the court a written memorandum setting forth the proposed additional interrogatories and the reasons establishing good cause for their use.

Regarding requests for admission, CivLR 36.1.a. states:

> No party shall serve on any other party requests for admission which, including subparagraphs, number more than twenty-five requests for admission without leave of court.  Any party desiring to serve addition requests for admission shall submit to the Court a written memorandum setting forth the proposed additional requests for admission and the reasons establishing good cause for their use.

### B.  The Information Sought is Relevant to the Subject Matter of the Litigation

For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Rule 26(b)(1).

Paragraph 15 of the FAC alleges:

"The reference to credit bureaus is misleading because under the Fair Credit Reporting Act, a credit bureau cannot report a debt charged off more than seven years previously."

The pertinent parts of the FCRA, 15 U.S.C. §1681c, state:

(a) Information excluded from consumer reports. Except as authorized under subsection (b), no consumer reporting agency may make any consumer report containing any of the following items of information:

                                        * * *

(4) Accounts placed for collection or charged to profit and loss which antedate the report by more than seven years.

                                        * * *

(c) Running of reporting period.

(1) In general. The 7-year period referred to in paragraphs (4) and (6) of subsection (a) shall begin, with respect to any delinquent account that is placed for collection (internally or by referral to a third party, whichever is earlier), charged to profit and loss, or subjected to any similar action, upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action.

(2) Effective date. Paragraph (1) shall apply only to items of information added to the file of a consumer on or after the date that is 455 days after the date of enactment of the Consumer Credit Reporting Reform Act of 1996 [enacted Sept. 30, 1996].

Plaintiff alleges the statements contained in <u>Exhibit A and B</u> violate §1692e, §1692e(5) and §1692e(10) of the FDCPA, which prohibit false, deceptive and misleading statements including the threat to take any action that cannot legally be taken or that is not intended to be taken pursuant to §1692e(5).  *See* FAC ¶16.  By this motion, Plaintiff seeks leave to serve additional discovery concerning Arrow's intention to report unpaid Holiday Spa debts to the credit reporting agencies and the affect of any reporting on the credit reports of Plaintiff and members of the Class.  Plaintiff also seeks information concerning the age of the alleged debts as it affects the running of the reporting period as set forth in the FCRA.

Plaintiff has attempted to ascertain some of this information through previous discovery.  As described in more detail below, Defendant has failed to provide any responses and has objected on legal grounds.  The proposed additional discovery is specific and is reasonably calculated to lead to the discovery of admissible evidence.  Much of the information requested is available to Arrow.  As stated in its written response to <u>Interrogatory No. 5</u>, in June 2002, Arrow received an electronic file from Daiwa with Plaintiff's account information including the account number, date of last payment,

1  charge-off date, name, address, telephone number, social security number and unpaid balance. *See*

2  Arleo Decl., Exhibit A.

3      **C.   Whether Arrow Notifies the Credit Reporting Agencies of 7+ Year Old Debt**

4      Request for Admission No. 17 states "Arrow does not notify credit bureaus of paid debts if

5  the debt was charged off more than seven years prior to the consumer paying the debt." Request for

6  Admission No. 18 states "Arrow does not report to credit bureaus debts that were charged off more

7  than seven years prior to when Arrow has the opportunity to report them to credit bureaus." Arrow

8  objects to these requests as "vague and ambiguous."

9      Plaintiff proposes the following additional requests for admissions.

10      Request for Admission No. 26:   For each of the ACCOUNTS,[2] nonpayment on the

11  ALLEGED DEBT[3] would have been reported to a credit reporting agency.

12      Request for Admission No. 27:   Arrow did not report any information on any of the

13  ACCOUNTS to any credit reporting agency between January 27, 2004 and the present.

14      Request for Admission No. 28:   Between January 27, 2004 and the present, Arrow reported

15  information on one or more of the ACCOUNTS to a credit reporting agency.

16      Request for Admission No. 29:   As of January 1, 2004, all credit reporting agencies were

17  prohibited by 15 U.S.C. §1681c from reporting information on any of the ACCOUNTS.

