















JPP    3/10/06    13:24

3:05-CV-00171   GONZALES V. ARROW FINANCIAL

*54*

*DECL.*

**ORIGINAL**

1 ARLEO LAW FIRM, PLC
  ELIZABETH J. ARLEO (CASB NO. 201730)
2 850 Main Street, Suite 201
  Ramona, CA 92065
3 Telephone: 760/ 789-8000
  760/ 789-8081 (fax)
4
  HORWITZ, HORWITZ & ASSOCIATES
5 O. RANDOLPH BRAGG
  CRAIG M. SHAPIRO
6 25 East Washington Street, Suite 900
  Chicago, IL 60602
7 Telephone: 312/ 372-8822
  312/ 372-1673 (fax)
8
  Attorneys for Plaintiff
9

**FILED**

MAR 1 0 2006

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

10              UNITED STATES DISTRICT COURT

11              SOUTHERN DISTRICT OF CALIFORNIA

12
13 | JOHNNY GONZALES, on Behalf of Himself
   | and All Others Similarly Situated,

| Case No. 05-CV-0171 JAH (RBB)

14 |                                   Plaintiff,

DECLARATION OF ELIZABETH J. ARLEO
IN SUPPORT OF PLAINTIFF'S MOTION
TO COMPEL WRITTEN RESPONSES AND
PRODUCTION OF DOCUMENTS

15 |
16 |        vs.

Date:      April 10, 2006
Time:      10:00 a.m.
Courtroom: B, 1st Floor

17 |
18 | ARROW FINANCIAL SERVICES, LLC.,

Magistrate Judge Ruben B. Brooks

19 |                                   Defendant.

20

21

22

23

24

25

26

27

28

54 ∂ℓ

1    I, Elizabeth J. Arleo, declare as follows:

2    1.      I am an attorney at law duly licensed to practice in the State of California and this

3    Court. I am one of the attorneys of record for the representative plaintiff, Johnny Gonzales. This

4    declaration is submitted in support of Plaintiff's Motion to Compel Written Discovery and

5    Production of Documents.

6    2.      On or about December 29, 2005, I received the Written Responses to Plaintiff's First

7    Set of Discovery Requests from counsel representing defendant, Arrow Financial Services LLC.

8    The written response is attached hereto as Exhibit A.

9    3.      In mid-January, I spoke to Russell Allyn of Buchalter Nemer. I asked to schedule a

10   meet and confer regarding Arrow's written responses. Mr. Allyn requested the conference be

11   delayed until Arrow's new counsel at Reed Smith were formally substituted. During 2005, Mr.

12   Allyn appeared in this case with his colleague, Abraham Colman.

13   4.      On January 31, 2006, immediately after receiving Reed Smith's Notice of

14   Appearance, I sent an e-mail to Abe Colman (formerly of Buchalter Nemer) requesting to schedule a

15   meet and confer regarding Arrow's Responses. A copy of the e-mails exchanged between January

16   31 and February 1, 2006 is attached hereto as Exhibit B. Due to Mr. Colman's schedule, he could

17   not meet with me immediately. Ultimately, I suggested we meet on February 9, 2006. I did not

18   receive a response from him confirming that date.

19   5.      However, on February 6, 2006, Defense Counsel David Reidy of Reed Smith

20   contacted me via telephone and electronic mail to introduce himself and suggest that we schedule a

21   meeting on the discovery.

22   6.      On February 8, 2006, Plaintiff's Counsel sent a comprehensive letter to Defendant's

23   Counsel raising questions and concerns about the written responses. A copy of my February 8, 2006

24   letter is attached hereto as Exhibit C. On February 9, 2006, Mr. Reidy sent a response letter

25   acknowledging receipt of my letter.

26   7.      On February 9, 2006, I met telephonically with Mr. Reidy for nearly two hours. Reed

27   Smith's offices are located in Los Angeles.

28

8.      On February 10, 2006, Mr. Reidy sent a letter memorializing the items discussed during our telephonic conference.  Copies of Mr. Reidy's February 9 and 10, 2006 letters are attached hereto as Exhibit D.  As set forth in his letter, the parties were able to informally resolve some issues, but others remained unresolved.

9.      On the same day, I responded to Mr. Reidy's February 10 letter clarifying some of his statements.  A copy of my February 10, 2006 letter is attached hereto as Exhibit E.

10.      Based on my February 9 conversation with Mr. Reidy, I understood that due to the transition of files from Buchalter to Reed Smith, Arrow could not respond immediately to Plaintiff's inquiries.  As a result, multiple letters and e-mails were exchanged between the same counsel on February 13, 15, 16, 17, 20, 21 and 22.  Mr. Reidy provided some follow-up information on February 13, 2006.  A copy of that letter is attached hereto as Exhibit F.

11.      A copy of Mr. Reidy's letter dated February 22, 2006 is attached as Exhibit G.

12.      Attached hereto as Exhibit H, are the two letters exchanged between me and Mr. Reidy on February 27, 2006.

13.      Copies of Mr. Reidy's March 2, 2006 letter and my e-mail of the same date are attached hereto as Exhibit I.  In response to Mr. Reidy's letter, I contacted him to discuss the remaining issues.  During that call, I provided a list of the requests, interrogatories and documents requests which I believed remained unresolved and which gave rise to a motion to compel.  After the call, I sent the list via e-mail to Mr. Reidy.  *See* Exhibit I.

14.      Copies of Arrow's March 6, 2006 Supplemental Responses, Privilege Log and cover letter explaining its position on certain discovery response are attached hereto as Exhibit J.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  If called as a witness, I could and would competently testify thereto.  Executed this 9th day of March, 2006 at Ramona, California.

ELIZABETH J. ARLEO

1  BUCHALTER NEMER
   A Professional Corporation
2       Abraham J. Colman (SBN 146933)
        Russell L. Allyn (SBN 143531)
3  1000 Wilshire Boulevard, Suite 1500
   Los Angeles, CA 90017
4  Telephone: (213) 891-0700
   Facsimile: (213) 896-0400
5
   Attorneys for Defendant
6  ARROW FINANCIAL SERVICES LLC

7

8               **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  JOHNNY GONZALES, on Behalf of        Case No. 05-CV-0171 JAH (RBB)
    Himself and All Others Similarly Situated,
12                                        **WRITTEN RESPONSE TO**
                    Plaintiff,            **PLAINTIFF'S FIRST SET OF**
13                                        **DISCOVERY REQUESTS**
         v.
14                                        The Honorable John A. Houston
    ARROW FINANCIAL SERVICES LLC,
15
                    Defendant.
16

17      **WRITTEN RESPONSE TO FIRST DISCOVERY REQUESTS**

18          Defendant Arrow Financial Services LLC responds to the discovery propounded by

19  Plaintiff Johnny Gonzales as follows:

20                      **GENERAL OBJECTIONS**

21      A.      Defendant Arrow Financial Services LLC ("Arrow") objects to the first set

22  of discovery, namely, special interrogatories and request for production of documents

23  ("discovery"), propounded by Plaintiff Johnny Gonzales ("Plaintiff') to the extent they

24  seek information which is neither relevant to the subject matter of this action nor

25  reasonably calculated to lead to the discovery of admissible evidence with respect to the

26  issues in this action.

27      B.      Arrow objects to the discovery as burdensome and as designed, in whole or

28  in part, to harass it rather than to serve any legitimate discovery purpose.

1    C.    Arrow objects to the discovery as overbroad and not limited to a reasonable

2    time period.

3    D.    Arrow objects to the discovery to the extent they seek information of

4    a commercially sensitive nature.  Revealing such information would substantially and

5    irreparably injure Arrow by revealing information which derives independent economic

6    value from not being generally known or which has been acquired primarily through

7    confidential research and development efforts by or on behalf of Arrow.

8    E.    Arrow objects to the discovery to the extent they seek privileged

9    information protected by the attorney-client privilege or the attorney work-product

10   doctrine.  Such privileged information includes, but is not limited to, the following:

11          1.    Information which constitutes, reflects, refers to or relates to

12   confidential communications between officers, directors or employees of Arrow and

13   counsel; and

14          2.    Information which constitutes, reflects, refers to or relates to the

15   impressions, conclusions, opinions or mental process of counsel, their agents or

16   employees.

17   F.    Arrow objects to the discovery to the extent they seek information relating

18   to employees or customers of Arrow, the disclosure of which would invade their right to

19   privacy.

20   G.    Arrow objects to the discovery to the extent they seek information which is

21   equally or more accessible to Plaintiff and which is maintained primarily by persons or

22   entities other than Arrow.

23   H.    Arrow is continuing its discovery into the subject matter of this litigation

24   and, therefore, reserves the right to rely upon, utilize and adduce during these proceedings

25   any information which it may locate or obtain subsequent to its responses and objections

26   herein.

27   I.    The following responses and objections are based upon information

28   presently available to Arrow and, except for explicit facts admitted herein, no incidental

1  or implied admissions are intended hereby.  The fact that Arrow has responded or

2  objected to the discovery or part thereof should not be construed as an admission that

3  Arrow accepts or admits the existence of any facts set forth in, or assumed by, such

4  request or that such response or objection constitutes admissible evidence herein.  The fact

5  that Arrow has responded or objected to part or all of the discovery is not intended as, and

6  shall not be construed to be, a waiver by Arrow of all or part of any objection to the

7  discovery.

8      J.      Arrow objects to the time and place for production of documents as

9  burdensome and inconvenient.  Counsel for Arrow agrees to meet and confer with counsel

10  for Plaintiff to arrive at a mutually agreeable time, place and manner for production.

<div align="center">

**SPECIFIC RESPONSES TO
REQUESTS FOR ADMISSION**

</div>

**REQUEST FOR ADMISSION NO. 1:**

Defendant Arrow Financial Services LLC ("Arrow") is a Delaware limited liability

corporation headquartered in Illinois and doing business in the State of California through

a "San Diego Call Center" in San Diego County.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admit that Arrow is a Delaware limited liability company with its principal place

of business in Illinois.  Admit that Arrow had a call center in San Diego County.  Deny

the balance.

**REQUEST FOR ADMISSION NO. 2:**

Arrow is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Object as calling for a legal conclusion.

**REQUEST FOR ADMISSION NO. 3:**

Arrow is a "debt collector" as defined by the CA FDCPA, Cal. Civil Code

§ 1788.2(c).

///

BUCHALTER NEMER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 730459v1

3

WRITTEN RESPONSE TO DISCOVERY REQUESTS
05-CV-0171 JAH (RBB)

1   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

2       Object as calling for a legal conclusion.

3   **REQUEST FOR ADMISSION NO. 4:**

4       Arrow is or was engaged in the collection of debts from consumers using the mail

5   and/or telephone.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

7       Admit that Arrow uses the phone and/or telephone to collect debts from

8   consumers.

9   **REQUEST FOR ADMISSION NO. 5:**

10       Plaintiff's alleged debt was incurred for personal, family, or household purposes.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

12       Arrow lacks sufficient information or belief with which to respond to this request

13   and, therefore, denies it.

14   **REQUEST FOR ADMISSION NO. 6:**

15       The original creditor for Plaintiff's alleged debt was Bally Total Fitness

16   Corporation.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

18       Deny.

19   **REQUEST FOR ADMISSION NO. 7:**

20       The original creditor for Plaintiff's alleged debt was Holiday Spa Health Clubs of

21   California.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

23       Admit as to Holiday Spa of California.

24   **REQUEST FOR ADMISSION NO. 8:**

25       Plaintiff's alleged debt was charged off in or before 1996.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

27       Object as vague and ambiguous.  Without waiving said objection, admit.

28   ///

BUCHALTER NEMER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 730459v1

4

WRITTEN RESPONSE TO DISCOVERY REQUESTS
05-CV-0171 JAH (RBB)

1  **REQUEST FOR ADMISSION NO. 9:**

2      On or about April 30, 2004, Arrow sent or caused to be sent to Plaintiff via the

3  United States Mail <u>Exhibit A</u>.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

5      Object as vague and ambiguous. Without waiving said objection, admit.

6  **REQUEST FOR ADMISSION NO. 10:**

7      <u>Exhibit A</u> is a "communication" made in an attempt to collect a debt.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

9      Object as calling for a legal conclusion. Without waiving said objection, admit.

10  **REQUEST FOR ADMISSION NO. 11:**

11      On or about July 8, 2004, Arrow sent or caused to be sent to Plaintiff via the

12  United States Mail <u>Exhibit B</u>.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

14      Object as vague and ambiguous. Without waiving said objection, admit.

15  **REQUEST FOR ADMISSION NO. 12:**

16      <u>Exhibit B</u> is a "communication" made in an attempt to collect a debt.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

18      Object as calling for a legal conclusion. Without waiving said objection, admit.

19  **REQUEST FOR ADMISSION NO. 13:**

20      <u>Exhibit A</u> is a form letter used by Arrow.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

22      Object as vague and ambiguous. Without waving said objection, admit.

23  **REQUEST FOR ADMISSION NO. 14:**

24      <u>Exhibit B</u> is a form letter used by Arrow.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

26      Object as vague and ambiguous. Without waiving said objection, admit.

27  ///

28  ///

BUCHALTER NEMER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 730459v1

5

WRITTEN RESPONSE TO DISCOVERY REQUESTS
05-CV-0171 JAH (RBB)

**REQUEST FOR ADMISSION NO. 15:**

Exhibit A states, "upon receipt of the settlement amount and clearance of funds, and if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled."

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Object under best evidence rule that document speaks for itself.

**REQUEST FOR ADMISSION NO. 16:**

Exhibit B states, "upon receipt of the settlement amount and clearance of funds, and if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled."

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Object under best evidence rule that documents speaks for itself.

**REQUEST FOR ADMISSION NO. 17:**

Arrow does not notify credit bureaus of paid debts if the debt was charged off more than seven years prior to consumer paying the debt.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Object as vague and ambiguous as to the meaning of "paid debts." Further object on the grounds that this action has not been certified as a class action, and the request seeks information that would only be relevant to the merits of a class action lawsuit. Accordingly, the request is presently is irrelevant and not likely to lead to the discovery of admissible evidence. *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340, 359 fn. 14 (1987); *Babbitt v. Albertson's, Inc.*, 1992 W.L. 605652 (N.D. Cal. 1992).

**REQUEST FOR ADMISSION NO. 18:**

Arrow does not report to credit bureaus debts that were charged off more than seven years prior to when Arrow has the opportunity to report them to credit bureaus.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Object as vague and ambiguous. Further object on the grounds that this action has not been certified as a class action, and the request seeks information that would only be

BUCHALTER NEMER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 730459v1

6

WRITTEN RESPONSE TO DISCOVERY REQUESTS
05-CV-0171 JAH (RBB)

1  relevant to the merits of a class action lawsuit.  Accordingly, the request is presently is

2  irrelevant and not likely to lead to the discovery of admissible evidence.  *Oppenheimer*

3  *Funds, Inc. v. Sanders*, 437 U.S. 340, 359 fn. 14 (1987); *Babbitt v. Albertson's, Inc.*, 1992

4  W.L. 605652 (N.D. Cal. 1992).

5  **REQUEST FOR ADMISSION NO. 19:**

6       A consumer's failure to pay off a debt charged off more than seven years prior will

7  not directly affect the consumer's credit score or rating.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

9       Object as calling for a legal conclusion and expert testimony and/or speculation.

10  Further, object on the grounds that this action has not been certified as a class action, and

11  the request seeks information that would only be relevant to the merits of a class action

12  lawsuit.  Accordingly, the request is presently is irrelevant and not likely to lead to the

13  discovery of admissible evidence.  *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340,

14  359 fn. 14 (1987); *Babbitt v. Albertson's, Inc.*, 1992 W.L. 605652 (N.D. Cal. 1992).

15  **REQUEST FOR ADMISSION NO. 20:**

16       Documents in the form of Exhibit A, used in an attempt to collect a debt allegedly

17  owed to Bally Total Fitness Corporation and/or Holiday Spa Health Clubs of California

18  have been sent to more than 50 California addresses since January 28, 2004.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

20       Object as vague and ambiguous and compound.  Admit more than 50 form letters

21  were sent.

22  **REQUEST FOR ADMISSION NO. 21:**

23       Documents in the form of Exhibit B, used in an attempt to collect a debt allegedly

24  owed to Bally Total Fitness Corporation and/or Holiday Spa Health Clubs of California

25  have been sent to more than 50 California addresses since January 28, 2004.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

27       Object as vague and ambiguous and compound.  Admit more than 50 form letters

28  sent.

BUCHALTER NEMER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 730459v1

7

WRITTEN RESPONSE TO DISCOVERY REQUESTS
05-CV-0171 JAH (RBB)

1  **REQUEST FOR ADMISSION NO. 22:**

2          A credit reporting agency may not report a debt charged off more than seven years

3  ago.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

5          Object as calling for a legal conclusion. Further object on the grounds that this

6  action has not been certified as a class action, and the request seeks information that

7  would only be relevant to the merits of a class action lawsuit. Accordingly, the request is

8  presently is irrelevant and not likely to lead to the discovery of admissible evidence.

