USDC SCAN INDEX SHEET










JPP    3/27/06    9:30

3:05-CV-00171    GONZALES V. ARROW FINANCIAL

*56*

*OPPM.*

Scott H. Jacobs (SBN 81980)
David S. Reidy (SBN 225904)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213.457.8000
Facsimile: 213.457.8080

Attorneys for Defendant
ARROW FINANCIAL SERVICES LLC

FILED
06 MAR 24 PM 3:23
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BY FAX

| | |
|---|---|
| JOHNNY GONZALES, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ARROW FINANCIAL SERVICES LLC,<br><br>Defendant. | No.: 05-CV-0171 JAH (RBB)<br><br>**OPPOSITION OF DEFENDANT ARROW FINANCIAL SERVICES LLC TO PLAINTIFF'S MOTION TO COMPEL WRITTEN RESPONSES AND PRODUCTION OF DOCUMENTS**<br><br>Date: April 10, 2006<br>Time: 10:00 a.m.<br>Place: Dept. B<br><br>Magistrate Judge Ruben B. Brooks |

Defendant Arrow Financial Services LLC ("Arrow") submits the following memorandum of points and authorities in opposition to plaintiff Johnny Gonzales' ("Plaintiff") motion to compel written responses and production of documents ("Motion"):

I. **INTRODUCTION**

Plaintiff brings this Motion notwithstanding Arrow's extensive meet and confer efforts over a four week period, which resulted in agreements by which Arrow: 1) produced unredacted documents from Plaintiff's account; 2) withdrew and/or clarified objections that Plaintiff challenged; 3) served Supplemental Responses to numerous Document Requests, Interrogatories and Requests

1  for Admission (RFAs); and 4) repeatedly offered to make Arrow's person most knowledgeable
2  available for deposition in order that Plaintiff could obtain relevant discovery by efficient means.
3  Despite these efforts by Arrow, Plaintiff has unnecessarily burdened this Court with a Motion
4  that is simply baseless. For the reasons set forth below, the Motion should be denied.

## II. ARGUMENT

### A. Arrow Has At All Times Preserved Its Attorney-Client Privilege.

In his Motion, Plaintiff argues that Arrow has waived its attorney-client privilege and, therefore, must disclose protected notations made by Arrow's attorneys on Plaintiff's internal account notes. Plaintiff is wrong: Arrow has at all times asserted and preserved its attorney-client privilege in this action.

In its General Objections to Plaintiff's discovery requests ("Requests"), served on December 22, 2005, Arrow objected to the extent the Requests sought "privileged information protected by the attorney-client privilege or the attorney work-product doctrine." [Declaration of Elizabeth Arleo in Support of Motion to Compel ("Arleo Decl."), Ex. A at p. 2, *ll.* 8-16.] In her February 8, 2006 letter, Plaintiff's counsel, Ms. Arleo, complained that the "objections make no sense and should be stricken entirely." [Arleo Decl., Ex. C at p. 2.] In response, Arrow agreed on February 10, 2006, to withdraw the General Objections, "*without waiving any specific objections raised in the direct response to specific discovery requests.*" [Arleo Decl., Ex. D at p. 3 (emphasis added).] The parties agreed that a privilege log would be produced if the attorney-client privilege was asserted as to any specific request.

On March 6, 2006, Arrow served its Supplemental Responses to the Requests, and again asserted the attorney-client privilege, this time in response to *specific* discovery requests as agreed. [Arleo Decl., Ex. J, Supplemental Responses at pp. 3-5.] Plaintiff now claims the privilege was never asserted.

The attorney-client privilege is not a trivial matter. Indeed, it is "the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system." *U.S. v. Bauer*, 132 F. 3d 504, 510 (9th Cir. 1997). "The attorney-client privilege is

the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U. S. 383, 389, 101 S. Ct. 677, 682, 66 L. Ed. 2d 584 (1981).

