USDC SCAN INDEX SHEET

















JPP   7/5/06   10:56
3:05-CV-00171   GONZALES V. ARROW FINANCIAL
*76*
*DECL.*

ORIGINAL

FILED

JUN 3 0 2006

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  ARLEO LAW FIRM, PLC
   ELIZABETH J. ARLEO (CASB NO. 201730)
2  850 Main Street, Suite 201
   Ramona, CA 92065
3  Telephone: 760/ 789-8000
   760/ 789-8081 (fax)
4
   HORWITZ, HORWITZ & ASSOCIATES
5  O. RANDOLPH BRAGG
   CRAIG M. SHAPIRO
6  25 East Washington Street, Suite 900
   Chicago, IL 60602
7  Telephone: 312/ 372-8822
   312/ 372-1673 (fax)
8
   Attorneys for Plaintiff
9

10                    UNITED STATES DISTRICT COURT

11                  SOUTHERN DISTRICT OF CALIFORNIA

12

13  JOHNNY GONZALES, on Behalf of Himself      Case No. 05-CV-0171 JAH (RBB)
    and All Others Similarly Situated,

14                                             DECLARATION OF ELIZABETH J. ARLEO
                                               IN SUPPORT OF PLAINTIFF'S MOTION
                             Plaintiff,        TO COMPEL WRITTEN RESPONSES AND
15                                             PRODUCTION OF DOCUMENTS

16        vs.                                  Date:       July 31, 2006
                                               Time:       10:00 a.m.
17                                             Courtroom:  B, 1st Floor

18  ARROW FINANCIAL SERVICES, LLC.,            Magistrate Judge Ruben B. Brooks

                             Defendant.
19

20

21

22

23

24

25

26

27

28
                              768

                                                 05-CV-0171 JAH (RBB)

I, Elizabeth J. Arleo, declare as follows:

1.      I am an attorney at law duly licensed to practice in the State of California and this Court. I am one of the attorneys of record for the representative plaintiff, Johnny Gonzales. This declaration is submitted in support of Plaintiff's Motion to Compel Written Discovery and Production of Documents.

2.      On or about May 30, 2006, I received the Written Responses to Plaintiff's Second Set of Discovery Requests from counsel representing defendant, Arrow Financial Services LLC. The written response is attached hereto as Exhibit A.

3.      On June 7, 2006 I sent a letter to Defendant's counsel raising questions and concerns about the Written Responses. A true and correct copy of this correspondence is attached as Exhibit B.

4.      On June 15, 2006, I met telephonically with Defense Counsel Mr. David Reidy of Reed Smith. The parties attempted to informally resolve the discovery dispute. Among other things, we discussed the notion of entering into stipulations concerning facts. Reed Smith's offices are located in Los Angeles

5.      On June 22, 2006, I received a letter from Mr. Reidy containing suggested language for the stipulations. A true and correct copy of this correspondence is attached as Exhibit C. Mr. Reidy and I had a brief conversation that day. Due to his vacation, he was unavailable to meet again until Tuesday, June 27, 2006.

6.      On June 27, 2006, I sent an e-mail to Mr. Reidy with revised stipulations and a proposed agenda for our next meeting. A copy of that e-mail is attached hereto as Exhibit D. Although I expected to meet with Mr. Reidy that day, due to conflicting schedules, we were unable to meet again until the next day.

7.      On June 28, 2006, I met telephonically with Mr. Reidy and another defense counsel, Scott Jacobs. Rand Bragg also participated. During that call, the parties discussed the proposed stipulations. See Exhibit D. Although it appeared the parties would enter into the stipulations, defense counsel could not commit to the language stating that they needed to consult with their client.

8.      During that call, Mr. Reidy agreed that Arrow would not oppose a motion to compel responses based on time. He also said that by end of business on June 28, 2006, he would provide a final response to the proposed stipulations. He stated later, however, that he could not respond until the following morning. After the call, I sent an e-mail memorializing the parties' agreements. A true and correct copy of that e-mail is attached hereto as Exhibit E.

9.      On June 29, 2006, Mr. Reidy stated in a voice-mail message and in e-mails and during a telephone call that Arrow intended upon substituting new counsel and he could not provide any information pertaining to the written discovery or the status of Arrow's Rule 30(b)(6) deposition. True and correct copies of the e-mails exchanged between Mr. Reidy and myself on June 29, 2006 are attached hereto as Exhibits F and G.

·10.      On June 30, 2006, I received a telephone call from Arrow's new counsel, David Schultz. Mr. Schultz stated that he could not enter into any agreement or provide any additional information about the discovery although he would try to get back to me regarding a date certain for Arrow's deposition. Based on statements made by me, I believe Mr. Schultz understood that I intended upon filing this motion today.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. If called as a witness, I could and would competently testify thereto. Executed this 30th day of June, 2006 at Ramona, California.


_____
ELIZABETH J. ARLEO

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, a citizen of the United States employed in the City of Ramona and County of San Diego, over the age of 18 years, and not a party to the within action; that declarant's business address is 850 Main Street, Suite 201, Ramona, CA 92065.

2.     That on June 30, 2006, declarant served the **DECLARATION OF ELIZABETH J. ARLEO IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL WRITTEN RESPONSES AND PRODUCTION OF DOCUMENTS** by depositing a true copy thereof in a United States mailbox at Ramona, California in a sealed envelope with postage thereon fully prepaid and addressed to all parties listed on the attached Service List.

3.     That there is a regular communication by mail between the place of mailing and the places so addressed.

4.     I declare under penalty of perjury that the foregoing is true and correct.  Executed this 30th day of June, 2006, at Ramona, California.

_____
ELIZABETH J. ARLEO

N:\Cases\05-1009 Gonzales v Arrow\Pleadings\05-1009 MTC1 Arleo Decl.doc

SERVICE LIST
*Gonzales v. Arrow Financial Services LLC*
U. S. District Court for the Southern District of California
Case No. 05-CV-0171 JAH (RBB)

Attorneys for Plaintiff

ELIZABETH J. ARLEO
(elizabeth@arleolaw.com)
ARLEO LAW FIRM, PLC
850 Main Street, Suite 201
Ramona, CA 92065
Telephone: 760/ 789-8000
760/ 789-8081 (fax)

O. RANDOLPH BRAGG
(rand@horwitzlaw.com)
CRAIG M. SHAPIRO
(craig@horwitzlaw.com)
HORWITZ, HORWITZ & ASSOCIATES
24 East Washington Street, Suite 900
Chicago, IL 60602
Telephone: 312/ 372-8822
312/ 372-1673 (fax)

Attorneys for Defendant

SCOTT H. JACOBS
(shjacobs@reedsmith.com)
ABRAHAM J. COLMAN
(acolman@reedsmith.com)
DAVID S. REIDY
(dreidy@reedsmith.com)
REED SMITH, LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: 213/ 457-8000
213/ 457-8080 (fax)

Scott H. Jacobs (SBN 81980)
David S. Reidy (SBN 225904)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514

Telephone:    213.457.8000
Facsimile:    213.457.8080

Attorneys for Defendant
ARROW FINANCIAL SERVICES LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GONZALES, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ARROW FINANCIAL SERVICES LLC,<br><br>Defendant. | Case No. 05-CV-0171 JAH (RBB)<br><br>**ARROW FINANCIAL SERVICES LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**<br><br>The Honorable John A. Houston |

PROPOUNDING PARTY:      PLAINTIFF JOHNNY GONZALES

RESPONDING PARTY:       DEFENDANT ARROW FINANCIAL SERVICES LLC

SET NO.:                TWO (2)


Defendant Arrow Financial Services LLC ("Arrow") hereby answers, objects and/or

otherwise responds (the "Response") to Plaintiff's Second Set of Discovery Requests ("Requests"),

dated April 18, 2006, as follows:

## PRELIMINARY STATEMENT

Arrow's Response to the Requests is based upon the investigation conducted in the time

available since service of the Requests. As of the date of this Response, Arrow has had an

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  insufficient opportunity to review all documents, interview all witnesses and otherwise obtain

2  information which may prove relevant in this case, including, without limitation, through discovery

3  of Plaintiff and/or third parties. As a consequence, Arrow's Response is based upon information

4  now known to Arrow and which it believes to be relevant to the subject matter covered by the

5  Requests. In the future, Arrow may acquire additional information, or discover information

6  currently in its possession, bearing upon the Requests and Arrow's Response thereto.

7       Without in any way obligating itself to do so, Arrow reserves the rights: (a) to make

8  subsequent revision, supplementation or amendment to this Response based upon any information,

9  evidence, documents, facts and things which hereafter may be discovered, or the relevance of which

10  hereafter may be discovered; and (b) to produce, introduce or rely upon additional or subsequently

11  acquired or discovered writings, evidence and information at trial or in any pretrial proceedings held

12  herein. In addition, Arrow notes that to the extent the Requests are served pursuant to the Court's

13  order granting Plaintiff's motion for leave to serve additional discovery, Arrow reserves all of the

14  objections stated herein, regardless of whether raised in opposition to the motion or not.

