USDC SCAN INDEX SHEET

















R1R   8/14/06   8:57

3:05-CV-00171   GONZALES V. ARROW FINANCIAL

*96*

*P/A.*

ORIGINAL

1  ARLEO LAW FIRM, PLC
   ELIZABETH J. ARLEO (CASB NO. 201730)
2  850 Main Street, Suite 201
   Ramona, CA 92065
3  Telephone:  760/789-8000
   760/789-8081 (fax)
4
   HORWITZ, HORWITZ & ASSOCIATES
5  O. RANDOLPH BRAGG
   CRAIG M. SHAPIRO
6  25 East Washington Street, Suite 900
   Chicago, IL 60602
7  Telephone: 312/372-8822
   312/372-1693 (fax)
8
   Attorneys for Plaintiff
9

FILED

06 AUG 11  PH 2: 38

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

PDU

BY:                        DEPUTY

10                  UNITED STATES DISTRICT COURT

11                SOUTHERN DISTRICT OF CALIFORNIA

12
   JOHNNY GONZALES, on Behalf of Himself       Case No. 05-CV-0171 JAH (RBB)
13 and All Others Similarly Situated,
                                                MEMORANDUM OF POINTS AND
14                            Plaintiff,         AUTHORITIES IN SUPPORT OF
                                                PLAINTIFF'S MOTION FOR PARTIAL
15       vs.                                    SUMMARY JUDGMENT

16 ARROW FINANCIAL SERVICES LLC,
                                                Date:        September 14, 2006
17                            Defendant.        Time:        3:00 p.m.
                                                Courtroom:   11, Second Floor
18
                                                Hon. John A. Houston
19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.  INTRODUCTION ...................................................................................................1

II.  RELEVANT PROCEDURAL BACKGROUND ...................................................2

III.  STATEMENT OF FACTS .....................................................................................4

IV.  ARGUMENT.........................................................................................................5

A.  Summary Judgment Should be Granted Where There are no Disputed Issues of Material Facts and the Moving Party is Entitled to Judgment as a Matter of Law ...........................................................................................5

B.  Arrow is Strictly Liable for Its FDCPA Violations .................................6

C.  The "Least Sophisticated Debtor" Standard is Used to Analyze Violations of the FDCPA .......................................................................................7

D.  Plaintiff and Members of the Class Have Been the Objects of Collection Activity Arising from Consumer Debt as Defined by 15 U.S.C. §1692a(5) and Calif. Civil Code §1788.2(f) ..............................................................8

E.  Mr. Gonzales and the Class Members are Consumers ..........................9

F.  Arrow is a "Debt Collector" as Defined by 15 U.S.C. §1692a(6) and Calif. Civil Code §1788.2(c)....................................................................9

G.  Arrow Has Engaged in Acts or Omissions in Violation of the Prohibitions or Requirements of the FDCPA and the CA FDCPA............................10

1.  Defendant Violated 15 U.S.C. §1692e and §1692e(5) .................10

2.  Defendant Violated 15 U.S.C. §1692e(10)...................................12

3.  Defendant Violated Calif. Civil Code §1788.13(f).......................12

4.  Since Defendant Violated the FDCPA, Defendant Violated the CA FDCPA via Calif. Civil Code §1788.17............................13

H.  Plaintiff and the Class Are Entitled to Statutory Damages Pursuant to the FDCPA and CA FDCPA .......................................................................13

V.  CONCLUSION....................................................................................................14

1

# TABLE OF AUTHORITIES

2 **CASES**

3 *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541 (N.D. Cal. 2005) ............................................. 14

4 *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061 (N.D. Cal. 2004)....................................... 1, 14

5 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505,
        91 L. Ed. 2d 202 (1986) ....................................................................................................... 5, 6

6

*Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912 (9th Cir. 2001) ................................. 6

7
*Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996)............................................................................... 8, 14

8
*Baker v. G.C. Services Corp.*, 677 F.2d 775 (9th Cir. 1982) ......................................... 6, 7, 10, 11

9
*Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383 (D. Del. 1991) .............................................. 7

10
*Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993)........................................ 6, 7

11
*Cacace v. Lucas*, 775 F. Supp. 502 (D.Conn. 1990)................................................................... 6, 7

12
*Campion v. Credit Bureau Servs.*, 206 F.R.D. 663 (E.D. Wash. 2001)......................................... 6

13
*Chan v. N. Am. Collectors, Inc.*, No. C 06-0016 JL,
14        2006 U.S. Dist. LEXIS 13353 (N.D. Cal., March 24, 2006) ................................................ 2, 7

15 *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) .............................................................. 6, 8, 10

16 *Edstrom v. All Servs. & Processing*, No. C04-1514 BZ,
        2005 U.S. Dist. LEXIS 2773 (N.D. Cal. Feb. 22, 2005) ...................................................... 7, 14
17
*Forsberg v. Fid. Nat'l Credit Servs.*, No. 03-cv-2193 DMS (AJB),
18        2004 U.S. Dist. LEXIS 7622 (S.D. Cal. Feb. 25, 2004) .......................................................... 6

19 *Gonzales v. Arrow Fin. Servs. LLC*, 233 F.R.D. 577 (S.D. Cal. 2006) ........................................ 3

20 *Gonzalez v. Arrow Fin. Servs. LLC*,  No. 05-cv-0171 JAH (RBB),
        2005 U.S. Dist. LEXIS 19712 (S.D. Cal., July 25, 2005) .................................................. 3, 11
21
*Gouskos v. Aptos Village Garage, Inc.*, 94 Cal. App. 4th 754 (2001)........................................... 8
22
*Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991)................................................................... 12
23
*Hartman v. Meridian Fin. Servs.*, 191 F. Supp. 2d 1031 (W.D. Wis. 2002).................................. 7
24
*Irwin v. Mascott*, 112 F. Supp. 2d 937 (N.D. Cal. 2000)......................................................... 6, 10
25
*Kuhn v. Account Control Technology*, 865 F. Supp. 1443 (D. Nev. 1994) ................................. 6, 7
26
*Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456 (C.D. Cal. 1991).................................... 7
27
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
28        106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)............................................................................... 6

