















```
R1R    8/14/06   9:01
3:05-CV-00171    GONZALES V. ARROW FINANCIAL
*97*
*STMTFACTS.*
```

**ORIGINAL**

1  ARLEO LAW FIRM, PLC
   ELIZABETH J. ARLEO (CASB NO. 201730)
2  850 Main Street, Suite 201
   Ramona, CA 92065
3  Telephone: 760/789-8000
   760/789-8081 (fax)
4
   HORWITZ, HORWITZ & ASSOCIATES
5  O. RANDOLPH BRAGG
   CRAIG M. SHAPIRO
6  25 East Washington Street, Suite 900
   Chicago, IL 60602
7  Telephone: 312/372-8822
   312/372-1693 (fax)
8
   Attorneys for Plaintiff
9

FILED

06 AUG 11  PM 2:38

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

PDU

BY: _____ DEPUTY

10              UNITED STATES DISTRICT COURT

11              SOUTHERN DISTRICT OF CALIFORNIA

12
   JOHNNY GONZALES, on Behalf of Himself          Case No. 05-CV-0171 JAH (RBB)
13 and All Others Similarly Situated,
                                                   STATEMENT OF MATERIAL FACTS IN
14                              Plaintiff,         SUPPORT OF PLAINTIFF'S MOTION FOR
                                                   PARTIAL SUMMARY JUDGMENT
15     vs.
                                                   Date:       September 14, 2006
16 ARROW FINANCIAL SERVICES LLC,                   Time:       3:00 p.m.
                                                   Courtroom:  11, Second Floor
17                              Defendant.
                                                   Hon. John A. Houston

97 RR

Plaintiff hereby submits the following Statement of Material Facts in Support of Motion for Partial Summary Judgment. As used herein:

- Exhibits A and B attached to the First Amended Complaint are referred to as "FAC, Ex. A" and "FAC, Ex. B," respectively; the First Amended Complaint is attached as Exhibit "A" to Plaintiff's Notice of Lodgment of Exhibits in Support of Plaintiff's Motion for Partial Summary Judgment ("Plaintiff's Notice of Lodgment");

- Defendant's Answer to First Amended Complaint is referred to as "Answer" and is attached as Exhibit "B" to Plaintiff's Notice of Lodgment;

- Defendant's Written Response to Plaintiff's First Set of Discovery Requests is referred to as "Responses to Plaintiff's First Set" and is attached as Exhibit "C" to Plaintiff's Notice of Lodgment;

- Arrow Financial Services LLC'S Supplemental Responses to Plaintiff's First Set of Discovery Requests is referred to as "Supp. Responses to First Set" and is attached as Exhibit "D" to Plaintiff's Notice of Lodgment;

- Arrow Financial Services LLC's Responses to Plaintiff's Second Set of Discovery Requests is referred to as "Responses to Second Set" and is attached as Exhibit "E" to Plaintiff's Notice of Lodgment;

- Arrow Financial Services LLC'S Supplemental Responses to Plaintiff's Second Set of Discovery Requests is referred to as "Supp. Responses to Second Set" and is attached as Exhibit "F" to Plaintiff's Notice of Lodgment;

- Excerpts of the Transcript of the Johnny Gonzales' Deposition, April 7, 2006, is referred to as "Gonzales Depo. Tr." and is attached as Exhibit "G" to Plaintiff's Notice of Lodgment;

- Excerpts of the Transcript of Ismael Robles' Deposition, July 19, 2006, is referred to as "Robles Depo. Tr." and is attached as Exhibit "H" to Plaintiff's Notice of Lodgment;

- Excerpts of the Transcript of Arrow's Rule 30(b)(6) Deposition, July 20, 2006, is referred to as "Arrow Depo. Tr." and is attached as Exhibit "I" to Plaintiff's Notice of Lodgment; and

- The Declaration of Elizabeth J. Arleo In Support of Plaintiff's Motion for Partial Summary Judgment is referred to as "Arleo Decl." and is filed concurrently herewith.

