ARLEO LAW FIRM, PLC
ELIZABETH J. ARLEO (CASB NO. 201730)
850 Main Street, Suite 201
Ramona, CA 92065
Telephone: 760/789-8000
760/789-8081 (fax)

HORWITZ, HORWITZ & ASSOCIATES
O. RANDOLPH BRAGG, IL BAR NO. 6221983
25 East Washington Street, Suite 900
Chicago, IL 60602
Telephone: 312/372-8822
312/372-1693 (fax)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOHNNY GONZALES, on Behalf of Himself and All Others Similarly Situated,

Plaintiff,

vs.

ARROW FINANCIAL SERVICES LLC,

Defendant.

Case No. 05-CV-0171 JAH (RBB)

PLAINTIFF'S *CORRECTED* MEMORANDUM OF CONTENTIONS OF FACT AND LAW

DATE: October 22, 2007
TIME: 2:30 p.m.
PLACE: Courtroom 11
The Honorable John A. Houston

**PLAINTIFF'S MEMORANDUM OF**
**CONTENTIONS OF FACT AND LAW**

Pursuant to Civil Rule 16.1.f.2, Plaintiff Johnny Gonzales, on behalf of himself and the class he represents, submits his Memorandum of Contentions of Fact and Law.

## I. STATEMENT OF FACTS

1. This Court certified this action to proceed as a class action. The class is defined as all natural persons with California addresses who meet the following criteria: (1) Defendant sent them a letter in the form represented by Exhibits A and/or B attached to the First Amended Complaint; (2) on or after a date one year prior to the filing of this action; (3) seeking to collect a debt allegedly owed to Bally Total Fitness Corporation and/or Holiday Spa Health Clubs of California that was charged off more than seven years previous to the date of the letter; and (4) which was not returned by the Postal Service. *Gonzales v. Arrow Fin. Servs. LLC*, 233 F.R.D. 577 (S.D. Cal. 2006).

2. Plaintiff and each member of the class is a "consumer" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(3).

3. Plaintiff and each member of the class is a "debtor" as defined by the California Rosenthal Fair Debt Collection Practices Act ("CA FDCPA"), Cal. Civ. Code §1788.2(h).

4. Defendant Arrow Financial Services LLC ("Arrow") is a Delaware limited liability corporation headquartered in Illinois and doing business in the State of California through a "San Diego Call Center" in San Diego County.

5. Arrow is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) and the CA FDCPA, Cal. Civil Code §1788.2(c).

6. Arrow is or was engaged in the collection of debts from consumers using the mail and/or telephone.

7. Plaintiff and each class member's alleged debt to Bally Total Fitness Corporation and/or Holiday Spa Health Clubs of California ("Alleged Debt") was incurred for personal, family, or household purposes pursuant to 15 U.S.C. §1692a(5) and a "consumer debt" as defined by Cal. Civ. Code §1788.2(f).

8. The original creditor for the Alleged Debt was Bally Total Fitness Corporation and/or Holiday Spa Health Clubs of California.

9. Plaintiff's alleged debt was charged off on May 3, 1991.

10. Arrow purchased the Alleged Debts from Holiday Spa (or elsewhere) after the Alleged Debts were in default.

11. On or about April 30, 2004, Arrow sent or caused to be sent to Plaintiff via the United States Mail a letter which is attached to the First Amended Complaint as Exhibit A.

12. On or about July 8, 2004, Arrow sent or caused to be sent to Plaintiff via the United States Mail a letter which is attached to the First Amended Complaint as Exhibit B.

13. Exhibit A and Exhibit B are "communications" made in an attempt to collect a debt as defined by the FDCPA, 15 U.S.C. §1692a(2) and as used in the CA FDCPA.

14. Exhibit A and Exhibit B are form letters used by Arrow.

15. Exhibit A states, in part: "Upon receipt of the settlement amount and clearance of funds, and if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled."

16. In paragraph #1, Exhibit A states further: "When my funds clear, and if you are reporting the account, you will notify the appropriate credit bureaus of this settlement."

Exhibit B states, in part: "Upon receipt of the settlement amount and clearance of funds, and if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled."

17. Exhibit B states, in part: "Upon receipt of the settlement amount and clearance of funds, and if we are reporting the account, the appropriate credit bureaus will be notified that this account has been settled."

18. Exhibit B further states: "After my funds clear, you will notify the appropriate credit bureaus of this settlement if you are reporting the account."

19. Regarding installment payments Exhibit B states: "After the account has been paid in full and my funds have cleared, you will notify the appropriate credit bureaus of this payment in full if you are reporting the account."

20. Arrow does not notify credit bureaus of settled debts if the alleged debt was charged off more than seven years prior to the consumer settling the debt.

21. Arrow does not report to credit bureaus alleged debts that were charged off more than seven years.

22. A consumer's failure to pay off an alleged debt charged off more than seven years prior will not directly affect the consumer's credit score or rating.

23. Documents in the form of Exhibit A and/or B, used in an attempt to collect a debt allegedly owed to Bally Total Fitness Corporation and/or Holiday Spa Health Clubs of California, have been sent to approximately 40,000 class members.

24. Since January 28, 2004, Arrow sent 44,761 letters in the form of Exhibits A and/or B, used in an attempt to collect a debt allegedly owed to Bally Total Fitness Corporation and/or Holiday Spa Health Clubs of California, to 39,729 distinct debtors, whose alleged debts were charged off more than seven years prior.

