ARLEO LAW FIRM, PLC
ELIZABETH J. ARLEO (CASB NO. 201730)
850 Main Street, Suite 201
Ramona, CA  92065
Telephone:  760/789-8000
760/789-8081 (fax)

HORWITZ, HORWITZ & ASSOCIATES
O. RANDOLPH BRAGG, IL BAR NO. 6221983
CRAIG M. SHAPIRO (IL BAR NO. 6284475)
25 E. Washington Street, Suite 900
Chicago, IL  60602
Telephone:  312/372-8822
312/372-1673 (fax)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GONZALES, on Behalf of Himself and All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>      vs.<br><br>ARROW FINANCIAL SERVICES LLC,<br><br>                              Defendant. | Case No. 05-CV-0171 JAH (RBB)<br><br>PLAINTIFF'S [PROPOSED] JURY INSTRUCTIONS (WITH AUTHORITY)<br><br>The Honorable John A. Houston |

1  Plaintiff Johnny Gonzales requests that the following proposed Jury Instructions be read to
2 the jury.

3 DATED:  December 7, 2007          ARLEO LAW FIRM, PLC
                                    ELIZABETH J. ARLEO

                                         s/ Elizabeth J. Arleo
                                    ELIZABETH J. ARLEO

                                    850 Main Street, Suite 201
                                    Ramona, CA  92065
                                    Telephone:  760/789-8000
                                    760/789-8081 (fax)

                                    HORWITZ, HORWITZ & ASSOCIATES
                                    O. RANDOLPH BRAGG
                                    CRAIG M. SHAPIRO
                                    25 E. Washington Street, Suite 900
                                    Chicago, IL  60602
                                    Telephone:  312/372-8822
                                    312/372-1673 (fax)

                                    Attorneys for Plaintiff

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NUMBER 1**
**(Nature of the Action and Legal Definitions)**

Plaintiff Johnny Gonzales brings this class action against Defendant Arrow Financial LLC for violations of 15 U.S.C. § 1692, *et seq.*, commonly known as the Fair Debt Collection Practices Act, which for convenience, I will refer to as the "FDCPA." His lawsuit also claimed violations the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.1, *et seq.* ("CA FDCPA").

The FDCPA originally enacted by Congress became effective on March 20, 1978, and was again amended and broadened in 1986. In passing this Act, Congress stated its purpose was "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection practices." To this end, the FDCPA expressly prohibits debt collectors from engaging in numerous specific acts or practices and also mandatorily requires debt collectors in attempting to collect consumer debts for others to affirmatively perform specific acts.

The FDCPA defines a "debt collector" to include any person who uses any instrumentality of interstate commerce, the mails in any business, the principle purpose of which business is the collection of any debt, directly or indirectly, owed, due, or asserted to be owed or due to another. Arrow is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) and the CA FDCPA, Cal. Civil Code §1788.2(c). Arrow is or was engaged in the collection of debts from consumers using the mail and/or telephone.

The FDCPA defines "debt" to mean any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligations have been reduced to judgment. The obligation which Plaintiff Johnny Gonzales is alleged to owe is a "debt" within the meaning of the FDCPA. Plaintiff and each class member's alleged debt to Bally's Total Fitness Corporation and/or Holiday Spa Health Clubs of California ("Debt") was incurred for personal, family, or household purposes pursuant to 15 U.S.C.

§1692a(5) and is a "consumer debt" as defined by Cal. Civ. Code §1788.2(f). The FDCPA defines "consumer" as any person obligated or allegedly obligated to pay any debt. Plaintiff Johnny Gonzales and each member of the class is a "consumer" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(3) and is a "debtor" as defined by the California Rosenthal Fair Debt Collection Practices Act ("CA FDCPA"), Cal. Civ. Code §1788.2(h).

**Authority**:  15 U.S.C. §1692a; Cal. Civil Code §1788.2.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER 2
(Obligation to Pay the Debt Does Not Affect Liability Under FDCPA)**

Whether or not Plaintiff Johnny Gonzales or any class member owes the debt alleged to be due to Bally's Total Fitness Corporation and/or Holiday Spa Health Clubs of California is not a factor in this proceeding. Even if Mr. Gonzales does owe this obligation, Defendant Arrow Financial, LLC must comply in all respects with the FDCPA and the CA FDCPA. Therefore, you may not consider whether or not Mr. Gonzales or any class member is indebted to Bally's Total Fitness Corporation and/or Holiday Spa Health Clubs of California when determining the amount of statutory damages to be awarded pursuant to the FDCPA and the CA FDCPA.

1 **Authority**: *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); *McCartney v. First City Bank,* 970 F.2d 45 (5th Cir. 1992).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION
NUMBER 3
(The Court's Rulings)**

On February 7, 2006, the Court certified this matter to proceed as a class action defined as:

All natural persons with California and addresses who meet the following criteria:

1. Defendant sent them a letter in the form represented by Exhibits A and/or B attached to the First Amended Complaint;

2. On or after that date one year prior to the filing of this action;

3. Seeking to collect a debt allegedly owed to Bally Total Fitness Corporation and/or Holiday Spa Health Clubs of California that was charged off more than 7 years previous to the date of the letter; and

4. Which was not returned by the Postal Service.

*Gonzales v. Arrow Fin. Servs. LLC*, 233 F.R.D. 577, 583 (S.D. Cal. 2006).

By Order dated June 8, 2007, the Court found that Defendant Arrow Financial, LLC's letters (attached to the First Amended Complaint) sent to Plaintiff Johnny Gonzales and the class members violated the FDCPA and the CA FDCPA by making false representations in an attempt to collect a debt and threatening to take action which could not legally be taken or that was not intended to be taken. *Gonzales v. Arrow Fin. Servs. LLC*, 489 F. Supp. 2d 1140, 1150-53 (S.D. Cal. 2007).

