Desmond J. Hinds (CASB No. 105831)
dhinds@hinshawlaw.com
Linda L. Streeter (CASB No. 105950)
lstreeter@hinshawlaw.com
HINSHAW & CULBERTSON LLP
11601 Wilshire Boulevard
Suite 800
Los Angeles, CA 90025
Telephone:   310-909-8000
Facsimile:   310-909-8001

David M. Schultz (Illinois No. 6197596)
dschultz@hinshawlaw.com
Jennifer W. Weller (Illinois No. 270826)
jweller@hinshawlaw.com
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081
Telephone:   312-704-3000
Facsimile:   312-704-3001

Attorneys for Defendant,
ARROW FINANCIAL SERVICES LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Johnny Gonzales, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Arrow Financial Services, LLC,<br><br>　　　　　Defendant. | **RESPONSE IN OPPOSITION TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**<br><br>**Case No. 05 CV 0171**<br><br>Date: January 14, 2008<br>Time: 2:00 p.m.<br>Courtroom: 11<br><br>The Honorable John A. Houston |

**PLEASE TAKE NOTICE THAT** Defendant Arrow Financial Services, LLC opposes Plaintiff's Proposed Jury Instructions as follows:

### OBJECTIONS TO PROPOSED JURY INSTRUCTION NO. 1

(1) Plaintiff's proposed Jury Instruction No. 1 is not a Model Civil Jury Instruction. Plaintiff has drafted his own instruction allegedly based on the language of the FDCPA and CA FDCPA. The proposed instruction is argumentative in that it characterizes the FDCPA's alleged prohibitions.

(2) The proposed instruction does not actually instruct the jury to do anything. Instead, it recites the purpose of the FDCPA and sets forth certain definitions. The instruction is improper. The parties filed a Pretrial Order with Stipulations of Fact which will be read to the jury. Proposed Instruction No. 1 is inappropriate, improper and to the extent it is duplicative of the Pretrial Order (for example Facts No. 9,10,11 12), it is unnecessary.

### OBJECTIONS TO PROPOSED JURY INSTRUCTION NO. 2

(1) Plaintiff's proposed Jury Instruction No. 2 is not a Model Civil Jury Instruction. There is no authority in support of the alleged instruction. Instead, the proposed instruction is argumentative and plaintiff improperly cites to caselaw as "authority" for the proposed instruction. Further, the proposed instruction does not actually instruct the jury to do anything.

(2) Plaintiff has filed a Motion in Limine Regarding the Underlying Debt. The court's ruling on the motion will determine whether or not the parties may address the

fact that plaintiff and the class members owed debts that Arrow was attempting to collect. The proposed instruction is inappropriate and improper.

## OBJECTIONS TO PROPOSED JURY INSTRUCTION NO. 3

(1) Plaintiff's proposed Jury Instruction No. 3 is not a Model Civil Jury Instruction. There is no authority in support of the alleged instruction.

(2) The proposed instruction does not actually instruct the jury to do anything. Instead, it is duplicative in part, of Fact No. 5 set forth in the Pretrial Order. It is argumentative as worded.

(3) The proposed instruction further contains plaintiff's alleged summary of this Court's opinion in *Gonzales v. Arrow Fin. Servs. LLC* 489 F.Supp.2d 1140 (S.D.Cal. 2007). In denying plaintiff's request to include the opinion as an exhibit, the Court instructed plaintiff to set forth Proposed Findings of Fact based on its opinions. Plaintiff's attempt to incorporate the court's rulings into a jury instruction is improper and contrary to this Court's instruction.

## OBJECTIONS TO PROPOSED JURY INSTRUCTION NO. 5

(1) Plaintiff's proposed Jury Instruction No. 5 is not a Model Civil Jury Instruction or based on one. Plaintiff has drafted his own instruction allegedly based on the FDCPA and caselaw.

(2) Instruction No. 5 is incomplete in that it fails to instruct the jury that they can award a range of damages between zero and $1,000 to plaintiff and between $0 and $500,000 to the class. It further fails to set forth plaintiff's burden to establish damages under the FDCPA. It is argumentative as worded.

(3)     Defendant objects to Proposed Jury Instruction No. 5 and offers its Proposed Instruction No. 17 as a more complete recitation of plaintiff's burden to establish damages under the FDCPA.