18      Request for Admission No. 30: As of January 1, 2004, all credit reporting agencies were

19  prohibited by 15 U.S.C. §1681c from reporting derogatory information on any of the ACCOUNTS.

20      **D. Whether Failure to Settle 7+ Year Old Holiday Spa Debt Could Have**
       **Affected the Credit Score of Plaintiff and Members of the Class**

21

22      Plaintiff has previously propounded discovery concerning Arrow's reporting of the debts.

23  For example, Request for Admission No. 19 states "A consumer's failure to pay off a debt

24  [2] "ACCOUNTS" refers only to those accounts for which a LETTERS IN THE FORMS OF
EXHIBITS A and B was mailed on or after January 28, 2004 to a natural person with a California

25  address and which was not returned by the Postal Service.

26  [3] "ALLEGED DEBT" means the alleged debts referred to in the LETTERS SENT IN THE FORMS
OF EXHIBITS A and B.

27

28

                                       - 6 -            05-CV-0171 JAH (RBB)

1   CHARGED OFF more than seven years prior will not directly affect the consumer's credit score or

2   rating." <u>Request for Admission No. 22</u> states "A credit reporting agency may not report a debt

3   CHARGED OFF more that seven years ago." <u>Request for Admission No. 23</u> states "As of April 30,

4   2004, Defendant was prohibited by federal law to report Plaintiff's alleged debt to any credit

5   reporting agency." <u>Request for Admission No. 24</u> states "As of July 8, 2004, Defendant was

6   prohibited by federal law to report Plaintiff's alleged debt to any credit reporting agency." Arrow

7   objects to these requests as calling for a "legal conclusion." During the parties' February 9 meet and

8   confer, Plaintiff's Counsel Elizabeth Arleo understood Arrow's position to be that it is not required

9   to respond to a hypothetical and Plaintiff must propound more specific requests that are factually

10  based. *See* Arleo Feb 15 letter attached to Arleo Decl. as <u>Exhibit B</u>. Responding to Defendant's

11  concerns and given the technical reporting requirements of the FCRA, Plaintiff's Counsel proposes

12  the following requests for admission. Defendant possesses this information.

13      <u>Request for Admission No. 31</u>: All of the ACCOUNTS were PLACED FOR

14  COLLECTION[4] or CHARGED OFF prior to December 29, 1997.

15      <u>Request for Admission No. 32</u>: All of the ACCOUNTS were PLACED FOR COLLECTION

16  or CHARGED OFF on or after December 29, 1997.

17      <u>Request for Admission No. 33</u>: All of the ACCOUNTS were PLACED FOR COLLECTION

18  prior to December 29, 1997;

19      <u>Request for Admission No. 34</u>: All of the ACCOUNTS were PLACED FOR COLLECTION

20  on or after December 29, 1997;

21      <u>Request for Admission No. 35</u>: All of the ACCOUNTS were CHARGED OFF prior to

22  December 29, 1997.

23

24  [4] The phrase "DATE OF DELINQUENCY" means the date of the last regularly scheduled payment
    before the account became delinquent.
25  The phrase "PLACED FOR COLLECTION" means the date (day/month/year) when dunning
    notices or other collection efforts were initiated by the creditor in-house or by an outside collection
26  agency, whichever occurred first.
27  The phrases "CHARGED OFF" or "CHARGE OFF" mean the date (day/month/year) when the
    creditor took action to write off an account.
28

1      Request for Admission No. 36: All of the ACCOUNTS were CHARGED OFF on or after

2  December 29, 1997.

3      Request for Admission No. 37: The DATE OF DELINQUENCY for all ACCOUNTS was on

4  or before December 31, 1996.

5      Request for Admission No. 38: All ACCOUNTS were PLACED FOR COLLECTION on or

6  before December 31, 1996.

7      Request for Admission No. 39: All ACCOUNTS were CHARGED OFF on or before

8  December 31, 1996;

9      Request for Admission No. 40: All ACCOUNTS were first reported as delinquent to a credit

10  reporting agency on or before December 31, 1996.