9  *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340, 359 fn. 14 (1987); *Babbitt v.*

10  *Albertson's, Inc.*, 1992 W.L. 605652 (N.D. Cal. 1992).

11  **REQUEST FOR ADMISSION NO. 23:**

12          As of April 30, 2004, Defendant was prohibited by federal law to report Plaintiff's

13  alleged debt to any credit reporting agency.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

15          Object as calling for a legal conclusion, expert testimony and/or speculation.

16  Further object on the grounds that this action has not been certified as a class action, and

17  the request seeks information that would only be relevant to the merits of a class action

18  lawsuit. Accordingly, the request is presently is irrelevant and not likely to lead to the

19  discovery of admissible evidence. *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340,

20  359 fn. 14 (1987); *Babbitt v. Albertson's, Inc.*, 1992 W.L. 605652 (N.D. Cal. 1992).

21  **REQUEST FOR ADMISSION NO. 24:**

22          As of July 8, 2004, Defendant was prohibited by federal law to report Plaintiff's

23  alleged debt to any credit reporting agency.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

25          Object as calling for a legal conclusion, expert testimony and/or speculation.

26  Further, object on the grounds that this action has not been certified as a class action, and

27  the request seeks information that would only be relevant to the merits of a class action

28  lawsuit. Accordingly, the request is presently is irrelevant and not likely to lead to the

1  discovery of admissible evidence. *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340,

2  359 fn. 14 (1987); *Babbitt v. Albertson's, Inc.*, 1992 W.L. 605652 (N.D. Cal. 1992).

3  **REQUEST FOR ADMISSION NO. 25:**

4      "Mike Ortega" is a fictitious name.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

6      Object on the grounds that the request is irrelevant and not likely to lead to the

7  discovery of admissible evidence.

8
## SPECIFIC RESPONSES TO
9 ## INTERROGATORIES

10  **INTERROGATORY NO. 1:**

11      State the name, address, title and job description of each officer, director, partner,

12  shareholder, and employee of Arrow who authorized, approved, or created the document

13  in the form of <u>Exhibit A</u>.

14  **RESPONSE TO INTERROGATORY NO. 1:**

15      Object to the interrogatory as vague and ambiguous and overbroad and seeking

16  information that is neither relevant nor likely to lead to the discovery of admissible

17  evidence. Without waiving said objections, Brian Cutler, Executive Vice President and

18  Chief Technology Officer.

19  **INTERROGATORY NO. 2:**

20      State the name, address, title and job description of each officer, director, partner,

21  shareholder, and employee of Arrow who authorized, approved, or created the document

22  in the form of <u>Exhibit B</u>.

23  **RESPONSE TO INTERROGATORY NO. 2:**

24      Object to the interrogatory as vague and ambiguous and overbroad and seeking

25  information that is neither relevant nor likely to lead to the discovery of admissible

26  evidence. Without waiving said objections, Brian Cutler, Executive Vice President and

27  Chief Technology Officer.

28  ///

BUCHALTER NEMER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 730459v1

9

WRITTEN RESPONSE TO DISCOVERY REQUESTS
05-CV-0171 JAH (RBB)

**INTERROGATORY NO. 3:**

State the number, names and addresses of persons with California addresses who were sent documents in an attempt to collect a debt allegedly owed to Bally Total Fitness Corporation and/or Holiday Spa Health Clubs in the form of:

a.    Exhibit A since January 28, 2004; and

b.    Exhibit B since January 28, 2004.

**RESPONSE TO INTERROGATORY NO. 3:**

Object on the grounds that this action has not been certified as a class action, and the request seeks information that would only be relevant to the merits of a class action lawsuit. Accordingly, the request presently is irrelevant and not likely to lead to the discovery of admissible evidence. *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340, 359 fn. 14 (1987); *Babbitt v. Albertson's, Inc.*, 1992 W.L. 605652 (N.D. Cal. 1992). Further objects on the grounds of privacy and confidentiality. Without waiving said objections, in the relevant time period from January 28, 2004, through January 28, 2005, there were 44,761 letters sent on a Bally's or Holiday account to 39,727 distinct debtors.

**INTERROGATORY NO. 4:**

Identify by name, position, and location of the person who signed Exhibits A and B.

**RESPONSE TO INTERROGATORY NO. 4:**

Object as vague and ambiguous and assuming facts not in evidence. Further object that the request is irrelevant and not likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:**

Describe, step-by-step, the process which resulted in Exhibits A and B being transmitted to Plaintiff, beginning with the date and method of transmission of debtor information to Arrow, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom);

BUCHALTER NEMER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 730459v1

10

WRITTEN RESPONSE TO DISCOVERY REQUESTS
05-CV-0171 JAH (RBB)

1  letter with debtor information mailed (from where and by whom), computer tapes or

2  media returned (on what occasion, when, by whom and to whom).

3  **RESPONSE TO INTERROGATORY NO. 5:**

4      Object to the interrogatory as vague, ambiguous, unintelligible, compound and

5  seeks information that is not relevant nor likely to lead to the discovery of admissible

6  evidence.  Further object as calling for a narrative.  Without waiving said objections, in or

7  about June 2002, Arrow received an electronic file from Daiwa with Plaintiff's account

8  information, including account number, date of last payment, charge-off date, name

9  address, telephone number, social security number and unpaid balance.

10  **INTERROGATORY NO. 6:**

11      Describe all collection activities which Arrow was authorized to perform by the

12  creditor on:

13      a.    April 30, 2004; and

14      b.    July 8, 2004.

15  **RESPONSE TO INTERROGATORY NO. 6:**

16      Object as vague and ambiguous and assuming facts not in evidence and as

17  irrelevant and not likely to lead to the discovery of admissible evidence.  Arrow was the

18  creditor on those dates and was attempting to collect its debt from Plaintiff.

19  **INTERROGATORY NO. 7:**

20      Describe any review of Plaintiff's file by Arrow on or before April 30, 2004,

21  stating the name(s) of the person conducting the review, any determination(s) made, and

22  identify all documents regarding the review.

23  **RESPONSE TO INTERROGATORY NO. 7:**

24      Object as vague and ambiguous and as irrelevant and not likely to lead to the

25  discovery of admissible evidence.  Further object that calls for a data compilation or

26  summary of documents.  Arrow has produced a copy of its computerized notes for

27  Plaintiff's account, from which the answer to this request may be ascertained.

28  ///

BUCHALTER NEMER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 730459v1

11

WRITTEN RESPONSE TO DISCOVERY REQUESTS
05-CV-0171 JAH (RBB)

1    **INTERROGATORY NO. 8:**

2        Describe any review of Plaintiff's file by Arrow between April 20, 2004, and

3    July 8, 2004, stating the name(s) of the person conducting the review, any

4    determination(s) made, and identify all documents regarding the review.

5    **RESPONSE TO INTERROGATORY NO. 8:**

6        Object as vague and ambiguous and as irrelevant and not likely to lead to the

7    discovery of admissible evidence.  Further object that calls for a data compilation or

8    summary of documents.  Arrow has produced a copy of its computerized notes for

9    Plaintiff's account, from which the answer to this request may be ascertained.

10   **INTERROGATORY NO. 9:**

11       State the net worth of Arrow and how it was computed.

12   **RESPONSE TO INTERROGATORY NO. 9:**

13       Object as irrelevant and not likely to lead to the discovery of admissible evidence.

14   Further object on the grounds of privacy and sensitive financial information.  Without

15   waiving said objections, Arrow stipulates that its net worth would subject it to the

16   maximum statutory recovery under Section 1692k.

17   **INTERROGATORY NO. 10:**

18       State the name and address of the creditor on whose behalf Arrow is seeking to

19   collect a debt allegedly owed by Plaintiff and describe the contractual relationship

20   between Arrow and the creditor.

21   **RESPONSE TO INTERROGATORY NO. 10:**

22       Object as vague and ambiguous.  Arrow is the creditor.

23   **INTERROGATORY NO. 11:**

24       Describe all communications between the creditor and Arrow regarding Plaintiff.

25   **RESPONSE TO INTERROGATORY NO. 11:**

26       Object as vague and ambiguous and incomprehensible given that Arrow is the

27   creditor.

28   ///

BUCHALTER NEMER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 730459v1

12

WRITTEN RESPONSE TO DISCOVERY REQUESTS
05-CV-0171 JAH (RBB)

1  **INTERROGATORY NO. 12:**

2      Describe all communications between Arrow and Plaintiff, including date,

3  participation, subject matter, regular or certified mail, etc.

4  **RESPONSE TO INTERROGATORY NO. 12:**

5      Object as vague and ambiguous and as irrelevant and not likely to lead to the

6  discovery of admissible evidence.  Further object that calls for a data compilation or

7  summary of documents.  Arrow has produced a copy of its computerized notes for

8  Plaintiff's account, from which the answer to this request may be ascertained.

9  **INTERROGATORY NO. 13:**

10     Describe [Arrow's] maintenance of procedures reasonably adapted to avoid

11 violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

12 **RESPONSE TO INTERROGATORY NO. 13:**

13     Object as calling for a legal conclusion.  Further object on the grounds that this

14 action has not been certified as a class action, and the request seeks information that

15 would only be relevant to the merits of a class action lawsuit.  Accordingly, the request is

16 presently is irrelevant and not likely to lead to the discovery of admissible evidence.

17 *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340, 359 fn. 14 (1987); *Babbitt v.*

18 *Albertson's, Inc.*, 1992 W.L. 605652 (N.D. Cal. 1992).

19 **INTERROGATORY NO. 14:**

20     Describe any insurance covering [Arrow] for the conduct alleged in the Complaint.

21 **RESPONSE TO INTERROGATORY NO. 14:**

22     Object as calling for a legal conclusion and summary of the insurance policy, a

23 copy of which was previously produced in Arrow's Initial Disclosures.

24 **INTERROGATORY NO. 15:**

25     Fully describe the computer hardware, software and storage media including, but

26 not limited to, name, type, model or version number, location and manufacturer which

27 [Arrow uses] to store data for both active and inactive accounts relating to checks written

28 by class members.

BUCHALTER NEMER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 730459v1

13

WRITTEN RESPONSE TO DISCOVERY REQUESTS
05-CV-0171 JAH (RBB)

**RESPONSE TO INTERROGATORY NO. 15:**

Object as irrelevant and not likely to lead to the discovery of admissible evidence. Object as vague, ambiguous and overbroad. Object on the grounds of privacy and confidentiality. Further object on the grounds that this action has not been certified as a class action, and the request seeks information that would only be relevant to the merits of a class action lawsuit. Accordingly, the request is presently is irrelevant and not likely to lead to the discovery of admissible evidence. *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340, 359 fn. 14 (1987); *Babbitt v. Albertson's, Inc.*, 1992 W.L. 605652 (N.D. Cal. 1992).

**INTERROGATORY NO. 16:**

State the basis allowing Arrow to report Plaintiff's alleged debt to a credit bureau.

**RESPONSE TO INTERROGATORY NO. 16:**

Object as vague, ambiguous and assuming facts not in evidence. Further object as calling for a legal conclusion. Arrow is not making this contention.

**INTERROGATORY NO. 17:**

State every factual and legal basis for each answer to Plaintiff's Requests for Admission that is not an unqualified admission.

**RESPONSE TO INTERROGATORY NO. 17:**

Object as compound.

**INTERROGATORY NO. 18:**

State the real name and location of "Mike Ortega."

**RESPONSE TO INTERROGATORY NO. 18:**

Object as vague and ambiguous and assuming facts not in evidence. Further object that the request is irrelevant and not likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 19:**

State the date Plaintiff's alleged debt was charged off.

**RESPONSE TO INTERROGATORY NO. 19:**

May 3, 1991.

BUCHALTER NEMER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 730459v1

14

WRITTEN RESPONSE TO DISCOVERY REQUESTS
05-CV-0171 JAH (RBB)

## WRITTEN RESPONSES TO
## REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce:

## REQUEST NO. 1:

All agreements between Arrow and the creditor on whose behalf it was attempting to collect a debt from Plaintiff.

## RESPONSE TO REQUEST NO. 1:

Object as assuming facts not in evidence and incomprehensible. Arrow is the creditor.

## REQUEST NO. 2:

All documents showing names and addresses of persons in California who were sent documents in the form of Exhibit A in an attempt to collect a debt allegedly owed Bally Total Fitness Corporation and/or Holiday Spa Health Clubs of California and the number of such documents sent to persons with addresses within California since January 28, 2004.

## RESPONSE TO REQUEST NO. 2:

Object as irrelevant and not likely to lead to the discovery of admissible evidence. Object as overbroad, vague, ambiguous and failing to specify the documents sought with reasonable particularity. Object on the grounds of privacy and confidentiality. Further object on the grounds that this action has not been certified as a class action, and the request seeks information that would only be relevant to the merits of a class action lawsuit. Accordingly, the request is presently is irrelevant and not likely to lead to the discovery of admissible evidence. *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340, 359 fn. 14 (1987); *Babbitt v. Albertson's, Inc.*, 1992 W.L. 605652 (N.D. Cal. 1992).

## REQUEST NO. 3:

All documents showing names and addresses of persons in California who were sent documents in the form of Exhibit B in an attempt to collect a debt allegedly owed Bally Total Fitness Corporation and/or Holiday Spa Health Clubs of California and the

BUCHALTER NEMER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 730459v1

15

WRITTEN RESPONSE TO DISCOVERY REQUESTS
05-CV-0171 JAH (RBB)

1   number of such documents sent to persons with addresses within California since

2   January 28, 2004.

3   **RESPONSE TO REQUEST NO. 3:**

4          Object as irrelevant and not likely to lead to the discovery of admissible evidence.

5   Object as overbroad, vague, ambiguous and failing to specify the documents sought with

6   reasonable particularity.  Object on the grounds of privacy and confidentiality.  Further

7   object on the grounds that this action has not been certified as a class action, and the

8   request seeks information that would only be relevant to the merits of a class action

9   lawsuit.  Accordingly, the request is presently is irrelevant and not likely to lead to the

10  discovery of admissible evidence.  *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340,

11  359 fn. 14 (1987); *Babbitt v. Albertson's, Inc.*, 1992 W.L. 605652 (N.D. Cal. 1992).

12  **REQUEST NO. 4:**

13         All records relating to Plaintiff with plain-English statement of all notes and

14  entries.

15  **RESPONSE TO REQUEST NO. 4:**

16         Object as irrelevant and not likely to lead to the discovery of admissible evidence.

17  Object as overbroad, vague, ambiguous and failing to specify the documents sought with

18  reasonable particularity.  Without waiving said objection, Arrow has already produced all

19  documents in its Initial Disclosures.

20  **REQUEST NO. 5:**

21         All files relating to the creditor on whose behalf Arrow [was] attempting to collect

22  a debt from Plaintiff.

23  **RESPONSE TO REQUEST NO. 5:**

24         Object as assuming facts not in evidence and incomprehensible.  Arrow is the

25  creditor.

26  **REQUEST NO. 6:**

27         All communications to or from Plaintiff.

28  ///

BUCHALTER NEMER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 730459v1

16

WRITTEN RESPONSE TO DISCOVERY REQUESTS
05-CV-0171 JAH (RBB)

**RESPONSE TO REQUEST NO. 6:**

Object as irrelevant and not likely to lead to the discovery of admissible evidence. Object as overbroad, vague, ambiguous and failing to specify the documents sought with reasonable particularity. Without waiving said objection, Arrow has already produced all documents in its Initial Disclosures.

**REQUEST NO. 7:**

All manuals, instructions, guidelines, and other documents setting forth policies and procedures to be used by employees of Arrow with respect to collect debts.

**RESPONSE TO REQUEST NO. 7:**

Object as irrelevant and not likely to lead to the discovery of admissible evidence. Object as overbroad, vague, ambiguous and failing to specify the documents sought with reasonable particularity. Object on the grounds of privacy and confidentiality. Further object on the grounds that this action has not been certified as a class action, and the request seeks information that would only be relevant to the merits of a class action lawsuit. Accordingly, the request is presently is irrelevant and not likely to lead to the discovery of admissible evidence. *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340, 359 fn. 14 (1987); *Babbitt v. Albertson's, Inc.*, 1992 W.L. 605652 (N.D. Cal. 1992).

**REQUEST NO. 8:**

All documents relating to the creation, approval, and the use of the documents in the form of <u>Exhibits A and B</u>.

**RESPONSE TO REQUEST NO. 8:**

Object as irrelevant and not likely to lead to the discovery of admissible evidence. Object as overbroad, vague, ambiguous and failing to specify the documents sought with reasonable particularity. Object on the grounds of privacy and confidentiality. Further object on the grounds that this action has not been certified as a class action, and the request seeks information that would only be relevant to the merits of a class action lawsuit. Accordingly, the request is presently is irrelevant and not likely to lead to the discovery of admissible evidence. *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340,

1  359 fn. 14 (1987); *Babbitt v. Albertson's, Inc.*, 1992 W.L. 605652 (N.D. Cal. 1992).