During an entire month of meet and confer conversations and letters, Plaintiff never suggested that Arrow had waived its privilege. Rather, the discussions lead to an agreement that Arrow could provide a privilege log to lay the foundation for the privilege. Arrow served its Privilege Log on March 6, 2006. [Arleo Decl., Ex. J.] Plaintiff would clearly have had no need or desire for the Privilege Log if Plaintiff believed by that time that Arrow had waived the privilege, as Plaintiff now suggests. Moreover, Plaintiff's question about "how computerized notes ... remain sufficiently confidential" to be privileged, is the wrong question. The question is why would notes by Arrow's attorneys *not* be privileged?

### B. Plaintiff Is Not Entitled to Invade the Privacy of Debtors Who Received Collection Letters From Arrow.

Plaintiff moves to compel production of documents pursuant to his Document Request Nos. 2 and 3, which seek "all documents showing names and addresses of persons in California" who were sent a letter from Arrow in either of the forms attached to the Complaint. Presumably, these Requests are directed at ascertaining the identity of class members. But such a shotgun approach implicates all documents that contain such information, not just those that would be sufficient to identify class members. Arrow properly objected to the Requests on the grounds that they were overbroad and implicated third party privacy rights.

While Plaintiff argues that his counsel "clearly sought resolution on this issue," in fact no discussion was ever offered on the *specific* issues raised by Arrow. As explained in Arrow's March 6, 2006 letter, "[the] Requests as drafted do not specify what documents are sought, but rather could apply to just about any list or file that contains the name or address of any consumer who received any one of the letters at issue." [Arleo Decl., Ex. J.] The March 6 letter further pointed out that the Requests failed to specify what documents were sought and "failed to articulate any need for documents containing the names and addresses of class members." Plaintiff did not respond to the March 6 letter.

-3-

The Motion and Plaintiff's meet and confer correspondence are totally devoid of discussion on these questions, and do not explain the need for the information. On February 7, 2006, Judge Houston certified the class in this case but did not require Plaintiff or Arrow to give notice. The need for identity information is, therefore, premature at best, and certainly there is no justification for Plaintiff to seek every single document or file that contains the name and address, or other information pertaining to every single individual member of the class. Plaintiff has made no attempt to justify the Requests, or narrow their scope, and Arrow's objections are therefore proper.

Plaintiff seems to suggest that the simple act of asking whether documents are being withheld, without any explanation of why such documents should be produced, is sufficient to satisfy the meet and confer requirements set forth in the Federal Rules. This token addressing of surface issues however, is not enough. Rather, a party compelling responses to discovery must attempt to have a "live exchange of ideas and opinions," in order to satisfy its obligations and pave the way for a motion to compel. FRCP 37(a)(2)(A), (B); *Soto v. City of Concord*, 162 FRD 603, 623 (N.D. Cal. 1995). Plaintiff's efforts in this regard were nominal at best, and the Motion to compel production of documents under Document Request Nos. 2 and 3 should therefore be denied.

C.  **Plaintiff's Discovery Requests Regarding Arrow's Policies and Procedures Are Hopelessly Overbroad.**

Plaintiff's Motion to compel production of documents that do not exist, pursuant to Document Requests that are overbroad, and to obtain amended responses to Interrogatories that are in no way restricted to the issues of this case, should be denied.

1.  **Arrow Is Not in Possession of Documents Responsive to Request No. 7.**

On February 8, 2006, Plaintiff's counsel asked whether Arrow would stand on its asserted objections to numerous Document Requests, including Request No. 7. [Arleo Decl., Ex. C at p. 6.] The parties subsequently agreed on February 10, 2006, that Arrow would address the question of whether documents were being withheld based on asserted privileges and objections at a later date. [Arleo Decl., Exs. D, E.]

On February 22, 2006, following discussion about Plaintiff's account records, which were originally produced with heavy redactions throughout, Arrow's counsel sent a letter to Ms. Arleo

confirming that the account notes were being reviewed "to determine the meaning and import of the redacted line items." [Arleo Decl., Ex. G.] The February 22, 2006 letter promised an update on this issue and stated that no other documents were being withheld.[1] [Arleo Decl., Ex. G.]