15              **RESPONSES TO REQUESTS FOR ADMISSION**

16  **Request for Admission No. 26:**

17       Arrow did not report any information on any of the ACCOUNTS to any credit reporting

18  agency between January 27, 2004 and the present.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

20       Arrow incorporates by reference its Preliminary Statement as though the same were set forth

21  herein. Arrow objects that the Request is not calculated to lead to the discovery of admissible

22  evidence in this case. The class alleged and certified in this action is expressly limited to debtors

23  whose accounts were charged off more than seven years before the letters at issue were sent and who

24  received letters that Plaintiff alleges were misleading to the extent that they threatened to take action

25  that could not legally be taken. As such, the claims of class members are limited to the issue of

26  whether the letters were misleading, not whether improper reporting occurred and, therefore, the

27  Request is harassing and burdensome, and seeks evidence not relevant to this action.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 | _Request for Admission No. 27:_

2 |     Between January 27, 2004 and the present Arrow reported information on one or more of the

3 | ACCOUNTS to a credit reporting agency.

4 | **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

5 |     Arrow incorporates by reference its Preliminary Statement as though the same were set forth

6 | herein. Arrow objects that the Request is not calculated to lead to the discovery of admissible

7 | evidence in this case. The class alleged and certified in this action is expressly limited to debtors

8 | whose accounts were charged off more than seven years before the letters at issue were sent and who

9 | received letters that Plaintiff alleges were misleading to the extent that they threatened to take action

10 | that could not legally be taken. As such, the claims of class members are limited to the issue of

11 | whether the letters were misleading, not whether improper reporting occurred and, therefore, the

12 | Request is harassing and burdensome, and seeks evidence not relevant to this action.

13 | **RESPONSES TO INTERROGATORIES**

14 | **AMENDED INTERROGATORY NO. 13:**

15 |     Describe Defendant's maintenance of procedures reasonable adapted to avoid violation of the

16 | Fair Debt Collection Practices Act, 15 U.S.C. § 1692 _et seq._, which ARROW anticipates using as

17 | part of its bona fide error defense in this lawsuit.

18 | **RESPONSE TO AMENDED INTERROGATORY NO. 13:**

19 |     Arrow incorporates by reference its Preliminary Statement as though the same were set forth

20 | herein. Arrow objects that the phrase "reasonably adapted" as used is vague and ambiguous. Arrow

21 | also objects to this Interrogatory to the extent that it calls for confidential attorney-client

22 | communications and attorney work product. Without waiving and subject to this objection and the

23 | rights reserved in its Preliminary Statement, Arrow responds as follows:

24 |     The letters were drafted and reviewed by Arrow's general counsel for final approval prior to

25 | the mailing.

26 | **INTERROGATORY NO. 26:**

27 |     State whether on or after April 30, 2004 Arrow formulated the intent of reporting information

28 | on Plaintiff's account to any credit reporting agency.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**RESPONSE TO AMENDED INTERROGATORY NO. 26:**

Arrow incorporates by reference its Preliminary Statement as though the same were set forth herein. Arrow objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence in this case, because Arrow's intent is not an issue in this case. The First Amended Complaint ("FAC") alleges that Arrow violated the FDCPA by threatening to take action that it could not legally take. The FAC does not allege that Arrow threatened to take action it had no intention of taking. Moreover, the class alleged and certified in this action is expressly limited to debtors who received letters that Plaintiff alleges were misleading to the extent that they threatened to take action that could not legally be taken. As such, the claims of class members, including Plaintiff, are limited to the issue of whether the letters were misleading, not whether Arrow intended to report credit information. Arrow further objects that this Interrogatory is duplicative of past discovery requests and, as such, is oppressive, harassing and burdensome. Without waiving and subject to this objection and the rights reserved in its Preliminary Statement, Arrow responds as follows:

No.

**INTERROGATORY NO. 27:**

If YOUR answer to Interrogatory No. 26 is "no," describe in detail all the reasons why Arrow had no intention of reporting the information.

**RESPONSE TO AMENDED INTERROGATORY NO. 27:**

Arrow incorporates by reference its Preliminary Statement as though the same were set forth herein. Arrow objects to this Interrogatory on the grounds that it is vague and ambiguous not reasonably calculated to lead to the discovery of admissible evidence in this case, because Arrow's intent is not an issue in this case. The FAC alleges that Arrow violated the FDCPA by threatening to take action that it could not legally take. The FAC does not allege that Arrow threatened to take action it had no intention of taking. Moreover, the class alleged and certified in this action is expressly limited to debtors who received letters that Plaintiff alleges were misleading to the extent that they threatened to take action that could not legally be taken. As such, the claims of class members, including Plaintiff, are limited to the issue of whether the letters were misleading, not

- 4 -

1  whether Arrow intended to report credit information. Arrow further objects that this Interrogatory is

2  duplicative of past discovery requests and, as such, is oppressive, harassing and burdensome.

3  Without waiving and subject to this objection and the rights reserved in its Preliminary Statement,

4  Arrow responds as follows:

5      Arrow does not have a policy of reporting seven year old debt.

6  **INTERROGATORY NO. 28:**

7      If YOUR answer to Interrogatory No. 26 is "yes," describe in detail the process for

8  formulating the intent to report the information.

9  **RESPONSE TO AMENDED INTERROGATORY NO. 28:**

10     Arrow incorporates by reference its Preliminary Statement as though the same were set forth

11  herein. Arrow objects to this Interrogatory on the grounds that it is not reasonably calculated to lead

12  to the discovery of admissible evidence in this case, because Arrow's intent is not an issue in this

13  case. The FAC alleges that Arrow violated the FDCPA by threatening to take action that it could not

14  legally take. The FAC does not allege that Arrow threatened to take action it had no intention of

15  taking. Moreover, the class alleged and certified in this action is expressly limited to debtors who

16  received letters that Plaintiff alleges were misleading to the extent that they threatened to take action

17  *that could not legally be taken. As such, the claims of class members, including Plaintiff, are limited*

18  to the issue of whether the letters were misleading, not whether Arrow intended to report credit

19  information. Arrow further objects that this Interrogatory is duplicative of past discovery requests

20  and, as such, is oppressive, harassing and burdensome. Without waiving and subject to this

21  objection and the rights reserved in its Preliminary Statement, Arrow responds as follows:

22     Not applicable.

23  **INTERROGATORY NO. 29:**

24     State whether YOU furnished information about Plaintiff's alleged debt to any credit

25  reporting agency on or after April 30, 2004.

26  **RESPONSE TO AMENDED INTERROGATORY NO. 29:**

27     Arrow incorporates by reference its Preliminary Statement as though the same were set forth

28  herein. Arrow objects that the Request is not calculated to lead to the discovery of admissible

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    evidence in this case.  The class alleged and certified in this action is expressly limited to debtors

2    whose accounts were charged off more than seven years before the letters at issue were sent and who

3    received letters that Plaintiff alleges were misleading to the extent that they threatened to take action

4    that could not legally be taken.  As such, the claims of class members, including Plaintiff, are limited

5    to the issue of whether the letters were misleading, not whether improper reporting occurred  Arrow

6    further objects that this Interrogatory is duplicative of prior discovery requests, including RFA No.

7    26, above, and is therefore oppressive, harassing and burdensome.  Finally, Arrow objects that this

8    Interrogatory seeks information equally or more easily available to Plaintiff.  Without waiving and

9    subject to these objections and the rights reserved in its Preliminary Statement, Arrow responds as

10   follows:

11        Arrow did not furnish information about Plaintiff's debt to any credit reporting agency at any

12   time.

13   **INTERROGATORY NO. 30:**

14        State the number of ACCOUNTS which were PLACED FOR COLLECTION or CHARGED

15   *OFF prior to December 29, 1997.*

16   **RESPONSE TO AMENDED INTERROGATORY NO. 30:**

17        Arrow incorporates by reference its Preliminary Statement as though the same were set forth

18   herein.  Arrow objects to this Interrogatory on the grounds that it is vague and ambiguous.  As used,

19   the term "Accounts" is limited to the accounts at issue in this case which, by definition, reflect debts

20   that are over seven years-old.  As such, the Interrogatory answers itself and is otherwise vague and

21   ambiguous.  Arrow further objects that the Interrogatory is compound and not reasonably calculated

22   to lead to the discovery of admissible evidence in this case.  The class alleged and certified in this

23   action is expressly limited to debtors whose accounts were charged off more than seven years before

24   the letters at issue were sent.  Any debtor whose account was less than seven years old at the time

25   the letters were sent, therefore, is excluded from the class.  Because all of the accounts at issue in

26   this case were seven years old by definition, the Interrogatory is unintelligible.

27

28

RESPONSE TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**INTERROGATORY NO. 31:**

State the number of ACCOUNTS which were PLACED FOR COLLECTION or CHARGED OFF on or after December 29, 1997, as that time period is determined pursuant to the instructions contained in 15 U.S.C. §1681c(c)(1).