*McDonald v. Bonded Collectors, L.L.C.*, 233 F.R.D. 576 (S.D. Cal. 2005) ................................ 14

*Newman v. Checkrite Cal.*, 912 F. Supp. 1354 (E.D. Cal. 1995) ................................ 10

*Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446 (8th Cir. 2001) ................................ 7

*Pittman v. J.J. Mac Intyre Co.*, 969 F. Supp. 609 (D. Nev. 1997) ................................ 6

*Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004) ................................ 12

*Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174 (W.D.N.Y. 1988) ................................ 2

*Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996) ................................ 6, 8, 12

*Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319 (E.D. Mich. 1992) ................................ 6

*Swanson v. Mid Am, Inc.*, No. 97-1908-CIV-T-25C,
    1999 U.S. Dist. LEXIS 14302 (M.D.Fla. Mar. 24, 1999) ................................ 12

*Swanson v. Southern Or. Credit Serv.*, 869 F.2d 1222 (9th Cir. 1988) ................................ 7, 10, 11

*Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997) ................................ 7

*Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1997) ................................ 7, 11

*U.S. v. Nat'l Fin. Servs.*, 98 F.3d 131 (4th Cir. 1996) ................................ 8

*Uyeda v. J. A. Cambece Law Office, P.C.*, No. C 04-04312 J W,
    2005 U.S. Dist. LEXIS 9271 (N.D. Cal. May 16, 2005) ................................ 10

*Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996) ................................ 12

*Whatley v. Universal Collection Bureau, Inc.*, 525 F. Supp. 1204 (N.D. Ga. 1981) ................................ 2

*Withers v. Eveland*, 988 F. Supp. 942 (E.D. Va. 1997) ................................ 2

**STATUTES**

15 U.S.C. §1681c(c) ................................ 1, 13

15 U.S.C. §1692 ................................ 1

15 U.S.C. §1692a(2) ................................ 5

15 U.S.C. §1692a(3) ................................ 4, 9

15 U.S.C. §1692a(5) ................................ 4, 8

15 U.S.C. §1692a(6) ................................ 9

15 U.S.C. §§1692d ................................ 7

15 U.S.C. §§1692e ................................ 1, 2, 7, 10, 14

15 U.S.C. §1692e(5) ................................ 1, 2, 10, 12, 14

1   15 U.S.C. §1692e(10) .................................................................................... 1, 2, 12, 14

2   15 U.S.C. §1692f ...................................................................................................... 7

3   15 U.S.C. §1692g ...................................................................................................... 7

4   15 U.S.C. §1692k ............................................................................................... 2, 13, 14

5   15 U.S.C. §1692k(a) ............................................................................................... 13

6   Fed. R. Civ. P. 56(c) ............................................................................................... 5

7   Calif. Civil Code §1788 ............................................................................................. 1

8   Calif. Civil Code §1788.2(c) ..................................................................................... 9

9   Calif. Civil Code §1788.2(f) ...................................................................................... 8

10  Calif. Civil Code §1788.2(h) ................................................................................. 4, 9

11  Calif. Civil Code §§1788.13 ...................................................................................... 2

12  Calif. Civil Code §1788.13(f) ....................................................................... 2, 12, 14

13  Calif. Civil Code §1788.17 ........................................................................ 1, 2, 13, 14

14  Calif. Civil Code §1788.30(f) .................................................................................. 14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR PARTIAL SUMMARY
JUDGMENT                                    - iv -                          05-CV-0171 JAH (RBB)

1    On behalf of himself and the class he represents, Plaintiff Johnny Gonzales hereby

2    respectfully moves this Court for Partial Summary Judgment that Defendant Arrow Financial

3    Services LLC ("Defendant" or "Arrow") be found to have violated the Fair Debt Collection

4    Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the California Fair Debt Collection Practices

5    Act, Calif. Civil Code §1788 *et seq.* ("CA FDCPA").  The determination of actual damages,

6    statutory damages, and declaratory relief is reserved for a later proceeding for Defendant's violations

7    of the FDCPA and CA FDCPA.

8    **I.   INTRODUCTION**

9    Plaintiff's claims arise from two collection letters sent by Arrow, (attached as <u>Exhibits A and</u>

10   <u>B</u> to the First Amended Complaint) which include the language: "[u]pon receipt of the settlement

11   amount and clearance of funds, and if we are reporting the account, the appropriate credit bureaus

12   will be notified that this account has been settled."

13   This reference to credit bureaus is misleading because pursuant to the Fair Credit Reporting

14   Act ("FCRA"), a credit bureau cannot report a debt charged off more than 7 years previously.  15

15   U.S.C. §1681c(c).  By sending collection letters which falsely threaten to report 7+ year old debts to

16   the credit reporting agencies, Arrow violated the FDCPA, 15 U.S.C. §1692e, §1692e(5) and

17   §1692e(10) which prohibit:

18          *False or misleading representations*

19          *A debt collector may not use any false, deceptive, or misleading*
            *representation or means in connection with the collection of any debt.*

20          *Without limiting the general application of the foregoing, the following*
            *conduct is a violation of this section...*

21                            ***
            *(5)  The threat to take any action that cannot legally be taken or that is not*

22          *intended to be taken.*
                              ***

23          *(10)  The use of any false representation or deceptive means to collect or*
            *attempt to collect any debt or to obtain information concerning a consumer.*

24
     In so doing, Arrow's letters also violate the CA FDCPA.  California has incorporated by

25   reference provisions of the FDCPA into the CA FDCPA.  *Alkan v. Citimortgage, Inc.*, 336 F. Supp.