## MATERIAL FACTS

| No. | Material Fact | Supporting Evidence |
|---|---|---|
| 1. | In 1989 or 1990, Plaintiff joined Bally's/Holiday Spa gym in San Diego by signing a two-year membership contract. | Gonzales Depo. Tr., p. 16. |
| 2. | Less than a year into the contract, Plaintiff stopped paying the monthly dues. | Gonzales Depo. Tr., p. 17. |
| 3. | Plaintiff and each member of the class is a "consumer" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(3). | Arrow Depo. Tr., pp. 14-15 (Arrow does not purchase commercial debt); Robles Depo. Tr., pp. 13-15; Arleo Decl., ¶3. |
| 4. | Plaintiff and each member of the class is a "debtor" as defined by the California Rosenthal Fair Debt Collection Practices Act ("CA FDCPA"), Calif. Civil Code 1788.2(h). | Arrow Depo. Tr., pp. 14-15 (Arrow does not purchase commercial debt); Robles Depo. Tr., pp. 13-15; Arleo Decl., ¶3. |
| 5. | Plaintiff and each class member's alleged debt to Bally Total Fitness Corporation and/or Holiday Spa Clubs of California ("Alleged Debt") was incurred for personal, family or household purposes, as defined by the FDCPA, 15 U.S.C. §1692a(5). | Arrow Depo. Tr., pp. 14:22-15:1. |
| 6. | Defendant Arrow Financial Services LLC ("Arrow") is a Delaware limited liability corporation headquartered in Illinois. | Responses to Plaintiff's First Set, RFA No. 1. |
| 7. | Arrow did business in the State of California through a "San Diego Call Center" in San Diego County. | Responses to Plaintiff's First Set, RFA No. 1. |
| 8. | Arrow is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6). | Answer, ¶4. |
| 9. | Arrow is a "debt collector" as defined by the CA FDCPA, Calif. Civil Code §1788.2(c). | Answer, ¶4; Responses to Plaintiff's First Set, Interrogatory Nos. 6, 10, 11. |
| 10. | Arrow is or was engaged in the collection of debts from consumers using the mail and/or telephone. | Supp. Responses to First Set, RFA No. 4. |
| 11. | The original creditor for the Alleged Debts was Bally Total Fitness Corporation and/or Holiday Spa of California. | Arrow Depo. Tr., p. 12; Robles Depo. Tr., p. 14; Responses to First Set, RFA No. 7. |
| 12. | Arrow purchased the Plaintiff's and each class members' Alleged Debt from Daiwa Consumer Capital Services, LLC in 2002. | Arrow Depo. Tr. pp. 12:12-14:1, 19:21-24; Robles Depo. Tr., p. 20:8-9. |
| 13. | In or about June 2002, Arrow received an electronic file from Daiwa with Plaintiff's account information, including account number, date of last payment, charge-off date, name, address, telephone number, social security number | Responses to First Set, Interrogatory No. 5. |

| | | |
|---|---|---|
| 1 | and unpaid balance. | |
| 14. | On or about April 30, 2004, Arrow sent or caused to be sent to Plaintiff via the United States Mail a letter which is attached to the First Amended Complaint as Exhibit A. | Responses to First Set, RFA No. 9. |
| 15. | On or about July 8, 2004, Arrow sent or caused to be sent to Plaintiff via the United States Mail a letter which is attached to the First Amended Complaint as Exhibit B. | Responses to First Set, RFA No. 11. |
| 16. | Plaintiff's alleged debt was charged off on May 3, 1991. | Responses to First Set, Interrogatory No. 19. |
| 17. | Between January 28, 2004 and January 28, 2005, Arrow sent 44,761 letters to 39,727 distinct debtors seeking to collect alleged debts owed to Bally/Holiday Spa. | Responses to First Set, Interrogatory No. 3. |
| 18. | Each class member's alleged debt was charged off more than seven years before Exhibits A and B were sent. | Responses to Second Set, RFA No. 26 (p. 2:22-23), RFA No. 27 (p. 3:7-8); Interrogatory No. 30 (p. 6:25-26), Interrogatory No. 32 (p. 7:27-28); Interrogatory No. 33 (p. 8:16-17); 34 (p. 9:9-12); and Arleo Decl., ¶¶2-3. |
| 19. | The class alleged and certified in this action is expressly limited to debtors whose accounts were charged off more than seven years before Exhibits A and B were sent. | Responses to Second Set, RFA No. 26 (p. 2:22-23). |
| 20. | On July 26, 2006, Arrow produced a list containing the names of 39,728 class members. | Arleo Decl., ¶¶2-3, Ex. 1. |
| 21. | Exhibit A and Exhibit B are "communications" made in an attempt to collect a debt as defined by the FDCPA, 15 U.S.C. §1692a(2) and as used in the CA FDCPA. | Responses to First Set, RFA No. 10; Responses to First Set, RFA No. 12. |
| 22. | Exhibits A and B are form letters used by Arrow. | Responses to First Set, RFA No. 13, RFA No. 14, RFA No. 20, and RFA No. 21. |
| 23. | Exhibit A states, in part: "Upon receipt of the settlement amount and clearance of funds, and if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled." | FAC, Ex. A; and Responses to First Set, RFA No. 15. |
| 24. | Exhibit A states; in part: "When my funds clear, and if you are reporting the account, you will notify the appropriate credit bureaus of this settlement." | FAC, Ex. A. |
| 25. | Exhibit B states, in part: "Upon receipt of the settlement amount and clearance of funds, and if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled." | FAC, Ex. B; and Responses to First Set, RFA No. 16. |
| 26. | Exhibit B, further states: "After my funds clear, you will | FAC, Ex. B. |