25. Brian Cutler, Arrow's Executive Vice President and Chief Technology Officer since at least January 1, 2004, authorized, approved or created Exhibit A and Exhibit B. He did not seek advice of Arrow's legal counsel before authorizing these form letters.

26. Before Arrow obtained the alleged debts of Bally Total Fitness Corporation and/or Holiday Spa Health Clubs of California, all of the Alleged Debts regarding which Arrow sent Exhibits A and/or B were charged off prior to December 29, 1997.

27. None of the Alleged Debts were ever reported to any national credit bureau by Arrow although approximately 99% of the accounts remained delinquent at least 30 days after Exhibits A and/or B were mailed by Arrow, including Mr. Gonzales' alleged debt.

28. Arrow never had an intention of reporting any of the Alleged Debts to any credit reporting agency.

29. None of the Alleged Debts were ever reported to any national credit bureau by Arrow.

30. Arrow did not maintain any procedures to prevent the sending of letters in the form of Exhibits A and/or B regarding debts charged off or placed for collection more than seven (7) years prior.

31. The net worth of Arrow is $50,000,000 or greater.

32. This Court entered liability for Plaintiff Johnny Gonzales and the class for violations of the FDCPA and the CA FDCPA against Defendant Arrow. *Gonzales v. Arrow Fin. Servs. LLC*, 489 F. Supp.2d 1140 (S.D. Cal. 2007).

**II. STATEMENT OF LAW**

1. This Court certified this action to proceed as a class action. The class is defined as all natural persons with California addresses who meet the following criteria: (1) Defendant sent them a letter in the form represented by Exhibits A and/or B attached to the First Amended Complaint; (2) on or after a date one year prior to the filing of this action; (3) seeking to collect a debt allegedly owed to Bally Total Fitness Corporation and/or Holiday Spa Health Clubs of California that was charged of more than 7 years previous to the date of the letter; and (4) which was not returned by the Postal Service. *Gonzales v. Arrow Fin. Servs. LLC*, 233 F.R.D. 577 (S.D. Cal. 2006). Docket No. 46.

2. This Court granted Plaintiff's Motion for Summary Judgment on liability for Plaintiff Johnny Gonzales and the class for violations of the FDCPA and the CA FDCPA against Defendant Arrow Financial and denied Defendant's Motion for Summary Judgment. *Gonzales v. Arrow Fin. Servs. LLC*, 489 F. Supp. 2d 1140 (S.D. Cal. 2007). Docket No. 121.

3. In a successful action brought pursuant to the FDCPA, the Court may award "in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. §1692k(a)(2)(B).

4. "In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors–

* * *

> (2) In any class action under subsection (a)(2)(B) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional."

15 U.S.C. §1692k(b).

5. Pursuant to the California Fair Debt Collection Practices Act, Arrow Financial which violated the CA FDCPA shall be liable to Mr. Gonzales for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000). Cal. Civ. Code §1788.30(c).

6. In a successful action for violation of the CA FDCPA, the court may award additional damages for the class not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector. Cal. Civ. Code §1788.17.

## III. ABANDONED ISSUES

Plaintiff has not abandoned any issues.

## IV. EXHIBITS

Plaintiff Johnny Gonzales expects to offer the following exhibits at trial:

Case Title: Gonzales v. Arrow Financial Services LLC

Case No. 05-CV-0171 JAH (RBB)

Plaintiff's Exhibits

| NUMBER | DATE MARKED | DATE ADMITTED | DESCRIPTION |
|---|---|---|---|
| 1. | | | Arrow's letter of April 30, 2004 to Johnny Gonzales. |
| 2. | | | Arrow's letter of July 8, 2004 to Johnny Gonzales. |
| 3. | | | The Order certifying this matter to proceed as a class action, *Gonzales v. Arrow Fin. Servs. LLC*, 233 F.R.D. 577 (S.D. Cal. 2006). |
| 4. | | | The Order entering liability for Plaintiff Johnny Gonzales and the class against Defendant Arrow. *Gonzales v. Arrow Fin. Servs. LLC*, 489 F. Supp. 2d 1140 (S.D. Cal. 2007). |

## V. WITNESSES.

Plaintiff Johnny Gonzales expects to call the following witnesses to testify at trial:

1. Johnny Gonzales
2. Brian Cutler, Arrow's Executive Vice President and Chief Technology Officer.

3. Ismael Robles.

DATED: October 9, 2007

ARLEO LAW FIRM, PLC
ELIZABETH J. ARLEO

s/ Elizabeth J. Arleo
ELIZABETH J. ARLEO

850 Main Street, Suite 201
Ramona, CA 92065
Telephone: 760/789-8000
760/789-8081 (fax)

HORWITZ, HORWITZ & ASSOC.
O. RANDOLPH BRAGG
25 East Washington Street, Suite 900
Chicago, IL 60602
Telephone: 312/ 372-8822
312/ 372-1673 (fax)

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 9, 2007.

s/ Elizabeth J. Arleo
ELIZABETH J. ARLEO

850 Main Street, Suite 201
Ramona, CA 92065
E-mail: elizabeth@arleolaw.com

N:\Cases\05-1009 Gonzales v Arrow\Pleadings\05-1099 Contentions Brf.doc