The question remaining for determination by the jury is the amount of statutory damages to be awarded to Johnny Gonzales and the class of California consumers.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION**
**NUMBER 4**
**(The FDCPA is a strict Liability Statute)**

The FDCPA is a strict liability statute. It is not necessary that the violation be knowing or intentional.

**Authority**: *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1175-76 (9th Cir. 2006).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION**
**NUMBER 5**
**(Statutory Damages)**

The jury may award statutory damages in an amount not to exceed $1,000.00 to Plaintiff Johnny Gonzales for Defendant Arrow Financial, LLC's violation the FDCPA. In addition, the jury may award statutory damages in an amount not to exceed $500,000.00 to the class of California consumers for Arrow Financial, LLC's violation the FDCPA. Actual damages need not be recovered by the plaintiff in order for you to award statutory damages.

1  **Authority**: 15 U.S.C. §1692k(a)(2)(A) and (B); *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997).

**PLAINTIFF'S PROPOSED JURY INSTRUCTION**
**NUMBER 5 – Continued**
**(Statutory Damages)**

In addition to the statutory damages awarded for Arrow Financial's violations of the FDCPA, the jury may also award statutory damages in an amount not to exceed $1,000.00 to Johnny Gonzales for Defendant Arrow Financial, LLC's violation the CA FDCPA. Further, the jury may award statutory damages in an amount not to exceed $500,000.00 to the class of California consumers for Arrow Financial, LLC's violation the CA FDCPA. Like the FDCPA, actual damages need not be recovered by the plaintiff in order for you to award statutory damages for violation of the CA FDCPA.

**Authority:** Cal. Civil Code § 1788.17 and §1788.32.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION**
**NUMBER 6**
**(Factors for Determining Statutory Damages)**

In determining the amount of statutory damages to be awarded, up to $1,000.00 for Johnny Gonzales and up to $500,000.00 for the class of California consumers, the FDCPA provides that the jury shall consider among other relevant factors, the frequency and persistence of non-compliance by the debt collector, the nature of such non-compliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which non-compliance was intentional.

In this case, the noncompliance with the Fair Debt Collection Practices Act 15 U.S.C. §1692, *et seq.* (" FDCPA"), and the California Fair Debt Collection Practices Act, the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§1788, *et seq.* ("CA FDCPA") by Defendant Arrow Financial was frequent and persistent in that Arrow sent 44,761 letters in the form of <u>Exhibits 1 and/or 2</u>, to 39,727 California debtors. *See* # 21 of the Pretrial Order, Docket No. 133.

The nature of Arrow's noncompliance was that its letters were false and misleading threatening action that could not legally be take or was not intended to be taken in violation of 15 U.S.C. §1692e(5) and §1692e(10) of the FDCPA and §1788.17 of the Rosenthal FDCPA. *Gonzales v. Arrow Fin. Servs. LLC*, 489 F. Supp.2d 1140 (S.D. Cal. 2007).

The resources of Arrow Financial is that it has a net worth equal to or in excess of $50,000,000. *See* # 28 of the Pretrial Order, Docket No. 133.

39,727 California debtors were adversely affected by the conduct of Arrow Financial. *See* # 21 of the Pretrial Order, Docket No. 133.

Arrow Financial's conduct was intentional because (1) it knew the alleged debts which were seven years old and could not be reported to a credit reporting agency (see #14 and # 24 of the Pretrial Order, Docket No. 133) and (2) it did not intend to report alleged debts which were seven years old or older (see # 20 and # 21 of the Pretrial Order, Docket No. 133).

**Authority**:   15 U.S.C. §1692k(b)(2); Cal. Civil Code §1788.17 and §1788.32.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION**
**NUMBER 7**
**(Net Worth)**

The net worth of Defendant Arrow Financial, LLC is $50,000,000.00 or greater. (See # 28 of the Pretrial Order, Docket No. 133.) Therefore, you may award the class up to $500,000 for Arrow Financial's violation of the FDCPA. Additionally you may also award up to $500,000 for Arrow Financial's violation of the CA FDCPA.

**Authority**:   15 U.S.C. §1692k(b)(2); Cal. Civil Code §1788.17 and § 1788.32.

1 CERTIFICATE OF SERVICE

2       I hereby certify that on December 7, 2007, I electronically filed the foregoing with the Clerk

3 of the Court using the CM/ECF system which will send notification of such filing to the following

4 e-mail addresses:

5     Linda L. Streeter          lstreeter@hinshawlaw.com
    Desmond Hinds          dhinds@hinshawlaw.com
6     S. Cox          scox@hinshawlaw.com
    David M. Schultz          dschultz@hinshawlaw.com
7     Jennifer W. Weller          jweller@hinshawlaw.com
    T. Fournier          tfournier@hinshawlaw.com
8     O. Randolph Bragg          rand@horwitzlaw.com
    Shannon          shannon@horwitzlaw.com
9     Craig M. Shapiro          craig@horwitzlaw.com
    Robert L. Arleo          r.arleo@verizon.net, r.arleo@sbcglobal.net

10

11       I certify under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.  Executed on December 7, 2007.
12

13                                       s/ Elizabeth J. Arleo
                                      ELIZABETH J. ARLEO
14
                                      ARLEO LAW FIRM, PLC
15                                       850 Main Street, Suite 201
                                      Ramona, CA  92065
16                                       Telephone:  760/789-8000
                                      760/789-8081 (fax )
17                                       E-mail:  elizabeth@arleolaw.com

18

19 N:\Cases\05-1009 Gonzales v Arrow\Pleadings\Mem Req Ct Deter Damages.doc

20

21

22

23

24

25

26

27

28