### OBJECTIONS TO PROPOSED JURY INSTRUCTION NO. 5- Continued

(1)     Whether any damages may be awarded under the CA FDCPA is the subject of Defendant's Motion in Limine No. 1.  In the event that this Court denies Defendant's Motion in Limine, Defendant submits that its Proposed Instruction No. 21 is a more complete instruction as it instructs the jury that it is Plaintiff's burden to establish damages and instructs the jury that they can award a range of damages between zero and $1,000 to plaintiff and between $0 and $500,000 to the class.

### OBJECTIONS TO PROPOSED JURY INSTRUCTION NO. 6

(1)     Plaintiff's proposed Jury Instruction No. 6 is not a Model Civil Jury Instruction.  Plaintiff has drafted his own instruction which incorporates certain alleged findings and conclusions.

(2)     Plaintiff incorporates his Proposed Additional Findings of Fact in Jury Instruction No. 6.  Arrow has objected to all of Plaintiff's Proposed Additional Findings of Fact on the basis that the proposed findings are duplicative and fail to set forth factual findings derived from the court orders set forth in the decisions *Gonzales v. Arrow Fin. Servs. LLC*, 233 F.R.D. 577 (S.D.Cal. 2006) and *Gonzales v. Arrow Fin. Servs. LLC* 489 F.Supp.2d 1140 (S.D.Cal. 2007).

(3)     Proposed Instruction No. 6 is improper for the same reasons.  There have been no factual findings in the wording proposed by plaintiff including that Arrow's

actions were "frequent and persistent," that "39,727 California debtors were adversely affected" by the conduct of Defendant," or that Arrow's conduct was "intentional." These issues are controverted and are not appropriate subjects of a jury instruction.

(4) Proposed Instruction No. 6 is further improper because it is argumentative.

(5) Defendant has set forth the wording of the factors to be considered in awarding damages under the FDCPA in its Proposed Instructions No. 18 and 19. Defendants' proposed instructions are nonbiased and should be used in lieu of plaintiff's Proposed Instruction No. 6.

## OBJECTIONS TO PROPOSED INSTRUCTION NO. 7

(1) Instruction No. 7 is duplicative of Fact No. 28 set forth in the Pretrial Order regarding the amount of Arrow's net worth and it is therefore unnecessary. It is also duplicative of the parties' proposed damages instructions. Defendant's Proposed Instruction No. 17 instructs the jury as to the range of damages available under the FDCPA- from zero to $1000 for an individual and from zero to $500,000 for a class.

(2) Instruction No. 7 is also the subject of Defendant's Motion in Limine No. 1 as to the damages under the CA FDCPA. In the event that this Court denies Defendant's Motion in Limine, Defendant submits that its Proposed Instruction No. 21 is a more complete instruction as it instructs the jury that it is Plaintiff's burden to establish damages and instructs the jury that they can award a range of damages between zero and $1,000 to plaintiff and between $0 and $500,000 to the class.

| | |
|---|---|
| Dated: December 18, 2007 | HINSHAW & CULBERTSON LLP |
| | |
| | By: /s/David M. Schultz |
| | David M. Schultz |
| | Jennifer W. Weller |
| | HINSHAW & CULBERTSON LLP |
| | 222 N. LaSalle Street, Suite 300 |
| | Chicago, IL 60601-1081 |
| | Telephone:     312-704-3000 |
| | Facsimile:     312-704-3001 |
| | |
| | Attorneys for Defendant |
| | Arrow Financial Services, LLC. |

# CERTIFICATE OF SERVICE

*Johnny Gonzales v. Arrow Financial Services LLC*
Case No. 05-CV-0171 JAH (RBB)

I hereby certify that on **December 18, 2007**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Linda L. Streeter | lstreeter@hinshawlaw.com |
| Desmond J. Hinds | dhinds@hinshawlaw.com |
| S. Cox | scox@hinshawlaw.com |
| David M. Schultz | dschultz@hinshawlaw.com |
| Jennifer W. Weller | jweller@hinshawlaw.com |
| O. Randolph Bragg | rand@horwitzlaw.com |
| Shannon | Shannon@horwitzlaw.com |
| Craig M. Shapiro | craig@horwitzlaw.com |
| Robert L. Arleo | r.arleo@verizon.net, r.arleo@sbcglobal.net |

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **December 18, 2007**.

HINSHAW & CULBERTSON LLP

By:    s/ David M. Schultz
      DAVID M. SCHULTZ

David M. Schultz
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001
dschultz@hinshaw.com