11  **E.   Did Arrow have Any Basis for Reporting Plaintiff's Debt to the Credit Bureaus**

12      Original Interrogatory No. 16 states "State the basis allowing Arrow to report Plaintiff's

13  alleged debt to a credit bureau." Arrow "objects as vague, ambiguous and assuming facts not in

14  evidence. Further object as calling for a legal conclusion. Arrow is not making this contention."

15  Plaintiff contends the basis for Arrow's reporting is relevant and likely to lead to admissible

16  evidence. Based on defense counsel's comments during the February 9 meet and confer, Plaintiff

17  proposes the following requests for admission and interrogatories which are more specific

18  concerning whether and when Arrow reported Plaintiff's alleged debt.

19      Request for Admission No. 41: As of April 30, 2004, a credit reporting agency was

20  prohibited by 15 U.S.C. §1681c from reporting Plaintiff's alleged debt;

21      Request for Admission No. 42: As of July 8, 2004, a credit reporting agency was prohibited

22  by 15 U.S.C. §1681c from reporting Plaintiff's alleged debt.

23  **F.   Whether Arrow Intended or had Any Legal Basis to Report Information on the**
   **Holiday Spa Debts to Any Credit Reporting Agency**

24

25      As stated above, Plaintiff alleges the statements contained in Exhibit A and B violate §1692e,

26  §1692e(5) and §1692e(10) of the FDCPA, which prohibit false, deceptive and misleading statements

   including the threat to take any action that cannot legally be taken or that is not intended to be taken

27  pursuant to §1692e(5). *See* FAC ¶16. To ascertain information concerning whether Arrow intended

28

1  to report information on the Holiday Spa accounts, Plaintiff proposes the following additional
2  discovery.

3      Interrogatory No. 26: State whether on or after April 30, 2004 Arrow formulated the intent
4  of reporting information on Plaintiff's account to any credit reporting agency.

5      Interrogatory No. 27: If YOUR answer to Interrogatory No. 26 is "no," describe in detail all
6  the reasons why Arrow had no intention of reporting the information.

7      Interrogatory No. 28: If YOUR answer to Interrogatory No. 26 is "yes," describe in detail
8  the process for formulating the intent to report the information.

9      Interrogatory No. 29: State whether YOU furnished information about Plaintiff's alleged debt
10 to any credit reporting agency on or after April 30, 2004.

11     Interrogatory No. 30: State the number of ACCOUNTS which were PLACED FOR
12 COLLECTION or CHARGED OFF prior to December 29, 1997.

13     Interrogatory No. 31: State the number of ACCOUNTS which were PLACED FOR
14 COLLECTION or CHARGED OFF on or after December 29, 1997, as that time period is
15 determined pursuant to the instructions contained in 15 U.S.C. §1681c(c)(1).

16     Interrogatory No. 32: For each of the ACCOUNTS, state the DATE OF DELINQUENCY,
17 the date PLACED FOR COLLECTION and the date of CHARGE OFF.

18     Interrogatory No. 33: State whether at the time each LETTER IN THE FORM OF EXHIBIT
19 A was mailed, ARROW knew for each ACCOUNT the DATE OF DELINQUENCY, the date it was
20 first reported to a national credit bureau as delinquent, when it was PLACED FOR COLLECTION
21 and when it was CHARGED OFF.

22     Interrogatory No. 34: State whether at the time each LETTER IN THE FORM OF EXHIBIT
23 B was mailed, ARROW knew for each ACCOUNT the DATE OF DELINQUENCY, the date it was
24 first reported to a national credit bureau as delinquent, when it was PLACED FOR COLLECTION
25 and when it was CHARGED OFF.

26     Interrogatory No. 35: State the number of ACCOUNTS which remained delinquent 35 days
27 after each LETTER IN THE FORM OF EXHIBIT A was sent.

28

1    Interrogatory No. 36: State the number of ACCOUNTS which remained delinquent 35 days

2  after each LETTER IN THE FORM OF EXHIBIT B was sent.