2  **REQUEST NO. 9:**

3      All documents relating to the signing of documents in the form of

4  Exhibits A and B.

5  **RESPONSE TO REQUEST NO. 9:**

6      Object as irrelevant and not likely to lead to the discovery of admissible evidence.

7  Object as overbroad, vague, ambiguous and failing to specify the documents sought with

8  reasonable particularity.  Object on the grounds of privacy and confidentiality.  Further

9  object on the grounds that this action has not been certified as a class action, and the

10  request seeks information that would only be relevant to the merits of a class action

11  lawsuit.  Accordingly, the request is presently is irrelevant and not likely to lead to the

12  discovery of admissible evidence.  *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340,

13  359 fn. 14 (1987); *Babbitt v. Albertson's, Inc.*, 1992 W.L. 605652 (N.D. Cal. 1992).

14  **REQUEST NO. 10:**

15      All documents, including without limitation computer records, which refer or relate

16  to Plaintiff, or are retrievable under any number assigned to Plaintiff by Arrow.

17  **RESPONSE TO REQUEST NO. 10:**

18      Object as irrelevant and not likely to lead to the discovery of admissible evidence.

19  Object as overbroad, vague, ambiguous and failing to specify the documents sought with

20  reasonable particularity.  Without waiving said objection, Arrow has already produced all

21  documents in its Initial Disclosures.

22  **REQUEST NO. 11:**

23      All documents regarding review of Plaintiff's file on or before April 30, 2004.

24  **RESPONSE TO REQUEST NO. 11:**

25      Object as irrelevant and not likely to lead to the discovery of admissible evidence.

26  Object as overbroad, vague, ambiguous and failing to specify the documents sought with

27  reasonable particularity.  Without waiving said objection, Arrow has already produced all

28  documents in its Initial Disclosures.

**REQUEST NO. 12:**

All documents regarding review of Plaintiff's file between April 30, 2004, and July 8, 2004.

**RESPONSE TO REQUEST NO. 12:**

Object as irrelevant and not likely to lead to the discovery of admissible evidence. Object as overbroad, vague, ambiguous and failing to specify the documents sought with reasonable particularity. Without waiving said objection, Arrow has already produced all documents in its Initial Disclosures.

**REQUEST NO. 13:**

All documents authorizing collection activities of Arrow by the creditor.

**RESPONSE TO REQUEST NO. 13:**

Object as assuming facts not in evidence and incomprehensible. Arrow is the creditor.

**REQUEST NO. 14:**

All documents authorizing Arrow to report Plaintiff's alleged debt to any credit bureaus.

**RESPONSE TO REQUEST NO. 14:**

Object as irrelevant and not likely to lead to the discovery of admissible evidence. Object as overbroad, vague, ambiguous and failing to specify the documents sought with reasonable particularity. Without waiving said objection, after a reasonable search and diligent inquiry, there are no responsive documents to produce.

**REQUEST NO. 15:**

All documents relating to any complaint or criticism by a California resident or any government entity regarding the form represented by Exhibit A.

**RESPONSE TO REQUEST NO. 15:**

Object as irrelevant and not likely to lead to the discovery of admissible evidence. Object as overbroad, vague, ambiguous and failing to specify the documents sought with reasonable particularity. Further object on the grounds that this action has not been

BUCHALTER NEMER
ATTORNEYS AT LAW
LOS ANGELES

BNFY 730459v1

19

WRITTEN RESPONSE TO DISCOVERY REQUESTS
05-CV-0171 JAH (RBB)

1    certified as a class action, and the request seeks information that would only be relevant to

2    the merits of a class action lawsuit.  Accordingly, the request is presently is irrelevant and

3    not likely to lead to the discovery of admissible evidence.  *Oppenheimer Funds, Inc. v.*

4    *Sanders*, 437 U.S. 340, 359 fn. 14 (1987); *Babbitt v. Albertson's, Inc.*, 1992 W.L. 605652

5    (N.D. Cal. 1992).

6    **REQUEST NO. 16:**

7         All documents relating to any complaint or criticism by a California resident or any

8    government entity regarding the form represented by Exhibit B.

9    **RESPONSE TO REQUEST NO. 16:**

10        Object as irrelevant and not likely to lead to the discovery of admissible evidence.

11   Object as overbroad, vague, ambiguous and failing to specify the documents sought with

12   reasonable particularity.  Further object on the grounds that this action has not been

13   certified as a class action, and the request seeks information that would only be relevant to

14   the merits of a class action lawsuit.  Accordingly, the request is presently is irrelevant and

15   not likely to lead to the discovery of admissible evidence.  *Oppenheimer Funds, Inc. v.*

16   *Sanders*, 437 U.S. 340, 359 fn. 14 (1987); *Babbitt v. Albertson's, Inc.*, 1992 W.L. 605652

17   (N.D. Cal. 1992).

18   **REQUEST NO. 17:**

19        All documents relating to the maintenance of procedures by Arrow to ensure

20   compliance with and avoid violation of the Fair Debt Collection Practices Act and/or to

21   create a bona fide error defense.

22   **RESPONSE TO REQUEST NO. 17:**

23        Object as irrelevant and not likely to lead to the discovery of admissible evidence.

24   Object as overbroad, vague, ambiguous and failing to specify the documents sought with

25   reasonable particularity.  Further object on the grounds that this action has not been

26   certified as a class action, and the request seeks information that would only be relevant to

27   the merits of a class action lawsuit.  Accordingly, the request is presently is irrelevant and

28   not likely to lead to the discovery of admissible evidence.  *Oppenheimer Funds, Inc. v.*

1   *Sanders*, 437 U.S. 340, 359 fn. 14 (1987); *Babbitt v. Albertson's, Inc.*, 1992 W.L. 605652

2   (N.D. Cal. 1992).

3   **REQUEST NO. 18:**

4       All insurance policies covering Arrow for violations of the Fair Debt Collection

5   Practices Act alleged by this lawsuit.

6   **RESPONSE TO REQUEST NO. 18:**

7       Object on the grounds that Arrow has already produced a copy of its insurance

8   policy with its Initial Disclosures.

9   **REQUEST NO. 19:**

10      All documents relating to the calculation of the net worth of Arrow.

11  **RESPONSE TO REQUEST NO. 19:**

12      Object as irrelevant and not likely to lead to the discovery of admissible evidence.

13  Further object on the grounds of privacy and sensitive financial information. Without

14  waiving said objections, Arrow stipulates that its net worth would subject it to the

15  maximum statutory recovery under Section 1692k.

16  **REQUEST NO. 20:**

17      All documents relating to the decision to report or not report Plaintiff's alleged

18  debt to credit bureaus.

19  **RESPONSE TO REQUEST NO. 20:**

20      Object as irrelevant and not likely to lead to the discovery of admissible evidence.

21  Object as overbroad, vague, ambiguous and failing to specify the documents sought with

22  reasonable particularity. Further object on the grounds that the interrogatory assumes

23  facts not in evidence. Further object on the grounds that this action has not been certified

24  as a class action, and the request seeks information that would only be relevant to the

25  merits of a class action lawsuit. Accordingly, the request is presently is irrelevant and not

26  likely to lead to the discovery of admissible evidence. *Oppenheimer Funds, Inc. v.*

27  *Sanders*, 437 U.S. 340, 359 fn. 14 (1987); *Babbitt v. Albertson's, Inc.*, 1992 W.L. 605652

28  (N.D. Cal. 1992).

**REQUEST NO. 21:**

All documents containing procedures and/or guidelines regarding reporting to credit bureaus of debts charged off at least seven years prior.

**RESPONSE TO REQUEST NO. 21:**

Object as irrelevant and not likely to lead to the discovery of admissible evidence. Object as overbroad, vague, ambiguous and failing to specify the documents sought with reasonable particularity. Further object on the grounds that this action has not been certified as a class action, and the request seeks information that would only be relevant to the merits of a class action lawsuit. Accordingly, the request is presently is irrelevant and not likely to lead to the discovery of admissible evidence. *Oppenheimer Funds, Inc. v. Sanders*, 437 U.S. 340, 359 fn. 14 (1987); *Babbitt v. Albertson's, Inc.*, 1992 W.L. 605652 (N.D. Cal. 1992).

Dated: December 27, 2005          BUCHALTER NEMER
                                   A Professional Corporation


                                   By: _____
                                        RUSSELL L. ALLYN
                                   Attorneys for Defendant
                                   ARROW FINANCIAL SERVICES LLC

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

    I have read the foregoing RESPONSE TO _____

PLAINTIF'S INTERROGATORIES, SET NO. ONE _____ and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐   I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒   I am ☐ an Officer ☐ a partner _____ ☒ a *Corporate Counsel* of *Arrow Financial Services*
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☒ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒   I am one of the attorneys for ARROW FINANCIAL SERVICES, LLC _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on DECEMBER 1 7 2005 , at NILES, ILLINOIS _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

JONATHAN JOSHUA _____       _____
           Type or Print Name                                                                    Signature

### PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

    I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

_____

    On, _____ I served the foregoing document described as _____

_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**

    ☐ *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

    ☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☐ (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____       _____
                Type or Print Name                                                            Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Rev. 7/99

VERIFY1

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER NEMER, A Professional Corporation, 1000 Wilshire Boulevard, Suite 1500, Los Angeles, California 90017-2457.

On the date set forth below, I served the foregoing document described as:

**WRITTEN RESPONSE TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS**

on all other parties and/or their attorney(s) of record to this action by placing the original or a true copy thereof (as indicated) in a sealed envelope as follows:

Original to:
Elizabeth J. Arleo
ARLEO LAW FIRM, PLC
850 Main Street, Suite 201
Ramona, CA  92065

Copy to:
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL  60602

**BY OVERNIGHT DELIVERY**   On December 22, 2005, I placed the Federal Express package for overnight delivery in a box or location regularly maintained by Federal Express at my office. The package was placed in a sealed envelope or package designated by Federal Express with delivery fees provided, addressed to the person on whom it is to be served at the address shown above, as last given by that person on any document filed in the cause.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on December 22, 2005, at Los Angeles, California.

Kellie C. Brandon
_____

_(Signature)_

## Elizabeth - Arleo Law

**From:**      Elizabeth - Arleo Law [elizabeth@arleolaw.com]
**Sent:**      Wednesday, February 01, 2006 9:33 AM
**To:**        'Colman, Abraham J.'
**Subject:**   RE: Gonzales v. Arrow

How about Thursday 2/9 at 11:00 a.m.?

-----Original Message-----
From: Colman, Abraham J. [mailto:AColman@ReedSmith.com]
Sent: Tuesday, January 31, 2006 6:31 PM
To: elizabeth@arleolaw.com
Subject: Re: Gonzales v. Arrow

End of the week is much better for me. I need to review the file mon or tuesday before we spk. Thanks

-----Original Message-----
From: Elizabeth - Arleo Law <elizabeth@arleolaw.com>
To: Colman, Abraham J. <AColman@ReedSmith.com>
Sent: Tue Jan 31 17:41:48 2006
Subject: RE: Gonzales v. Arrow

How about Tuesday anytime?

-----Original Message-----
From: Colman, Abraham J. [mailto:AColman@ReedSmith.com]
Sent: Tuesday, January 31, 2006 5:32 PM
To: elizabeth@arleolaw.com
Subject: Re: Gonzales v. Arrow

Ellizabeth, I am out of the office for the remainder of the week and will be unable to meet and confer this week. Plz let me know if the middle to end of next week works for you. Thanks. Abe

-----Original Message-----
From: Elizabeth - Arleo Law <elizabeth@arleolaw.com>
To: Colman, Abraham J. <AColman@ReedSmith.com>
CC: 'Craig Shapiro' <craig@horwitzlaw.com>; 'Rand Bragg'
<rand@horwitzlaw.com>
Sent: Tue Jan 31 13:31:51 2006
Subject: Gonzales v. Arrow

Hello Abe,

I received your Subsitution of Attorney for Gonzales v. Arrow.  I will amend my service list.
Your service list is incorrect, please amend it to reflect:
1) my new firm name and address;
2) Robert Arleo withdrew as plaintiff's counsel;
3) Rand Bragg and Craig Shapiro of Horwitz, Horwitz have now appeared pro hac vice.

Also, as I discussed Russell last week, I would like to schedule a meet and confer with you regarding Arrow's Initial Disclosures and Discovery Responses.
I am available on Thursday afternoon or all day Friday.
Please let me know when you are available.

Regards,
Elizabeth


Elizabeth J. Arleo, Esq.

Arleo Law Firm, PLC

850 Main Street, Suite 201

Ramona, CA 92065

elizabeth@arleolaw.com

(760) 789-8000 Main

(760) 789-8081 Fax

CONFIDENTIALITY NOTE: This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under the applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U. S. Postal Service. Thank you.

Arleo Law Firm, PLC

850 Main Street
Suite 201
Ramona, CA 92065
Tel: 760/ 789-8000
Fax: 760/ 789-8081
www.arleolaw.com

February 8, 2006

<u>Via Facsimile</u>
213-457-8080

Mr. Abraham Colman, Esq.
Mr. David Reidy, Esq.
Reed Smith LLP
355 S. Grand Avenue, Suite 2900
Los Angeles, CA 90071

Re: *Gonzales v. Arrow Financial Services LLC*, No. 05-cv-0171 JAH (RBB)

Dear Counsel:

Mr. Reidy, thank you for your efforts in contacting me to introduce yourself. I look forward to meeting and conferring with you and Mr. Colman at 11:00 a.m. tomorrow to discuss Plaintiff's discovery concerns. I suggested this date and time in my February 1, 2006 e-mail to Mr. Colman. Although I did not receive a confirming e-mail from him, I assume this time is acceptable. I trust that you will let me know otherwise, as well as provide alternative times to meet within the next few days.

As you may know, my efforts to meet and confer with defense counsel have been frustrated by Mr. Colman's departure from Buchalter Nemer. In mid-January, I attempted to meet and confer with Russell Allyn, but he requested that I delay my attempts until Reed Smith was formally substituted as defense counsel. Now that the substitution has been accomplished, I look forward to a quick and informal resolution of Plaintiff's discovery issues as detailed below.

In violation of Fed. R. Civ. Proc. 23, 26(b), 26(g), 26(g)(2), 34(b) and 37(d), Defendant's responses are deficient and require further supplemental answers. Also, Arrow produced no documents in response to the requests for production. Pursuant to Fed. R. Civ. P. 37(a)(2)(A) and CivLR 26.1, Plaintiff's counsel seeks to meet and confer concerning Arrow's Initial Disclosures (dated November 15, 2005) and Arrow's Written Response to Plaintiff's First Set of Discovery Requests (dated December 27, 2005). In so doing, Plaintiff is making a good-faith effort to secure the required disclosures and production of documents so as to avoid the necessity of filing a motion to compel. As requested in more detail below, we request service of un-redacted documents, supplemental answers and complete responses by ***February 16, 2006***. If, however, Arrow has objections to ***any*** of the items requested below, we should discuss them during

Messrs. Colman, Reidy
February 8, 2006
Page 2 of 6

the meet and confer.  Plaintiff also demands that Arrow provide by *February 16, 2006*, a log for any information and/or documents withheld pursuant to the attorney-client privilege and/or work product doctrine.  We hope to informally resolve these disputes and spare the Court and the parties from motion practice.  But if Arrow refuses to provide complete answers and responses, as well as produce all responsive non-privileged documents, Plaintiff will immediately seek appropriate relief from Magistrate Judge Brooks.

## Initial Disclosures

The disclosures are inadequate as Plaintiff has the automatic right to certain information which Arrow failed to provide.  First, pursuant to Rule 26(a)(1)(A), Arrow has not provided the subjects of the information known by individuals it identifies.  It must do so.

Second, pursuant to Rule 26(a)(1)(B), Arrow must provide a description by category and location of all documents that it may use to support its claims or defenses.  Arrow has described only the account notes for Plaintiff.  As an initial matter, it strains credulity that these are the only items Arrow intends upon using to support its claims and defenses.  Furthermore, the account notes produced are heavily redacted.  Please state the grounds and factual bases for the redactions and produce by February 16, 2006 any additional items which Arrow intends upon using in this litigation.  As discussed below, pursuant to Arrow's responses to <u>Interrogatory Nos. 7 and 8</u>, as well as <u>Document Requests Nos. 4 and 6</u>, Arrow must produce the computerized notes *without* redaction.

Third, pursuant to Rule 26(a)(1)(D), Arrow produced a copy of its errors and omissions policy.  Arrow, however, must also produce documents related to the insurance agreement including the insurance application and any communication relating to the coverage.  I refer you to the notes of the 1970 Amendment to Rule 26.

## Written Response to Plaintiff's First Set of Discovery Requests

### General Objections

In most instances, the boilerplate objections make no sense and should be stricken entirely.  *See e.g.*, <u>Paragraph G</u> asserting the "information …is equally or more accessible to Plaintiff and which is maintained primarily by persons or entities other than Arrow."  Furthermore, <u>Paragraph E</u> objects to the discovery to the extent they seek privileged information protected by the attorney-client privilege or the attorney work-product doctrine.  Please provide by February 16, 2006, a log for any information and/or documents withheld pursuant to the attorney-client privilege and/or work product doctrine.  The log should contain information sufficient for plaintiff to test the privilege claimed.  Finally, Arrow's objection as to "privacy and confidentiality" can be addressed with an appropriate protective order.