No further discussion took place on those Document Requests *not* related to Plaintiff's account, until March 2, 2006, when Ms. Arleo indicated in an email her intention to move to compel production of documents in response to Request No. 7. [Arleo Decl., Ex. I.] Like her initial letter of February 8, 2006, however, Ms. Arleo's March 2, 2006 email is totally devoid of any explanation as to the specific documents sought by Request No. 7. In fact, at no time did Ms. Arleo attempt to narrow the scope of the Request to the realm of relevancy.

On March 6, 2006, Arrow supplemented its response to Request No. 7, in an attempt to avoid unnecessary discovery motions. [Arleo Decl., Ex. J, Supplemental Responses at p. 3.] Plaintiff now moves to compel documents anyway, despite the fact that Arrow's Supplemental Response properly objected that the Request was "not limited to the class period or collection letters at issue here" and, therefore, "was overbroad and not calculated to lead to the discovery of admissible evidence." [Arleo Decl., Ex. J, Supplemental Responses at p. 3:21-25.] Rather than address Arrow's legitimate objection to Request No. 7, Plaintiff simply describes Arrow's Supplemental Response as an attempt to "mischaracterize" the Request. Plaintiff did not meet and confer on this issue, however, and never attempted to narrow the scope of the Request or articulate a need for such a broad inquiry.

Arrow's Supplemental Response to Request No. 7 properly limited the scope of the Request to the letters at issue in this case, and confirmed that Arrow is not in possession, custody or control of any documents responsive to the Request, as limited. [Arleo Decl., Ex. J, Supplemental Responses at p. 3:26-28.] The Supplemental Response was verified by Arrow's Executive Vice

---

[1] The Motion makes repeated reference to this statement. [Motion, pp. 5:14-16, 6:22-24, 8:1-3, 9:11-13, 10:11-13.] The statement applied to document requests specifically related to Plaintiff's account – the only document-related issue addressed in the February 22 letter. [Declaration of David S. Reidy ("Reidy Decl."), ¶3.] Realizing that the letter might be construed as ambiguous on this point, however, Mr. Reidy withdrew the statement on March 2, 2006. [Reidy Decl., ¶4.] Thereafter, on March 6, 2006, Arrow served its Supplemental Responses, in which Arrow confirmed that it was not withholding any documents related to Plaintiff's file, and supplemented its Responses to other Document Requests. [Reidy Decl., ¶5; Arleo Decl., Ex. J.]

President on March 6, 2006. [Arleo Decl., Ex. J, Supplemental Responses at p. 7.] The Motion should therefore be denied.

### 2. Document Request No. 17 Is Impermissibly Overbroad.

Plaintiff moves to compel production of documents in response to Document Request No. 17, which seeks "[all] documents relating to the maintenance of procedures by Arrow to ensure compliance with and avoid violation of the Fair Debt Collection Practices Act and/or to create a bona fide error defense."

In its response to this Request, Arrow properly objected on the grounds that the Request was overbroad, vague and ambiguous, and failed to specify the documents sought with reasonable particularity. [Arleo Decl., Ex. A at p.20:23-27]; FRCP 34(b). In his letter to Ms. Arleo on March 6, 2006, Arrow's counsel pointed out that in her "correspondence of the past weeks, [Ms. Arleo] failed to narrow the scope of this Request," and repeated that the "Request as drafted is hopelessly overbroad and vague and does not warrant a supplemented response." [Arleo Decl., Ex. J at p. 2.] "As such," the letter concluded, "the discovery 'dispute' has not been explained to Arrow and, without more, Arrow cannot be expected to know what documents are sought and whether such documents exist." [Arleo Decl., Ex. J at p. 2.] In typical mode, Plaintiff's counsel never justified the scope of the Request or attempted in the alternative to narrow the scope to relevant matters. Arrow stands on its response to Request No. 17, and on the content of its attorney's March 6 letter.

### 3. Plaintiff's Counsel Did Not Meet and Confer Regarding Arrow's Response to Interrogatory No. 13.

Plaintiff moves to compel a further response to Interrogatory No. 13, which asks Arrow to describe its "maintenance of procedures reasonably adapted to avoid violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*" Arrow properly objected to the Interrogatory on the grounds, among others, that it was not likely to lead to the discovery of admissible evidence.