**RESPONSE TO AMENDED INTERROGATORY NO. 31:**

Arrow incorporates by reference its Preliminary Statement as though the same were set forth herein. Arrow objects to this Interrogatory on the grounds that it is compound, vague and ambiguous. As used, the term "Accounts" is limited to the accounts at issue in this case which, by definition, reflect debts that are over seven years-old. As such, the Interrogatory answers itself. Arrow further objects that the Interrogatory is vague and ambiguous because it can be read to apply to two different time periods. Arrow also objects that the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence in this case. The class alleged and certified in this action is expressly limited to debtors whose accounts were charged off more than seven years before the letters at issue were sent. Any debtor whose account was less than seven years old at the time the letters were sent, therefore, is excluded from the class. Because all of the accounts at issue in this case were seven years old by definition, the Interrogatory is unintelligible. Arrow also objects to this Interrogatory as calling for a legal conclusion.

**INTERROGATORY NO. 32:**

For each of the ACCOUNTS, state the DATE OF DELINQUENCY, the date PLACED FOR COLLECTION and the date of CHARGE OFF.

**RESPONSE TO AMENDED INTERROGATORY NO. 32:**

Arrow incorporates by reference its Preliminary Statement as though the same were set forth herein. Arrow objects to this Interrogatory on the grounds that it is compound and not reasonably calculated to lead to the discovery of admissible evidence in this case. The FAC alleges that Arrow violated the FDCPA by threatening to take action that it could not legally take. The FAC does <u>not</u> allege that Arrow ever actually took such action or violated any rule against reporting seven year old debt. Moreover, the class alleged and certified is limited to accounts that were charged off more than seven years before the letters at issue were sent. Thus, the dates sought are irrelevant. Finally,

1   Arrow objects that the Interrogatory seeks confidential information in which Arrow and/or third

2   parties have proprietary or privacy rights.

3   **INTERROGATORY NO. 33:**

4       State whether at the time each LETTER IN THE FORM OF EXHIBIT A was mailed,

5   ARROW knew for each ACCOUNT the DATE OF DELINQUENCY, the date it was first reported

6   to a national credit bureau as delinquent, when it was PLACED FOR COLLECTION and when it

7   was CHARGED OFF.

8   **RESPONSE TO AMENDED INTERROGATORY NO. 33:**

9       Arrow incorporates by reference its Preliminary Statement as though the same were set forth

10  herein.  Arrow objects that the Interrogatory is vague and ambiguous because it is impossible to

11  determine the dates sought because the Interrogatory does not specify who reported, placed for

12  collection, or charged off the accounts.  Arrow further objects to this Interrogatory on the grounds

13  that it is compound and not reasonably calculated to lead to the discovery of admissible evidence in

14  this case.  The FAC alleges that Arrow violated the FDCPA by threatening to take action that it

15  could not legally take.  The FAC does not allege that Arrow ever actually took such action or

16  violated any rule against reporting seven year old debt.  Moreover, the class alleged and certified is

17  limited to accounts that were charged off more than seven years before the letters at issue were sent.

18  Any debtor whose account was less than seven years old at the time the letters were sent, therefore,

19  is excluded from the class.  As such, Arrow's knowledge of specific dates with respect to specific

20  accounts is irrelevant and the Interrogatory is therefore overbroad, harassing and burdensome.

21  Finally, Arrow objects that the Interrogatory seeks confidential information in which Arrow and/or

22  third parties have proprietary or privacy rights.

23  **INTERROGATORY NO. 34:**

24      State whether at the time each LETTER IN THE FORM OF EXHIBIT B was mailed,

25  ARROW knew for each ACCOUNT the DATE OF DELINQUENCY, the date it was first reported

26  to a national credit bureau as delinquent, when it was PLACED FOR COLLECTION and when it

27  was CHARGED OFF.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 8 -

**RESPONSE TO AMENDED INTERROGATORY NO. 34:**

Arrow incorporates by reference its Preliminary Statement as though the same were set forth herein. Arrow objects that the Interrogatory is vague and ambiguous because it is impossible to determine the dates sought because the Interrogatory does not specify who reported, placed for collection, or charged off the accounts. Arrow further objects to this Interrogatory on the grounds that it is compound and not reasonably calculated to lead to the discovery of admissible evidence in this case. The FAC alleges that Arrow violated the FDCPA by threatening to take action that it could not legally take. The FAC does not allege that Arrow ever actually took such action or violated any rule against reporting seven year old debt. Moreover, the class alleged and certified is limited to accounts that were charged off more than seven years before the letters at issue were sent. Any debtor whose account was less than seven years old at the time the letters were sent, therefore, is excluded from the class. As such, Arrow's knowledge of specific dates with respect to specific accounts is irrelevant and the Interrogatory is therefore overbroad, harassing and burdensome. Finally, Arrow objects that the Interrogatory seeks confidential information in which Arrow and/or third parties have proprietary or privacy rights.

**INTERROGATORY NO. 35:**

State the number of ACCOUNTS which remained delinquent 35 days after each LETTER IN THE FORM OF EXHIBIT A was sent.

**RESPONSE TO AMENDED INTERROGATORY NO. 35:**

Arrow incorporates by reference its Preliminary Statement as though the same were set forth herein. Arrow objects to the Interrogatory on the grounds that it seeks information regarding the delinquency of the accounts, which information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case. Arrow further objects that the Interrogatory is harassing and burdensome in light of the fact that it would require Arrow to review numerous accounts to determine the date a letter was sent and make calculations based on Plaintiff's 35-day cutoff. The 35-day cutoff in the Interrogatory is also vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence in this case.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

RESPONSE TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS

**INTERROGATORY NO. 36:**

State the number of ACCOUNTS which remained delinquent 35 days after each LETTER IN THE FORM OF EXHIBIT B was sent.

**RESPONSE TO AMENDED INTERROGATORY NO. 36:**

Arrow incorporates by reference its Preliminary Statement as though the same were set forth herein. Arrow objects to the Interrogatory on the grounds that it seeks information regarding the delinquency of the accounts, which information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case. Arrow further objects that the Interrogatory is harassing and burdensome in light of the fact that it would require Arrow to review numerous accounts to determine the date a letter was sent and make calculations based on Plaintiff's 35-day cutoff. The 35-day cutoff in the Interrogatory is also vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence in this case.

**INTERROGATORY NO. 37:**

For those ACCOUNTS included in YOUR responses to Interrogatory Nos. 35 and 36, state whether YOU reported any information to any credit reporting agency.

**RESPONSE TO AMENDED INTERROGATORY NO. 37:**

Arrow incorporates by reference its Preliminary Statement as though the same were set forth herein. Arrow objects that the Request is compound and not calculated to lead to the discovery of admissible evidence in this case. The class alleged and certified in this action is expressly limited to debtors who received letters that Plaintiff alleges were misleading. As such, the claims of class members, including Plaintiff, are limited to the issue of whether the letters were misleading, not whether improper reporting occurred. The Interrogatory is therefore overbroad, harassing and burdensome. Arrow further objects that the Interrogatory is harassing and burdensome in light of the fact that it would require Arrow to review numerous accounts to determine the date a letter was sent and make calculations based on Plaintiff's 35-day cutoff. The 35-day cutoff in the Interrogatory is also vague and ambiguous and not reasonably calculated to lead to the discovery of admissible evidence in this case.

///

RESPONSE TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS

1    **INTERROGATORY NO. 38:**

2           State the number of ACCOUNTS where, approximately 35 days after LETTERS IN THE

3    FORM OF EXHIBIT A were sent, the alleged debtor disputed the debt, sent payment or otherwise

4    resolved the delinquency.

5    **RESPONSE TO AMENDED INTERROGATORY NO. 38:**

6           Arrow incorporates by reference its Preliminary Statement as though the same were set forth

7    herein. Arrow objects to the Interrogatory on the grounds that it is compound and because the

8    phrases "approximately 35 days," "disputed the debt," and "otherwise resolved the delinquency," are

9    vague and ambiguous as used. Arrow further objects that the Interrogatory is harassing and

10   burdensome in light of the fact that it would require Arrow to review numerous accounts to

11   determine the date a letter was sent and make calculations based on Plaintiff's 35-day cutoff. The

12   35-day cutoff in the Interrogatory is also arbitrary and not reasonably calculated to lead to the

13   discovery of admissible evidence in this case. Arrow also objects that the Interrogatory is

14   compound. Without waiving and subject to these objections and the rights reserved in its

15   Preliminary Statement, Arrow responds as follows:

16          Reading the Interrogatory to remove the vague and ambiguous phrases objected to above,

17   and, further, to include responses to letters in the form attached as Exhibits A and B to the FAC,

18   Arrow is aware of 387 debtors who made payments after the letters were sent.

19   **INTERROGATORY NO. 39:**

20          State the number of ACCOUNTS where, approximately 30 days after LETTERS IN THE

21   FORM OF EXHIBIT B were sent, the alleged debtor disputed the debt, sent payment or otherwise

22   resolved the delinquency.