26   2d 1061, 1065 (N.D. Cal. 2004).  Calif. Civil Code §1788.17 requires debt collectors in California to

27   comply with 15 U.S.C. §1692b through §1692j, and states violators will be subject to the remedies

28

1   provided by 15 U.S.C. §1692k. Calif. Civil Code §1788.17. Calif. Civil Code §1788.13(f) further

2   prohibits "[t]he false representation that information concerning a debtor's failure or alleged failure

3   to pay a consumer debt has been or is about to be referred to a consumer reporting agency."

4          To establish a violation of the FDCPA, one need only show that: (1) the plaintiff has been the

5   object of collection activity arising from a consumer debt; (2) the defendant collecting the "debt" is a

6   "debt collector" as defined in the FDCPA; and (3) the defendant has engaged in any act or omission

7   in violation of the prohibitions or requirements of the Act. *Chan v. N. Am. Collectors, Inc.*, No. C

8   06-0016 JL, 2006 U.S. Dist. LEXIS 13353, at *7 (N.D. Cal., March 24, 2006); *Riveria v. MAB*

9   *Collections, Inc.*, 682 F. Supp. 174, 175-76 (W.D.N.Y. 1988); *Withers v. Eveland*, 988 F. Supp. 942,

10  945 (E.D. Va. 1997); *Whatley v. Universal Collection Bureau, Inc.*, 525 F. Supp. 1204, 1205-06

11  (N.D. Ga. 1981).

12         There is no dispute as to facts regarding the content of Defendant's form collection letters,

13  Exhibits A and B, or that Arrow sent the letters to Plaintiff and 39,727 other class members. There

14  is also no dispute as to facts regarding Defendant's status as a debt collector, the alleged debt's status

15  as a consumer debt, or that the debts were charged off more than seven years prior to the sending of

16  the letters. Thus, a grant of partial summary judgment is appropriate on the issue of Arrow's liability

17  for violations of the FDCPA, 15 U.S.C. §§1692e, e(5), and e(10) as well as the CA FDCPA, Calif.

18  Civil Code §§1788.13 and 1788.17.

19  **II.  RELEVANT PROCEDURAL BACKGROUND**

20         On January 28, 2005 Plaintiff commenced his class action alleging Arrow violated the

21  FDCPA. On July 25, 2005, this Court denied Defendant's motion to dismiss stating, in part:

22         This Court is unconvinced that the least sophisticated debtor would know or
        understand the impact of defendant's qualifying phrase "if we are reporting the

23         account" on debts that are older than seven years or otherwise not reported to the
        credit bureaus.   Although defendant's interpretation may be reasonable to a

24         sophisticated or knowing person, it is not sufficiently clear that an unsophisticated
        debtor with a non-reportable debt would understand the qualifying language. The

25         wording in the letters do not inform the least sophisticated debtor what type of debts
        are not reported nor does the wording provide insight into the impact of reporting the

26         settlement on those debts that are older than seven years or not reported for any other
        reason. Nor do the letters indicate that not all debts are reportable. In this Court's

27         view, the least sophisticated debtor could likely believe his debt is reportable just
        because the letters indicate the credit bureaus will be notified. This Court, therefore,

28

MOTION FOR PARTIAL SUMMARY                      - 2 -
JUDGMENT                                                                 05-CV-0171 JAH (RBB)

finds defendant's argument that the wording in the letters are not misleading or deceptive fails.

*Gonzalez v. Arrow Fin. Servs. LLC*, No. 05-cv-0171 JAH (RBB), 2005 U.S. Dist. LEXIS 19712, at *10-*11 (S.D. Cal., July 25, 2005). [Docket No. 11].

On October 13, 2005, Plaintiff was granted leave to amend the complaint to add the CA FDCPA claims and redefine the class to all natural persons with California addresses who meet the following criteria: (a) Defendants sent them a letter in the form of Exhibits A and B; (b) on or after January 24, 2004; (c) seeking to collect a debt allegedly owed to Bally Total Fitness Corporation and/or Holiday Spa Health Clubs of California that was charged off more than 7 years previous to the date of the letter; and (d) which was not returned by the Postal Service. [Docket No. 28].

On November 16, 2005, Arrow filed its Answer to the First Amended Complaint. [Docket No. 37]. On February 6, 2006, this Court granted Plaintiff's Motion for Class Certification for claims pursuant to the FDCPA and CA FDCPA. *Gonzales v. Arrow Fin. Servs. LLC*, 233 F.R.D. 577 (S.D. Cal. 2006). [Docket No. 46]. On July 26, 2006, Arrow produced the list of 39,727 class members.[1] On August 4, 2006, the Stipulated and [Proposed] Order Re: Approval of Class Notice was submitted for this Court's approval.

The parties have exchanged discovery since November 2005. Initial Disclosures were exchanged on November 17, 2005. Plaintiff propounded two sets of written discovery including requests for admission, interrogatories and document requests. Motions to compel were heard on both sets of Plaintiff's discovery.[2] Defendant provided initial and supplemental written responses to

---

[1] *See* Declaration of Elizabeth J. Arleo In Support Of Plaintiff's Motion for Partial Summary Judgment ("Arleo Decl."), ¶¶2-3, Ex. 1.

[2] Most recently on July 31, 2006, Magistrate Judge Ruben B. Brooks issued an order granting Plaintiff's motion to compel responsive documents. [Docket No. 87]. Arrow was ordered to produce, subject to a protective order, its employee manual known as the "Purchased Accounts Manual," as well as all portions of all other manuals that are relevant to the issues in this case or that refer to or give instruction concerning the FDCPA or the FCRA. On August 7, 2006, Arrow produced only 100 pages of documents. [Docket No. 91]. Based upon deposition testimony, Plaintiff's counsel believes the production to be incomplete and anticipates conferring with Arrow's counsel on the issue. If necessary, Plaintiff's counsel will move *ex parte* to compel further production. Plaintiff's counsel may supplement or amend Plaintiff's SMF at a later date.