| | | |
|---|---|---|
| | notify the appropriate credit bureaus of this settlement if you are reporting this account." | |
| 27. | Exhibit B further states: "After the account has been paid in full and my funds have cleared, you will notify the appropriate credit bureaus of this payment in full if you are reporting the account." | FAC, Ex B. |
| 28. | Arrow does not follow a practice of reporting the payment of debt that is more than seven years old to credit bureaus. | Supp. Responses to First Set, RFA No. 17, and RFA No. 18. |
| 29. | Arrow had no intention of reporting information on Plaintiff's account to any credit reporting agency. | Supp. Responses to Second Set, Interrogatory No. 26; Arrow Depo. Tr., pp. 27-29 and Ex. 1 attached thereto. (Arrow had flagged Plaintiff's debt as unreportable). |
| 30. | Arrow's net worth is subject to the maximum statutory recovery under 15 U.S.C. §1692k. | Responses to First Set, Interrogatory No. 9. |

DATED: August 11, 2006

ARLEO LAW FIRM, PLC
ELIZABETH J. ARLEO

_/s/ Elizabeth J. Arleo_
ELIZABETH J. ARLEO

850 Main Street, Suite 201
Ramona, CA 92065
Telephone: 760/789-8000
760/789-8081 (fax)

HORWITZ, HORWITZ & ASSOCIATES
O. RANDOLPH BRAGG
CRAIG M. SHAPRIO
25 East Washington Street, Suite 900
Chicago, IL 60602
Telephone: 312/ 372-8822
312/ 372-1673 (fax)

Attorneys for Plaintiff

# DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States employed in the City of Ramona and County of San Diego, over the age of 18 years, and not a party to the within action; that declarant's business address is 850 Main Street, Suite 201, Ramona, CA 92065.

2. That on August 11, 2006, declarant served the STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT by depositing a true copy thereof in a United States mailbox at Ramona, California in a sealed envelope with postage thereon fully prepaid and addressed to all parties listed on the attached Service List.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

4. I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of August, 2006, at Ramona, California.

_____
KELLY RICKARD

05-1009 MSJ Stmt of Facts

## SERVICE LIST
*Gonzales v. Arrow Financial Services LLC*
U. S. District Court for the Southern District of California
Case No. 05-CV-0171 JAH (RBB)

Attorneys for Plaintiff

ELIZABETH J. ARLEO
(elizabeth@arleolaw.com)
ARLEO LAW FIRM, PLC
850 Main Street, Suite 201
Ramona, CA 92065
Telephone: 760/ 789-8000
760/ 789-8081 (fax)

O. RANDOLPH BRAGG
(rand@horwitzlaw.com)
CRAIG M. SHAPIRO
(craig@horwitzlaw.com)
HORWITZ, HORWITZ & ASSOCIATES
24 East Washington Street, Suite 900
Chicago, IL 60602
Telephone: 312/ 372-8822
312/ 372-1673 (fax)

Attorneys for Defendant

DAVID M. SCHULTZ
(dschultz@hinshawlaw.com)
HINSHAW & CULBERTSON
222 North LaSalle, Suite 300
Chicago, IL 60601
Telephone: 312/ 704-3000
312/ 704-3001 (fax)


DESMOND J. HINDS, JR.
(dhinds@hinshawlaw.com)
LINDA STREETER
(lstreeter@hinshawlaw.com)
HINSHAW & CULBERTSON
11601 Wilshire Boulevard, Suite 800
Los Angeles, CA 90025
Telephone: 310/ 909-8000
310/ 909-8001 (fax)