3    Interrogatory No. 37: For those ACCOUNTS included in YOUR responses to Interrogatory

4  Nos. 35 and 36, state whether YOU reported any information to any credit reporting agency.

5    Interrogatory No. 38: State the number of ACCOUNTS where, approximately 35 days after

6  LETTERS IN THE FORM OF EXHIBIT A were sent, the alleged debtor disputed the debt, sent

7  payment or otherwise resolved the delinquency.

8    Interrogatory No. 39: State the number of ACCOUNTS where, approximately 30 days after

9  LETTERS IN THE FORM OF EXHIBIT B were sent, the alleged debtor disputed the debt, sent

10 payment or otherwise resolved the delinquency.

11    Interrogatory No. 40: For those ACCOUNTS included in YOUR responses to Interrogatory

12 Nos.37 and 38, state whether YOU ever reported any information to any national credit bureau.

13    Interrogatory No. 41: If YOUR response to Interrogatory No. 40 is "no," describe in detail all

14 the reasons why YOU did not report any information.

15 **V.  CONCLUSION**

16    For the reasons stated herein, Plaintiff respectfully request that this motion be granted and

17 that he be given leave to serve additional discovery: Requests for Admissions Nos. 26 to 42 and

18 Interrogatories Nos. 26 to 41.

19 DATED:  March 9, 2006                    ARLEO LAW FIRM, PLC
                                           ELIZABETH J. ARLEO
20

21

22                                         ELIZABETH J. ARLEO

23                                         850 Main Street, Suite 201
                                           Ramona, CA 92065
24                                         Telephone:  760/ 789-8000
                                           760/ 789-8081 (fax)
25

26

27

28

                        - 10 -              05-CV-0171 JAH (RBB)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HORWITZ, HORWITZ & ASSOCIATES
O. RANDOLPH BRAGG
CRAIG M. SHAPRIO
25 East Washington Street, Suite 900
Chicago, IL 60602
Telephone: 312/ 372-8822
312/ 372-1673 (fax)

Attorneys for Plaintiff

## DECLARATION OF SERVICE BY MAIL

1

2

3    I, the undersigned, declare:

4    1.    That declarant is and was, at all times herein mentioned, a citizen of the United States

5          employed in the City of Ramona and County of San Diego, over the age of 18 years, and

6          not a party to the within action; that declarant's business address is 850 Main Street,

7          Suite 201, Ramona, CA 92065.

8    2.    That on March 10, 2006, declarant served the **PLAINTIFF'S MEMORANDUM OF**

9          **POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL**

10         **WRITTEN DISCOVERY AND PRODUCTION OF DOCUMENTS** by depositing a

11         true copy thereof in a United States mailbox at Ramona, California in a sealed envelope

12         with postage thereon fully prepaid and addressed to all parties listed on the attached

13

14         Service List.

15   3.    That there is a regular communication by mail between the place of mailing and the

16         places so addressed.

17   4.    I declare under penalty of perjury that the foregoing is true and correct.  Executed this

18         10th day of March, 2006, at Ramona, California.

19

20

21                                        _____
                                          KELLY M. RICKARD
22

23

24

25

26

27

28   N:\Cases\05-1009 Gonzales v Arrow\Pleadings\05-1009 MLSAD MEMO.doc


                                                              05-CV-0171 JAH (RBB)

SERVICE LIST
*Gonzales v. Arrow Financial Services LLC*
U. S. District Court for the Southern District of California
Case No. 05-CV-0171 JAH (RBB)


Attorneys for Plaintiff

ELIZABETH J. ARLEO
ARLEO LAW FIRM, PLC
850 Main Street, Suite 201
Ramona, CA 92065
Telephone: 760/ 789-8000
760/ 789-8081 (fax)

O. RANDOLPH BRAGG
CRAIG M. SHAPIRO
HORWITZ, HORWITZ & ASSOCIATES
24 East Washington Street, Suite 900
Chicago, IL 60602
Telephone: 312/ 372-8822
312/ 372-1673 (fax)


Attorneys for Defendant

SCOTT H. JACOBS
ABRAHAM J. COLMAN
DAVID S. REIDY
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213/ 457-8000
213/ 457-8080 (fax)