Messrs. Colman, Reidy
February 8, 2006
Page 3 of 6

**Requests for Admission**

As an initial and important matter, Arrow's answers to <u>Request for Admission Nos. 8, 9, 10, 11, 12, 13, 14, 20 and 21</u> are qualified. Each contains the same objection that the RFA is "vague and ambiguous." While I believe these RFAs are indeed stated with sufficient particularity, I hope to resolve Arrow's concerns during the meet and confer. Regardless of the outcome, Arrow must provide amended answers which eliminate the qualifications. Otherwise, Plaintiff will move to compel.

<u>Request for Admission Nos. 2, 3</u> seek admissions that Arrow is a "debt collector" as defined by 15 U.S.C. §1692a(5) and Cal. Civil Code §1788.2(c). Arrow objects on the grounds that the requests call for a "legal conclusion." Plaintiff contends these RFAs are factual given the specific definitions set forth in the cited statutes.[1] If Arrow does not answer unequivocally, Plaintiff will move to compel a response to these requests.

Arrow's response to <u>Request for Admission No. 4</u> is improperly qualified and there appears to be a typographical error. Plaintiff's request states "... uses *mail* and/or telephone" while Arrow's response states "... uses the *phone* and/or telephone..." (emphasis added).

<u>Request for Admission No. 5</u> seeks an admission that "Plaintiff's alleged debt was incurred for personal, family or household purposes." Arrow provides a qualified denial by asserting that it "lacks sufficient information or belief with which to respond to this request." Given that Plaintiff has already stated that he joined the gym and that Arrow admits the alleged debt was originally incurred with Holiday Spa of California (*see* response to RFA No. 7), Arrow can hardly deny this fact and say that it "lacks sufficient information" to respond.

Arrow objects to <u>Request for Admission Nos. 17, 18, 19, 22, 23, 24</u> "on the grounds that this action has not been certified as a class action, and the request[s] seek[] information that would only be relevant to the merits of a class action lawsuit." Arrow's attempt to bifurcate discovery is improper. Arrow did *not* oppose Plaintiff's motion for class certification of the FDCPA claims, thus, a class will likely be certified. Plaintiff also contends that bifurcation of discovery is improper.

Assuming the class certification (bifurcation) issue is resolved, will Arrow substantially respond to these RFA or will it stand on the objection that the requests call for a "legal conclusion" (<u>RFA Nos. 19, 22, 23, 24</u>) and the objection that the requests are "vague and ambiguous" (<u>RFA Nos. 17 and 18</u>)? If the answer to this question is "yes," then the parties should attempt to resolve Arrow's objections during the meet and confer.

---

[1] *See also* references below discussing responses made to <u>Requests for Admission Nos. 10, 12</u> (whether Exhibits A and B are "communication[s]" as defined by §1692a(2)), as well as, <u>Requests for Admission Nos. 19, 22, 23, and 24</u> where Arrow also asserted objections based on "legal conclusions."

Messrs. Colman, Reidy
February 8, 2006
Page 4 of 6

Request for Admission Nos. 15 and 16 seek admissions that Exhibits A and B contain the language alleged to violate the Fair Debt Collection Practices Act. Arrow objects based on the "best evidence rule." This objection is misplaced. Arrow must respond by admitting or denying the requests.

Request for Admission No. 25 seeks an admission that "Mike Ortega" (the Arrow personnel who allegedly signed Exhibit A) is or is not a fictitious name. Arrow objects "on the grounds that the request is irrelevant and not likely to lead to the discovery of admissible evidence." Plaintiff contends that the true identity of "Mike Ortega" is relevant and proper in view of the claims. *See also* the discussion of Arrow's response to Interrogatory No. 4 below.

**Interrogatories**

Interrogatory Nos. 4 and 18 seek the identity of the person(s) who signed Exhibits A and B (No. 4) and the real name and location of "Mike Ortega" (No. 18). Arrow objects "as vague and ambiguous and assuming facts not in evidence." Arrow further objects on the grounds that the "request is irrelevant and not likely to lead to the discovery of admissible evidence." Given the allegations concern statements contained in Exhibits A and B, the inquiry is relevant and proper. I am sure that Arrow is aware that the standard for discovery does not require that the requested information be admissible (as Arrow's response indicates), only that it appear to be "reasonably calculated to lead to the discovery of admissible evidence."

Interrogatory No. 5 seeks a detailed description of the process which resulted in Exhibits A and B being transmitted to Plaintiff. Arrow objects to the interrogatory as "vague, ambiguous, unintelligible, compound and seeks information that is not relevant nor likely to lead to the discovery of admissible evidence." Notwithstanding these objections, Arrow responds only that it "received an electronic file from Daiwa with Plaintiff's account information, including account number, date of last payment, charge-off date, name, address, telephone number, social security number and unpaid balance." Arrow's answer is evasive and insufficient. Arrow simply fails to provide the information requested, *e.g.* the date and method of transmission of debtor information to Arrow when, by whom, where and to whom. This response must be supplemented. Otherwise Plaintiff will seek leave to serve additional interrogatories and revise the request to eliminate Arrow's objections.

Interrogatory Nos. 7, 8 and 12 seek a description of Arrow's review of Plaintiff's file (No. 7), information on the identity of persons conducting the review and any determinations made and documents relied up (No. 8), as well as communications with Plaintiff (No. 12). Arrow objects to each of these interrogatories s "vague and ambiguous and as irrelevant and not likely to lead to the discovery of admissible evidence. Further object that calls for a data compilation or summary of account." In each of its responses to these interrogatories, Arrow directs Plaintiff to the "computerized notes for Plaintiff's account, from which the answer to this request may be ascertained." As stated above, the

Messrs. Colman, Reidy
February 8, 2006
Page 5 of 6

notes are heavily redacted. Thus, it is impossible to ascertain any descriptions and other information from the notes as previously produced by Arrow. In addition to providing the requested information (description, identities, determinations and documents) Arrow must also produce the computerized notes *without* redactions.

Arrow objects to Interrogatory Nos. 13 and 15 "on the grounds that this action has not been certified as a class action, and the request[s] seek[] information that would only be relevant to the merits of a class action lawsuit." Arrow's attempt to bifurcate discovery is improper. First, Arrow did *not* oppose Plaintiff's motion for class certification of the FDCPA claims. Thus, Arrow's refusal to respond on these grounds is disingenuous as a class will likely be certified. Second, bifurcation of discovery is improper.

Assuming the class certification (bifurcation) issue is resolved, will Arrow substantially respond to these interrogatories or will it stand on the objection that Interrogatory No. 13 is "vague and ambiguous" and that Interrogatory No. 15 is "irrelevant and not likely to lead to the discovery of admissible evidence. Object as to vague, ambiguous and overbroad. Object on the grounds of privacy and confidentiality."? If the answer is yes, then the parties should attempt to resolve Arrow's objections during the meet and confer.

Interrogatory No. 16 asks Arrow to "[s]tate the basis allowing Arrow to report Plaintiff's alleged debt to a credit bureau." Arrow "objects as vague, ambiguous and assuming facts not in evidence. Further object as calling for a legal conclusion. Arrow is not making this contention." But the Complaint alleges that Exhibit A threatens to report non-payment to the credit bureaus. Thus, the basis for Arrow's reporting is relevant and likely to lead to admissible evidence. If Arrow has *no* basis for reporting Plaintiff's alleged debt, then it should say so.

Interrogatory No. 17 seeks "every factual and legal basis for each answer to Plaintiff's Requests for Admission that is not an unqualified admission." Arrow objects to Interrogatory No. 17 "as compound." This objection lacks merit. A careful review of Arrow's responses indicates there are three qualified admissions, RFA Nos. 4, 20 and 21. The issue with RFA No. 4 is addressed above. The remaining two qualified responses can easily be addressed with a simple but complete response to Interrogatory No. 17.

**Request for Documents**

Document Request Nos. 2, 3, 7, 8, 9, 15, 16, 17, 20 and 21 concern Arrow's collection procedures, its creation and signing of Exhibits A and B, criticisms of Exhibits A and B, maintenance and procedure to avoid violation of the FDCPA, and credit reporting practices. Arrow objects to these interrogatories "on the grounds that this action has not been certified as a class action, and the request[s] seek[] information that would only be relevant to the merits of a class action lawsuit." Arrow's attempt to

Messrs. Colman, Reidy
February 8, 2006
Page 6 of 6

bifurcate discovery is improper.  As stated above, Arrow did *not* oppose Plaintiff's motion for class certification of the FDCPA claims and a class will likely be certified.

Assuming the class certification (bifurcation) issue is resolved, will Arrow produce documents in response to these interrogatories or will it stand on the multiple objections that each of these request is: '(i) irrelevant and not likely to lead to admissible evidence; (ii) overbroad; (iii) vague and ambiguous; (iv) fails to specify documents with reasonable particularity; and (v) [for Request Nos. 2, 3, 7, 8, 9] private and confidential.' If the answer to this question is yes, then the parties should attempt to resolve Arrow's issues with these interrogatories during the meet and confer.

Document Requests Nos. 4, 6, 10, 11 and 12 seek production of documents relating to Plaintiff with plain-English statement of all notes and entries (No. 4), communications with Plaintiff (No. 6), documents referring to Plaintiff (No. 10), documents regarding review of Plaintiff's file before April 30, 2004 (No. 11) and between April 30, 2004 and July 8, 2004 (No. 12). Arrow responses state that it "has already produced all documents in its Initial Disclosures."  As stated above, the computerized notes previously produced by Arrow are heavily redacted.  Further, the response requires Arrow to produce documents providing plain-English statements of the entries.  We should also discuss whether Arrow is withholding any documents based on the following objections to the above requests: '(i) irrelevant and not likely to lead to admissible evidence; (ii) overbroad; (iii) vague and ambiguous; and (iv) fail to specify documents with reasonable particularity.'

I look forward to discussing these matters with you in detail at 11:00 a.m. tomorrow.  Unless I hear from you otherwise, I will telephone Mr. Colman's office.

Sincerely,

*[signature]*

ELIZABETH J. ARLEO

cc:     O. Randolph Bragg
        Craig M. Shapiro

## TRANSMISSION REPORT

(WED) FEB  8 2006 15:08
Arleo Law Firm PLC

| | | | | |
|---|---|---|---|---|
| User Name | : 051009 | | DOCUMENT# | : 7500000-152 |
| DESTINATION | : 12134578080 | | TIME STORED | : FEB  8 15:04 |
| DEST.NUMBER | : 12134578080 | | TX START | : FEB  8 15:04 |
| | | | DURATION | : 3min.35sec |
| F-CODE | : | | MODE | : ECM |
| PAGES | : 7page | | | |
| RESULT | : OK | | | |

## Arleo Law Firm, PLC

850 Main Street
Suite 201
Ramona, CA 92065
Tel: 760/ 789-8000
Fax: 760/ 789-8081
elizabeth@arleolaw.com

### FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| Abraham Colman <br> David Reidy | Elizabeth J. Arleo |
| COMPANY: <br> Reed Smith, LLP | DATE: <br> 2/8/2006 |
| FAX NUMBER: <br> 213/ 457-8080 | TOTAL NO. OF PAGES INCLUDING COVER: <br> 7 |
| PHONE NUMBER: <br> 213/ 457-8329 | SENDER'S REFERENCE NUMBER: <br> 05-1003 |
| RE: <br> *Gonzales v. Arrow Financial* | YOUR REFERENCE NUMBER: <br> Case No. 05-cv-0171 JAH (RBB) |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

# ReedSmith

Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
213.457.8000
Fax 213.457.8080

**David S. Reidy**
Direct Phone:  213.457.8329
Email:  dreidy@reedsmith.com

February 9, 2006

**VIA FACSIMILE & U.S. MAIL**                                    FEB 1 0 2006

Elizabeth J. Arleo
Arleo Law Firm PLC
850 Main Street
Ramona, CA 92065

> Re:   <u>Johnny Gonzales v. Arrow Financial Services, Inc.</u>

Dear Ms. Arleo:

We are in receipt of your letter of February 8, 2006, in which you raise your concerns about Arrow Financial's discovery responses in this matter.  The letter brings to our attention for the first time the substance of your concerns about the discovery responses.  Please also understand that we are still in the process of obtaining the case file from Buchalter Nemer.  For these reasons, we are happy to discuss the discovery issues today but we will likely be unable to provide supplemental responses (if any are warranted) within the one week deadline that you have imposed.  I will, however, agree to respond in writing to your meet and confer letter within that timeframe.

To the extent that you need extensions of time in which to file motions to compel on the discovery requests, we will of course agree to such reasonable extensions, keeping in mind that the substance of your complaints was only first brought to our attention yesterday.  I look forward to hearing from you today.

Very truly yours,

David S. Reidy

DSR:no

cc:   Abe Coleman, Esq. (i/o)
      Scott Jacobs, Esq. (i/o)

NEW YORK ♦ LONDON ♦ LOS ANGELES ♦ PARIS ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND

MUNICH ♦ PRINCETON ♦ FALLS CHURCH ♦ WILMINGTON ♦ NEWARK ♦ MIDLANDS, U.K. ♦ CENTURY CITY ♦ RICHMOND ♦ LEESBURG

r e e d s m i t h . c o m

DOCSLA-15520958.1-DSREIDY

# ReedSmith

**David S. Reidy**
Direct Phone: 213.457.8329
Email: dreidy@reedsmith.com

Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
213.457.8000
Fax 213.457.8080

February 10, 2006

**VIA FACSIMILE & U.S. MAIL**

Elizabeth J. Arleo
Arleo Law Firm PLC
850 Main Street
Ramona, CA 92065

Re:   Johnny Gonzales v. Arrow Financial Services, Inc.
      **Meet and Confer re: Arrow Financial's Discovery Responses**

Dear Ms. Arleo:

This letter confirms our conversation today, in which we discussed Arrow Financial Services Inc.'s ("Arrow's") responses to discovery and your objections thereto, as described in your meet and confer letter dated February 8, 2006.

**A.   Matters to Which Arrow Will Respond by February 16, 2006:**

In our conversation today, you agreed to wait until February 16th for Arrow's response to certain issues raised in your letter, based on the fact that we are still in the process of obtaining and reviewing the case files from Buchalter Nemer. Those issues to be addressed later are:

1.   The nature of information that was redacted from documents produced by Arrow, as well as Arrow's position with respect to whether unredacted versions will be produced and, if not, whether a privilege log will be necessary;

2.   The effect, if any, of the Court's recent order granting class certification, on Arrow's discovery responses (provided Arrow does not refuse to supplement such responses on other grounds, as set forth in detail below);

3.   Whether Arrow's response to Request for Admission (RFA) No. 4 was a typographical error and, if not, whether Arrow will agree to amend the response;

4.   The identity of Holiday Spa employees referred to in Arrow's Rule 26 disclosures, and the information they are believed to possess in connection with this case;

5.   The information possessed by Brian Cutler, who is named in Arrow's Rule 26 disclosures, which Arrow believes is relevant to this case;

NEW YORK ♦ LONDON ♦ LOS ANGELES ♦ PARIS ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND

MUNICH ♦ PRINCETON ♦ FALLS CHURCH ♦ WILMINGTON ♦ NEWARK ♦ MIDLANDS, U.K. ♦ CENTURY CITY ♦ RICHMOND ♦ LEESBURG

reedsmith.com

Elizabeth J. Arleo
February 10, 2006
Page 2

**ReedSmith**

     6.     Whether Arrow will supplement or change its discovery responses related to the identity of Mike Ortega (RFA No. 25, Interrogatory Nos. 4 and 18);

     7.     Whether Arrow is withholding documents based on asserted objections.

     Based on our agreement, Arrow will not be deemed to have taken a position on any of the above described matters prior to further communication from this office, and Arrow reserves the right to fully respond on these matters next week before plaintiff can be said to have properly met and conferred.

**B.    Arrow's Response to Meet and Confer Matters Already Addressed:**

     With regard to the discovery requests that were discussed in substance today, this letter memorializes Arrow's position with respect to the following specific items:

     1.     Arrow agrees to withdraw its "General Objections" to the discovery requests propounded by Plaintiff, without waiving any specific objections raised in direct response to specific discovery requests;

     2.     Arrow agrees to withdraw its "vague and ambiguous" objection to RFA Nos. 8, 9, 10, 11, 12, 13, 14, 20 and 21. In light of the withdrawal of these objections, Plaintiff will deem his meet and confer efforts satisfied in connection with Interrogatory No. 17, and will not move to compel a further response to that request;

     3.     Arrow stands on the objections made in response to RFA Nos. 2, 3, 5, 17, 18, 19, 22, 23 & 24, and will not agree to amend its responses thereto.