Following a lengthy phone conversation on February 10, 2006, Arrow's counsel sent a letter to Plaintiff's counsel that 1) summarized those issues that counsel agreed to put off for further discussion pending Arrow's attorneys' review of the file, and 2) set forth the discovery issues

1 addressed during the phone conversation. [Arleo Decl., Ex. D.] Interrogatory No. 13 was not
2 addressed in that letter.

3     In response, Plaintiff's counsel sent a reply letter the same day, which stated that, with
4 exceptions, Plaintiff's counsel agreed with the statements in Arrow's counsel's letter. [Arleo Decl.,
5 Ex. E.] Interrogatory No. 13 was not addressed in that letter either. In fact, at no time over the
6 subsequent weeks of meet and confer correspondence was Interrogatory No. 13 even mentioned,
7 until March 2, 2006, when Ms. Arleo suddenly declared that the Interrogatory would be the subject
8 of this Motion.

9     Plaintiff cannot honestly claim to have met and conferred on Interrogatory No. 13, and the
10 Motion is therefore improper. FRCP 37(a).

11 **D.**     **Arrow Supplemented Its Response to Document Requests No. 8 and No. 20.**

12     Plaintiff moves to compel production of documents in response to Document Request No. 8,
13 on the grounds that the only responsive document thereto is being withheld based on Arrow's
14 "improperly asserted ... attorney-client privilege." As set forth above, Arrow has never waived its
15 attorney client privilege in this action. On March 6, 2006, Arrow supplemented its response to
16 Request No. 8, and Plaintiff has not asserted any other basis for its Motion in connection with this
17 Request. [Arleo Decl., Ex. J, Supplemental Responses at p. 3.]

18     Similarly, Arrow also supplemented its response to Document Request No. 20, which seeks
19 "documents relating to the decision to report or not report Plaintiff's alleged debt to credit bureaus."
20 Arrow agreed to produce, and did in fact produce, a partially redacted copy of Plaintiff's account
21 notes. [Arleo Decl., Ex. J.] As stated in the Supplemental Response, the redacted line items
22 "contain matters protected by attorney-client privilege," as described in the Privilege Log. [Arleo
23 Decl., Ex. J.]

24     Besides the account notes, Arrow confirmed that it is not in possession, custody or control of
25 any other documents responsive to this Request. As such, Arrow is at a loss to understand why this
26 Request is the subject of a motion to compel.

27 ///
28 ///

E. **Plaintiff's Counsel Did Not Indicate Her Intention to Move to Compel Production of Documents in Response to Request No. 9.**

In her email of March 2, 2006, Ms. Arleo indicated her intention to move to compel production of documents in response to Request No. 8, but not Request No. 9. [Arleo Decl., Ex. I.] In his March 6, 2006 letter, Arrow's counsel clarified Arrow's assumption, based on Ms. Arleo's email, that Plaintiff counsel had "withdrawn ... meet and confer efforts with respect to Request Nos. 9, 15 and 16." [Arleo Decl., Ex. J.]

Based on these communications, Arrow did not supplement its response to Request No. 9, and Plaintiff cannot now claim to have properly met and conferred in this regard. FRCP 37(a).

F. **Arrow Already Withdrew Its Objections to RFA Nos. 8 through 14, 20 and 21.**

Plaintiff moves for amended responses to RFA Nos. 8 through 14, 20 and 21, to withdraw qualified objections that the Requests were vague and ambiguous. As plainly set forth in Arrow's counsel's February 10, 2006 letter, these objections are already withdrawn and the Requests are admitted. [Arleo Decl., Ex. D.] Plaintiff's Motion in this regard seeks what has already been provided and is a waste of this Court's time.

III. **CONCLUSION**

Arrow respectfully requests that the Motion be denied in its entirety.

DATED: March 24, 2006.

REED SMITH LLP

By _____
David S. Reidy
Attorneys for Defendant
ARROW FINANCIAL SERVICES LLC