23   **RESPONSE TO AMENDED INTERROGATORY NO. 39:**

24          Arrow incorporates by reference its Preliminary Statement as though the same were set forth

25   herein. Arrow objects to the Interrogatory on the grounds that it is compound and because the

26   phrases "approximately 30 days," "disputed the debt," and "otherwise resolved the delinquency," are

27   vague and ambiguous as used. Arrow further objects that the Interrogatory is harassing and

28   burdensome in light of the fact that it would require Arrow to review numerous accounts to

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

RESPONSE TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS

1   determine the date a letter was sent and make calculations based on Plaintiff's 30-day cutoff. The

2   30-day cutoff in the Interrogatory is also arbitrary and not reasonably calculated to lead to the

3   discovery of admissible evidence in this case. Arrow also objects that the Interrogatory is

4   compound. Without waiving and subject to these objections and the rights reserved in its

5   Preliminary Statement, Arrow responds as follows:

6          Reading the Interrogatory to remove the vague and ambiguous phrases objected to above,

7   and, further, to include responses to letters in the form attached as Exhibits A and B to the FAC,

8   Arrow is aware of 387 debtors who made payments after the letters were sent.

9   **INTERROGATORY NO. 40:**

10          For those ACCOUNTS included in YOUR responses to Interrogatory Nos. 37 and 38, state

11   whether YOU ever reported any information to any national credit bureau.

12   **RESPONSE TO AMENDED INTERROGATORY NO. 40:**

13          Arrow incorporates by reference its Preliminary Statement as though the same were set forth

14   herein. Arrow objects to this Interrogatory on the grounds that it is compound and not reasonably

15   calculated to lead to the discovery of admissible evidence in this case. The class alleged and

16   certified in this action is expressly limited to individuals whose debt "was charged off more than

17   seven years previous to the date of the letter." FAC, ¶20c. The FAC alleges that Arrow violated the

18   FDCPA by threatening to take action that it could not legally take. The FAC does not allege that

19   Arrow ever actually took such action or violated any rule against reporting seven year old debt. As

20   such, the Interrogatory is overbroad, duplicative, harassing and burdensome.

21   **INTERROGATORY NO. 41:**

22          If YOUR response to Interrogatory No. 40 is "no," describe in detail all the reasons why

23   YOU did not report any information.

24   **RESPONSE TO AMENDED INTERROGATORY NO. 41:**

25          Arrow incorporates by reference its Preliminary Statement as though the same were set forth

26   herein. Arrow objects to this Interrogatory on the grounds that it is compound and not reasonably

27   calculated to lead to the discovery of admissible evidence in this case. The class alleged and

28   certified in this action is expressly limited to individuals whose debt "was charged off more than

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

RESPONSE TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS

1  seven years previous to the date of the letter." FAC, ¶20c. The FAC alleges that Arrow violated the

2  FDCPA by threatening to take action that it could not legally take. The FAC does not allege that

3  Arrow ever actually took such action or violated any rule against reporting seven year old debt. As

4  such, the Interrogatory is overbroad, duplicative, harassing and burdensome. Arrow further objects

5  that this Interrogatory is duplicative of past discovery requests and, as such, is oppressive, harassing

6  and burdensome.

7  **RESPONSES REQUESTS FOR PRODUCTION OF DOCUMENTS**

8  **AMENDED DOCUMENT REQUEST NO. 7:**

9      All manuals, instructions, guidelines, and other documents setting forth policies and

10  procedures used by employees of ARROW with respect to the collection of debts allegedly owed on

11  the ACCOUNTS.

12  **RESPONSE TO AMENDED DOCUMENT REQUEST NO. 7:**

13      Arrow incorporates by reference its Preliminary Statement as though the same were set forth

14  herein. Arrow objects that this Request is overbroad and not properly limited to the time and scope

15  of this litigation. As such the Request is not reasonably calculated to lead to the discovery of

16  admissible evidence in this case. In addition, Arrow objects that the Request is duplicative of prior

17  discovery requests and, as such, is harassing, oppressive and burdensome. Specifically, Arrow

18  already limited its Supplemental Response to Plaintiff's prior Request No. 7 to procedures related to

19  the letters sent to the account holders at issue here. Limiting the Request to the scope of this action,

20  therefore, the Request has already been asked and answered. Without waiving and subject to this

21  objection and the rights reserved in its Preliminary Statement, Arrow responds as follows:

22      Arrow is in possession of one responsive document prepared by its general counsel, which

23  contains information related to the creation and approval of mass mailings. As such, the only

24  responsive document is protected attorney work product and is subject to the attorney-client

25  privilege. This document is described in Arrow's previously served privilege logs, and is attached in

26  redacted form to the Second Amended Privilege Log, which was served on April 27, 2006. Arrow is

27  not in possession of any other responsive documents.

28

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

**AMENDED DOCUMENT REQUEST NO. 17:**

For the time period January 1, 2003 to present, all documents relating to the maintenance of procedures used by ARROW to ensure compliance with and avoid violation of the Fair Debt Collection Practices Act and/or to create a bona fide error defense.

**RESPONSE TO AMENDED DOCUMENT REQUEST NO. 17:**

Arrow incorporates by reference its Preliminary Statement as though the same were set forth herein. Arrow objects to this Request on the grounds that the request is not limited to the collection letters at issue here. As such, the Request is overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Arrow also objects that the Request is duplicative of Amended Document Request No. 7 and, as such, is harassing, oppressive and burdensome. Without waiving and subject to this objection and the rights reserved in its Preliminary Statement, Arrow responds as follows:

Limiting the Request to Arrow's policies and procedures related to the collection of debt from class members in this action, Arrow is in possession of one responsive document prepared by its general counsel, which contains information related to the creation and approval of mass mailings. As such, the only responsive document is protected attorney work product and is subject to the attorney-client privilege. This document is described in Arrow's previously served privilege logs, and is attached in redacted form to the Second Amended Privilege Log, which was served on April 27, 2006. Arrow is not in possession of any other responsive documents.

**AMENDED DOCUMENT REQUEST NO. 21:**

All documents explaining the codes contained in the computerized notes of Plaintiff's account previously provided by ARROW.

**RESPONSE TO AMENDED DOCUMENT REQUEST NO. 21:**

Arrow incorporates by reference its Preliminary Statement as though the same were set forth herein. Arrow objects that this Request was not authorized by Judge Brooks in his April 10, 2006 order ("Order") granting Plaintiff's motion to serve additional discovery. Plaintiff indicates that this Request is "based upon the comments made by Judge Brooks" related to Plaintiff's prior Request

RESPONSE TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS

1   No. 4, and claims that "the April 10, 2006 Order does not specifically address any amendment to this

2   request."

3        Contrary to Plaintiff's assertions (made in a footnote to this Request), the Order expressly

4   denies Plaintiff's motion to compel production of documents sough in Request No. 4.  Order, ¶(c).

5   Arrow therefore objects to this Request as harassing, oppressive and burdensome, and contrary to the

6   Court's Order.

7

8        DATED: May *30*, 2006

9

10       REED SMITH LLP

11

12   By

13       David S. Reidy
         Attorneys for Defendant
         ARROW FINANCIAL SERVICES LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS

**VERIFICATION**

I, Brian Cutler, am employed as Executive Vice President and Chief Technical Officer for ARROW FINANCIAL SERVICES LLC ("Arrow"). I am authorized to make this Verification on behalf of Arrow, and I have obtained and reviewed all documents, records and information possessed by or known to Arrow in connection with the matters stated herein. Based on such review, I am informed and believe that the responses set forth above in **ARROW FINANCIAL SERVICES LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**, are true and correct.

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct. Executed on May 30, 2006, at Niles, Illinois.

_Brian Cutler_
Brian Cutler

DOCSLA-15534660.2

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 16 -

# PROOF OF SERVICE

I am a resident of the United States of America, State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071. On May 30, 2006, I served the following document(s) by the method indicated below:

**ARROW FINANCIAL SERVICES LLC'S RESPONSES TO PLAINTIFF'S SECOND SET OF DISCOVERY REQUESTS**

☒ by transmitting via facsimile on this date from fax number (213) 457-8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. The transmission report was properly issued by the transmitting fax machine. The transmitting fax machine complies with Cal.R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

| | |
|---|---|
| Elizabeth J. Arleo, Esq. | O. Randolph Bragg, Esq. |
| Arleo Law Firm, PLC | The Law Offices of Horowitz, |
| 850 Main Street, Suite 201 | Horowitz & Associates |
| Ramona, CA 92065 | 25 E. Washington Street, Suite 900 |
| elizabeth@arleolaw.com | Chicago, IL 60602 |
| (760) 789-8000 Main | (312) 372-8822- Main |
| (760) 789-8081 Fax | (312) 372-1673 – Fax |
| *Attorneys for Plaintiff* | *Appearing Pro Hac Vice* |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on May 30, 2006, at Los Angeles, California.