1   both.   Arrow also propounded written discovery on Plaintiff on February 21, 2006.   Three

2   depositions were taken:  Defendant's deposition of Plaintiff on April 7, 2006; Plaintiff's deposition

3   of Ismael Robles, Arrow's former collection manager, on July 19, 2006; and Plaintiff's Rule

4   30(b)(6) deposition of Defendant on July 20, 2006.

5   **III.  STATEMENT OF FACTS**

6          Defendant is a Delaware limited liability corporation headquartered in Illinois.   *See*

7   Plaintiff's Statement of Material Facts ("SMF") #6.  Arrow did business in the State of California

8   through a "San Diego Call Center" located in San Diego County.  SMF #7.  Arrow is a "debt

9   collector" as defined by the FDCPA and the CA FDCPA.  SMF #s 8, 9.

10         Sometime in 1989 or 1990, Plaintiff joined Bally/Holiday Spa by signing a two-year

11  membership contract.  SMF #1.  Subsequently he stopped paying the monthly dues.  SMF #2.

12  Plaintiff's Bally's debt was charged off on May 3, 1991.  SMF # 16.  In or about June 2002, Arrow

13  received an electronic file from Daiwa with Plaintiff's account information, including account

14  number, date of last payment, charge off date, name, address, telephone number, social security

15  number and the unpaid balance.  SMF #13.  On June 26, 2002, Arrow flagged Plaintiff's debt as

16  unreportable.  SMF #29.

17         Johnny Gonzales and each class member's alleged debt to Bally Total Fitness Corporation

18  and/or Holiday Spa Clubs of California was incurred for personal, family or household purposes, as

19  defined by the FDCPA, 15 U.S.C. §1692a(5).  SMF #5.  Mr. Gonzales and each member of the class

20  are "consumers" as defined by the FDCPA, 15 U.S.C. §1692a(3).  SMF #3.  Mr. Gonzales and each

21  member of the class are "debtors" as defined by the California Rosenthal Fair Debt Collection

22  Practices Act ("CA FDCPA"), Calif. Civil Code §1788.2(h).  SMF #4.

23         On April 30, 2004 and July 8, 2004, some 13 years after the charge off date, Arrow sent

24  collection letters to Plaintiff demanding payment of the debt which are attached to the First

25  Amended Complaint ("FAC") as Exhibits A and B.  SMF #s 14, 15.  Each of the letters states

26  "[u]pon receipt of the settlement amount and clearance of funds, and if we are reporting the account,

27  the appropriate credit bureaus will be notified that this account has been settled." SMF #s 23, 25.

28  This is followed by another reference to credit bureau reporting asking Plaintiff to provide payment

MOTION FOR PARTIAL SUMMARY        - 4 -
JUDGMENT                                      05-CV-0171 JAH (RBB)

1    and indicate agreement to the statement: "When my funds clear, and if you are reporting the account,

2    you will notify the appropriate credit bureaus of this settlement." SMF #s 24, 26.  Arrow, however,

3    had no intention of reporting information on Plaintiff's account to any reporting agency.  SMF #29.

4        The original creditor for the alleged debt was Bally Total Fitness Corporation and/or Holiday

5    Spa Health Clubs of California.  SMF #11.  At the time it sent <u>Exhibits A and B</u>, Arrow had

6    purchased the Bally/Holiday debt and was the creditor.  SMF #12.  Each class member's alleged

7    debt was charged off more than seven years before <u>Exhibits A and B</u> were sent.  SMF #18.  Arrow

8    does not follow a practice of reporting the payment of a debt that is more than seven years old to

9    credit bureaus.  SMF# 28.

10       <u>Exhibits A and B</u> are form letters mass mailed by Arrow.  SMF #22.  They are

11   communications made in an attempt to collect as defined by the FDCPA, 15 U.S.C. §1692a(2) and

12   as used in the CA FDCPA.  SMF #21.  Between January 28, 2004 and January 28, 2005, Arrow sent

13   44,761 letters to 39,727 distinct debtors seeking to collect alleged debts owed to Bally/Holiday Spa.

14   SMF #17.  The class alleged and certified in this action is expressly limited to debtors whose

15   accounts were charged off more than seven years before <u>Exhibits A and B</u> were sent.  SMF #19.  On

16   July 27, 2006, Arrow produced the list containing the names of 39,727 class members.  SMF #20.

17   **IV.  ARGUMENT**

18       **A.  Summary Judgment Should be Granted Where There are no Disputed**
         **Issues of Material Facts and the Moving Party is Entitled to Judgment**
19       **as a Matter of Law**

20   Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment:

21       shall be rendered forthwith if the pleadings, depositions, answers to interrogatories
         and admissions on file, together with the affidavits, if any, show that there is no
22       genuine issue as to any material fact and that the moving party is entitled to a
         judgment as a matter of law.  A summary judgment, interlocutory in character, may
23       be rendered on the issue of liability alone, although there is a genuine issue as to the
         amount of damages.

24
         The entry of summary judgment is inappropriate where there exists a genuine and material
25
     issue of fact.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2509-10, 91
26
     L. Ed. 2d 202 (1986).  Substantive law defines which facts are material and only disputes over facts
27
     that might affect the outcome of the case will defeat summary judgment.  *Id.* at 248, 106 S. Ct. at
28

1    2510. A factual dispute is genuine if a "reasonable jury could return a verdict for the non-moving

2    party." *Id*. Although all inferences to be drawn from the underlying facts must be viewed in the

3    light most favorable to the non-moving party, once the movant has met his or her burden of

4    demonstrating the absence of a genuine issue of material fact, the party opposing summary judgment

5    "must do more than simply show that there is some metaphysical doubt as to the material facts" to

6    prevent its entry. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.

7    Ct. 1348, 1355-56, 89 L. Ed. 2d 538 (1986). It is not sufficient for the party opposing summary

8    judgment to provide a scintilla of evidence supporting its case. *Anderson,* 477 U.S. at 252, 106 S.