     If any part of this letter does not reflect your understanding of our discussion today, please let me know as soon as possible. Otherwise, you may expect further communication from me on the outstanding discovery matters next week. I look forward to speaking to you again soon.

                        Sincerely,

                        David S. Reidy

DSR:no

cc:    Abraham J. Colman, Esq. (i/o)
       Scott H. Jacobs, Esq. (i/o)

# Arleo Law Firm, PLC

850 Main Street
Suite 201
Ramona, CA 92065
Tel: 760/ 789-8000
Fax: 760/ 789-8081
www.arleolaw.com

February 10, 2006

<u>Via Facsimile</u>
213-457-8080

Mr. David Reidy, Esq.
Reed Smith LLP
355 S. Grand Avenue, Suite 2900
Los Angeles, CA 90071

Re: *Gonzales v. Arrow Financial Services LLC*, No. 05-cv-0171 JAH (RBB)

Dear David:

This letter responds to your letter of this morning concerning our meet and confer. With the following exceptions, I agree with your statements in Section "A" of your letter. Regarding, ¶1, I add that Plaintiff anticipates information on whether Arrow will produce a work product log and redaction log, as well as a "privilege log" (as limited in your letter). In ¶3, you refer only to "[t]he identity of Holiday Spa employees" when you also agreed to provide, if applicable, the identity and other information on "Daiwa" current and former employees given that "Daiwa" was identified in Arrow's response to Interrogatory No. 5 as the entity from whom the debts were purchased. In Section A, ¶7, I understood that you would convey whether Arrow is withholding documents based on asserted privileges, as well as "objections" (as you limited in your letter).

Generally, I agree with the statements contained in Section "B" of your letter. I am clarifying now that, notwithstanding any amended response by Arrow, Plaintiff reserves his right to move to compel privilege, work product and redaction logs. Finally, your letter omits Arrow's agreement it would not oppose any motion to compel on timeliness grounds.

Unless I hear otherwise from you, I will assume the matters discussed herein comport with your understanding. I am preparing another letter concerning our tentative agreement to stipulate to additional interrogatories and requests for admissions which I anticipate sending to you by Monday. I look forward to discussing the discovery matters with you again. I suggest we have another telephonic conference on the afternoon of February 16 (on or after 3:00 p.m.) or anytime on February 17.

Sincerely,

ELIZABETH J. ARLEO

cc:     O. Randolph Bragg
        Craig M. Shapiro

# ReedSmith

Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
213.457.8000
Fax 213.457.8080

**David S. Reidy**
Direct Phone: 213.457.8329
Email: dreidy@reedsmith.com

February 13, 2006

## VIA FACSIMILE & U.S. MAIL

Elizabeth J. Arleo
Arleo Law Firm PLC
850 Main Street
Ramona, CA 92065

Re:   Johnny Gonzales v. Arrow Financial Services, Inc.

Dear Ms. Arleo:

This letter supplements my letter dated February 10, 2006, and responds to your letter of the same date. As to the identity of Daiwa employees, this information was not requested in Interrogatory No. 5, and Arrow's response to that interrogatory will not be supplemented. Arrow stands on the objections and response already provided. The identity of Holiday Spa employees was a subject of Arrow's Rule 26 disclosures and is not related to Interrogatory No. 5, contrary to your assertions. In all other respects, your letter accurately reflects our agreement, though I note that we simply decided to put off for later discussion whether additional discovery would be necessary.

Sincerely,

David S. Reidy

DSR:no

cc:   Abe Colman, Esq. (i/o)
      Scott Jacobs, Esq. (i/o)

NEW YORK ◆ LONDON ◆ LOS ANGELES ◆ PARIS ◆ SAN FRANCISCO ◆ WASHINGTON, D.C. ◆ PHILADELPHIA ◆ PITTSBURGH ◆ OAKLAND

MUNICH ◆ PRINCETON ◆ FALLS CHURCH ◆ WILMINGTON ◆ NEWARK ◆ MIDLANDS, U.K. ◆ CENTURY CITY ◆ RICHMOND ◆ LEESBURG

r e e d s m i t h . c o m

DOCSLA-15521445.1-DSREIDY

# ReedSmith

**David S. Reidy**
Direct Phone: 213.457.8329
Email: dreidy@reedsmith.com

Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
213.457.8000
Fax 213.457.8080

February 22, 2006

**VIA FACSIMILE & U.S. MAIL**

Elizabeth J. Arleo
Arleo Law Firm PLC
850 Main Street
Ramona, CA 92065

    Re:    <u>Johnny Gonzales v. Arrow Financial Services, Inc.</u>
              **Meet and Confer re: Arrow Financial's Discovery Responses**

Dear Ms. Arleo:

    As we discussed, this letter continues our meet and confer discussion regarding Arrow's discovery responses. Specifically, we address herein some of those issues left outstanding from my letter dated February 10, 2006.

    1.    We are currently reviewing Mr. Gonzales' redacted account notes and are working with our client to determine the meaning and import of the redacted line items at issue. We will provide you with an update on this matter as soon as possible;

    2.    The Court's recent order granting class certification does not affect Arrow's prior discovery responses because Arrow has elected to stand on the objections stated in those responses discussed in my February 10 letter;

    3.    Arrow's response to <u>Request for Admission (RFA) No. 4</u> was a typographical error – Arrow's response to RFA No. 4 should be and is an unqualified admission;

    4.    Arrow is not aware of the identity of any Holiday Spa employee who may possess information relevant to this case;

    5.    Brian Cutler is an Executive Vice President and the Chief Technology Officer of Arrow Financial Services LLC. As such, Mr. Cutler has personal knowledge of Arrow's collection methodology and training, as well as Arrow's technological infrastructure and record keeping regarding consumer collection accounts;

    6.    Arrow admits RFA No. 25 and will amend its responses to Interrogatory Nos. 4 and 18 within ten days;

DOCSLA-15522933.1-DSREIDY

Elizabeth J. Arleo
February 22, 2006
Page 2

**ReedSmith**

    7.     Arrow is not withholding any documents based on its asserted objections.

    Based on our prior discussions, no other outstanding discovery issues remain.  Please call me if you have any questions.  I look forward to speaking to you again soon.

          Sincerely,

          David S. Reidy

DSR:no

cc:    Abraham J. Colman, Esq. (i/o)
       Scott H. Jacobs, Esq. (i/o)

# Arleo Law Firm, PLC

850 Main Street
Suite 201
Ramona, CA 92065
Tel: 760/ 789-8000
Fax: 760/ 789-8081
elizabeth@arleolaw.com

February 27, 2006

<u>Via Facsimile</u>
213/ 457-8080

Abraham Colman, Esq.
David Reidy, Esq.
Reed Smith LLP
355 S. Grand Avenue, Suite 2900
Los Angeles, CA 90071

Re: *Gonzales v. Arrow Financial Services LLC*, No. 05-cv-0171 JAH (RBB)

Dear Counsel:

On February 21, 2006 I received via facsimile Arrow's Request for Documents and Deposition Notice directed to Plaintiff Johnny Gonzales. I subsequently received the request in the mail. Pursuant to Rule 5(b)(2)(D), I object to the facsimile service. Rather, I will compute the time for response pursuant to Rule 6(e).

Regarding Arrow's deposition notice, Plaintiff objects to facsimile service and the date and location for the deposition. Certainly, Plaintiff is not required to travel to defense counsel's office in Los Angeles when the matter is pending here in the Southern District and Plaintiff resides here. If you disagree, please provide supporting authority. Otherwise, I request that Arrow withdraws the deposition notice and that Arrow re-serve a proper notice. I am happy to discuss convenient dates and locations with you beforehand. If you do not withdraw the notice by *March 1, 2006*, I will move for a protective order.

After our extensive meet and confers, I am disappointed in Arrow's failure to supplement its written discovery and produce documents. Accordingly, I am in the process of drafting a motion to compel which I hope to file this week. Plaintiff's counsel will also file a motion for leave to serve additional discovery if the items raised in my February 15, 2006 letter are not informally resolved by March 1, 2006.

Finally, I have not received a response from you or Mr. Colman regarding my request for a settlement conference prior to the April 10, 2006 conference with Magistrate Judge Brooks. Unless I hear otherwise from you, I will assume Arrow is not interest in discussing settlement at this time. I would appreciate your efforts in letting me know whether my assumption is premature or inaccurate.

Sincerely,

ELIZABETH J. ARLEO

cc:   O. Randolph Bragg
      Craig M. Shapiro

# ReedSmith

Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
213.457.8000
Fax 213.457.8080

**David S. Reidy**
Direct Phone: 213.457.8329
Email: dreidy@reedsmith.com

February 27, 2006

**VIA FACSIMILE & U.S. MAIL**

Elizabeth J. Arleo
Arleo Law Firm PLC
850 Main Street
Ramona, CA 92065

Re:   Johnny Gonzales v. Arrow Financial Services, Inc.
**Meet and Confer re: Arrow Financial's Discovery Responses**

Dear Ms. Arleo:

This letter will confirm that you will provide us by tomorrow proposed dates prior to April 10, 2006, for your client's deposition, which will be conducted at your offices in Ramona.

In response to the other matters raised in your letter today, we are unaware of the basis of the motion to compel referenced by you, given our extensive efforts to meet and confer over the past few weeks. Based on our recent correspondence, the only outstanding discovery issue known to us is whether Arrow will produce unredacted documents. As I stated in my letter of February 22nd, we are still in the process of making a determination on the meaning of codes contained in the redacted line items from the documents produced and will provide you with a response on this issue shortly. My February 22nd letter also addressed those matters yet outstanding from the issues raised by you in your original February 8th meet and confer letter.

On the issue of settlement, Arrow is always willing to entertain and discuss a reasonable settlement demand in this case, but none has been made. If a settlement demand is made, we will of course respond.

Sincerely,

David S. Reidy

DSR:no

cc:   Abraham J. Colman, Esq. (i/o)
Scott H. Jacobs, Esq. (i/o)

## Elizabeth - Arleo Law

| | |
|---|---|
| **From:** | Elizabeth - Arleo Law [elizabeth@arleolaw.com] |
| **Sent:** | Thursday, March 02, 2006 11:31 AM |
| **To:** | 'Reidy, David S.' |
| **Subject:** | RE: Gonzales v. Arrow - Amended Responses |

okay David... I just spoke to chambers. Due to the 3-day filing rule, the court cannot "reserve" the 4/10 hearing date until Wednesday next week. BUT I understand the 4/10 date should still be open. The time for the 4/10 hearing would be at 10:00 a.m. while the status conference doesn't start until 1:30.

Agreeing on the 4/10 hearing date will give the parties up to Thursday 3/9 to resolve the issues. In the meantime, I will continue drafting the motion to compel and motion for leave to serve additional discovery.

Elizabeth

**From:** Reidy, David S. [mailto:DReidy@ReedSmith.com]
**Sent:** Thursday, March 02, 2006 11:24 AM
**To:** elizabeth@arleolaw.com
**Subject:** RE: Gonzales v. Arrow - Amended Responses

Thanks Elizabeth, I will get back to you on the document requests later today,


David S. Reidy | Reed Smith LLP | T: 213.457.8329 | F: 213.457.8080 | *dreidy@reedsmith.com*

---

**From:** Elizabeth - Arleo Law [mailto:elizabeth@arleolaw.com]
**Sent:** Thursday, March 02, 2006 10:32 AM
**To:** Reidy, David S.
**Subject:** RE: Gonzales v. Arrow - Amended Responses

David,

Here is the current list for Plaintiff's motion to compel which we just discussed. As I stated, the list may change.

1.    Request for Admissions Nos. 17, 18, 18, 22, 23 and 24 concerning the reporting of debts to credit bureaus and the affects thereof;

2.    Interrogatory No. 13 concerning the maintenance of procedures by Arrow to avoid violations of the Fair Debt Collection Practices Act;

3.    Interrogatory Nos. 4 and 18 concerning the identity of the person who signed Exhibit B attached to the First Amended Complaint;

4.    Document Request Nos. 2 and 3 concerning the identity of class members;

5.    Document Request Nos. 7 and 17 concerning the maintenance of procedures by Arrow in its efforts to avoid violations of the Fair Debt Collection Practices Act;

6.    Document Request No. 8 concerning the creation and signing of Exhibits A and B attached to the First Amended Complaint;

7.    Document Request Nos. 20 and 21 concerning Arrow's decision to report debts to credit bureaus; and

3/2/2006

8.    Document Request Nos. 4, 6, 10, 11 and 12 relating to Plaintiff's account.

---

**From:** Reidy, David S. [mailto:DReidy@ReedSmith.com]
**Sent:** Thursday, March 02, 2006 9:19 AM
**To:** elizabeth@arleolaw.com
**Cc:** Jacobs, Scott H.
**Subject:** RE: Gonzales v. Arrow - Amended Responses

Supplemented responses and partially redacted documents will be served on Monday.
Please call me today if you get a chance,

David S. Reidy | Reed Smith LLP | T: 213.457.8329 | F: 213.457.8080 | *dreidy@reedsmith.com*

---

**From:** Elizabeth - Arleo Law [mailto:elizabeth@arleolaw.com]
**Sent:** Wednesday, March 01, 2006 12:38 PM
**To:** Reidy, David S.
**Subject:** Gonzales v. Arrow - Amended Responses

Hello David,

Per your 2/22 letter, I anticipate receiving Arrow's amended written responses on Friday, March 3.  Please confirm **today** that the amendments will be made to **all** the items we discussed during the meet and confers, not just rogs 4 and 18 as stated in your 2/22 letter.

Thanks in advance for your timely response.

Regards,
Elizabeth

Elizabeth J. Arleo, Esq.
Arleo Law Firm, PLC
850 Main Street, Suite 201
Ramona, CA 92065
elizabeth@arleolaw.com
(760) 789-8000 Main
(760) 789-8081 Fax

CONFIDENTIALITY NOTE: This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under the applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U. S. Postal Service. Thank you.

3/2/2006

# ReedSmith

David S. Reidy
Direct Phone: 213.457.8329
Email: dreidy@reedsmith.com

Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
213.457.8000
Fax 213.457.8080

March 2, 2006

**VIA FACSIMILE**

Elizabeth J. Arleo
Arleo Law Firm PLC
850 Main Street
Ramona, CA 92065

Re:  Johnny Gonzales v. Arrow Financial Services, Inc.
**Meet and Confer re: Arrow's Responses to Document Requests**

Dear Ms. Arleo:

Following our conversation today and your subsequent emails, this letter will confirm that Arrow will produce by Monday, March 6, 2006, copies of the previously redacted documents with the following changes: the line item entries up to the date on which this lawsuit was filed will all be unredacted; any line items following that date that contain notes by, or relate to advice of Arrow's in-house attorneys, will be redacted. We will also provide a privilege log describing these redactions.

I have been unable to reach the client today to discuss the remaining document requests, but as I understand it, the only discovery issue outstanding is Arrow's response to Document Requests 2, 3, 7, 8, 17, 20 and 21. In my letter to you dated February 22, 2006, I stated in paragraph 7 that Arrow was not withholding documents based on its asserted objections. This letter withdraws that statement pending further discussion with the client.

Sincerely,

David S. Reidy

DSR:no

cc:  Scott H. Jacobs, Esq. (i/o)

NEW YORK ♦ LONDON ♦ LOS ANGELES ♦ PARIS ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND

MUNICH ♦ PRINCETON ♦ FALLS CHURCH ♦ WILMINGTON ♦ NEWARK ♦ MIDLANDS, U.K. ♦ CENTURY CITY ♦ RICHMOND ♦ LEESBURG

reedsmith.com

DOCSLA-15524351.1-DSREIDY

# ReedSmith

# FAX TRANSMITTAL

Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
213.457.8000
Fax 213.457.8080

**From: David S. Reidy**
Direct Phone: 213.457.8329
Email: dreidy@reedsmith.com
Date:      March 2, 2006

## Total Number Of Pages Including Cover Page <u>4</u>

## FAX TO

| Name | Company | Fax Number | Phone Number |
|---|---|---|---|
| Elizabeth J. Arleo | Arleo Law Firm PLC | (760) 789-8081 | (760) 789-8000 |

Original will follow via: ☒ ~~Regular Mail~~ ☐ Overnight Delivery ☐ Messenger ☐ None

NOTES: *Fax only*

**If you do not receive all of the pages, please call Nana S. Ofori-Atta at 213.457.6470.**

Please Transmit Before ☐9 ☐10 ☐11 a.m. ☐12 ☐1 ☐2 ☐3 ☐4 ☐5 ☐6 ☐7 ☐8 p.m.

Client Number:  360433 ┄ Matter Number: 60001 ┄ Attorney Number: 6883
Transmission Time: ┄┄┄┄ : ┄┄┄ a.m./p.m. ┄┄ Finish Time: ┄┄┄ : ┄┄ a.m./p.m.
Operator: ┄┄┄┄┄┄┄┄┄┄┄

**PLEASE NOTE:** The information contained in this facsimile message may be privileged and confidential, and is intended only for the use of the individual(s) or entity named above who has been specifically authorized to receive it. If the reader is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return all pages to the address shown above. Thank you.