_____
Nana Ofori-Atta

DOCSLA-15527624.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Arleo Law Firm, LLC

850 Main Street
Suite 201
Ramona, CA 92065
Tel: 760/ 789-8000
Fax: 760/ 789-8081
www.arleolaw.com

June 7, 2006

<u>Via Facsimile</u>
213-457-8080

Mr. Abraham Colman, Esq.
Mr. David Reidy, Esq.
Reed Smith LLP
355 S. Grand Avenue, Suite 2900
Los Angeles, CA 90071

Re: *Gonzales v. Arrow Financial Services LLC*, No. 05-cv-0171 JAH (RBB)

Dear Counsel:

Pursuant to Fed. R. Civ. P. 37(a)(2)(A) and CivLR 26.1, Plaintiff's counsel seeks to meet and confer concerning Arrow's Responses to Plaintiff's Second Set of Discovery Requests dated May 30, 2006 (hereinafter "Responses"). In addition to discussing all objections made by Arrow, I wish to discuss the issues specifically addressed below. Plaintiff's counsel hopes to informally resolve these disputes and spare Judge Brooks and the parties from more motion practice. But if Arrow refuses to provide complete answers and responses, as well as produce all responsive non-privileged documents, Plaintiff will timely seek appropriate relief from the Court.

**Preliminary Statement**

Plaintiff generally objects to Arrow's blanket Preliminary Statement asserted in each response which should be stricken entirely. Plaintiff specifically objects to Arrow's claim that it "has had an insufficient opportunity to review all documents, interview all witness and otherwise obtain information which may be relevant in this case" as this matter has been pending for 18 months. Plaintiff also specifically objects to Arrow's reservations of rights listed at page 2, line 14 of the Responses.

**Privilege Log**

Please provide by June 14, 2006, a new log (or the Third Amended Privilege Log) reflecting any information and/or documents withheld pursuant to the attorney-client privilege and/or work product doctrine. *See e.g.,* Arrow's responses to <u>Amended Interrogatory No. 13</u> and <u>Document Request Nos. 7, 17, 21</u>. The log must contain information sufficient for plaintiff to test the privilege claimed as addressed in the recent

Messrs. Colman, Reid
June 7, 2006
Page 2 of 5

supplemental pleadings ordered by Judge Brooks. Arrow's objection as to "privacy and confidentiality" can be addressed with an appropriate protective order. *See e.g.,* responses to <u>Interrogatory Nos. 33, 34</u>.

## Standards for Discovery

In many of its responses, Arrow objects to Plaintiff's discovery on the grounds that the information sought is "irrelevant and not reasonably calculated to lead to the discovery of admissible evidence..." *See e.g.,* <u>Request for Admission Nos. 26 and 27;</u> <u>Interrogatory Nos. 32, 33, 34, 35, 36, 37, 40</u>. The standard for discovery does not require that the requested information be admissible – as Arrow's responses indicate – only that "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Proc. 26(b)(1).

## Whether Arrow Intended to Report the Alleged Debts Is Relevant

Whether Arrow intended to report the debt is wholly relevant. *See e.g.,* First Amended Complaint ("FAC") ¶¶16, 18, 13.b.i., 28 (alleging §1692e(5) violation including the threat to take action not intended to be taken). *See also* Judge Houston's February 6, 2006 Order Granting Plaintiff's Motion for Class Certification (Doc. No. 32) at 6:10-11 stating in part "The class claims and issues are whether Defendant violated the [FDCPA and Rosenthal FDCPA] by: .. Threatening to take action that cannot legally be taken *or that is not intended to be taken* ..." (emphasis added). Thus, Plaintiff disagrees with Arrow's contention that the class claims are "not whether Arrow intended to report credit information." *See e.g.,* responses to <u>Request for Admission Nos. 26 and 27</u> and <u>Interrogatory Nos. 26 – 29, 37</u>.

## The Definition of Accounts and Whether They are Beyond the Seven Year Credit Reporting Limitation

Arrow objects to certain interrogatories on various grounds by asserting that "all of the accounts at issue in this case were seven years old by definition." *See* responses to <u>Interrogatory No. 30</u> ("vague and ambiguous" and "unintelligible"); <u>Interrogatory No. 31</u> ("vague and ambiguous," "answers itself" and "unintelligible"); and <u>Interrogatory Nos. 33 and 34</u> ("irrelevant," "overbroad, harassing and burdensome"). Plaintiff disagrees. The definition of "ACCOUNTS" set forth in Plaintiff's discovery includes all persons to whom Arrow mailed letters in the forms of <u>Exhibits A and B</u> on or after January 28, 2004. The class definition is a subset of all persons who received <u>Exhibits A and B</u> unless *all* debts where charged off more than 7 years previous.[1] Thus, Plaintiff's interrogatories are not "unintelligible" or "vague or ambiguous" but rather seek relevant information concerning the identity and number of class members. The information as to

---

[1]     Indeed, if all of the accounts concern debts which were charged off more than 7 years previous, Arrow should say so.

Messrs. Colman, Reid
June 7, 2006
Page 3 of 5

the reportable period is clearly relevant based on Plaintiff's claims. Arrow must provide full and complete responses to these interrogatories.

**Other Issues:**

Amended Interrogatory No. 13 seeks a description of Arrow's procedures reasonably adapted to avoid violation of the FDCPA. The phrase "reasonably adapted" is contained in the FDCPA statutory text. *See* 15 U.S.C. §1692k(c). The meaning of the phrase should be interpreted accordingly and Arrow's "vague and ambiguous" objection is unwarranted. Arrow's response is incomplete. Among other things, it fails to describe any procedures as requested.

Arrow objects, in part, to Interrogatory No. 27 as "duplicative of past discovery requests and, as such, is oppressive, harassing and burdensome." Arrow, however, fails to identify the previous discovery which it contends makes this duplicative, thus, Arrow has not met its burden. Furthermore, Arrow's response that it "does not have a policy of reporting seven year old debt" is unintelligible. Either Arrow has a policy of not reporting seven year old debt, or Arrow has no policy at all.

Interrogatory Nos. 33 and 34 request that Arrow "[s]tate whether at the time each LETTER IN THE FORM OF EXHIBIT A [and B] was mailed, ARROW knew for each ACCOUNT the DATE OF DELINQUENCY, the date it was first reported to a national credit bureau as delinquent, when it was PLACED FOR COLLECTION and when it was CHARGED OFF." Arrow objects as "vague and ambiguous" because these interrogatories "do not specify *who* reported, placed for collection, or charged off the accounts." (emphasis added). Arrow's objection ignores the language requesting information on when these events "first" occurred and is regardless of *who* reported.

Interrogatory Nos. 35 and 36 request that Arrow "[s]tate the number of ACCOUNTS which remained delinquent 35 days after each LETTER IN THE FORM OF EXHIBIT A [and B] was sent." Arrow objects on the grounds they seek "information regarding the delinquency of the accounts, which information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in this case." Arrow also objects to the "35-day cutoff" as "vague and ambiguous." Plaintiff disagrees as both Exhibit A and Exhibit B impose an approximate 30-day cutoff for Plaintiff and members of the class to respond. Whether Arrow reported the debt after Arrow's 30-day deadline is relevant to demonstrate whether the threat was intended. *See also* response to Interrogatory No. 37.

Interrogatory No. 37 states: "For those ACCOUNTS included in YOUR responses to Interrogatory Nos. 35 and 36, state whether YOU reported any information to any credit reporting agency." Plaintiff seeks information on whether Arrow reported accounts that remained delinquent after Exhibits A and B were mailed. This information is relevant to show Arrow's intention and Arrow's policies and practices with respect to reporting payments and delinquencies. Put another way, Arrow's failure to report debts

Messrs. Colman, Reid
June 7, 2006
Page 4 of 5

that remained delinquent after the 30 day deadline would indicate that it had no intention or legal right to report information and that the statements contained in Exhibits A and B were otherwise false, deceptive and misleading.

Interrogatory Nos. 38 and 39 request that Arrow "[s]tate the number of ACCOUNTS where, approximately 35 days after LETTERS IN THE FORM OF EXHIBIT A [and B] were sent, the alleged debtor disputed the debt, sent payment or otherwise resolved the delinquency." Contrary to Arrow's assertion, the 30-day cutoff is not arbitrary, but rather, is based on the deadlines set forth in Exhibit A (dated April 30, 2004) and Exhibit B (dated July 8, 2004) where Arrow demands settlement by May 28, 2004 and August 5, 2004, respectively. Furthermore, the request is not compound, but seeks information on debts that remained delinquent. Arrow responds that "387 debtors made payments after the letters were sent." This response is incomplete because it does not include those accounts that were disputed or otherwise resolved. The responses are also non responsive because they do not delineate between payments made after Exhibit A was mailed but before Exhibit B was mailed.

Interrogatory No. 40 states: "[f]or those ACCOUNTS included in YOUR responses to Interrogatory Nos. 37 and 38, state whether YOU ever reported any information to any national credit bureau." Interrogatory No. 41 states: "[i]f your response to Interrogatory No. 40 is "no," describe in detail all the reasons why YOU did not report any information." Plaintiff seeks information on whether Arrow reported information on accounts that were settled after Exhibits A and B were mailed. Contrary to its assertions, whether Arrow actually reported the account is relevant because the letters promise to report paid accounts by stating: "[u]pon receipt of the settlement amount and clearance of funds, and if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled." Arrow also asserts the interrogatories are duplicative of prior discovery. Arrow, however, fails to identify the prior "duplicative" discovery.