9    Ct. at 2512. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 918 (9th Cir. 2001).

10                    **B. Arrow is Strictly Liable for Its FDCPA Violations**

11           The FDCPA imposes ***strict liability*** on debt collectors who violate the Act. *Irwin v. Mascott*,

12   112 F. Supp. 2d 937, 958 (N.D. Cal. 2000); *Campion v. Credit Bureau Servs.*, 206 F.R.D. 663, 675

13   (E.D. Wash. 2001); *Pittman v. J.J. Mac Intyre Co.*, 969 F. Supp. 609, 613 (D. Nev. 1997) (citing

14   *Kuhn v. Account Control Technology*, 865 F. Supp. 1443, 1450 (D. Nev. 1994)). "Because the Act

15   imposes strict liability, a consumer need not show intentional conduct by the debt collector to be

16   entitled to damages." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996).[3] "As the FDCPA is a

17   strict liability statute, proof of one violation is sufficient to support summary judgment for the

18   plaintiff." *Cacace v. Lucas,* 775 F. Supp. 502, 505 (D.Conn. 1990) (citations omitted). *See also*

19   *Stojanovski v. Strobl & Manoogian, P.C.,* 783 F. Supp. 319, 323 (E.D. Mich. 1992) (same); *Bentley*

20   *v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2nd Cir. 1993) (citing *Clomon v. Jackson,* 988 F.2d

21   1314, 1320 (2nd Cir. 1993).

22           Furthermore, the question of whether the consumer owes the alleged debt has no bearing on a

23   suit brought pursuant to the FDCPA. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir.

24

25

26   [3] In *Forsberg v. Fid. Nat'l Credit Servs.*, No. 03-cv-2193 DMS (AJB), 2004 U.S. Dist. LEXIS 7622,
     at *18 (S.D. Cal. Feb. 25, 2004), the Honorable Dana M. Sabraw stated "[b]ased on this Court's
27   review of the relevant authorities, while liability under the FDCPA may not be strict in all respects, it
     is nonetheless generally a strict liability statute." *Id.* at *18 (citation omitted) (finding FDCPA
28   liability may still attach when a debt collector is unaware of a debtor's bankruptcy filing).

1  1982); *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456, 1462 (C.D. Cal. 1991). No proof of

2  deception or actual damages is required to obtain statutory remedies. *Baker*, 677 F.2d at 780.

3      Because the FDCPA is a strict liability statute, proof of one violation is sufficient to
   defeat a motion to dismiss and support summary judgment for a Plaintiff. In light of

4      this strict liability standard, a consumer need not show intentional conduct by the
   debt collector in order to be entitled to damages, and there are no unimportant

5      violations.

6  *Chan*, 2006 U.S. Dist. LEXIS 13353, at *7. *See also Edstrom v. All Servs. & Processing*, No. C04-

7  1514 BZ, 2005 U.S. Dist. LEXIS 2773, at *6 (N.D. Cal. Feb. 22, 2005); *Hartman v. Meridian Fin.*

8  *Servs.*, 191 F. Supp. 2d 1031, 1046-47 (W.D. Wis. 2002); *Cacace*, 775 F. Supp. at 505; *Kuhn*, 865 F.

9  Supp. at 1450; *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001); *Bentley*, 6 F. 3d at 62;

10  *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1234 (5th Cir. 1997) (failure "to

11  comply with any provision of the FDCPA" leads to liability).

12      **C. The "Least Sophisticated Debtor" Standard is Used to Analyze Violations of
       the FDCPA**

13

14      The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices

15  by debt collectors." 15 U.S.C. §1692(e). It is designed to protect consumers from unscrupulous

16  collectors, whether or not there is a valid debt. *Baker,* 677 F.2d at 777. The FDCPA broadly

17  prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses

18  any debtor; and any false, deceptive or misleading statements, in connection with the collection of a

19  debt. 15 U.S.C. §§1692d, 1692e, and 1692f and requires the debt collector to provide the consumer

20  with his or her rights (15 U.S.C. §1692g) under the Act.

21      The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA

22  should be judged from the standpoint of the "least sophisticated debtor." *Swanson v. Southern Or.*

23  *Credit Serv.,* 869 F.2d 1222, 1227 (9th Cir. 1988); *Baker,* 677 F.2d at 778; *Masuda*, 759 F. Supp. at

24  1460; *Terran v. Kaplan*, 109 F.3d 1428, 1431-32 (9th Cir. 1997). "Although this standard is

25  objective, the standard is lower than simply examining whether particular language would deceive or

26  mislead a reasonable debtor." *Swanson*, 869 F.2d at 1227. The "question is not whether these

27  plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been

28  mislead." *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 n. 20 (D. Del. 1991).

1  The least sophisticated debtor standard is grounded "in the assumption that consumers of

2  below-average sophistication or intelligence are especially vulnerable to fraudulent schemes." [4]

3  *Clomon*, 988 F. 2d at 1319. "[T]he fact that a false statement may be obviously false to those who

4  are trained and experienced does not change its character, nor take away its power to deceive others

5  less experienced." *Id.* at 1318. *See also Russell,* 74 F.3d at 34 (the least sophisticated consumer

6  lacks the astuteness of an attorney and even the sophistication of an average consumer.); *Avila v.*

7  *Rubin*, 84 F.3d 222, 226-27 (7th Cir. 1996) ("Anyway it's viewed, the standard is low, close to the

8  bottom of the sophistication meter.").