NEW YORK ♦ LONDON ♦ LOS ANGELES ♦ PARIS ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND

MUNICH ♦ PRINCETON ♦ FALLS CHURCH ♦ WILMINGTON ♦ NEWARK ♦ MIDLANDS, U.K. ♦ CENTURY CITY ♦ RICHMOND ♦ LEESBURG

r e e d s m i t h . c o m

DOCSLA-15520961.1-DSREIDY

# ReedSmith

**David S. Reidy**
Direct Phone: 213.457.8329
Email: dreidy@reedsmith.com

Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
213.457.8000
Fax 213.457.8080

March 6, 2006

## VIA FACSIMILE & U.S. MAIL

Elizabeth J. Arleo
Arleo Law Firm PLC
850 Main Street
Ramona, CA 92065

Re:   Johnny Gonzales v. Arrow Financial Services, Inc.
      **Meet and Confer re: Arrow's Responses to Document Requests**

Dear Ms. Arleo:

Following up on our past agreements and in response to your letter of today, Arrow encloses herewith its Supplemental Responses to Discovery Requests, as well as the Plaintiff's account notes which are partially redacted to protect attorney work product and attorney client privilege. Arrow also encloses herewith its privilege log, as promised. With the exception of those discovery requests discussed below, the Supplemental Responses cover all requests to which additional requests were sought, based on your recent correspondence. We also address herein the remaining issues in your letter of today.

### Plaintiff's Deposition

Arrow is agreeable to move Plaintiff's deposition date from April 6th to April 7th, at the same time and location. Please inform me if you will require an amended deposition notice reflecting this change.

### Document Requests

In your email of march 2nd, you indicated your intent to file motions to compel with respect to Plaintiff's Request Nos. 2, 3, 7, 8, 17, 20 and 21. Based on this communication, we will assume you have withdrawn your meet and confer efforts with respect to Request Nos. 9, 15 and 16. Arrow has supplemented its responses to Request Nos. 7, 8, 20 and 21; Arrow has not supplemented its responses to the following Requests:

Request Nos. 2 and 3 seek "all documents showing names and addresses of persons in California" who were sent a letter from Arrow in either of the forms attached to the complaint. Arrow properly objected to these Requests on the grounds that they were "overbroad, vague, ambiguous and [failed] to specify the documents sought with reasonable particularity." Arrow further objected on the

Elizabeth J. Arleo
March 6, 2006
Page 2

# ReedSmith

grounds that the Requests implicated third party privacy rights. These objections are proper: the Requests as drafted do not specify what documents are sought, but rather could apply to just about any list or file that contains the name or address of any consumer who received any one of the letters at issue.

In your letter of February 8, 2006, you did not specify what documents were sought under these Requests and, more importantly, you failed to articulate any need for documents containing the names and addresses of class members. As the class has since been certified, we are at a loss as to the relevance of such documents. Your letters since February 8th have likewise not articulated the documents sought or the reason that Plaintiff needs this information and, as such, do not amount to a good faith effort to resolve any discovery dispute. FRCP 37(a)(2)(A), (B); *Soto v. City of Concord*, 162 FRD 603, 623 (N.D. Cal. 1995) (party compelling responses to discovery must attempt to have a live exchange of ideas and opinions).

Request No. 17 seeks "All documents relating to the maintenance of procedures by Arrow to ensure compliance with and avoid violation of the Fair Debt Collection Practices Act and/or to create a bona fide error defense."

In response, Arrow objected on the grounds that the Request was overbroad, vague and ambiguous, and failed to specify the documents sought with reasonable particularity. In your correspondence of the past weeks, you have failed to narrow the scope of this Request or show any need for documents related to Arrow's efforts to comply with the Fair Debt Collection Practices Act – regardless of provision, location or time period. As such, the Request as drafted is hopelessly overbroad and vague and does not warrant a supplemented response. As such, the discovery "dispute" has not been explained to Arrow and, without more, Arrow cannot be expected to know what documents are sought and whether such documents exist.

## Plaintiff's Request for Additional Discovery

In your letter today you seek a "substantive response" to your February 15th letter concerning additional discovery. Your request totally ignores Arrow's substantive response, which has already been provided and is contained in my February 16th letter, as follows:

> *I am in receipt of your letter dated February 15, 2006, in which you propose to "exchange" existing requests for admission and interrogatories, which have already been answered, for no less than 32 new requests and interrogatories to Arrow Financial Services. Your letter suggests that this new discovery would be propounded "in lieu of" motions to compel further responses to the previous discovery. This suggestion attempts to impose discovery obligations on Arrow beyond those required by the federal rules, however, and ignores my letter to you dated February 10, 2006, in which I stated that Arrow would stand on those proper objections to your previous discovery requests.*

> *During our last conversation, and as confirmed in my last letter, we agreed to put off for later discussion the possibility of additional written discovery in this case. My clear understanding was that any such additional written discovery would supplement deposition testimony, to the extent necessary once the key depositions in this case have been taken. Your letter belies a misunderstanding in this regard; thus, let me clarify that*

Elizabeth J. Arleo
March 6, 2006
Page 3

**ReedSmith**

> *Arrow has not agreed and does not agree to allow you a second chance to redraft discovery requests that were objectionable the first time around.*

Please contact me at your earliest convenience if you wish to discuss these matters.

Sincerely,

David S. Reidy

DSR:no

cc:   Abraham J. Colman, Esq. (i/o)
      Scott H. Jacobs, Esq. (i/o)

# ReedSmith

# FAX TRANSMITTAL

Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
213.457.8000
Fax 213.457.8080

**From: David S. Reidy**
Direct Phone: 213.457.8329
Email: dreidy@reedsmith.com
Date:      March 6, 2006

### Total Number Of Pages Including Cover Page ___

## FAX TO

| Name | Company | Fax Number | Phone Number |
|------|---------|------------|--------------|
| Elizabeth J. Arleo | Arleo Law Firm PLC | (760) 789-8081 | (760) 789-8000 |
| O. Randolph Bragg/Craig Shapiro | | (312) 372-1673 | |

**Original will follow via:**   ☒ **Regular Mail**   ☐ **Overnight Delivery**   ☐ **Messenger**   ☐ **None**

**NOTES:**

**If you do not receive all of the pages, please call Nana S. Ofori-Atta at 213.457.6470.**

Please Transmit Before   ☐9  ☐10  ☐11 a.m.  ☐12  ☐1  ☐2  ☐3  ☐4  ☐5  ☐6  ☐7  ☐8 p.m.

Client Number:                360433                  Matter Number:          60001                Attorney Number:          6883
Transmission Time:                                    a.m./p.m.          Finish Time:                              a.m./p.m.
Operator:

**PLEASE NOTE:** The information contained in this facsimile message may be privileged and confidential, and is intended only for the use of the individual(s) or entity named above who has been specifically authorized to receive it. If the reader is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return all pages to the address shown above. Thank you.

NEW YORK ♦ LONDON ♦ LOS ANGELES ♦ PARIS ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND

MUNICH ♦ PRINCETON ♦ FALLS CHURCH ♦ WILMINGTON ♦ NEWARK ♦ MIDLANDS, U.K. ♦ CENTURY CITY ♦ RICHMOND ♦ LEESBURG

r e e d s m i t h . c o m

Scott H. Jacobs (SBN 81980)
David S. Reidy (SBN 225904)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone:    213.457.8000
Facsimile:    213.457.8080

Attorneys for Defendant
Arrow Financial Services LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GONZALES, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ARROW FINANCIAL SERVICES LLC, <br><br> Defendant. | No.: 05-CV-0171 JAH (RBB) <br><br> **PRIVILEGE LOG OF ARROW FINANCIAL SERVICES LLC** <br><br> *Honorable John A. Houston* |

## PRIVILEGE LOG

**Document No. 1:**

Description: Arrow Financial Services LLC's Account Notes for Jonny Gonzales, dated November 14, 2005.

Author: Arrow Financial Services LLC.

Recipients: Business records maintained in connection with Plaintiff's account, received by Jonathan S. Joshua, Esq., corporate counsel.

Privilege Claimed: Attorney-client privilege; attorney work product.

Redacted Line Items: Redacted line items dated February 1, 2005, through November 14, 2005, contain notes directly related to this action made on Plaintiff's account by in-house counsel, or at in-house counsel's direction, following the filing of this lawsuit by Plaintiff.

DOCSLA-15524773.1-DSREIDY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1       Present Location: Reed Smith LLC, Los Angeles.  Redacted copy produced and served

2   herewith.

3   **Document No. 2:**

4       Description: Memo "General Matters," dated January 26, 1999.

5       Author: Lance S. Martin, former general counsel to Arrow.

6       Recipients: Jack Lavin, Ron Lavin and Brian Cutler.

7       Privilege Claimed: Attorney-client privilege; attorney work product.

8       Present Location: Reed Smith LLC, Los Angeles.  Redacted copy produced and served

9   herewith.

10

11       DATED:  March 6, 2006.

12                                       REED SMITH LLP

13

14                               By

15                                       David S. Reidy
                                         Attorneys for Defendant
16                                       Arrow Financial Services LLC

17

18

19

20

21

22

23

24

25

26

27

28

DOC.SLA·15524773.1·DSREIDY

PRIVILEGE LOG

1

### PROOF OF SERVICE

2  I am a resident of the United States of America, State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand
3  Avenue, Suite 2900, Los Angeles, California 90071. On March 6, 2006, I served the following document(s) by the method indicated below:

4

### PRIVILEGE LOG

5

6  ☒  by transmitting via facsimile on this date from fax number (213) 457-8080 the document(s) listed above to the fax number(s) set forth below. The transmission was
   completed before 5:00 p.m. and was reported complete and without error. The
7  transmission report was properly issued by the transmitting fax machine. The
   transmitting fax machine complies with Cal.R.Ct 2003(3).

8  ☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully
   prepaid, in the United States mail at Los Angeles, California addressed as set forth below.
9  I am readily familiar with the firm's practice of collection and processing of
   correspondence for mailing. Under that practice, it would be deposited with the U.S.
10  Postal Service on that same day with postage thereon fully prepaid in the ordinary course
   of business. I am aware that on motion of the party served, service is presumed invalid if
11  the postal cancellation date or postage meter date is more than one day after the date of
   deposit for mailing in this Declaration.

12

13

14  Elizabeth J. Arleo                    O. Randolph Bragg
    Arleo Law Firm PLC                   Craig Shapiro
15  850 Main Street                      25 E Washington Street, Suite 900
    Ramona, CA 92065                     Chicago, IL 60602
16  (760) 789-8081 – fax                 (312) 372-8822 - phone
    (760) 789-8000 – phone               (312) 372-1673 - fax

17
    *Attorney for Plaintiff*
18  *Johnny Gonzales*

19  I declare under penalty of perjury under the laws of the United States of America that the above is
20  true and correct. Executed on March 6, 2006, at Los Angeles, California.

21

22

23                                                    Nana Ofon-Atta

24

25

26

27

28

DOCSLA-15522765.1-DBREIDY

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 | Scott H. Jacobs (SBN 81980)
David S. Reidy (SBN 225904)
2 | REED SMITH LLP
355 South Grand Avenue, Suite 2900
3 | Los Angeles, CA 90071-1514

4 | Telephone:    213.457.8000
Facsimile:    213.457.8080
5
Attorneys for Defendant
6 | ARROW FINANCIAL SERVICES LLC

7

8 | **UNITED STATES DISTRICT COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  JOHNNY GONZALES, on Behalf of Himself and All Others Similarly Situated, | Case No. 05-CV-0171 JAH (RBB) |
| 12 | **ARROW FINANCIAL SERVICES LLC'S SUPPLEMENTAL RESPONSES TO** |
| 13  Plaintiff, | **PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS** |
| 14  v. | |
| 15  ARROW FINANCIAL SERVICES LLC, | The Honorable John A. Houston |
| 16  Defendant. | |

17

18     Defendant Arrow Financial Services LLC ("Arrow") supplements its responses to the

19 discovery propounded by Plaintiff Johnny Gonzales ("Plaintiff") as follows:

20

21     **SUPPLEMENTAL RESPONSES TO REQUESTS FOR ADMISSIONS**

22 **REQUEST FOR ADMISSION NO. 4:**

23     Arrow is or was engaged in the collection of debts from consumers using the mail and/or

24 telephone.

25 **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

26     Admit.

27

28

1   **REQUEST FOR ADMISSION NO. 17:**

2        Arrow does not notify credit bureaus of paid debts if the debt was charged off more than

3   seven years prior to consumer paying the debt.

4   **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

5        Admit that Arrow does not follow a practice of reporting the payment of debt that is more

6   than seven years old to credit bureaus.

7   **REQUEST FOR ADMISSION NO. 18:**

8        Arrow does not report to credit bureaus debts that were charged off more than seven years

9   prior to when Arrow has the opportunity to report them to credit bureaus.

10  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

11       Admit that Arrow does not follow a practice of reporting debt that is more than seven years

12  old to credit bureaus.

13  **REQUEST FOR ADMISSION NO. 25:**

14       "Mike Ortega" is a fictitious name.

15  **SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

16       Admit.

17                **SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

18  **INTERROGATORY NO. 4:**

19       Identify by name, position, and location of the person who signed Exhibits A and B.

20  **RESPONSE TO INTERROGATORY NO. 4:**

21       Object that the Interrogatory assumes facts not in evidence, namely that "Mike Ortega"

22  actually signed the letters. Without waiving the objection, "Mike Ortega" was an assumed name

23  used by Ismael Robles: employed by Arrow in San Diego from July 27, 1998 to May 13, 2005. Last

24  held position: Group Manager of Operations.

25  **INTERROGATORY NO. 18:**

26       State the real name and location of "Mike Ortega."

27  **RESPONSE TO INTERROGATORY NO. 18:**

28       Ismael Robles. See Supplemental Response to Interrogatory No. 4.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

# SUPPLEMENTAL RESPONSES TO DOCUMENT REQUESTS

**REQUEST NO. 4:**

All records relating to Plaintiff with plain-English statement of all notes and entries.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 4:**

Arrow will produce a partially redacted copy of Plaintiff's account notes. Those line items that are redacted contain matters protected by attorney-client privilege and are also protected attorney work product. The privileged information is set forth in Arrow's Privilege Log, , which is served concurrently.

**REQUEST NO. 6:**

All communications to or from Plaintiff.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 6:**

Arrow will produce a partially redacted copy of Plaintiff's account notes. Those line items that are redacted contain matters protected by attorney-client privilege and are also protected attorney work product. The privileged information is set forth in Arrow's Privilege Log, , which is served concurrently. Besides the account notes, Arrow is not in possession, custody or control of any other documents responsive to this Request.

**REQUEST NO. 7:**

All manuals, instructions, guidelines, and other documents setting forth policies and procedures to be used by employees of Arrow with respect to collect debts.

**SUPPLEMENTAL RESPONSE TO REQUEST NO. 7:**

Arrow objects to this Request on the grounds that the request is not limited to the class period or collection letters at issue here. As such, the Request is overbroad and not calculated to lead to the discovery of admissible evidence. *See Mack v. The Great Atlantic and Pacific Tea Co., Inc.*, 871 F. 2d 179, 187 (1st Cir. 1989) ( "a party ought not to be permitted to use broadswords where scalpels will suffice").

Limiting the Request to Arrow's policies and procedures related to the collection of debt from class members in this action, Arrow is not in possession, custody or control of any documents responsive to this Request.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   **REQUEST NO. 8:**

2          All documents relating to the creation, approval, and the use of the documents in the form of

3   Exhibits A and B.

4   **SUPPLEMENTAL RESPONSE TO REQUEST NO. 8:**

5          Arrow is in possession of one responsive document prepared by its general counsel, that

6   contains information related to the creation and approval of mass mailings. Arrow is not in

7   possession of any other responsive documents. As such, the only responsive document is protected

8   attorney work product and is subject to the attorney-client privilege. This responsive document is

9   described in Arrow's Privilege Log, , which is served concurrently.

10  **REQUEST NO. 10:**

11         All documents, including without limitation computer records, which refer or relate to

12  Plaintiff, or are retrievable under any number assigned to Plaintiff by Arrow.

13  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 10:**

14         Arrow will produce a partially redacted copy of Plaintiff's account notes. Those line items

15  that are redacted contain matters protected by attorney-client privilege and are also protected

16  attorney work product. The privileged information is set forth in Arrow's Privilege Log, , which is

17  served concurrently. Besides the account notes, Arrow is not in possession, custody or control of any

18  other documents responsive to this Request.

19  **REQUEST NO. 11:**

20         All documents regarding review of Plaintiff's file on or before April 30, 2004.

21  **SUPPLEMENTAL RESPONSE TO REQUEST NO. 11:**

22         Arrow will produce a partially redacted copy of Plaintiff's account notes. Those line items

23  that are redacted contain matters protected by attorney-client privilege and are also protected

24  attorney work product. The privileged information is set forth in Arrow's Privilege Log, , which is

25  served concurrently. Besides the account notes, Arrow is not in possession, custody or control of any

26  other documents responsive to this Request.