## Document Request

As stated in Plaintiff's prior meet and confer letters regarding his first set of discovery and in Plaintiff's motion to compel, it strains credulity that Arrow, one of the largest debt collectors in the country, does not possess documents responsive to Plaintiff's requests. To date, Arrow has produced less than 50 pages of documents. For these reasons, Plaintiff will notice a Rule 30(b)(6) deposition on these and other topics. If information is obtained showing that Arrow does, in fact, possess responsive non-privileged documents, Plaintiff will move to compel production.

Finally, with respect to Amended Document Request No. 21, Plaintiff was within the time period for propounding additional document requests before May 15, 2006. _See_ Case Management Order at ¶1.

Messrs. Colman, Reid
June 7, 2006
Page 5 of 5

    I look forward to discussing these matters with you in detail.  I am available anytime this week and next week except the morning of June 12th.

                    Sincerely,

                    ELIZABETH J. ARLEO

cc:    O. Randolph Bragg
       Craig M. Shapiro

Arleo Law Firm, PLC

# FACSIMILE

|  | | **Fax No.** | **Telephone No.** |
|---|---|---|---|
| **To:** | Abe Colman/David S. Reidy | 213/ 457-8080 | 213/ 457-8000 |
| | Rand Bragg/Craig Shapiro | 312-372-1673 | 312-372-8822 |

| **From:** | Elizabeth J. Arleo | **Date:** | June 7, 2006 |
|---|---|---|---|
| **Case Code:** | 05-1009 | **Time:** | 4:00 p.m. |
| **Subject:** | *Gonzales v. Arrow Financial Services*<br>Case No. 05-cv-0171 JAH (RBB)<br>US District Court – Southern Division | | |

**Message/Document(s) faxed:**

**Please call fax operator at 760/ 789. 8000 if all pages are not received.**

ORIGINAL DOCUMENTS:  Will follow by ☐ mail  ☐ courier – OR - ☒  Will not follow unless requested.

**CONFIDENTIALITY NOTE:**  This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service.  Thank you.

**Number of pages being transmitted including the cover page:**   **6**

N:\Cases\05-1009 Gonzales v Arrow\Reed Smith Fax.doc

850 Main Street  •  Suite 201  •  Ramona, CA 92065  •  760.789.8000  •  Fax 760.789.8081  •  www.arleolaw.com

```
TX  Report
```

P. 1

(WED) JUN  7 2006 16:08
Arleo Law Firm PLC

|  | DOCUMENT# | : | 7500000-284 |
|--|--|--|--|
|  | TIME STORED | : | JUN  7 16:03 |
|  | TX START DATE | : | JUN  7 16:04 |
|  | DURATION | : | 3min. 54sec |

| User   Name | : | 051009 |
|--|--|--|
| TOTAL DEST. | : | 2stations |
| PAGES | : | 6page |

FIN.   : 2stations

| DESTINATION | RESULT |
|--|--|
| 12134578080 | OK |
| 13123721673 | OK |

Arleo Law Firm, PLC

## FACSIMILE

| To: | Abe Colman/David S. Reidy | **Fax No.** | **Telephone No.** |
|--|--|--|--|
|  | Abe Colman/David S. Reidy | 213/ 457-8080 | 213/ 457-8000 |
|  | Rand Bragg/Craig Shapiro | 312-372-1673 | 312-372-8822 |

| **From:** | Elizabeth J. Arleo | **Date:** | June 7, 2006 |
|--|--|--|--|
| **Case Code:** | 05-1009 | **Time:** | 4:00 p.m. |

# ReedSmith

David S. Reidy
Direct Phone: 213.457.8329
Email: dreidy@reedsmith.com

Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
213.457.8000
Fax 213.457.8080

June 22, 2006

**VIA FACSIMILE**

Elizabeth J. Arleo
Arleo Law Firm PLC
850 Main Street
Ramona, CA 92065

    Re:    <u>Johnny Gonzales v. Arrow Financial Services, Inc.</u>
             **Meet and Confer re: Plaintiff's Discovery Requests, Deposition Notices, Etc.**

Dear Ms. Arleo:

Following up on our discussion of last week, and with a view to circumventing further unnecessary discovery disputes, Arrow is agreeable to a two-part stipulation along the lines we discussed. The proposed stipulation ("Stipulation") would be that:

    1)    all of the accounts to whom either of the letters at issue in this action were sent, were placed for collection or charged off prior to December 29, 1997; and

    2)    Arrow has a policy of not reporting information on accounts that have been placed for collection or charged to profit and loss more than seven years prior.

Please let me know at your earliest convenience if your client agrees to the Stipulation. In light of the fact that the Stipulation would obviate the need for Arrow to supplement its responses to many if not all of the discovery requests that we discussed last week, I will wait to hear from you as to whether you will seek further supplemental responses.

In addition to the discovery requests, Arrow is in receipt of two deposition notices: one seeking the testimony of Arrow's person most knowledgeable on a range of topics ("PMK"); and one for Arrow's former employee Ismael Robles. As to the PMK deposition, please be aware that we will not be able to identify and prepare a PMK witness in time for the proposed June 30, 2006 deposition date in Chicago. Furthermore, in light of the Stipulation, we believe that many of these categories (to which Arrow reserves its objections) are now moot. Please contact me to discuss an amendment to the PMK deposition notice and suitable dates for the deposition.

As to the deposition of Ismael Robles, we strongly urge you (as we have in the past) to reconsider this deposition. We do not believe Mr. Robles can add anything of substance to this case and we hope you will reconsider the need to take this unnecessary deposition.

Elizabeth J. Arleo
June 22, 2006
Page 2

**ReedSmith**

     Finally, I enclose herewith a signed copy of the stipulation to extend the discovery and motion cutoff dates by 30 days, as we discussed.  In light of the 30-day extension and considering the proposed Stipulation regarding seven year old debt, Arrow will consider meet and confer efforts to be ongoing, and reserves its right to supplement its discovery responses and/or object to the deposition notices. Please contact me at your earliest convenience to discuss these matters.

               Sincerely,

               David S. Reidy

Encl.

cc:    Abraham J. Colman, Esq. (i/o)
        Scott H. Jacobs, Esq. (i/o)

1  ARLEO LAW FIRM, PLC.
   ELIZABETH J. ARLEO (CASB NO. 201730)
2  850 Main Street, Suite 201
   Ramona, CA 92065
3  Telephone: 760/789-8000
   760/789-8081 (fax)
4
   HORWITZ, HORWITZ & ASSOCIATES
5  O. RANDOLPH BRAGG
   CRAIG M. SHAPIRO
6  25 East Washington Street, Suite 900
   Chicago, IL 60602
7  Telephone: 312/372-8822
   312/372-1693 (fax)
8
   Attorneys for Plaintiff
9

10            UNITED STATES DISTRICT COURT

11           SOUTHERN DISTRICT OF CALIFORNIA

12

13  JOHNNY GONZALES, on Behalf of Himself    Case No. 05-CV-0171 JAH (RBB)
    and All Others Similarly Situated,
                                              STIPULATION AND [PROPOSED] ORDER
14                       Plaintiff,           CONTINUING CASE MANAGEMENT
                                              SCHEDULE DEADLINES
15         vs.

16  ARROW FINANCIAL SERVICES LLC,

17                       Defendant.

18

19

20         WHEREAS on March 10, 2006, Plaintiff filed two discovery motions which were heard on

21  April 10, 2006;

22         WHEREAS, on April 10, 2006, the Magistrate Court issued an order giving Plaintiff leave to

23  re-serve amended interrogatories and document requests and granting, in part, Plaintiff's request for

24  leave to serve additional discovery;

25         WHEREAS, on April 18, 2006, Plaintiff's Second Set of Discovery Requests were served;

26         WHEREAS, on or about May 19, 2006, the Parties agreed that Defendant could have a one-

27  week extension to serve its responses;

28

                                          - 1 -              05-CV-0171 JAH (RBB)

1    WHEREAS, on May 30, 2006, Defendant served its Responses to Plaintiff's Second Set of

2  Discovery Requests;

3    WHEREAS, pursuant to Plaintiff's concerns about Defendant's written responses, the Parties

4  met and conferred on June 15, 2006 and agreed to attempt to informally resolve the discovery

5  disputes by June 22, 2006;

6    WHEREAS, if the discovery disputes are not informally resolved, Plaintiff may elect to

7  move to compel further responses and any such motion will likely not be heard until late July or

8  early August;

9    WHEREAS, Plaintiff's counsel has noticed the Rule 30(b)(6) deposition of Defendant for

10  June 30, 2006 and the deposition of Ismael Robles on July 7, 2006 and these depositions were

11  delayed pending Defendant's recent discovery responses;

12    WHEREAS, on October 11, 2005, the Court issued the Case Management Conference Order

13  Regulating Discovery and Other Pretrial Proceedings ("CMC Order");

14    WHEREAS, the CMC Order states, in part, "[a]ll discovery shall be completed by all parties

15  on or before July 17, 2006." CMC Order ¶1;

16    WHEREAS, the CMC Order states, in part, "[a]ll other pretrial motions must be filed so that

17  they may be heard on or before August 11, 2006." CMC Order ¶4;

18    WHEREAS, counsel for the parties have agreed to request a 30-day continuance for these

19  dates; and

20    WHEREAS, the 30-day continuance is not for the purpose of delay, promotes judicial

21  efficiency and will not cause prejudice to either party.