9   **D. Plaintiff and Members of the Class Have Been the Objects of Collection**
    **Activity Arising from Consumer Debt as Defined by 15 U.S.C. §1692a(5)**
10   **and Calif. Civil Code §1788.2(f)**

11  The FDCPA defines a "debt" as:

12  any obligation or alleged obligation of a consumer to pay money arising out of a
    transaction in which the money, property, insurance, or services which are the
13  subject of the transaction are primarily for personal, family, or household purposes,
    whether or not such obligation has been reduced to judgment.
14
15 U.S.C. §1692a(5).
15
   The CA FDCPA defines a "consumer debt" and "consumer credit" to mean "money, property
16
   or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a
17
   consumer credit transaction."   Calif. Civil Code §1788.2(f).   "[T]here is a consumer credit
18
   transaction when the consumer acquires something without paying for it." *Gouskos v. Aptos Village*
19
   *Garage, Inc.,* 94 Cal. App. 4th 754, 759-60 (2001).
20
   The alleged debts were incurred by Plaintiff and members of the class for gym memberships
21
   at Bally/Holiday Spa.  SMF #s 1-3.  These obligations were for personal, family, or household
22
   purposes.  SMF #5.  Plaintiff and each member of the class is a "consumer" as defined by the
23

24  _____

25  [4] "The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA
    protects all consumers, the gullible as well as the shrewd." *Clomon*, 988 F.2d at 1318. "While
26  protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic
    interpretations of collection notices by preserving a quotient of reasonableness and presuming a
27  basic level of understanding and willingness to read with care." *U.S. v. Nat'l Fin. Servs.*, 98 F.3d
    131, 136 (4th Cir. 1996).
28

MOTION FOR PARTIAL SUMMARY          - 8 -
JUDGMENT

1   FDCPA, 15 U.S.C. §1692a(3) and a "debtor" as defined by the CA FDCPA, Calif. Civil Code

2   §1788.2(h).  SMF #s 3,4.

3                **E.  Mr. Gonzales and the Class Members are Consumers**

4          The FDCPA states: "The term 'consumer' means any natural person obligated or allegedly

5   obligated to pay any debt." 15 U.S.C. 1692a(3).  The CA FDCPA provides "the term 'debtor' means

6   a natural person from whom a debt collector seeks to collect a consumer debt which is due and

7   owing or alleged to be due and owing from such person." Calif. Civil Code §1788.2(h).

8          As confirmed by the list of class members produced by Arrow's counsel, Plaintiff Johnny

9   Gonzales and each of the class members are natural persons from whom Arrow collected or

10  attempted to collect the alleged debt. *See* Arleo Decl., ¶¶2-3. Thus, it is clear that Mr. Gonzales and

11  the class members are consumers and debtors.  SMF #3 and #4.

12               **F.  Arrow is a "Debt Collector" as Defined by 15 U.S.C. §1692a(6) and Calif.
                     Civil Code §1788.2(c)**
13
                 The FDCPA defines a "debt collector" as:
14
                 any person who uses any instrumentality of interstate commerce or the mails in any
15               business the principal purpose of which is the collection of any debts, or who
                 regularly collects or attempts to collect, directly or indirectly, debts owed or due or
16               asserted to be owed or due another.

17  15 U.S.C. §1692a(6).

18         The CA FDCPA defines a "debt collector" to mean "any person who, in the ordinary course

19  of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term

20  includes any person who composes and sells, or offers to compose and sell, forms, letters, and other

21  collection media used or intended to be used for debt collection . . .." Calif. Civil Code §1788.2(c).

22         Arrow admits that it is a debt collector and engaged in the collection of debts from

23  consumers using the mail or telephone. SMF #s 8-10. Further, Arrow had purchased these defaulted

24  obligations well before it sent Exhibits A and B to Plaintiff and members of the class and, thus, was

25  attempting to collect these debts on its own behalf.  SMF #12.

26

27

28

MOTION FOR PARTIAL SUMMARY              - 9 -
JUDGMENT                                              05-CV-0171 JAH (RBB)

**G. Arrow Has Engaged in Acts or Omissions in Violation of the Prohibitions or Requirements of the FDCPA and the CA FDCPA**

**1.  Defendant Violated 15 U.S.C. §1692e and §1692e(5)**

Arrow's letters, <u>Exhibits A and B</u> attached to the FAC, threaten to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e and §1692e(5).[5] Accordingly, there is a two-pronged test for violations of §1692e(5): whether the debt collector threatened action, and, if so, whether such action could legally be taken or whether the debt collector intended to take such action. *Irwin*, 112 F. Supp. 2d at 950 (citing *Newman v. Checkrite Cal.*, 912 F. Supp. 1354, 1379 (E.D. Cal. 1995)). *See also Uyeda v. J. A. Cambece Law Office, P.C.*, No. C 04-04312 J W, 2005 U.S. Dist. LEXIS 9271, at *8, *10 (N.D. Cal. May 16, 2005) (debt collectors who threaten to take legal action without harboring an intention of actually doing so violate §1692e(5) (citing *Irwin*, 112 F. Supp. 2d at 950).

The Ninth Circuit has held that §1692e (5) threats occur when the tenor and text of the notice could be construed by the least sophisticated debtor as warning of possible (although not necessarily imminent) adverse consequences. *See Baker*, 677 F.2d at 778-79 (finding that the debt collector's notice "'create(d) the impression that legal action by defendant is a real possibility ... [and] a consumer could legitimately believe that 'further collection procedures' meant court action when defendant had no intention of pursuing such a course of action'") (citation omitted); *Swanson*, 869 F.2d at 1227-28 ("[t]o the least sophisticated debtor, the notice threatens that which [defendant] legally could not do so"); *Irwin*, 112 F.Supp.2d at 950-51 (finding dunning letters threatened lawsuits and were calculated to intimidate the least sophisticated debtor into believing that legal action against her was imminent).

<u>Exhibits A and B</u> attached to the FAC state, in part: "[u]pon receipt of the settlement amount and clearance of funds, and if we are reporting the account, the appropriate credit bureaus will be

---

[5] "[T]he use of any false, deceptive, or misleading representation in a collection letter violates §1692e regardless of whether the representation in question violates a particular subsection of that provision." *Clomon*, 988 F.2d at 1320 (citing 15 U.S.C. §1692e as specifying certain prohibited acts "without limiting the general application of the foregoing language").