27  ///

28  ///

SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUEST...

1  **REQUEST NO. 12:**

2      All documents regarding review of Plaintiff's file between April 30, 2004, and July 8, 2004.

3  **RESPONSE TO REQUEST NO. 12:**

4      Arrow will produce a partially redacted copy of Plaintiff's account notes. Those line items

5  that are redacted contain matters protected by attorney-client privilege and are also protected

6  attorney work product. The privileged information is set forth in Arrow's Privilege Log, , which is

7  served concurrently. Besides the account notes, Arrow is not in possession, custody or control of any

8  other documents responsive to this Request.

9  **REQUEST NO. 20:**

10     All documents relating to the decision to report or not report Plaintiff's alleged debt to credit

11 bureaus.

12 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 20:**

13     Arrow will produce a partially redacted copy of Plaintiff's account notes. Those line items

14 that are redacted contain matters protected by attorney-client privilege and are also protected

15 attorney work product. The privileged information is set forth in Arrow's Privilege Log, , which is

16 served concurrently. Besides the account notes, Arrow is not in possession, custody or control of any

17 other documents responsive to this Request.

18 **REQUEST NO. 21:**

19     All documents containing procedures and/or guidelines regarding reporting to credit bureaus

20 of debts charged off at least seven years prior.

21 **SUPPLEMENTAL RESPONSE TO REQUEST NO. 21:**

22     Arrow objects to this Request on the grounds that the request is not limited to the class period

23 or collection letters at issue here. As such, the Request is overbroad and not calculated to lead to the

24 discovery of admissible evidence. *See Mack v. The Great Atlantic and Pacific Tea Co., Inc.*, 871 F.

25 2d 179, 187 (1st Cir. 1989) ("a party ought not to be permitted to use broadswords where scalpels

26 will suffice").

27 ///

28 ///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 5 -

1       Limiting the Request to Arrow's policies and procedures related to the collection of debt

2   from class members in this action, Arrow is not in possession, custody or control of any documents

3   responsive to this Request.

4

5       DATED: March 6, 2006

6

7                              REED SMITH LLP

8

9                              By_____

10                               David S. Reidy

                               Attorneys for Defendant

11                               ARROW FINANCIAL SERVICES LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## VERIFICATION

I, Brian Cutler, am employed as Executive Vice President of ARROW FINANCIAL SERVICES LLC ("Arrow"). I am authorized to make this Verification on behalf of Arrow, and I have obtained and reviewed all documents, records and information possessed by or known to Arrow in connection with the matters stated herein. Based on such review, I am informed and believe that the responses set forth above in **ARROW FINANCIAL SERVICES LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS,** are true and correct.

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct. Executed on March 6, 2006, at Niles, Illinois.

Brian Cutler

SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS



ARROW FINANCIAL SERVICES LLC

SELECTED

PAGE 1
Date: 121304
STATUS 1:16 PM LCA
11/14/05

Acct:        Disposition:9999 INACTIVE       Wait: 02/08/06   Due

DEBTOR
Name: GONZALEZ JONNY
Adr1:               POB:           Ssn:         Lgl:1 POB Ph:
Adr2:               Adr:                  Cbr:   Ph:      Freq:       Pay:
City: POWAY          Cty:                          Canc:Lgt Born:       0.00
St: CA Zip:92064   St:       Zip:             COF:          Sal:

Clnt:5362S A.F.S. ASSIGNEE OF DAIWA, NILES II,                 Bal:         Org:

166.25                                           0.00

List:06/11/02 Srv:11/04/90 Ltrs:6     Time:100 Calls:7    Con:2

NOTES
KJB 06/12/02 11:35 2NEW NEW PURCHASE ACCT et 2NEW index 170403824
KJB 06/13/02 5:41P Interest assessed thru 06/13/2002 - $332.78 added.
KJB 06/14/02 7:21P lr #2175 et LTR2175 index 174174489 1
KJB 06/14/02 7:21P 2000 DLC LETTER SERIES et LTR2175 index 174174490
KJB 06/14/02 7:21P Transfered to collector 0 et LTR2175 index 174174491
KJB 06/14/02 7:21P (R-14414302)
KJB 06/14/02 7:21P Updated udw 904,4 with 061402 et LTR2175 index 174174492
KJB 06/14/02 7:21P (A-14414302)
KJB 06/19/02 3:21P Transferred from 699 to 0
KJB 06/25/02 9:19 ls #2175
KJB 06/26/02 4:25P Credit report flag changed from Y to N
KJB 06/26/02 4:25P Marked account for credit bureau removal et CREDRPT index
KJB 06/26/02 4:25P 182885951 (A-14414302)
LET 06/30/02 12:39P Interest assessed thru 07/01/2002 - $1.48 added.
MRY 07/16/02 9:17 2005 MAIL RETURN NO PHONE enDI BADDF
MRY 07/16/02 9:55 MAIL RETURN (BAR CODE)
LET 07/31/02 5:51P Interest assessed thru 08/01/2002 - $2.54 added.
LET 08/31/02 9:54 Interest assessed thru 09/01/2002 - $2.54 added.
SDO 09/08/02 9:15 JARX ALL EFFORT EXHAUSTED et 602NDBI index 227820559
KJC 09/11/02 11:38 Transferred from EW3 to KJC
KJC 09/11/02 2:45P Transferred from KJC to EK3
TIM 10/04/02 7:06P Interest assessed thru 10/01/2002 - $2.46 added.

```
SKH 10/04/02 9:12P enDI 3AEX changed DU66002 from  to KENNY JACKSON
SKH 10/04/02 9:12P enDI 3AEX changed DU66001 from  to 100402
SKH 10/04/02 9:12P enDI 3AEX changed DU66003 from  to EK3
SKH 10/04/02 9:12P enDI 3AEX changed DU66004 from  to 4560
SKH 10/04/02 9:12P enDI 3AEX changed DU66005 from  to 3AEX
SKH 10/04/02 9:12P enDI 3AEX changed DU66006 from  to 602
SKH 10/08/02 9:27P enDI 3AEX changed DU66006 from  to 602
SKH 10/08/02 9:27P Transfered to collector CA at CA660 index 251125358
SKH 10/08/02 9:27P (R-14414302)
LBT 10/31/02 7:04P Interest assessed thru 11/01/2002 - $2.54 added.
LBT 11/30/02 1:17P Interest assessed thru 12/01/2002 - $2.46 added.
LBT 12/31/02 8:54P Interest assessed thru 01/01/2003 - $2.54 added.
SKH 01/29/03 8:16P enDI 660NLR changed DU66002 from KENNY JACKSON to MIKE
SKH 01/29/03 8:16P ROBLES
SKH 01/29/03 8:16P enDI 660NLR changed DU66003 from BK3 to IR3
SKH 01/29/03 8:16P enDI 660NLR changed DU66004 from from 4560 to 4400
```

ARROW FINANCIAL SERVICES LLC

SELECTED

```
SKH 01/29/03  8:16P  enDL 660NLE changed DU66011 from _ to 012903
LET 01/31/03  1:26P  Interest assessed thru 02/01/2003 - $2.54 added.
TIM 02/27/03  8:01P  Interest assessed thru 02/28/2003 - $2.21 added.
LET 03/31/03  6:56P  Interest assessed thru 04/01/2003 - $2.62 added.
LET 04/30/03 11:36   Interest assessed thru 05/01/2003 - $2.46 added.
TIM 05/30/03  3:32P  Interest assessed thru 05/31/2003 - $2.46 added.
KJB 06/12/03 11:55P  Updated udw 904.1 with 061203 et GLBAEX index 468223054
KJB 06/12/03 11:55P  (A-14414302)
KJB 06/12/03 11:55P  lr #2992 et GLBAEX index 468223055 1
KJB 06/16/03  9:02P  ls #2992
KJB 06/30/03  2:19P  Interest assessed thru 07/01/2003 - $2.54 added.
TIM 07/31/03  4:36   Interest assessed thru 07/30/2003 - $2.38 added.
LET 08/30/03 10:25   Interest assessed thru 08/31/2003 - $2.62 added.
TIM 09/30/03  8:20   Interest assessed thru 10/01/2003 - $2.54 added.
LET 10/30/03 10:11P  Interest assessed thru 10/31/2003 - $2.46 added.
LET 11/30/03 12:24P  Interest assessed thru 12/01/2003 - $2.54 added.
LET 12/30/03 10:11P  Interest assessed thru 12/31/2003 - $2.46 added.
LBT 01/30/04  5:47P  Interest assessed thru 01/31/2004 - $2.54 added.
TIM 02/29/04 11:35P  Interest assessed thru 03/01/2004 - $2.46 added.
BSM 03/14/04  2:02P  ENTERED NEW ADDRESS FROM ABBREVIATED BUREAU
BSM 03/14/04  2:01P  ENTERED NEW ADDRESS FROM ABBREVIATED BUREAU
BSM 03/14/04  2:0P   ENTERED NEW DATE OF BIRTH FROM ABBREVIATED BUREAU
BSM 03/14/04  2:02P  ENTERED NEW PHONE NUMBER FROM ABBREVIATED BUREAU
BSM 03/14/04  2:03P  ENTERED NEW CONAKER POE FROM ABBREVIATED BUREAU
BSM 03/14/04  2:03P  ABBREVIATED BUREAU INFO RETURNED, BUT DISPO NOT IN
BSM 03/14/04  2:03P  2CRA/3CBA, SO DISPO NOT CHANGED TO 2CRR/3CRR
TIM 03/31/04  4:54P  Interest assessed thru 04/01/2004 - $2.54 added.
BSM 04/17/04  1:50   lr #2107 et 21A index 823881010 1
BSM 04/17/04  1:50   Updated udw 310,29 with 041704 et 21A index 823881012
BSM 04/17/04  1:50   (A-14414302)
BSM 04/17/04  1:50   Updated udw 310.30 with 1b SIF50 et 21A index 823881015
BSM 04/17/04  1:50   (A-14414302)
BSM 04/17/04  1:50   Updated udw 310.31 with 1b RTEBAL et 21A index 823881017
BSM 04/17/04  1:50   (A-14414302)
BSM 04/17/04  1:50   Updated udw 790,15 with 041704 et 21A index 823881019
BSM 04/17/04  1:50   (A-14414302)
BSM 04/17/04  1:50   Updated udw 790,16 with 1b SIF50 et 21A index 823881020
```

```
BSM  04/17/04  1:50   Updated udw 790.17 with 1b RTEBAL et 21A index 823881021
BSM  04/17/04  1:50   (A-14414302)
BSM  04/17/04  1:50   Updated udw 310.28 with 1b 21AB et 21A index 823881025
BSM  04/17/04  1:50   (A-14414302)
TIM  04/30/04  5:38   Interest assessed thru 04/30/2004 - $2.38 added.
KJB  04/30/04  4:33P  le #2107
KJB  05/01/04  9:37P  Updated udw 904.1 with 050104 et GLB2992 index 848867594
KJB  05/01/04  9:37P  (A-14414302)
KJB  05/01/04  9:37P  lr #2992 et GLB2992 index 848867595 1
SZ3  05/06/04  7:34P  Udw 131-1 phone# changed from  to 858-813-0058
MU3  05/06/04  7:39P  Udw 131-12 phone# changed from  to 858-513-0058
MU3  05/06/04  7:41P  DBTR C/I RBF TO PAY WNTD TO KNOW IF THERE WAS ANYTHING
```

11/14/05
PAGE 3
1:16 PM LCA

# ARROW FINANCIAL SERVICES LLC

## SELECTED

| | | | |
|---|---|---|---|
| MU3 | 05/06/04 | 7:41P | THAT AFS CLD DO TO HIM LEGALLY....ALSO WNTD TO KNOW IF |
| MU3 | 05/06/04 | 7:42P | ACCT CLD BE PLACED ON HIS CBR. REF TO PAY....TRRM CALL |
| MU3 | 05/06/04 | 7:42P | WLDN'T ANS WETHER OR NOT HE WLD PAY. |
| MU3 | 05/06/04 | 7:43P | DEBTOR CONTACT (cont2) |
| MU3 | 05/06/04 | 7:43P | 3AEX ALL EFFORT EXHAUSTED |
| MU3 | 05/06/04 | 7:43P | Updated udw 830,1 with 1b DT6TIM et CONTACT index 855767624 |
| MU3 | 05/06/04 | | (A-14414302) |
| MU3 | 05/06/04 | 7:43P | Updated udw 840,1 with 050604 et CONTACT index 855767625 |
| MU3 | 05/06/04 | | (A-14414302) |
| GR3 | 05/06/04 | 7:51P | DID A 2ND T/O. TT DTR. HE NOT GOING TO PAY. HE WILL MAIL |
| GR3 | 05/06/04 | 7:51P | A CEASE AND DESIST LTR. TOLD HIM TO ADDRS TO CCD. HE |
| GR3 | 05/06/04 | 7:52P | KEPT ASKING WHAT HE CAN LEGALLY DO. I HAD TO REPATLY TELL |
| GR3 | 05/06/04 | 7:52P | HIM THAT I'M NOT AN ATTY AND THIS IS A CALL CENTER NOT A |
| GR3 | 05/06/04 | 7:52P | LAW FIRM. |
| GR3 | 05/06/04 | 7:52P | DEBTOR CONTACT (cont2) |
| GR3 | 05/06/04 | 7:52P | 3AEX ALL EFFORT EXHAUSTED |
| GR3 | 05/06/04 | 7:52P | Updated udw 830,2 with 1b DT6TIM et CONTACT index 855769305 |
| GR3 | 05/06/04 | | (A-14414302) |
| GR3 | 05/06/04 | 7:52P | Updated udw 840,2 with 050604 et CONTACT index 855769306 |
| GR3 | 05/06/04 | | (A-14414302) |
| JAG | 05/12/04 | 9:17 | enDI JAGFIX changed DU29501 from   to 000567278200 |
| JAG | 05/15/04 | 4:43 | enDI JAGFIX changed DU26904 from   to 051404 |
| TIM | 05/23/04 | 10:57 | 1s #2992 |
| TIM | 05/23/04 | 11:07 | 1s #2992 |
| LET | 05/23/04 | 11:07 | 1stop after #2992 |
| LET | 05/31/04 | 1:30P | Interest assessed thru 06/01/2004 - $2.62 added. |
| JAG | 06/14/04 | 3:34P | enDI JAGFIX changed DU26902 from   to 061404 |
| LET | 06/30/04 | 5:33P | Interest assessed thru 07/01/2004 - $2.46 added. |
| BSM | 07/05/04 | 7:53P | Ir #2107 et 34A index 918134260 1 |
| BSM | 07/05/04 | 7:53P | Updated udw 790.15 with 070504 et 34A index 918134262 |
| BSM | 07/05/04 | | (A-14414302) |
| BSM | 07/05/04 | 7:53P | Updated udw 790.16 with 1b STF50 et 34A index 918134264 |
| BSM | 07/05/04 | | (A-14414302) |
| BSM | 07/05/04 | 7:53P | Updated udw 790.17 with 1b RTEBAL et 34A index 918134265 |
| BSM | 07/05/04 | | (A-14414302) |
| BSM | 07/05/04 | 7:53P | Updated udw 410.1 with 1b 34AS et 34A index 918134266 |
| BSM | 07/05/04 | | (A-14414302) |
| BSM | 07/05/04 | 7:53P | Updated udw 410,2 with 070504 et 34A index 918134268 |

```
BSM   07/05/04   7:53P   (A-144143O2)
BSM   07/05/04   7:53P   Updated udw 410,3 with lb SIP50 et 34A index 918134269
BSM   07/05/04   7:53P   (A-144143O2)
BSM   07/05/04   7:53P   Updated udw 410,4 with lb RTEBAL et 34A index 918134270
BSM   07/05/04   7:53P   (A-144143O2)
BSM   07/07/04  11:10    ls #2107
LET   07/31/04   6:19P   Interest assessed thru 08/01/2004 - $2.54 added.
ROS   08/16/04   3:46P   Debtor phone flag changed from  to
ROS   08/16/04   3:46P   enDI ACCLEAN changed DBPHONE from      513-0058 to
ROS   08/16/04   3:46P   858-513-0058
ROS   08/16/04   3:46P   enDI ACCLEAN changed DBPF from  to
LET   08/31/04   2:08P   Interest assessed thru 09/01/2004 - $2.54 added.
```