22    IT IS HEREBY STIPULATED by the parties, through their counsel of record, that:

23    1.    Discovery shall be completed on or before August 17, 2006 rather than July 17, 2006

24  as currently set forth in ¶1 of the CMC Order.

25

26

27

28

1    2.    All other pretrial motions must be filed so that they may be heard on or before

2    September 11, 2006 instead of August 11, 2006. *See* CMC Order, ¶4

3    DATED: June 2l, 2005                     ARLEO LAW FIRM, PLC.
                                              ELIZABETH J. ARLEO
4
5                                             _____
                                                          ELIZABETH J. ARLEO
6
7                                             850 Main Street, Suite 201
                                              Ramona, CA 92065
8                                             Telephone: 760/789-8000
                                              760/789-8081 (fax)
9                                             HORWITZ, HORWITZ & ASSOCIATES
                                              O. RANDOLPH BRAGG
10                                            CRAIG M. SHAPRIO
                                              25 East Washington Street, Suite 900
11                                            Chicago, IL 60602
                                              Telephone: 312/ 372-8822
12                                            312/ 372-1673 (fax)

13                                            Attorneys for Plaintiff

14   DATED: June 22, 2005                     REED SMITH, LLP
                                              DAVID REIDY
15
16                                            _____
                                                          DAVID REIDY
17
                                              SCOTT H. JACOBS
18                                            DAVID S. REIDY
                                              REED SMITH, LLP
19                                            355 South Grand Avenue, Suite 2900
                                              Los Angeles, CA 90071-1514
20                                            Telephone: 213/ 457-8000
                                              213/ 457-8080 (fax)
21
                                              Attorneys for Defendant
22
23                                            *  *  *
                                              **ORDER**
24   **IT IS SO ORDERED.**

25   Dated: _____                 _____
                                              RUBEN B. BROOKS
26                                            UNITED STATES MAGISTRATE JUDGE

27
28

                                    - 3 -              05-CV-0171 JAH (RBB)

# ReedSmith ●

# FAX TRANSMITTAL

Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA 90071-1514
213.457.8000
Fax 213.457.8080

**From: David S. Reidy**
Direct Phone: 213.457.8329
Email: dreidy@reedsmith.com
Date      June 22, 2006

## Total Number Of Pages Including Cover Page  6

# FAX TO

| Name | Company | Fax Number | Phone Number |
|------|---------|------------|--------------|
| Elizabeth J. Arleo | Arleo Law Firm PLC | (760) 789-8081 | (760) 789-8000 |

**Original will follow via:** ☒ Regular Mail  ☐ Overnight Delivery  ☐ Messenger  ☐ None

**NOTES:**

**If you do not receive all of the pages, please call Nana S. Ofori-Atta at 213.457.6470.**

Please Transmit Before  ☐9 ☐10 ☐11 a.m. ☐12 ☐1 ☐2 ☐3 ☐4 ☐5 ☐6 ☐7 ☐8 p.m.

Client Number:    360433                Matter Number:    60001    Attorney Number:    6883
Transmission Time:                   a.m./p.m.   Finish Time:                       a.m./p.m.
Operator:

**PLEASE NOTE:** The information contained in this facsimile message may be privileged and confidential, and is intended only for the use of the individual(s) or entity named above who has been specifically authorized to receive it. If the reader is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return all pages to the address shown above. Thank you.

NEW YORK ● LONDON ● LOS ANGELES ● PARIS ● SAN FRANCISCO ● WASHINGTON, D.C. ● PHILADELPHIA ● PITTSBURGH ● OAKLAND

MUNICH ● PRINCETON ● FALLS CHURCH ● WILMINGTON ● NEWARK ● MIDLANDS, U.K. ● CENTURY CITY ● RICHMOND ● LEESBURG

r e e d s m i t h . c o m

DOCSLA-15527680.1-DSREIDY

## Elizabeth - Arleo Law

**From:**   Elizabeth - Arleo Law [elizabeth@arleolaw.com]
**Sent:**   Tuesday, June 27, 2006 10:19 AM
**To:**   'Reidy, David S.'
**Cc:**   'Rand Bragg'
**Subject:** Gonzales v. Arrow - various discovery items

Hello David:

Thank you for your e-mail this morning.  Although I hoped to resolve everything today, I am unavailable this afternoon.  But Rand Bragg and I are available to meet telephonically tomorrow at 1:00 California time.  We hope to resolve the following:

1) coming to an agreement on stipulations in lieu of plaintiff filing any motion to compel additional responses (see below);

 2) the 30(b)(6) deposition: Arrow's interest in stipulating to facts to eliminate the necessity of all noticed topics; and if we cannot agree, then an alternative date for testimony; and

 3) an alternative date for the Robles deposition.

Written Discovery: as you know tentative deadline for filing motion to compel is Thursday 6/29.  In lieu of filing any motion to compel, plaintiff's counsel suggests the parties enter into the following stipulations, revised from your 6/22 letter.  I understand that you will need to discuss with your client.  We request a final response by 1:00 p.m. tomorrow for our conference call.

Rather than moving to compel on Interrogatories 30-33 the parties enter into the following stipulation:  "Before Arrow purchased the debts at issue, all of the accounts [defined same as P's discover] to whom Arrow sent Exhibits A and B attached to the First Amended Complaint were placed for collection or charged off prior to December 29, 1997."

Rather than moving to compel on Interrogatories 35-40 we enter into the following stipulation:  "None of the accounts [defined] were ever reported to any national credit bureau by Arrow and approximately 99% of the accounts remained delinquent at least 30 days after Exhibits A and B were mailed by Arrow."

Rather than moving to compel on Interrogatory 41 we enter into the following stipulation:  "Arrow did not report any of the accounts to the national credit bureaus because the debts were beyond the seven-year reporting limitation and, thus, Arrow had no intention of reporting any of the debts."

Elizabeth J. Arleo, Esq.
Arleo Law Firm, PLC
850 Main Street, Suite 201
Ramona, CA 92065
elizabeth@arleolaw.com
(760) 789-8000 Main
(760) 789-8081 Fax

CONFIDENTIALITY NOTE: This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under the applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U. S. Postal Service. Thank you.

## Elizabeth - Arleo Law

**From:** Elizabeth - Arleo Law [elizabeth@arleolaw.com]
**Sent:** Wednesday, June 28, 2006 3:05 PM
**To:** 'Reidy, David S.'
**Cc:** 'Rand Bragg'
**Subject:** Gonzales v. Arrow - meeting today

This e-mail is intended to memorialize the principle agreements made during our conference call this afternoon. Please let me know if any of this does not comport with your understanding or if I omitted any important facts.

1) Arrow will not oppose any motion to compel responses to Plaintiff's Second Set of Discovery based on whether it is filed tomorrow or Friday, June 30, 2006;

2) By end of business today, you will provide Arrow's final response to the proposed stipulations listed in my June 27 e-mail;

3) You provided 7/6 and 7/19 as alternative dates for the Robles deposition; 7/6 is not good for me and I will get back to you as to whether 7/19 is possible; and

4) You will discuss with Arrow the notion of stipulating to facts in lieu of the 30(b)(6) deposition topics. I provide the following proposals only as guidance and recognize that no formal agreements have been made either to entering into any stipulation or to any language. Pursuant to Scott's request, we ended the discussion at number 11.

For topics 1-3, stipulate that Arrow purchased the debt from Holiday Spa or elsewhere and no authority to enter into any agreement;

For topics 4 and 5, stipulate that Arrow had a policy of not reporting 7+ year old debt and a description in detail of the internal systems which apply to the accounts and how those systems work and how, when and what information Arrow received pertaining to the accounts;

For topic 6, stipulate that all alleged debts were incurred for non-business purposes as defined by FDCPA and Rosenthal Act (if applicable);

For topic 7, stipulate that Arrow was attempting to collect a debt from Plaintiff to satisfy the FDCPA and Rosenthal Act (if applicable);

For topics 8 and 9, stipulate that Arrow is a "debt collector" and Plaintiff is a "consumer" as those terms are defined by the FDCPA and Rosenthal Act;

For topic 10, stipulate that Arrow sent the letters, the letters should not have been sent, and Arrow will not assert that letters were sent by a rogue employee;

Finally, with respect to the 30(b)(6) deposition Plaintiff noticed for June 30, 2006, you have stated that Arrow does not intend upon producing a deponent on that date. Plaintiff has not relieved Arrow of the June 30th deposition notice. When we receive an acceptable alternative date from Arrow, we will re-

## Elizabeth - Arleo Law

**From:**     Reidy, David S. [DReidy@ReedSmith.com]
**Sent:**     Thursday, June 29, 2006 3:40 PM
**To:**       elizabeth@arleolaw.com
**Cc:**       Jacobs, Scott H.
**Subject:** RE: Gonzales v. Arrow - meeting today

We can't get a date from Arrow at this point.  Even if we did, we have no way of knowing what new counsel's schedule is going to look like and we can't commit for him.  I can't give you any more information at this point,

David S. Reidy | Reed Smith LLP | *dreidy@reedsmith.com*

Please Note:  I am working from San Francisco today.  My direct phone line while I'm here is 415.659.5972.