1   notified that this account has been settled." SMF #s 23, 25. The reference to credit bureaus therein

2   is misleading to the least sophisticated debtor. Plaintiff's and each class member's debt was charged

3   off more than seven years before <u>Exhibits A and B</u> were sent. SMF #s 16, 18. The FCRA prohibits

4   a credit bureau from reporting a debt charged off more than seven years previously. 15 U.S.C.

5   §1681c(c). Thus, Arrow's promise to notify the appropriate credit bureaus regarding the debts which

6   were 7+ years old was a threat to take action which could not legally be taken.    No report

7   concerning the Arrow debt could legally appear on a debtor's credit report. *Id.* Arrow does not

8   follow a practice of reporting the payment of debt that is more than seven years old to the credit

9   bureaus. SMF #28. Arrow had no intention of reporting information on Plaintiff's account to any

10  credit reporting agency. SMF #29. Thus, both elements of a §1692e(5) violation are met here.

11          In denying Defendant's motion to dismiss and rejecting Arrow's argument that the letters are

12  not misleading or deceptive, this Court stated:

13          This Court is unconvinced that the least sophisticated debtor would know or
            understand the impact of defendant's qualifying phrase "if we are reporting the

14          account" on debts that are older than seven years or otherwise not reported to the
            credit bureaus.    Although defendant's interpretation may be reasonable to a

15          sophisticated or knowing person, it is not sufficiently clear that an unsophisticated
            debtor with a non-reportable debt would understand the qualifying language. The

16          wording in the letters do not inform the least sophisticated debtor what type of debts
            are not reported nor does the wording provide insight into the impact of reporting the

17          settlement on those debts that are older than seven years or not reported for any other
            reason. Nor do the letters indicate that not all debts are reportable. In this Court's

18          view, the least sophisticated debtor could likely believe his debt is reportable just
            because the letters indicate the credit bureaus will be notified. ***This Court, therefore,***

19          ***finds defendant's argument that the wording in the letters are not misleading or***
            ***deceptive fails.***

20  *Gonzalez*, 2005 U.S. Dist. LEXIS 19712, at *10-*11 (emphasis added).

21          As stated therein, in the Ninth Circuit, "[t]he Court, not the jury, determines whether a

22  collection letter violates the Act. *Id.,* at *4 (citing *Swanson*, 869 F.2d at 1225-26; *Terran*, 109 F.3d

23  at 1432; *Baker*, 13 F. Supp. 2d at 1041). Thus, taking the allegations of the Complaint as true, the

24  Court has already found the letters misleading and deceptive.

25          On this motion, there is no dispute as to facts regarding the content of Defendant's collection

26  letters, <u>Exhibits A and B</u> (SMF #s 23-27), which were sent to Mr. Gonzales and each class member.

27  There is also no dispute as to facts regarding Defendant's status as a debt collector (SMF #s 8-9), the

28

MOTION FOR PARTIAL SUMMARY                    - 11 -
JUDGMENT                                                              05-CV-0171 JAH (RBB)

1 alleged debt's status as a consumer debt (SMF # 5), that Mr. Gonzales and the class members are

2 consumers (SMF #3), that the debts were charged off more than seven years prior (SMF #s 16, 18),

3 that Arrow does not report debts seven years of age or older to credit bureaus, or that Arrow had no

4 intention of doing so (SMF #s 28, 29). Thus, a grant of partial summary judgment is appropriate on

5 the issue of Arrow's liability for violation of 15 U.S.C. §1692e(5).

6 ### 2. Defendant Violated 15 U.S.C. §1692e(10)

7     Arrow's letters, <u>Exhibits A and B</u> attached to the FAC, also use false representations or

8 deceptive means in an attempt to collect a debt, in violation of 15 U.S.C. §1692e(10); *Wade v.*

9 *Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996). A collection notice is deceptive when it

10 can be reasonably read to have two or more different meanings, one of which is inaccurate. *Russell*,

11 74 F.3d at 35. "A notice that is 'reasonably susceptible to an inaccurate reading' is also deceptive

12 under §1692e(10)." *Swanson v. Mid Am, Inc.*, No. 97-1908-CIV-T-25C, 1999 U.S. Dist. LEXIS

13 14302, *7 (M.D.Fla. Mar. 24, 1999) (citation omitted). *See also Graziano v. Harrison*, 950 F.2d

14 107, 111 (3rd Cir. 1991). "Debt collectors *may not make* false claims, period." *Randolph v. IMBS,*

15 *Inc.,* 368 F.3d 726, 730 (7th Cir. 2004) (emphasis in original).

16     By promising to report information to the appropriate credit bureaus when as described above

17 it had no legal ability or intention to do so, Arrow's letters used several false representations and

18 deceptive means. Therefore, Defendant violated 15 U.S.C. §1692e(10).

19 ### 3. Defendant Violated Calif. Civil Code §1788.13(f)

20     Calif. Civil Code §1788.13(f) states in relevant part:

21     No debt collector shall collect or attempt to collect a consumer debt by means of ...
    [t]he false representation that information concerning a debtor's failure or alleged

22     failure to pay a consumer debt has been or is about to be referred to a consumer
    reporting agency.

23     <u>Exhibits A and B</u> attached to the FAC state, in part: "[u]pon receipt of the settlement amount

24 and clearance of funds, and if we are reporting the account, the appropriate credit bureaus will be

25 notified that this account has been settled." As described in more detail above, this statement is a

26 false representation that Arrow could or would report payment of the 7+ year old debt to a consumer

27 reporting agency. Arrow had neither the intention of reporting the debt to the credit bureaus nor the

28

1  legal right to do so.  SMF #s 28-29; 15 U.S.C. §1681c(c).  Thus, Arrow has also violated Calif. Civil

2  Code §1788.13(f).

3  **4.  Since Defendant Violated the FDCPA, Defendant Violated the CA FDCPA via Calif. Civil Code §1788.17**

4

5  Calif. Civil Code §1788.17 states in relevant part:

6  Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k

7  of, Title 15 of the United States Code.