11/14/05
PAGE 4
1:16 PM   LCA

**ARROW FINANCIAL SERVICES LLC**

SELECTED

```
LET  10/01/04   0:31P  Interest assessed thru 10/02/2004 - $2.54 added.
LET  10/31/04  12:07P  Interest assessed thru 11/01/2004 - $2.46 added.
LET  11/30/04   1:39P  Interest assessed thru 12/01/2004 - $2.46 added.
RY3  12/13/04   4:37P  Udw 131-12 phone# changed from 858-513-0058 to 619-338-8107
RY3  12/13/04   4:38P  3000 BEGIN REG COLLECT
RY3  12/13/04   4:43P  Stopped 0 letters et sm3100 index 123838194
RY3  12/13/04   4:43P  Updated udw 767,1 with 121304 et sm3100 index 123838332
RY3  12/13/04   4:43P  (A-14414302)
RY3  12/13/04   4:43P  3100 PAYMENT PROMISED 121304 121304 SET 206.48
RY3  12/13/04   4:47P  DBTR CLLD IN OFF LETTER WNTD TO TAKE CARE ACCT VERIFIED
RY3  12/13/04   4:48P  INFO OFFER SET 50% $286.48
TP3  12/14/04   9:37   **NEED DUE DATE IN WINDOW 8**
TP3  12/14/04   9:37   Transferred from CA to RY3
RY3  12/15/04   2:11P  Updated udw 845,1 with 121504 et GCCALL index 1243424581
RY3  12/15/04   2:11P  (A-14414302)
RY3  12/15/04   2:11P  Updated udw 845,2 with 1b DBNOTI et GCCALL index 1243424585
RY3  12/15/04   2:11P  (A-14414302)
RY3  12/15/04   2:11P  Updated udw 845,3 with 1b DBCLNT et GCCALL index 1243424790
RY3  12/15/04   2:11P  (A-14414302)
RY3  12/15/04   2:11P  Updated udw 845,4 with 1b CBGLDP et GCCALL index 1243424807
RY3  12/15/04   2:11P  (A-14414302)
RY3  12/15/04   2:11P  CLLD RES DRAD AIR
RY3  12/15/04   2:12P  3100 PAYMENT PROMISED 121604 121304 SET 206.48
RY3  12/15/04   2:12P  Telephone contact attempted today.
RY3  12/15/04   2:12P  Updated udw 831,1 with 1b DTHTIM et CALL index 1243427469
RY3  12/15/04   2:12P  (A-14414302)
RY3  12/15/04   2:12P  Updated udw 841,1 with 121504 et CALL index 1243427485
RY3  12/15/04   2:12P  (A-14414302)
RY3  12/15/04   2:12P  The ANI Agent field (DGANIAG) was changed to 'RY3'. et CALL
RY3  12/15/04   2:12P  index 1243427489 (R-14414302)
RY3  12/15/04   2:12P  Updated udw 355,2 with 121504 et CALL index 1243427598
RY3  12/15/04   2:12P  (A-14414302)
RY3  12/17/04  11:15   CLLD RES DEAD AIR
RY3  12/17/04  11:15   3100 PAYMENT PROMISED 121304 121304 SET 206.48
RY3  12/20/04   1:50P  Updated udw 845,1 with 122004 et GCCALL index 1252849367
RY3  12/20/04   1:50P  (A-14414302)
RY3  12/20/04   1:50P  Updated udw 845,2 with 1b DBNOTI et GCCALL index 1252849370
```

RY3 12/20/04 1:50P Updated udw 845,3 with 1b DBCINT et GCCALL index 1252849379
RY3 12/20/04 1:50P (A-14414302)
RY3 12/20/04 1:50P Updated udw 845,4 with 1b CBGLDP et GCCALL index 1252849393
RY3 12/20/04 1:50P (A-14414302)
RY3 12/20/04 1:51P CLLD RES NA LM
RY3 12/20/04 1:51P 1100 PAYMENT PROMISED 122104 121304 SET 206.48
RY3 12/20/04 1:51P Telephone contact attempted today.
RY3 12/20/04 1:51P Updated udw 831,2 with 1b DTBTTM et CALL index 1252852561
RY3 12/20/04 1:51P (A-14414302)
RY3 12/20/04 1:51P Updated udw 841,2 with 122004 et CALL index 1252852582
RY3 12/20/04 1:51P (A-14414302)
RY3 12/20/04 1:51P The ANI Agent field (DGANIAG) was changed to 'RY3'. et CALL

ARROW FINANCIAL SERVICES LLC

SELECTED

| | | | |
|---|---|---|---|
| RY3 | 12/20/04 | 1:51P | index 1252852587 (R-14414302) |
| RY3 | 12/20/04 | 1:51P | Updated udw 355.2 with 122004 et CALL index 1252852594 |
| RY3 | 12/20/04 | 1:51P | (A-14414302) |
| RY3 | 12/23/04 | 12:37P | Updated udw 845.1 with 122304 et GCCALL index 1261278979 |
| RY3 | 12/23/04 | 12:37P | (A-14414302) |
| RY3 | 12/23/04 | 12:37P | Updated udw 845.2 with 1b DENOTI et GCCALL index 1261278996 |
| RY3 | 12/23/04 | 12:37P | (A-14414302) |
| RY3 | 12/23/04 | 12:37P | Updated udw 845.3 with 1b DBCLNT et GCCALL index 1261278998 |
| RY3 | 12/23/04 | 12:37P | (A-14414302) |
| RY3 | 12/23/04 | 12:37P | Updated udw 845.4 with 1b CBGLDP et GCCALL index 1261279016 |
| RY3 | 12/23/04 | 12:37P | (A-14414302) |
| RY3 | 12/23/04 | 12:38P | CLLD RES NA LM |
| RY3 | 12/23/04 | 12:39P | Telephone contact attempted today. |
| RY3 | 12/23/04 | 12:39P | Updated udw 831.3 with 1b DTETIM et CALL index 1261283939 |
| RY3 | 12/23/04 | 12:39P | (A-14414302) |
| RY3 | 12/23/04 | 12:39P | Updated udw 841.3 with 122304 et CALL index 1261283943 |
| RY3 | 12/23/04 | 12:39P | (A-14414302) |
| RY3 | 12/23/04 | 12:39P | The ANI Agent field (DGANIAG) was changed to 'RY3', et CALL |
| RY3 | 12/23/04 | 12:39P | index 1261283944 (R-14414302) |
| RY3 | 12/23/04 | 12:39P | Updated udw 355.2 with 122304 et CALL index 1261283954 |
| RY3 | 12/23/04 | 12:39P | (A-14414302) |
| RY3 | 12/27/04 | 1:49P | Updated udw 845.1 with 122704 et GCCALL index 1269254645 |
| RY3 | 12/27/04 | 1:49P | (A-14414302) |
| RY3 | 12/27/04 | 1:49P | Updated udw 845.2 with 1b DENOTI et GCCALL index 1269254681 |
| RY3 | 12/27/04 | 1:49P | (A-14414302) |
| RY3 | 12/27/04 | 1:49P | Updated udw 845.3 with 1b DBCLNT et GCCALL index 1269254723 |
| RY3 | 12/27/04 | 1:49P | (A-14414302) |
| RY3 | 12/27/04 | 1:50P | Updated udw 845.4 with 1b CBGLDP et GCCALL index 1269254754 |
| RY3 | 12/27/04 | 1:50P | (A-14414302) |
| RY3 | 12/27/04 | 1:50P | CLLD RES NA LM |
| RY3 | 12/27/04 | 1:51P | 3100 PAYMENT PROMISED 122804 121304 SRT 286.48 |
| RY3 | 12/27/04 | 1:51P | Telephone contact attempted today. |
| RY3 | 12/27/04 | 1:51P | Updated udw 831.4 with 1b DTETIM et CALL index 1269257500 |
| RY3 | 12/27/04 | 1:51P | (A-14414302) |
| RY3 | 12/27/04 | 1:51P | Updated udw 841.4 with 122704 et CALL index 1269257512 |
| RY3 | 12/27/04 | 1:51P | (A-14414302) |
| RY3 | 12/27/04 | 1:51P | The ANI Agent field (DGANIAG) was changed to 'RY3', et CALL |
| RY3 | 12/27/04 | 1:51P | index 1269257513 (R-14414302) |

```
RY3 12/27/04 1:51P Updated udw 355.2 with 122704 et CALL index 1269257735
RY3 12/27/04 1:51P (A-14414302)
RY3 12/27/04 1:52P 3100 PAYMENT PROMISED 122704 121304 SET 286.48
RY3 12/28/04 1:48P Updated udw 845.1 with 122804 et GCCALL index 1271103542
RY3 12/28/04 1:48P (A-14414302)
RY3 12/28/04 1:48P Updated udw 845.2 with 1b DBNOTI et GCCALL index 1271103628
RY3 12/28/04 1:48P (A-14414302)
RY3 12/28/04 1:48P Updated udw 845.3 with 1b DECLNT et GCCALL index 1271103659
RY3 12/28/04 1:48P (A-14414302)
RY3 12/28/04 1:48P Updated udw 845.4 with 1b CBGLDP et GCCALL index 1271103701
RY3 12/28/04 1:48P (A-14414302)
RY3 12/28/04 1:49P CLLD RES NA LM
```

11/14/05
PAGE 6
1:16 PM    LCA

ARROW FINANCIAL SERVICES LLC

SELECTED

| | | | |
|---|---|---|---|
| RY3 | 12/28/04 | 1:50P | 3100 PAYMENT PROMISED 122904 121304 SET 286.48 |
| RY3 | 12/28/04 | 1:50P | Telephone contact attempted today. |
| RY3 | 12/28/04 | 1:50P | Updated udw 831,5 with lb DTBTIM et CALL index 1271107377 |
| RY3 | 12/28/04 | 1:50P | (A-14414302) |
| RY3 | 12/28/04 | 1:50P | Updated udw 841,5 with lb CBGLDP et CALL index 1271107543 |
| RY3 | 12/28/04 | 1:50P | (A-14414302) |
| RY3 | 12/28/04 | 1:50P | The ANI Agent field (DGANIAG) was changed to 'RY3', et CALL |
| RY3 | 12/28/04 | 1:50P | index 127110?544 (R-14414302) |
| RY3 | 12/28/04 | 1:50P | Updated udw 355,2 with 122804 et CALL index 1271107568 |
| RY3 | 12/28/04 | 1:50P | (A-14414302) |
| RY3 | 01/03/05 | 1:48P | Updated udw 845,1 with lb 010305 et GCCALL index 1279306571 |
| RY3 | 01/03/05 | 1:48P | (A-14414302) |
| RY3 | 01/03/05 | 1:48P | Updated udw 845,2 with lb DENOTI et GCCALL index 1279306572 |
| RY3 | 01/03/05 | 1:48P | (A-14414302) |
| RY3 | 01/03/05 | 1:48P | Updated udw 845,3 with lb DBCLNT et GCCALL index 1279306587 |
| RY3 | 01/03/05 | 1:48P | (A-14414302) |
| RY3 | 01/03/05 | 1:48P | Updated udw 845,4 with lb CBGLDP et GCCALL index 1279306589 |
| RY3 | 01/03/05 | 1:48P | (A-14414302) |
| RY3 | 01/03/05 | 1:49P | 3100 PAYMENT PROMISED 010405 121304 SET 286.48 |
| RY3 | 01/03/05 | 1:49P | Telephone contact attempted today. |
| RY3 | 01/03/05 | 1:49P | Updated udw 831,6 with lb DTBTIM et CALL index 1279309903 |
| RY3 | 01/03/05 | 1:49P | (A-14414302) |
| RY3 | 01/03/05 | 1:49P | Updated udw 841,6 with lb 010305 et CALL index 1279309962 |
| RY3 | 01/03/05 | 1:49P | (A-14414302) |
| RY3 | 01/03/05 | 1:49P | The ANI Agent field (DGANIAG) was changed to 'RY3', et CALL |
| RY3 | 01/03/05 | 1:49P | index 1279309438 (R-14414302) |
| RY3 | 01/03/05 | 1:49P | Updated udw 355,2 with lb 010305 et CALL index 1279909549 |
| RY3 | 01/03/05 | 1:49P | (A-14414302) |
| RY3 | 01/03/05 | 1:49P | CLLD RES NA LM |
| RY3 | 01/05/05 | 12:42P | CLLD RES NA LM |
| RY3 | 01/05/05 | 12:42P | Updated udw 845,1 with lb 010505 et GCCALL index 1283616180 |
| RY3 | 01/05/05 | 12:42P | (A-14414302) |
| RY3 | 01/05/05 | 12:42P | Updated udw 845,2 with lb DENOTI et GCCALL index 1283616182 |
| RY3 | 01/05/05 | 12:42P | (A-14414302) |
| RY3 | 01/05/05 | 12:42P | Updated udw 845,3 with lb DBCLNT et GCCALL index 1283616185 |
| RY3 | 01/05/05 | 12:42P | (A-14414302) |
| RY3 | 01/05/05 | 12:42P | Updated udw 845,4 with lb CBGLDP et GCCALL index 1283616186 |
| RY3 | 01/05/05 | 12:42P | (A-14414302) |
| RY3 | 01/05/05 | 12:43P | CLLD RES NA LM |



```
RY3 01/05/05 12:43P 3201 G.C. CALL BACK
RY3 01/05/05 12:43P Telephone contact attempted today.
RY3 01/05/05 12:43P Updated udw 831,7 with lb DTETIM et CALL index 1283618563
RY3 01/05/05 12:43P (A-14414302)
RY3 01/05/05 12:43P Updated udw 841,7 with 010505 et CALL index 1283618576
RY3 01/05/05 12:43P (A-14414302)
RY3 01/05/05 12:43P The ANI Agent field (DGANIAG) was changed to 'RY3', et CALL
RY3 01/05/05 12:43P index 1283618582 (R-14414302)
RY3 01/05/05 12:43P Updated udw 355,2 with 010505 et CALL index 1283618593
RY3 01/05/05 12:43P (A-14414302)
TIM 01/31/05  6:30P Interest assessed thru 01/31/2005 - $5.00 added.
```

[redacted]

SELECTED

ARROW FINANCIAL SERVICES LLC

** END OF REPORT **

1

## PROOF OF SERVICE

2   I am a resident of the United States of America, State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand

3   Avenue, Suite 2900, Los Angeles, California 90071. On March 6, 2006, I served the following document(s) by the method indicated below:

4

### ARROW FINANCIAL SERVICES LLC'S SUPPLEMENTAL RESPONSES

5   ### TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

6   [X] by transmitting via facsimile on this date from fax number (213) 457-8080 the document(s) listed above to the fax number(s) set forth below. The transmission was

7       completed before 5:00 p.m. and was reported complete and without error. The transmission report was properly issued by the transmitting fax machine. The

8       transmitting fax machine complies with Cal.R.Ct 2003(3).

9   [X] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.
        I am readily familiar with the firm's practice of collection and processing of

10      correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course

11      of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of

12      deposit for mailing in this Declaration.

13

14

15      Elizabeth J. Arleo                    O. Randolph Bragg
        Arleo Law Firm PLC                    Craig Shapiro
16      850 Main Street                       25 E Washington Street, Suite 900
        Ramona, CA 92065                      Chicago, IL 60602
17      (760) 789-8081 – fax                  (312) 372-8822 - phone
        (760) 789-8000 – phone                (312) 372-1673 - fax

18      *Attorney for Plaintiff*
        *Johnny Gonzales*

19

20   I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on March 6, 2006, at Los Angeles, California.

21

22

23                                          Nana Ofori-Atta

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## – 3 –

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HORWITZ, HORWITZ & ASSOCIATES
O. RANDOLPH BRAGG
CRAIG M. SHAPRIO
25 East Washington Street, Suite 900
Chicago, IL 60602
Telephone: 312/ 372-8822
312/ 372-1673 (fax)

Attorneys for Plaintiff

05-CV-0171 JAH (RBB)

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.  That declarant is and was, at all times herein mentioned, a citizen of the United States employed in the City of Ramona and County of San Diego, over the age of 18 years, and not a party to the within action; that declarant's business address is 850 Main Street, Suite 201, Ramona, CA 92065.

2.  That on March 10, 2006, declarant served the **DECLARATION OF ELIZABETH J. ARLEO IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL WRITTEN RESPONSES AND PRODUCTION OF DOCUMENTS** by depositing a true copy thereof in a United States mailbox at Ramona, California in a sealed envelope with postage thereon fully prepaid and addressed to all parties listed on the attached Service List.

3.  That there is a regular communication by mail between the place of mailing and the places so addressed.

4.  I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th day of March, 2006, at Ramona, California.

KELLY M. RICKARD

N:\Cases\05-1009 Gonzales v Arrow\Pleadings\05-1009 MTC Arleo Decl.doc

## SERVICE LIST
*Gonzales v. Arrow Financial Services LLC*
U. S. District Court for the Southern District of California
Case No. 05-CV-0171 JAH (RBB)

Attorneys for Plaintiff

ELIZABETH J. ARLEO
ARLEO LAW FIRM, PLC
850 Main Street, Suite 201
Ramona, CA 92065
Telephone: 760/ 789-8000
760/ 789-8081 (fax)

O. RANDOLPH BRAGG
CRAIG M. SHAPIRO
HORWITZ, HORWITZ & ASSOCIATES
24 East Washington Street, Suite 900
Chicago, IL 60602
Telephone: 312/ 372-8822
312/ 372-1673 (fax)

Attorneys for Defendant

SCOTT H. JACOBS
ABRAHAM J. COLMAN
DAVID S. REIDY
REED SMITH, LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213/ 457-8000
213/ 457-8080 (fax)