---

**From:** Elizabeth - Arleo Law [mailto:elizabeth@arleolaw.com]
**Sent:** Thursday, June 29, 2006 11:30 AM
**To:** Reidy, David S.
**Subject:** RE: Gonzales v. Arrow - meeting today

David,

Can you give me an update?

---

**From:** Reidy, David S. [mailto:DReidy@ReedSmith.com]
**Sent:** Wednesday, June 28, 2006 5:02 PM
**To:** elizabeth@arleolaw.com
**Cc:** Jacobs, Scott H.
**Subject:** RE: Gonzales v. Arrow - meeting today

Elizabeth,
We have a call scheduled with the client first thing tomorrow.  I will contact you immediately afterwards,

David S. Reidy | Reed Smith LLP | T: 213.457.8329 | F: 213.457.8080 | *dreidy@reedsmith.com*

---

**From:** Elizabeth - Arleo Law [mailto:elizabeth@arleolaw.com]
**Sent:** Wednesday, June 28, 2006 3:05 PM
**To:** Reidy, David S.
**Cc:** 'Rand Bragg'
**Subject:** Gonzales v. Arrow - meeting today

This e-mail is intended to memorialize the principle agreements made during our conference call this afternoon.  Please let me know if any of this does not comport with your understanding or if I omitted any important facts.

6/30/2006

1)  Arrow will not oppose any motion to compel responses to Plaintiff's Second Set of Discovery based on whether it is filed tomorrow or Friday, June 30, 2006;

2)  By end of business today, you will provide Arrow's final response to the proposed stipulations listed in my June 27 e-mail;

3)  You provided 7/6 and 7/19 as alternative dates for the Robles deposition; 7/6 is not good for me and I will get back to you as to whether 7/19 is possible; and

4) You will discuss with Arrow the notion of stipulating to facts in lieu of the 30(b)(6) deposition topics.  I provide the following proposals only as guidance and recognize that no formal agreements have been made either to entering into any stipulation or to any language.  Pursuant to Scott's request, we ended the discussion at number 11.

For topics 1-3, stipulate that Arrow purchased the debt from Holiday Spa or elsewhere and no authority to enter into any agreement;

For topics 4 and 5, stipulate that Arrow had a policy of not reporting 7+ year old debt and a description in detail of the internal systems which apply to the accounts and how those systems work and how, when and what information Arrow received pertaining to the accounts;

For topic 6, stipulate that all alleged debts were incurred for non-business purposes as defined by FDCPA and Rosenthal Act (if applicable);

For topic 7, stipulate that Arrow was attempting to collect a debt from Plaintiff to satisfy the FDCPA and Rosenthal Act (if applicable);

For topics 8 and 9, stipulate that Arrow is a "debt collector" and Plaintiff is a "consumer" as those terms are defined by the FDCPA and Rosenthal Act;

For topic 10, stipulate that Arrow sent the letters, the letters should not have been sent, and Arrow will not assert that letters were sent by a rogue employee;

Finally, with respect to the 30(b)(6) deposition Plaintiff noticed for June 30, 2006, you have stated that Arrow does not intend upon producing a deponent on that date.  Plaintiff has not relieved Arrow of the June 30th deposition notice.  When we receive an acceptable alternative date from Arrow, we will re-notice the deposition accordingly.  Until that time, however, Arrow has a duty to appear at the deposition or move for a protective order.  If Arrow does not provide an alternative date, move for a protective order or appear on June 30th as noticed, plaintiff will move for sanctions.  Quite honestly, this is an unnecessary dispute which can be avoided with Arrow's cooperation in providing an acceptable date-certain for the 30(b)(6) deposition before end of business tomorrow.  We seek dates in the first or second week of July.

We look forward to your response.

Elizabeth

Elizabeth J. Arleo, Esq.
Arleo Law Firm, PLC

6/30/2006

850 Main Street, Suite 201
Ramona, CA 92065
elizabeth@arleolaw.com
(760) 789-8000 Main
(760) 789-8081 Fax

**CONFIDENTIALITY NOTE:** This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under the applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U. S. Postal Service. Thank you.

6/30/2006

## Elizabeth - Arleo Law

| | |
|---|---|
| **From:** | Reidy, David S. [DReidy@ReedSmith.com] |
| **Sent:** | Thursday, June 29, 2006 1:22 PM |
| **To:** | elizabeth@arleolaw.com |
| **Subject:** | RE: Gonzales v. Arrow - meeting today |

Arrow is substituting in new counsel in this case. Please call me at the number below (I'm in SF today) and we can discuss,

David S. Reidy | Reed Smith LLP | *dreidy@reedsmith.com*

Please Note: I am working from San Francisco today. My direct phone line while I'm here is 415.659.5972.

---

**From:** Elizabeth - Arleo Law [mailto:elizabeth@arleolaw.com]
**Sent:** Thursday, June 29, 2006 11:30 AM
**To:** Reidy, David S.
**Subject:** RE: Gonzales v. Arrow - meeting today

David,

Can you give me an update?

---

**From:** Reidy, David S. [mailto:DReidy@ReedSmith.com]
**Sent:** Wednesday, June 28, 2006 5:02 PM
**To:** elizabeth@arleolaw.com
**Cc:** Jacobs, Scott H.
**Subject:** RE: Gonzales v. Arrow - meeting today

Elizabeth,
We have a call scheduled with the client first thing tomorrow. I will contact you immediately afterwards,

David S. Reidy | Reed Smith LLP | T: 213.457.8329 | F: 213.457.8080 | *dreidy@reedsmith.com*

---

**From:** Elizabeth - Arleo Law [mailto:elizabeth@arleolaw.com]
**Sent:** Wednesday, June 28, 2006 3:05 PM
**To:** Reidy, David S.
**Cc:** 'Rand Bragg'
**Subject:** Gonzales v. Arrow - meeting today

This e-mail is intended to memorialize the principle agreements made during our conference call this afternoon. Please let me know if any of this does not comport with your understanding or if I omitted any important facts.

6/30/2006

1)   Arrow will not oppose any motion to compel responses to Plaintiff's Second Set of Discovery based on whether it is filed tomorrow or Friday, June 30, 2006;

2)   By end of business today, you will provide Arrow's final response to the proposed stipulations listed in my June 27 e-mail;

3)   You provided 7/6 and 7/19 as alternative dates for the Robles deposition; 7/6 is not good for me and I will get back to you as to whether 7/19 is possible; and

4) You will discuss with Arrow the notion of stipulating to facts in lieu of the 30(b)(6) deposition topics.  I provide the following proposals only as guidance and recognize that no formal agreements have been made either to entering into any stipulation or to any language.  Pursuant to Scott's request, we ended the discussion at number 11.

For topics 1-3, stipulate that Arrow purchased the debt from Holiday Spa or elsewhere and no authority to enter into any agreement;

For topics 4 and 5, stipulate that Arrow had a policy of not reporting 7+ year old debt and a description in detail of the internal systems which apply to the accounts and how those systems work and how, when and what information Arrow received pertaining to the accounts;

For topic 6, stipulate that all alleged debts were incurred for non-business purposes as defined by FDCPA and Rosenthal Act (if applicable);

For topic 7, stipulate that Arrow was attempting to collect a debt from Plaintiff to satisfy the FDCPA and Rosenthal Act (if applicable);

For topics 8 and 9, stipulate that Arrow is a "debt collector" and Plaintiff is a "consumer" as those terms are defined by the FDCPA and Rosenthal Act;

For topic 10, stipulate that Arrow sent the letters, the letters should not have been sent, and Arrow will not assert that letters were sent by a rogue employee;


Finally, with respect to the 30(b)(6) deposition Plaintiff noticed for June 30, 2006, you have stated that Arrow does not intend upon producing a deponent on that date.  Plaintiff has not relieved Arrow of the June 30th deposition notice.  When we receive an acceptable alternative date from Arrow, we will re-notice the deposition accordingly.  Until that time, however, Arrow has a duty to appear at the deposition or move for a protective order.  If Arrow does not provide an alternative date, move for a protective order or appear on June 30th as noticed, plaintiff will move for sanctions.  Quite honestly, this is an unnecessary dispute which can be avoided with Arrow's cooperation in providing an acceptable date-certain for the 30(b)(6) deposition before end of business tomorrow.  We seek dates in the first or second week of July.

We look forward to your response.

Elizabeth

Elizabeth J. Arleo, Esq.
Arleo Law Firm, PLC
850 Main Street, Suite 201



6/30/2006

Ramona, CA 92065
elizabeth@arleolaw.com
(760) 789-8000 Main
(760) 789-8081 Fax

**CONFIDENTIALITY NOTE:** This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under the applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U. S. Postal Service. Thank you.