8  In effect, Calif. Civil Code §1788.17 states that a violation of the FDCPA is a violation of the

9  CA FDCPA, with a few exceptions that are inapplicable here.  Defendant's violations of the

10  FDCPA, as described above, establish violations of §1788.17 of the CA FDCPA.

11  **H.  Plaintiff and the Class Are Entitled to Statutory Damages Pursuant to the FDCPA and CA FDCPA**

12

13  Because Arrow has violated the FDCPA, Johnny Gonzales and the class are entitled to an

   award of statutory damages pursuant to 15 U.S.C. §1692k(a) which provides:

14

15  Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of -

16  ***

17  (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $ 1,000; or

18  (B) in the case of a class action, (I) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for

19  all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $ 500,000 or 1 per centum of the net worth of the debt collector.

20  Therefore, pursuant to the FDCPA, Plaintiff is entitled to receive $1,000, and the class is

21  entitled to receive the lesser of $500,000 or 1% of Defendant's net worth. 15 U.S.C. §1692k(a).

22  Arrow has stipulated that its net worth would be subject to the maximum statutory recovery under

23  §1692k.  SMF #30.

24  The CA FDCPA states in relevant part:

25  Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall . . . be subject to the remedies in Section

26  1692k of, Title 15 of the United States Code.

27  Calif. Civil. Code §1788.17.

28

1   By adding §1788.17 which incorporates 15 U.S.C. §1692k,[6] the California Legislature

2   intended to broaden the remedies provided under Calif. Civil Code §1788.30(f), originally enacted in

3   1977. The amendment makes debt collectors subject to the *standards* and *remedies* of 15 U.S.C.

4   §1692k, providing: (1) a class action remedy; and (2) the strict liability standard of the FDCPA by

5   eliminating the debt collector's ability to escape liability by curing a violation after the fact.

6   However, Plaintiff reserves, until a later proceeding, the determination of the amount of

7   statutory damages to be awarded.

8   **V. CONCLUSION**

9   WHEREFORE, Johnny Gonzales respectfully requests that this Court enter partial summary

10   judgment in favor of himself and members of the class that Defendant Arrow Financial Services

11   LLC violated 15 U.S.C. §§1692e, 1692e(5) and 1692e(10) as well as Calif. Civil Code §1788.13(f)

12   and §1788.17. The determination of the amount of statutory damages to be awarded to Mr. Gonzales

13   and the class members is reserved for a later proceeding.

14   DATED: August 11, 2006                        Respectfully submitted,

15                                                 ARLEO LAW FIRM, PLC
                                                   ELIZABETH J. ARLEO
16
17                                                 _____
                                                          ELIZABETH J. ARLEO

18                                                 850 Main Street, Suite 201
                                                   Ramona, CA 92065
19                                                 Telephone: 760/789-8000
                                                   760/789-8081 (fax)

20                                                 HORWITZ, HORWITZ & ASSOCIATES
                                                   O. RANDOLPH BRAGG
21                                                 CRAIG M. SHAPRIO
                                                   25 East Washington Street, Suite 900
22                                                 Chicago, IL 60602
                                                   Telephone: 312/ 372-8822
23                                                 312/ 372-1673 (fax)

                                                   Attorneys for Plaintiff
24

25   _____

26   [6] Calif. Civil Code §1788.17 incorporates the remedies under 15 U.S.C. §1692k. *See Abels v. JBC
     Legal Group, P.C.*, 227 F.R.D. 541, 548 (N.D. Cal. 2005); *McDonald v. Bonded Collectors, L.L.C.*,
27   233 F.R.D. 576, 577 (S.D. Cal. 2005); *Edstrom*, 2005 U.S. Dist. LEXIS 2773 at *16-*17; and *Alkan*,
     336 F. Supp. 2d at 1065.

28

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.  That declarant is and was, at all times herein mentioned, a citizen of the United States employed in the City of Ramona and County of San Diego, over the age of 18 years, and not a party to the within action; that declarant's business address is 850 Main Street, Suite 201, Ramona, CA 92065.

2.  That on August 11, 2006, declarant served the MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT by depositing a true copy thereof in a United States mailbox at Ramona, California in a sealed envelope with postage thereon fully prepaid and addressed to all parties listed on the attached Service List.

3.  That there is a regular communication by mail between the place of mailing and the places so addressed.

4.  I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of August, 2006, at Ramona, California.

KELLY RICKARD

05-1009 MSJ Memo.doc

CERTIFICATE OF SERVICE                    05-CV-0171 JAH (RBB)

## SERVICE LIST
*Gonzales v. Arrow Financial Services LLC*
U. S. District Court for the Southern District of California
Case No. 05-CV-0171 JAH (RBB)

Attorneys for Plaintiff

ELIZABETH J. ARLEO
(elizabeth@arleolaw.com)
ARLEO LAW FIRM, PLC
850 Main Street, Suite 201
Ramona, CA 92065
Telephone: 760/ 789-8000
760/ 789-8081 (fax)

O. RANDOLPH BRAGG
(rand@horwitzlaw.com)
CRAIG M. SHAPIRO
(craig@horwitzlaw.com)
HORWITZ, HORWITZ & ASSOCIATES
24 East Washington Street, Suite 900
Chicago, IL 60602
Telephone: 312/ 372-8822
312/ 372-1673 (fax)

Attorneys for Defendant

DAVID M. SCHULTZ
(dschultz@hinshawlaw.com)
HINSHAW & CULBERTSON
222 North LaSalle, Suite 300
Chicago, IL 60601
Telephone: 312/ 704-3000
312/ 704-3001 (fax)

DESMOND J. HINDS, JR.
(dhinds@hinshawlaw.com)
LINDA STREETER
(lstreeter@hinshawlaw.com)
HINSHAW & CULBERTSON
11601 Wilshire Boulevard, Suite 800
Los Angeles, CA 90025
Telephone: 310/ 909-8000
310/ 909-8001 (fax)