1   ARLEO LAW FIRM, PLC
    ELIZABETH J. ARLEO (CASB NO. 201730)
2   1672 Main Street, Suite E, PMB 133
    Ramona, CA  92065
3   Telephone:  760/789-8000
    760/789-8081 (fax)
4
    HORWITZ, HORWITZ & ASSOCIATES
5   O. RANDOLPH BRAGG (IL BAR NO. 6221983)
    CRAIG M. SHAPIRO (IL BAR NO. 6284475)
6   25 E. Washington Street, Suite 900
    Chicago, IL  60602
7   Telephone:  312/372-8822
    312/372-1673 (fax)
8
9   Attorneys for Plaintiff

10  [additional counsel appear on signature page]

11                    UNITED STATES DISTRICT COURT

12                   SOUTHERN DISTRICT OF CALIFORNIA

13

14  JOHNNY GONZALES, on Behalf of Himself      Case No. 05-CV-0171 JAH (RBB)
    and All Others Similarly Situated,
15                                             MEMORANDUM OF POINTS AND
                             Plaintiff,        AUTHORITIES IN SUPPORT OF
16                                             PLAINTIFF'S MOTION FOR ATTORNEYS'
        vs.                                    FEES AND EXPENSES
17
    ARROW FINANCIAL SERVICES LLC,              DATE:   May 18, 2009
18                                             TIME:   2:30 p.m.
                             Defendant.        PLACE:  Courtroom 11
19
                                               The Honorable John A. Houston
20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      RELEVANT PROCEDURAL HISTORY ........................................................................1

II.     STATEMENT OF FACTS ...........................................................................................2

III.    PLAINTIFF IS ENTITLED TO RECOVER HIS ATTORNEYS' FEES AND
        LITIGATION EXPENSES ...........................................................................................3

        A.  The FDCPA Requires the Payment of Reasonable Attorneys' Fees and
            Expenses to a Successful Plaintiff .................................................................3

        B.  California Law Also Permits Fees to a Successful Plaintiff .........................4

        C.  Plaintiff is the Prevailing Party in this Litigation .......................................5

        D.  The Amount of Fees Requested Is Reasonable..............................................6

                1.  The "Lodestar" Is Reasonable .......................................................6

                        a.  The Number of Hours Spent by Plaintiff's Attorneys Is
                            Reasonable: This Case Was Litigated Over Vigorous
                            Opposition................................................................7

                        b.  The Hourly Rates Requested Are Reasonable ...............9

                2.  The Lodestar May Not Be Reduced Due To The Amount Of The
                    Judgment ..................................................................................11

        E.  A Multiplier is Appropriate and Reasonable. ............................................13

                1.  California Law Permits Multipliers Between 2-4 ......................14

                2.  Federal Law Permits Multipliers ................................................17

        F.  Plaintiff and His Attorneys Are Entitled To Recover Their Expenses .......20

        G.  Plaintiff Will Seek A Supplemental Award Of Attorneys' Fees And Litigation
            Expenses For Time Expended Upon This Motion.......................................20

IV.     CONCLUSION...........................................................................................................22

## TABLE OF AUTHORITIES

**CASES**

*Abels v. JBC Legal Group, P.C.*,
    227 F.R.D. 541 (N.D.Cal. 2005)................................................................. 10

*Acik v. I.C. System, Inc.*,
    251 F.R.D. 332 (N.D.Ill., June 11, 2008) ................................................... 10

*Armstrong v. The Rose Law Firm, P.A.*
    2002 U.S. Dist. LEXIS 16867, *14 ........................................................... 12

*Asberry v. City of Sacramento Sanitation Dep't.*,
    2004 U.S. Dist. LEXIS 29138, **15- 16 (E.D. Cal. Apr. 5, 2004) ................. 17

*Bellows v. NCO Financial Systems, Inc.*,
    No. 07-cv-1413, 2009 WL 35468 (S.D. Cal Jan. 5, 2009) ............................ 18

*Blum v. Stenson*,
    465 U.S. 886, 895 (1984).......................................................................... 9, 18

*Bodely v. Thompson*,
    No. C-04-0375 JCS, 2005 U.S. Dist. LEXIS 5113 (N.D. Cal. March 23, 2005) ............... 7

*Borcherding-Dittloff v. Transworld Systems, Inc.*,
    185 F.R.D 558 (W.D.Wis. 1999) .............................................................. 10

*City of Burlington v. Dague*,
    505 U.S. 557, 562 (1992)........................................................... 13, 17, 18

*City of Oakland v. Oakland Raiders*,
    203 Cal. App. 3d 78, 83 (1988) ............................................................... 13

*Bouman v. Block*,
    940 F.2d 1211 (9th Cir. 1991) ................................................................... 9

*Camacho v. Bridgeport Financial, Inc.*,
    523 F.3d 973 (9th Cir. 2008) (*Camacho II*)........................................ 3, 9, 21

*Campos v. Western Dental Sevices, Inc.*,
    2007 WL 2050976, *1 (N.D.Cal., July 13, 2007)...................................... 10

*Cancio v. Financial Credit Network, Inc.*,
    2005 WL 1629809, *3  (N.D.Cal., July 6, 2005)........................................ 10

*Carroll v. United Compucred Collections*,
    2008 WL 3001595 (M.D.Tenn. July 31, 2008) ......................................... 10

*Cazares v. Saenz*,
    208 Cal. App. 3d 279 (1989) ................................................................... 14

*Chabner v. United of Omaha Life Ins. Co.*,
    No. C-95-0447 MHP, 1999 U.S. Dist. LEXIS 16552, at **20-21 (N.D. Cal. Oct. 12, 1999) ........................................................................... 16

# TABLE OF AUTHORITIES

*City of Riverside v. Rivera*,
477 U.S. 561; 106 S. Ct. 2686; 91 L. Ed. 2d 466 (1986) .......................................... 11, 12

*Crommie v. Public Utils. Comm'n*,
840 F. Supp. 719 (N.D. Cal. 1994) ...................................................................... 16

*David v. City of Scranton*,
633 F.2d 676 (3d Cir. 1980) .............................................................................. 21

*Davis v. City of San Francisco*,
976 F.2d 1536 (9th Cir. 1992) ............................................................................. 9

*Defenbaugh v. JBC & Assoc.*,
2004 U.S.Dist.LEXIS 16256, *17-20 (N.D.Cal., Aug. 10, 2004) ........................... 10

*Doe v. Bridgeport Police Dep't.*,
468 F. Supp. 2d 333 (D. Conn. 2006) .................................................................. 18

*Edwards v. National Business Factors, Inc.*,
897 F.Supp. 458 (D.Nev. 1995) ............................................................................ 4

*EEOC v. Harris Farms, Inc.*,
No. F 02-6199 AWI LJO, 2006 U.S. Dist. LEXIS 48808, at *20 (E.D. Cal.
June 30, 2006) .................................................................................................. 19

*Emanuel v. American Credit Exchange*,
870 F.2d 805, 809 (2d Cir. 1989) ......................................................................... 3

*Evans v. Jeff D.*,
475 U.S. 717; 106 S. Ct. 1531; 89 L. Ed. 2d 747 (1986) ...................................... 12

*Ferland v. Conrad Credit Corp.*,
244 F.3d 1145 (9th Cir. 2001) ............................................................................ 17

*Fischel v. Equitable Life*,
307 F.3d 997 (9th Cir. 2002) .............................................................................. 15

*Florin v. Nationsbank of Georgia, N.A.*,
34 F.3d 560 (7th Cir. 1994) ............................................................................. 9, 15

*Friend v. Kolodzieczak*,
72 F.3d 1386 (9th Cir. 1995) ............................................................................... 7

*Gates v. Deukmejian*,
987 F.2d 1392 (9th Cir. 1992) .............................................................................. 7

*Gonzales v. Arrow Fin. Serv. LLC*,
233 F.R.D. 577 (S.D.Cal. 2006) .................................................................. 1, 6, 8, 15

*Gonzales v. Arrow Fin. Serv. LLC*,
489 F.Supp.2d 1140 (S.D. Cal. 2006) ............................................................. passim

*Gonzales v. Arrow Financial Services, LLC*,
No. 05-cv-0171 JAH (RBB), 2005 US. Dist LEXIS 19712, at *10-*11 (S.D.
Cal., July 25, 2005) ...................................................................................... 1, 5, 15

## TABLE OF AUTHORITIES

*Graham v. DaimlerChrysler Corp.*,
    34 Cal. 4th 553 (2004) ............................................................................... 5, 16

*Graziano v. Harrison*,
    950 F.2d 107 (3d Cir. 1991)....................................................................... 3, 12

*Guam Soc'y of Obstetricians & Gynecologists v. Ada*,
    100 F.3d 691 (9th Cir. 1996) ................................................................... 17, 18

*Haitian Refugee Center v. Meese*,
    791 F.2d 1489 (11th Cir. 1986) .................................................................... 21

*Hensley v. Eckerhart*,
    461 U.S. 424, 433 (1983) ........................................................................... 6, 8

*In re Martinez*,
    266 B.R. 523 (Bankr. S.D.Fla. 2001), *aff'd* 271 B.R. 696 (S.D.Fla. 2001)...................... 12

*In re Nucorp Energy, Inc.*,
    764 F.2d 655 (9th Cir. 1985) ...................................................................... 20

*In re Pine*,
    705 F.2d 936 (7th Cir. 1983) ...................................................................... 13

*Independent Federation of Flight Attendants v. Zipes*,
    491 U.S. 754; 109 S. Ct. 2732; 105 L. Ed. 2d 639 (1989)................................ 7

*Johnson v. Eaton*,
    80 F.3d 148 (5th Cir. 1996) ........................................................................ 12

*Johnson v. State of Miss.*,
    606 F.2d 635 (5th Cir. 1979) ...................................................................... 21

*Jordan v. Multnomah County*,
    815 F.2d 1258 (9th Cir. 1987) ........................................................... 6, 9, 18, 21

*Kerr v. Screen Extras Guild, Inc.*,
    526 F.2d 67 (9th Cir. 1975) ........................................................................ 18

*Ketchum v. Moses*,
    24 Cal. 4th 1122 (2001) ....................................................................... 14, 16

*Kurowski v. Krajewski*,
    848 F.2d 767 (7th Cir. 1988) ...................................................................... 21

*Libertad v. Sanchez*,
    134 F.Supp.2d 218 (D.P.R. 2001) ............................................................... 20

*Mangold v. California Pub. Utils. Comm'n*,
    67 F.3d 1470 (9th Cir. 1995) ............................................................. 6, 13, 16

*Mcgowan v. King, Inc.*,
    661 F.2d 48 (5th Cir. 1981) ........................................................................ 13

# TABLE OF AUTHORITIES

*Northcross v. Memphis Bd. of Education,*
    412 U.S. 427; 93 S. Ct. 2201; 37 L. Ed. 2d 48 (1973) ....................................... 7

*Oberfelder v. City of Petaluma,*
    2002 U.S. Dist. LEXIS 8635 (N.D. Cal. Jan. 29, 2002) ................................ 18

*Paulson v. City of San Diego,*
    No. 89-0820GT(LSP), 2007 U.S. Dist. LEXIS 43587 (S.D. Cal.
    June 13, 2007) ................................................................................................. 16

*Perez v. Perkiss,*
    742 F.Supp. 883 (D. Del. 1990) ................................................................ 12, 21

*Pipiles v. Credit Bureau of Lockport, Inc.,*
    886 F.2d 22 (2d Cir. 1989) ............................................................................... 3

*Quaration v. Tiffany & Co.,*
    166 F.3d 422 (2d Cir. 1999) ........................................................................... 11

*Rader v. Thrasher,*
    57 Cal. 2d 244 (1962) ...................................................................................... 14

*Romberg v. Nichols,*
    953 F.2d 1152 (9th Cir. 1992) ........................................................................ 19

*Salton Bay Marina, Inc. v. Imperial Irrigation Dist.,*
    172 Cal. App. 3d 914 (1985) ........................................................................... 14

*San Bernardino Valley Audubon Soc'y v. County of San Bernardino,*
    155 Cal. App. 3d 738 (1984) ........................................................................... 14

*Schimmel v. Slaughter,*
    975 F.Supp. 1481 (M.D.Ga. 1997) ................................................................ 12

*Serrano v. Priest,*
    20 Cal. 3d 25 (1977) ....................................................................................... 13

*Serrano v. Unruh,*
    32 Cal. 3d 621 (1982) ........................................................................................ 7

*Sousa v. Miguel,*
    32 F.3d 1370 (9th Cir. 1994) .......................................................................... 20

*Southeast Legal Defense Group v. Adams,*
    657 F.2d 1118 (9th Cir. 1981) ........................................................................ 21

*Student Public Interest Research Group v. AT&T Bell Laboratories,*
    842 F.2d 1436 (3d Cir. 1988) ......................................................................... 12

*Swanson v. Mid Am, Inc.,*
    186 F.R.D. 665 (M.D.Fla. 1999) .................................................................... 10

*Tolentino v. Friedman,*
    46 F.3d 645 (7th Cir. 1995) .............................................................................. 3

## <u>TABLE OF AUTHORITIES</u>

*Trs. Of Constr. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*,
   460 F.3d 1253 (9th Cir. 2006) ........................................................ 20

*Tutor-Saliba Corp. v. City of Hailey*,
   452 F.3d 1055 (9th Cir. 2006) ......................................................... 17

*United Nuclear Corp. v. Cannon*,
   564 F.Supp. 581 (D.R.I. 1983)......................................................... 20

*United States v. City & County of San Francisco*,
   748 F.Supp. 1416 (N.D. Cal. 1990) ................................................... 9

*Wershba v. Apple Computer*,
   91 Cal. App. 4th, 224 (2001) .......................................................... 16

*Zagorski v. Midwest Billing Services, Inc.*,
   128 F.3d 1164 (7th Cir. 1997) ................................................... 11, 12

**OTHER AUTHORITIES**

California Code of Civil Procedure §1021.5 .................................. 14, 16, 20

California Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 *et seq.* ................... passim

California Fair Employment and House Act ....................................... 17

Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988 ......................... 6, 9, 11, 17

Fair Debt Collection Practices Act, 15 U.S.C. §1692k(a)(3)...................... passim

Federal Age Discrimination In Employment Act .................................. 17

Federal Americans With Disabilities Act .......................................... 16

Federal Rules of Civil Procedure, Rule 54 .......................................... 1

1        Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, 15 U.S.C. §1692k(a)(3),

2   California Civil Code §1788.30(c), and California Code of Civil Procedure §1021.5, representative

3   plaintiff Johnny Gonzales ("Plaintiff") moves this Court for an award of reasonable attorneys' fees

4   and litigation expenses against defendant Arrow Financial Services LLC ("Defendant" or "Arrow

5   Financial").

6   **I.    RELEVANT PROCEDURAL HISTORY**

7        On January 28, 2005, Plaintiff commenced his class action alleging Arrow Financial violated

8   15 U.S.C. §1692, *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter

9   "FDCPA").  [Docket No. 1]  On July 25, 2005, this Court denied Defendant's motion to dismiss.

10   *Gonzalez v. Arrow Financial Services, LLC*, No. 05CV0171, 2005 U.S. Dist LEXIS 19712, at *13

11   (S.D. Cal. July 25, 2005). [Docket No. 11]

12        On October 13, 2005, Plaintiff was granted leave to file his First Amended Complaint to add

13   claims brought pursuant to Cal. Civ. Code § 1788, *et seq.*, commonly referred to as the California

14   Fair Debt Collection Practices Act (hereinafter "CA FDCPA").  [Docket No. 28]

15        On February 6, 2006, this Court granted Plaintiff's Motion for Class Certification for claims

16   pursuant to the FDCPA and CA FDCPA. *Gonzales v. Arrow Fin. Servs. LLC*, 233 F.R.D. 577 (S.D.

17   Cal. 2006). [Docket No. 46]

18        On June 8, 2007, this Court denied Defendant's Motion for Summary Judgment and granted

19   Plaintiff's Motion for Partial Summary Judgment finding that Defendant had violated the FDCPA

20   and CA FDCPA.  *Gonzales v. Arrow Fin. Servs. LLC*, 489 F.Supp.2d 1140, 1157 (S.D. Cal. 2007).

21   [Docket No. 121].

22        Plaintiff filed and won multiple motions in limine.  *See* Plaintiff's Statement of Motion in

23   Limine Rulings filed on October 19, 2008 (describing motion in limine rulings).  [Docket #204]

24        On October 23, 2008, a jury verdict was entered for Mr. Gonzales and the class against

25   Arrow Financial pursuant to the FDCPA and the CA FDCPA in the total amount of $500 for

26   Mr. Gonzales and $225,000.00 for the class.  [Docket No. 209]  On March 9, 2009, this Court issued

27   its Judgment on Verdict, stating in part: that "the Members of the Certified Class of Plaintiffs

28   recover damages in the amount of $225,500." [Docket #216]

## II.   STATEMENT OF FACTS

In this litigation, Plaintiff Johnny Gonzales was represented by Elizabeth J. Arleo, Shaun Khojayan, and O. Randolph Bragg.  Ms. Arleo, an attorney with nearly 10 years of experience, expended 1020.4 hours in representation of Plaintiff.  *See* Declaration of Elizabeth J. Arleo in Support of Plaintiff's Motion for an Award of Attorneys' Fees and Expenses ("Arleo Decl."), ¶4, Ex. 2.  The reasonable hourly rate for an attorney of Ms. Arleo's experience is $385 per hour.  Arleo Decl., ¶3, Ex. 1; Declaration of William M. Hensley in Support of Plaintiff's Motion for Attorneys' Fees and Expenses ("Hensley Decl."), ¶¶10, 17, 19, 20, 22, 23, 25, 26, 28C., 29C.  *See also* Declaration of Leonard B. Simon in Support of Plaintiff's Motion for Attorneys' Fees and Expenses ("Simon Decl."), ¶¶10-12, 14.  For her work, Ms. Arleo seeks a lodestar of $392,854.00.  Ms. Arleo also seeks $14,625.00 for paralegal time expended on this case.  Thus, the lodestar sought by Ms. Arleo's firm is $407,479.00.   Arleo Decl., ¶¶4-7, Exs. 2, 3.   Ms. Arleo's firm seeks reimbursement for $41,527.56 in litigation expenses.  Arleo Decl., ¶31, Ex. 4.

Mr. Gonzales was also represented by Shaun Khojayan.  Mr. Khojayan, an attorney with 10 years of experience, expended 253.3 hours in representation of Plaintiff.  *See* Declaration of Shaun Khojayan in Support of Plaintiff's Motion for Attorneys' Fees and Expenses ("Khojayan Decl."), ¶16, Ex. 1.  The reasonable hourly rate for Mr. Shaun Khojayan is $460 per hour.  Khojayan Decl., ¶14, Ex. 1; Hensley Decl., ¶¶10, 17, 23, 25, 30.  Mr. Khojayan's lodestar is $116,518.00.  Khojayan Decl, ¶17, Ex. 1.  His firm expended $758.80 in litigation expenses in the prosecution of this action.  *Id.*, ¶15, Ex. 2.

Mr. Gonzales was also represented by O. Randolph Bragg of Horwitz, Horwitz & Associates, Chicago, Illinois.  Mr. Bragg, an attorney with 35 years of experience, expended 227.9 hours in representation of Plaintiff.  *See* Declaration of O. Randolph Bragg in Support of Plaintiff's Motion for Attorney's Fees and Expenses ("Bragg Decl."), ¶¶3, 10, filed separately.  Mr. Bragg seeks a reasonable hourly rate of $495 per hour for his work in representing Plaintiff and members of the class.  Bragg Decl., ¶11, Hensley Decl., ¶¶10, 18-21, 23, 25, 26, 28A., 29A.  Mr. Bragg's lodestar is $112,810.50 for Mr. Bragg's representation of Plaintiff.  Bragg Decl., ¶16, Ex. 1.  Mr. Bragg's associate Craig Shapiro spent 45.7 hours on this litigation.  *Id.*, ¶11, Ex. 1.  Mr. Shapiro's hourly rate

1   is $250 per hour.  *Id.*, ¶14.  The lodestar for Mr. Shapiro's services is $11,425.00.  *Id.*, ¶18.

2   Mr. Bragg's paralegal Shannon Carter spent 5.4 hours on this litigation.  *Id.*, ¶12, Ex. 1.

3   Ms. Carter's hourly rate is $125 per hour.  *Id.*, ¶15.  The lodestar for Ms. Carter's services is $675.

4   *Id.*, ¶17, Ex. 1.  The total fees for Mr. Bragg's firm is $124,910.50.  His firm expended $37,737.28 in

5   litigation expenses in the prosecution of this action.  *Id.*, ¶19, Ex. 2.

6          The declarations of Plaintiff's attorneys Arleo, Khojayan and Bragg reflect a total of 1547.3

7   hours of attorney time, through March 17, 2009, with a total value of $633,607.50 plus 122.4 hours

8   of paralegal time, with a total value of $15,300.00.   Thus, total lodestar for all three firms is

9   $648,907.50.  As discussed in detail below, Plaintiff requests a multiplier of 2.0 for a total attorneys'

10  fee award of $1,297,815.00.  Plaintiff also requests reimbursement of litigation expenses totaling

11  $80,023.34.

12  **III.   PLAINTIFF IS ENTITLED TO RECOVER HIS ATTORNEYS' FEES AND
       LITIGATION EXPENSES**

13

14          **A.     The FDCPA Requires the Payment of Reasonable Attorneys' Fees and
                  Expenses to a Successful Plaintiff**

15          Under the FDCPA, the prevailing plaintiff is entitled to "a reasonable attorney's fee as

16  determined by the court."

17                  [A]ny debt collector who fails to comply with any provision of this
                    title. . . is liable to such person in an amount equal to the sum of
18                  …actual damages, … [statutory damages], … and in the case of any
                    successful action to enforce the foregoing liability, the costs of the
19                  action, together with a reasonable attorney's fee as determined by the
                    court.

20

21  15 U.S.C. § 1692k(a)(3) (LexisNexis 2008 through Pub. L. No. 110-453).

22          The Ninth Circuit Court of Appeals recently found that "[t]he FDCPA's statutory language

23  makes an award of fees mandatory."  *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th

24  Cir. 2008) (*Camacho II*), citing *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995).   The

25  Second Circuit Court of Appeals similarly held "[b]ecause the FDCPA was violated, the award of []

26  the statute requires the award of costs and a reasonable attorney's fees."   *Pipiles v. Credit Bureau of

27  Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989), citing *Emanuel v. American Credit Exchange*, 870

28  F.2d 805, 809 (2d Cir. 1989).  Likewise, in *Graziano v. Harrison*, the Third Circuit Court of Appeals

1   stated that the FDCPA "mandates an award of attorney's fees…" 950 F.2d 107, 113 (3d Cir. 1991).

2   "Given the structure of the section, attorney's fees should not be construed as a special or

3   discretionary remedy; rather, the…[FDCPA] mandates an award of attorney's fees as a means of

4   fulfilling Congress's intent that the [FDCPA] should be enforced by debtors acting as private

5   attorneys general." *Id.*

6       **B.    California Law Also Permits Fees to a Successful Plaintiff**

7           Plaintiff also prevailed under the CA FDCPA and so, he is entitled to attorneys' fees under

8   California Code of Civil Procedure §1021.5, as well as California Civil Code §1788.30(c).  The

9   California claim under CA FDCPA, Cal. Civ. Code §1788.17, was an integral part of the case.

10  Granting Plaintiff's Motion for Partial Summary Judgment in June 2007, this Court found Defendant

11  liable under the CA FDCPA. *Gonzales v. Arrow Fin. Servs. LLC*, 489 F.Supp.2d at 1157.   In

12  addition to awarding damages to Plaintiff and members of the class under the FDCPA, the jury

13  returned a verdict in favor of Plaintiff and members of the class for damages under the CA FDCPA

14  for $250 and $112,500, respectively.  Whether members of the class could recover damages under

15  both the FDCPA and CA FDCPA was an issue of first impression and heavily litigated during this

16  case.  Defendant vigorously opposed Plaintiff's efforts to recovery under both statutes.   Plaintiff

17  prevailed under California law in front of this Court and before the jury.  *See* Plaintiff's Motion in

18  Limine Re: Recovery under FDCPA and CA FDCPA [Docket #141].   Ruling***: Granted.***

19  Defendant's Motion in Limine Precluding Class From Recovering Duplicative Damages Under Both

20  the Rosenthal Act and The Fair Debt Collection Practices Act [Docket #145]. Ruling***: Denied.  See***

21  *also* September 5, 2008 Minute Order [Docket #191]; September 5, 2008 Hearing Transcript at 4:1-

22  5:1; Jury Verdict in Favor of Plaintiff for Damages Against Defendant entered October 23, 2008

23  [Docket #210].

24          Under California law, prevailing parties are entitled to recover attorneys' fees under C.C.P.

25  §1021.5 if they are successful in enforcing important rights affecting the public interest.  California

26  Code of Civil Procedure §1021.5 states:

27              Upon motion, a court may award attorneys' fees to a successful party
                against one or more opposing parties in any action which has resulted
28              in the enforcement of an important right affecting the public interest

1
2
3

> if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement. . . . are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

4   The circumstances here satisfy all three prongs.  As a direct result of Plaintiff's efforts 39,797

5   class members with California addresses will recover damages under both the FDCPA and CA

6   FDCPA.  The general public has also benefitted.  Defendant admitted that it ceased using the

7   violative letters soon after receiving Plaintiff's complaint.  *See* Pretrial Order, Section III, ¶22.

8   [Docket 133]  Plaintiff is a consumer who undertook private enforcement of the FDCPA and CA

9   FDCPA.  Finally, Plaintiff does not seek the attorneys' fees to be paid out of the statutory damages

10  awarded by the jury.

11  The fundamental objective of C.C.P. §1021.5 is to "encourage suits enforcing important

12  public policies by providing substantial attorney fees to successful litigants in such cases." *Graham*

13  *v. DaimlerChrysler Corp.*, 34 Cal.4th 553, 565 (2004).  The CA FDCPA declares its purpose is to

14  "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of

15  consumer debts and to require debtors to act fairly in entering into and honoring such debts. . . ."

16  Cal. Civ. Code §1788.1(b).  Similarly, the purpose of the FDCPA is "to eliminate abusive debt

17  collection practices by debt collectors, to insure that those debt collectors who refrain from using

18  abusive debt collection practices are not competitively disadvantaged, and to promote consistent

19  State action to protect consumers against debt collection abuse."  15 U.S.C. §1692(e).  Here,

20  Plaintiff's lawsuit enforced the important public policies of eliminating Defendant's abusive debt

21  collection practices  – sending thousands of false, deceptive and misleading letters to California

22  consumers.  Accordingly, attorneys' fees can and should be awarded under §1021.5.

23  **C.   Plaintiff is the Prevailing Party in this Litigation**

24  Plaintiff Johnny Gonzales was successful on:

25  - Defendant's Motion to Dismiss, *Gonzalez v. Arrow Financial Services*, *LLC*, 2005

26  U.S. Dist LEXIS 19712, at *13 (S.D. Cal. July 25, 2005) [Docket No. 11];

27  /////

28  /////

1    • Plaintiff's Motion for Class Certification for Claims Pursuant to the FDCPA and CA

2      FDCPA, *Gonzales v. Arrow Fin. Servs., LLC*, 233 F.R.D. 577 (S.D. Cal. 2006)

3      [Docket No. 46];

4    • Cross motions for summary judgment for violations of the FDCPA and CA FDCPA,

5      *Gonzales v. Arrow Fin. Servs. LLC*, 489 F.Supp.2d 1140, 1157 (S.D. Cal. 2006)

6      [Docket No. 121]; and

7    • Mr. Gonzales received a jury verdict for himself of $500 and the class against Arrow

8      Financial pursuant to the FDCPA and the CA FDCPA in the amount of $225,000.

9      [Docket No. 209]

10   Thus, as the prevailing party in this case, Mr. Gonzales is entitled to an award of costs and

11   reasonable attorney's fees.

12   **D.    The Amount of Fees Requested Is Reasonable**

13   **1.    The "Lodestar" Is Reasonable**

14   The declarations of Plaintiff's attorneys Arleo, Khojayan and Bragg reflect a total of 1669.7

15   hours of attorney and paralegal time, through March 17, 2009, with a total lodestar of $648,907.50.

16   Under both federal and California law, the starting point for calculation of a fee award is the

17   "lodestar" amount, which is determined by multiplying the number of hours reasonably expended on

18   the case by the proper hourly rate for that work. *Jordan v. Multnomah County*, 815 F.2d 1258, 1262

19   (9th Cir. 1987); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1479 (9th Cir. 1995). The

20   United States Supreme Court has explained the calculation for an award of attorney's fees:

21        The most useful starting point for determining the amount of a
          reasonable fee is the number of hours reasonably expended on the
22        litigation multiplied by a reasonable hourly rate. This calculation
          provides an objective basis on which to make an initial estimate of
23        the value of a lawyer's services.

24   *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

25   Although the *Hensley* decision, and others cited hereinafter, arise in the context of the Civil

26   Rights Attorney's Fees Award Act, 42 U.S.C. §1988, these criteria are equally applicable here. "The

27   standards set forth in this opinion are generally applicable in all cases in which Congress has

28   authorized an award of fees to a 'prevailing party.'" *Id*. at 432, n.7. "We have stated in the past that

1    fee-shifting statutes' similar language is 'a strong indication that they are to be interpreted alike.'"

2    *Independent Fedn. of Flight Attendants v. Zipes*, 491 U.S. 754, 757 n.2 (1989) (citing *Northcross v.*

3    *Memphis Bd. of Education*, 412 U.S. 427, 428 (1973)).   The product of the reasonable number of

4    hours expended times the reasonable hourly rate is referred to as the "lodestar" amount.   *Friend v.*

5    *Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995) (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397

6    (9th Cir. 1992)).

7              a.      **The Number of Hours Spent by Plaintiff's Attorneys Is**
                      **Reasonable: This Case Was Litigated Over Vigorous**
8                     **Opposition**

9              In the instant case, several factors show that the number of hours claimed is reasonable.

10   First, Plaintiff's counsel have obtained excellent results over determined opposition.   They have had

11   to litigate numerous factual and legal issues, and have won the vast majority.   *See Section I, supra.*

12   (identifying motion and trial success); Plaintiff's Statement of Motion in Limine Rulings filed on

13   October 19, 2008 (describing motion in limine rulings).   [Docket #204]

14             Second, full compensation is especially warranted when, as here, Defendant litigated

15   tenaciously.   A party cannot "litigate tenaciously and then be heard to complain about the time

16   necessarily spent by the plaintiff in response."   *Serrano v. Unruh*, 32 Cal. 3d 621, 638 (1982);

17   *Bodely v. Thompson*, No. C-04-0375 JCS, 2005 U.S. Dist. LEXIS 5113 (N.D. Cal. March 23, 2005).

18   As described above, in addition to pursuing and prevailing on most discovery matters, Plaintiff won

19   every pretrial motion including Defendant's Motion to Dismiss, Plaintiff's Motion for Class

20   Certification, Plaintiff's Motion for Partial Summary Judgment, Defendant's Motion for Summary

21   Judgment, Defendant's Motion to Decertify the Class as well as discovery and pretrial motions.

22   Defendant also vigorously fought evidentiary issues at trial.   *See e.g.,* Khojayan Decl., ¶22.   After

23   the complaint was filed, the parties met multiple times before the Magistrate Court in an attempt to

24   informally resolve the case.[1]   Defendant could have avoided much of the its fee obligations by

25   ─────────────────────

26   [1] Settlement conferences before the Honorable Ruben B. Brooks were held on September 19, 2005
     [Docket #20]; April 10, 2006 [Docket #38]; October 5, 2006, November 26, 2007, and January 14,
27   2008.   [Docket #s 72, 106, 123, 124, and 162]

28

PLTF'S MEMO OF P&As IN SUPPORT OF            - 7 -                    05-CV-0171 JAH (RBB)
MOTION FOR ATTYS' FEES

1   resolving the problems informally, but it did not.  At every turn, Defendant took the hard way, and

2   Plaintiff and his counsel acted responsibly, representing their client and members of the class

3   vigorously, and obtained excellent results.  The time Plaintiff's counsel expended was necessary to

4   the task.  As the Supreme Court has recognized:

5       Where a plaintiff has obtained excellent results, his attorney should
        recover a fully compensatory fee.  Normally this will encompass all
6       hours reasonably expended on the litigation, and indeed in some
        cases of exceptional success an enhanced award may be justified.
7

8   *Hensley*, 461 U.S. at 435 (citation omitted)

9       Finally, Plaintiff's counsel coordinated closely with each other and there was no unnecessary

10  duplication of effort.  Three attorneys, each with distinct roles, represented Plaintiff and the class in

11  this lawsuit.  Elizabeth J. Arleo's time in this litigation totaled 1020.4 hours.  This amount of time is

12  reasonable.  Since the inception of this case, Ms. Arleo was the personal attorney for Mr. Gonzales

13  and also acted as local counsel and was active in all phases of the litigation including Defendant's

14  2005 motion to dismiss, class certification, discovery, summary judgment, motions in limine and

15  trial.  Arleo Decl., ¶¶10, 14-30, Ex. 2.

16      Shaun Khojayan's time in this litigation totaled 253.3 hours.  Khojayan Decl., ¶16, Ex. 1.

17  This amount of time is reasonable.  Shaun Khojayan was primarily responsible for the trial of the

18  damages to be awarded.  Khojayan Decl., ¶2.  Mr. Khojayan focused on appropriate motions in

19  limine and jury instructions, worked to greatly limit any defenses, organized a focus group for voir

20  dire and trial, and finally conducted the entire trial, from voir dire through verdict, for the Plaintiff.

21  *Id.*, ¶¶19-22, Ex. 1.

22      Plaintiff's attorney O. Randolph Bragg expended 227.9 hours during the course of this

23  litigation.  This amount of time is reasonable.  Mr. Bragg was co-lead counsel and primarily

24  responsible for both the class and merits issues and briefing.  Bragg Decl., ¶10, Ex. 1.  As a direct

25  result of his labor Plaintiff Johnny Gonzales was successful on his motions for class certification,

26  *Gonzalez v. Arrow Fin. Servs., LLC*, 233 F.R.D. 577 (S.D. Cal. 2006), and summary judgment,

27  *Gonzales v. Arrow Fin. Servs., LLC,* 489 F. Supp.2d 1140 (S.D. Cal. 2007).  Mr. Bragg's associate

28  Craig Shapiro spent 45.7 hours on this litigation.  *Id.*, ¶11, Ex. 1.  Mr. Shapiro's hourly rate is $250

1    per hour. *Id.*, ¶14. The lodestar for Mr. Shapiro's services is $11,425.00. *Id.*, ¶18. Mr. Bragg's

2    paralegal Shannon Carter expended 5.4 hours on this litigation. *Id.*, ¶12. Ms. Carter's hourly rate is

3    $125 per hour. *Id.*, ¶15. The lodestar for Ms. Carter's services is $675. *Id.*, ¶17, Ex. 1. The total

4    fees for Mr. Bragg's firm is $124,910.50.

5                    **b.      The Hourly Rates Requested Are Reasonable**

6          The U.S. Supreme Court has stated: "[t]he statute and legislative history establish that

7    'reasonable fees' under § 1988 are to be calculated according to the prevailing market rates in the

8    relevant community, regardless of whether plaintiff is represented by private or non-profit counsel."

9    *Blum v. Stenson*, 465 U.S. 886, 895 (1984) (footnote omitted). *See Camacho II*, 523 F.3d at 979.

10   "In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary

11   that counsel be awarded fees commensurate with those which they could obtain by taking other types

12   of cases." *Tolentino*, 46 F.3d at 652. Furthermore, "[P]aying counsel in FDCPA cases at rates lower

13   than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce

14   the FDCPA through private actions, and therefore misapplies the law." *Id*. at 652, citing *Florin v.*

15   *Nationsbank of Georgia, N.A.,* 34 F.3d 560, 562-63 (7th Cir. 1994)).

16         The reasonableness of the rates can also be confirmed by comparing rates charged by

17   commercial firms for comparable federal litigation. *Davis v. City of San Francisco*, 976 F.2d 1536,

18   1548 (9th Cir. 1992). *See also United States v. City & County of San Francisco*, 748 F.Supp. 1416,

19   1431 (N.D. Cal. 1990) (plaintiffs' attorneys entitled to rates charged by "corporate attorneys of equal

20   caliber"); *Jordan*, 815 F.2d at 1262 ("The prevailing market rate in the community is indicative of a

21   reasonable hourly rate."). *Bouman*, 940 F.2d at 1235. Mr. Hensley's declaration does just that.

22         Ms. Arleo seeks an hourly rate of $385 for an attorney of Ms. Arleo's experience in this type

23   of litigation. Arleo Decl., ¶3, Ex. 1. This rate is supported by Plaintiff's fee expert, William M.

24   Hensley and the Declaration of Leonard B Simon filed concurrently herewith.[2] Hensley Decl., ¶¶10,

25   _____

26   [2]      "[D]eclarations stating that the rate was the prevailing market rate in the relevant community

27   . . . [are] sufficient to establish the appropriate rate for lodestar purposes." *Bouman v. Block*, 940
     F.2d 1211, 1235 (9th Cir. 1991).

28

1   17, 19, 20, 22, 23, 25, 26, 28C., 29C.; Simon Decl., ¶¶10-12, 14.  Ms. Arleo also seeks $14,625.00

2   reimbursement for 117 hours of paralegal work performed through her office at a rate of $125 per

3   hour.  *Id.*, ¶¶5-6, Ex. 3.  The lodestar calculation for the efforts of Ms. Arleo in this litigation is

4   $407,479.00.  *Id.*, ¶7.

5       Mr. Khojayan seeks an hourly rate of $460.  Khojayan Decl., ¶14, Ex. 1.  Plaintiff's fee

6   expert concurs that this rate is appropriate for an attorney of Mr. Khojayan's experience in this type

7   of litigation.  Hensley Decl, ¶¶10, 17, 23, 25, 30.  The lodestar calculation for the efforts of

8   Mr. Khojayan in this litigation is $116,518.00.

9       The reasonable hourly rate for an attorney with Mr. Bragg's experience in this type of

10  litigation is $495 per hour.  Hensley Decl., ¶¶10, 18-21, 23, 25, 26, 28A., 29A.; Bragg Decl., ¶13.

11  "The court further finds that . . . $465 an hour for Mr. Bragg are reasonable rates for attorneys with

12  their equivalent years of experience."  *Campos v. Western Dental Servs,* 2007 WL 2050976 (N.D.

13  Cal. July 13, 2007).  *See also Carroll v. United Compucred Collections*, 2008 U.S. Dist. LEXIS

14  67687 (M.D. Tenn. July 31, 2008) (awarding Mr. Bragg $450/hour); *Cancio v. Fin. Credit Network,*

15  *Inc.*, 2005 U.S. Dist. LEXIS 13626, 8 (N.D. Cal. July 6, 2005) (awarding Mr. Bragg $435/hour);

16  *Defenbaugh v. JBC & Assoc.*, 2004 U.S. Dist. LEXIS 16256, 20 (N.D. Cal. Aug. 10, 2004)

17  (awarding Mr. Bragg $435/hour), *aff'd* 2006 U.S. App. LEXIS 19930 (9th Cir. Cal. Aug. 3, 2006).

18  Other district courts have also commented on Mr. Bragg's experience in consumer class action

19  litigation.  *Acik v. I.C. Sys.*, 251 F.R.D. 332, 336 (N.D. Ill.  2008) (". . . O. Randolph Bragg are

20  highly experienced attorneys, with a significant history of class action litigation experience between

21  them."); *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 545 (N.D. Cal. 2005) ("it seems clear that

22  the lead counsel for this lawsuit, O. Randolph Bragg, has been qualified and found competent to

23  represent similar class actions."); *Swanson v. Mid Am, Inc,*, 186 F.R.D. 665, 668 (M.D. Fla. 1999)

24  ("The Declaration of O. Randolph Bragg shows Plaintiff's counsel, O. Randolph Bragg, is qualified

25  to conduct class action litigation."); *Borcherding-Dittloff v. Transworld Sys.*, 185 F.R.D 558, 563

26  (W.D. Wis. 1999) ("Moreover, Bragg's ability to serve as counsel in class actions and consumer

27  suits has been recognized in other courts.").   The lodestar calculation for the work performed by

28  Mr. Bragg's firm in this litigation is $124,910.50.  Bragg Decl., ¶¶16-18.

1    As summarized in the chart below, the total lodestar calculation for the award of attorneys'
2 fees to Plaintiff in this matter totals $648,907.50 through March 17, 2009:

| Provider | Hours | Rate | Total |
|---|---|---|---|
| O. Randolph Bragg | 227.9 | $495 | $112,810.50 |
| Craig Shapiro | 45.7 | $250 | $11,425.00 |
| Elizabeth J. Arleo | 1020.4 | $385 | $392,854.00 |
| Shaun Khojayan | 253.3 | $460 | $116,518.00 |
| Paralegal S. Carter | 5.4 | $125 | $675.00 |
| Paralegal E. Dewan | 109 | $125 | $13,625.00 |
| Paralegal A. Piggott | 8 | $125 | $1,000.00 |
| **TOTALS:** | 1669.7 | | $648,907.50 |

**2.    The Lodestar May Not Be Reduced Due To The Amount Of The Judgment**

Plaintiff seeks an award of attorney fees based upon the lodestar formula. Defendant may, however, suggest that a lesser amount is appropriate. The award of attorneys' fees, however, is not limited to the amount of damages. As long as the plaintiff is successful, *i.e.*, recovers more than nominal damages, the plaintiff should be awarded attorney fees pursuant to a lodestar calculation.

"In the absence of any indication that Congress intended to adopt a strict rule that attorney's fees under section 1988 be proportionate to damages recovered, we decline to adopt such a rule ourselves." *City of Riverside v. Rivera*, 477 U.S. 561, 581 (1986) (footnote omitted). *See also QuarationQuarantino v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999); *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir. 1997). The benefits to the public as a whole resulting from lawsuits which encourage compliance with statutory provisions are more important than relatively small damage awards. Indeed, when a provision for counsel fees is included in a regulatory act, it is a recognition that enforcement of the statute would be unlikely if an individual had to pay his or her own attorney's fees. The Court quoted Senator Tunney's remarks in the Congressional Record:

If the citizen does not have the resources, his day in court is denied

1
2

> him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire nation, not just the individual citizen, suffers.

3   *City of Riverside v. Rivera*, 477 U.S. at 575, (citation omitted). The Third Circuit Court of Appeals

4   amplified this thought stating:

5
6
7

> Congress provided fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.

8   *Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir.

9   1988). "Congress has relied on such plaintiffs to act as private attorneys general." *Id.* at 1450 n.13.

10  *See also Graziano*, 950 F.2d at 113.

11       The amount of damages awarded often has borne no relation to the amount of attorney's fees

12  granted. "[A]ttorney's fees awarded by district courts have 'frequently outrun the economic benefits

13  ultimately obtained by successful litigants.'" *Evans v. Jeff D.*, 475 U.S. 717, 735 (1986) (citation

14  omitted). Upon finding a statutory violation and damages, the attorney's fees award should be made

15  in the lodestar amount. *Johnson v. Eaton*, 80 F.3d 148, 151 (5th Cir. 1996).

16       For example, in *Armstrong v. Rose Law Firm, P.A.*, the district court approved the award of

17  $43,180.00 in attorney's fees where the plaintiff recovered $1,000 in statutory damages. 2002 U.S.

18  Dist. LEXIS 16867, *14. The Southern District of Florida affirmed the bankruptcy court's award of

19  attorney's fees of $29,037.50 where the plaintiff recovered FDCPA statutory damages of only

20  $1,000. *In re Martinez*, 266 B.R. 523, 544 (Bankr. S.D. Fla. 2001), *aff'd* 271 B.R. 696 (S.D. Fla.

21  2001). In *Perez v. Perkiss*, the district court awarded $10,110 in attorney's fees where the plaintiff's

22  recovery was only $1,200. 742 F.Supp. 883, 892 (D. Del. 1990). The Seventh Circuit Court of

23  Appeal reversed a district court's denial of attorneys' fees even though the plaintiffs only recovered

24  $100 ($50 each) as FDCPA statutory damages and remanded for determination of an award of

25  attorneys' fees. *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir. 1997).

26       Of course, the amount of reasonable attorneys' fees awarded pursuant to the FDCPA is left to

27  the sound discretion of the judge. *Schimmel v. Slaughter*, 975 F.Supp. 1481, 1484 (M.D. Ga. 1997).

28  /////

1     Here, Plaintiff's counsel "did not inflate this small case into a large one; its protraction

2  resulted from the stalwart defense. And although defendants are not required to yield an inch or to

3  pay a dime not due, they may by militant resistance increase the exertions required of their

4  opponents and thus, if unsuccessful, be required to bear that cost." *McGowan v. King, Inc.*, 661 F.2d

5  48, 51 (5th Cir. 1981).  *See also In re Pine*, 705 F.2d 936, 938 (7th Cir. 1983).  Because Arrow

6  Financial vigorously opposed Plaintiff's claims, including class certification, summary judgment,

7  and a jury trial for damages, Defendant must compensate Plaintiff's attorneys for the time and

8  expenses incurred on their successful efforts to overcome Arrow Financial's opposition.

9     **E.    A Multiplier is Appropriate and Reasonable.**

10     Plaintiff seeks a multiplier of 2.0 on a lodestar of $648,907.50, for total attorneys' fees of

11  $1,297.815.00.  Had Plaintiff's counsel been retained and paid at their standard hourly rates, they

12  would already have been paid $648,907.50 over a period of four years and would have earned

13  substantial interest by now.  There would have been little or no risk of non-payment.  Similarly, if

14  counsel had spent equivalent time on a different hourly matter, they would have been paid the same

15  amount.  However, counsel have been paid nothing thus far, have incurred the hours enumerated

16  above, their overhead, and litigation expenses of $80,023.64 with no promise of compensation.  It is

17  because of this business and economic reality that the courts distinguish contingency work from non-

18  contingency work, and distinguish current pay from delayed and risky pay, as does the market for

19  legal services.

20     Both California law and federal law permit the award of a multiplier in a case like this.  We

21  will begin with California law because it appears more generous, and Plaintiff is entitled to seek the

22  higher fee if there is a difference between state and federal law and both have been violated.[3]  *See*

23  *Mangold v. California Pub. Utils. Comm'n.*, 67 F.3d 1470, 1478 (9th Cir. Cal. 1995).  Because

24

25  [3]  The multiplier is probably the one relevant area of difference between federal and state law.  In
*City of Burlington v. Dague*, 505 U.S. 557, 567 (1992), the Supreme Court disapproved risk

26  multipliers under federal fee statutes, although leaving open the right to seek a multiplier on other
grounds.  By contrast, California law permits enhancements on the basis of risk, and for other

27  reasons as well.  *Serrano v. Priest*, 20 Cal. 3d 25, 45 (1977); *City of Oakland v. Oakland Raiders*,
203 Cal. App. 3d 78, 83 (1988).

28

1   Plaintiff also prevailed on his CA FDCPA claims, and California law provides for a broad

2   application of multipliers, it is proper to apply the California law standard for a fee multiplier here.

3                    **1.    California Law Permits Multipliers Between 2-4**

4           Under California law, particularly under California Code of Civil Procedure §1021.5,

5   multipliers between two and four are common.  Risk is a crucial factor in the §1021.5 analysis.  As

6   the California courts have explained, in the legal marketplace, an attorney whose compensation is

7   wholly dependent on success – who takes a significant risk of non-payment – expects a significantly

8   higher fee if he wins than an attorney who is paid a market rate as the case goes along, win or lose.

9   *See  Rader v. Thrasher*, 57 Cal. 2d 244, 253 (1962) ("'[a] contingent fee contract, since it involves a

10  gamble on the result, may properly provide for a larger compensation than would otherwise be

11  reasonable'") (citation omitted); *Salton Bay Marina, Inc. v. Imperial Irrigation Dist.*, 172 Cal. App.

12  3d 914, 955 (1985) ("'riskiness,' difficulty or contingent nature of the litigation is a relevant factor in

13  determining a reasonable attorney fee award") (citation omitted).  Risk multipliers, therefore, are

14  "intended to approximate market-level compensation for . . . services, which typically includes a

15  premium for the risk of nonpayment or delay in payment."  *Ketchum v. Moses*, 24 Cal. 4th 1122,

16  1138 (2001).  "The adjustment to the lodestar figure, *e.g.*, to provide a fee enhancement reflecting

17  the risk that the attorney will not receive payment if the suit does not succeed, constitutes earned

18  compensation; unlike a windfall, it is neither unexpected nor fortuitous."  *Id.*

19          There is also the delay factor.  As the California Court of Appeal explained in *Cazares v.*

20  *Saenz:*

21              [E]ven putting aside the contingent nature of the fee, the lawyer under
                such an arrangement agrees to delay receiving his fee until the
22              conclusion of the case, which is often years in the future.  The lawyer
                in effect finances the case for the client during the pendency of the
23              lawsuit.  If a lawyer was forced to borrow against the legal services
                already performed on a case which took five years to complete, the
24              cost of such a financing arrangement could be significant.

25  208 Cal. App. 3d 279, 288 (1989).

26          Fee awards in consumer/public interest cases are intended to entice competent counsel to

27  undertake difficult public interest cases.  *San Bernardino Valley Audubon Soc'y v. County of San*

28  *Bernardino*, 155 Cal. App. 3d 738, 755 (1984).  It can be seen that, if the upside to counsel in a

1    consumer rights case is payment at standard hourly fees, but only in the event of a victory and only

2    at the end of the case, that makes such cases quite unattractive compared to hourly work.   An

3    attorney taking on such a case must accept that he or she will win some cases and lose some, and

4    will get paid (on a delayed basis) his fee only when he wins.   Hourly work with guaranteed payment,

5    or private contingent fee work (personal injury, etc.), with a larger payoff in the event of success,

6    will attract all the good lawyers, leaving consumer and other civil rights clients without an adequate

7    supply of competent counsel.   The availability of a risk multiplier in the proper circumstances

8    counterbalances this, making the winning case pay off better, and allowing for talented lawyers to

9    take such cases despite the risk of losing some of them.

10        Risk is to be measured "ex ante," that is, as seen at the outset of the litigation.   *Fischel v.*

11   *Equitable Life Assur. Soc'y of the United States*, 307 F.3d 997, 1009 (9th Cir. 2002); *Florin v.*

12   *Nationsbank, N.A.*, 34 F.3d 560, 565 (7th Cir. 1994).   This case was surely risky at the outset.

13   Plaintiff would have to demonstrate that Arrow Financial's letter violated the FDCPA and the CA

14   FDCPA, an area with little certainty.   Plaintiff did so.   *See e.g., Gonzalez v. Arrow Financial*

15   *Services, LLC*, No. 05CV0171, 2005 U.S. Dist LEXIS 19712, at *13 (S.D. Cal. July 25, 2005)

16   (denying Defendant's Rule 12(b)(6) motion to dismiss); *Gonzales v. Arrow Fin. Servs. LLC*, 233

17   F.R.D. 577 (S.D. Cal. 2006) (granting class certification); *Gonzales v. Arrow Fin. Servs. LLC*, 489

18   F.Supp.2d 1140, 1157 (S.D. Cal. 2007) (denying Defendant's Motion to decertify the class, denying

19   Defendant's motion for summary judgment and granting Plaintiff's motion for partial summary

20   judgment finding that Defendant had violated the FDCPA and CA FDCPA).   *See also* Plaintiff's

21   Statement of Motion in Limine Rulings (describing Plaintiff's success on motion in limine rulings)

22   [Docket #204]; and the October 23, 2008 jury verdict awarding, $225,000.00 statutory damages to

23   the class and $500 to Plaintiff.   [Docket No. 209]

24        Defendant opposed Plaintiff at every step of the litigation.   Arleo Decl., ¶¶11-12.   A hard

25   fought case can always be won or lost, and is more risky simply because the investment in time will

26   be greater.   As a solo practitioner with limited resources, Ms. Arleo risked being tied up on this case

27   /////

28   /////

1   for years against a deep-pocketed defendant.  Indeed, she has been litigating this case for four years.

2   Arleo Decl., ¶¶9-10.  Similarly, Mr. Khojayan, also a solo practitioner, risked no recovery if the trial

3   was lost.  Khojayan Decl., ¶3.  Mr. Bragg's risk is similar.

4          Having brought the litigation to a successful conclusion, counsel ought to be paid well for

5   that effort, and also compensated for taking the risk of a multi-year legal war caused by Defendant

6   and its multiple teams of national defense counsel.  Arleo Decl., ¶11; Simon Decl., ¶¶2, 15.

7          California law allows multipliers between two and four in public interest actions involving

8   (a) substantial risk, and (b) good results for the plaintiffs.  *See Wershba v. Apple Computer*, 91 Cal.

9   App. 4th 224, 255 (2001) ("Multipliers can range from 2 to 4 or even higher."); *Graham v.*

10  *DaimlerChrysler Corp.*, 34 Cal. 4th 553, 578-79 (2004) (multiplier of 2.25 awarded based on "the

11  contingency nature [of the litigation], the delay in payment and the quality of the result"); *Ketchum*

12  *v. Moses*, 24 Cal. 4th 1122, 1128 (2001) (fees resulting from a multiplier in the range of two to four

13  are appropriate and necessary to attract counsel to undertake representation in contingent types of

14  cases).

15         In federal cases where plaintiffs prevailed on California claims, district courts have awarded

16  fees with multipliers under C.C.P. §1021.5.  For example, in *Crommie v. Public Utils. Comm'n*, a

17  case alleging that a public agency had engaged in age discrimination violating both state and federal

18  law, the district court multiplied the lodestar by an enhancement of 2.0 "[d]ue to the difficulty of the

19  litigation, the success on the merits, and public interest value."  840 F. Supp. 719, 726 (N.D. Cal.

20  1994), *aff'd, Mangold v.California Pub. Utils. Comm'n*, 67 F.3d 1470, 1478-79 (9th Cir. 1995).  In

21  *Chabner v. United of Omaha Life Ins. Co.*, plaintiff won summary judgment that defendant violated

22  several state laws as well as Title III of the Federal Americans With Disabilities Act.  1999 U.S.

23  Dist. LEXIS 16552 (N.D. Cal. Oct. 12, 1999).  The district court granted plaintiff a multiplier of 2.0

24  because the "substantial time and resources used" in the case prevented plaintiff's counsel "from

25  accepting other allegedly less risky litigation" and "had not received any funding from outside

26  sources" for the litigation.  *Id*. at *21.

27         In *Paulson v. City of San Diego*, the Honorable Gordon Thompson, Jr., applying California

28  law, awarded a multiplier of 2.0 in the Mount Soledad cross litigation, finding that while the

1    "underlying issues were [not] unusually difficult or complex" the "case was very difficult in that

2    [plaintiff] had to contend with [defendant's] various ploys to circumvent this Court's order."  2007

3    U.S. Dist. LEXIS 43587, 14 (S.D. Cal. June 13, 2007).  The court was also impressed with the

4    efforts and skill of plaintiff's counsel and that the litigation precluded other employment. *Id.* at \*15.

5         In *Asberry v. City of Sacramento/Sanitation Dep't.*, plaintiffs prevailed at trial on age

6    discrimination claims under two alternative theories of liability: The Federal Age Discrimination In

7    Employment Act and the California Fair Employment and House Act ("FEHA").  2004 U.S. Dist.

8    LEXIS 29138 (E.D. Cal. Apr. 5, 2004)., Rejecting defendant's argument that a multiplier was "not

9    allowed on the basis of contingency because federal law precludes such an award," and finding that

10   plaintiff was entitled to attorneys' fees under state law, the district court granted a 1.5  multiplier. *Id.*

11   at \*16.

12        The same factors in these cases are present here, and the multiplier Plaintiff seeks, 2.0, is thus

13   well supported under California law.

14                   **2.      Federal Law Permits Multipliers**

15        Although the issue appears moot given the *Mangold* holding and Plaintiff's right to recover

16   under California law, we will provide the Court with a discussion of federal law as well.

17        In setting the amount of an attorneys' fees award, a district court must begin with the

18   "lodestar" method of calculating the award.  *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055,

19   1064 (9th Cir. 2006).  Although in most cases the lodestar figure is presumptively a reasonable fee

20   award (*City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)), under §1988, the court may, if

21   circumstances warrant, adjust the lodestar to account for factors (other than risk) that are not

22   subsumed within the lodestar.  *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir.

23   2001).

24        In *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, the Ninth Circuit Court of Appeal

25   rejected the notion that *Dague* stood for the proposition that a multiplier may never be applied to

26   increase a fee award under federal law; instead it reiterated that a fee applicant can recover more

27   /////

28   /////

PLTF'S MEMO OF P&As IN SUPPORT OF          - 17 -                    05-CV-0171 JAH (RBB)
MOTION FOR ATTYS' FEES

1  than the lodestar figure where the applicant has met "the burden of showing that 'such an adjustment

2  is necessary to the determination of a reasonable fee.'" 100 F.3d 691, 697 (9th Cir. 1996) (citing

3  *Dague*, 505 U.S. at 562 (quoting *Blum*, 465 U.S. at 898)).

4      Among the other factors upon which a federal multiplier may be based is whether the case

5  was undesirable.  For example, the district court in *Guam* found that an enhancement of 2.0 was

6  necessary because of the "extreme undesirability of the case" given "the likelihood that no other

7  attorney on the island would have accepted the case."  *Id.*   In *Oberfelder v. City of Petaluma*, the

8  district court granted plaintiff's request for a multiplier when several factors rendered the case

9  undesirable or unmanageable for potential counsel (*e.g.*, challenging established policy and practice),

10  and when the length and difficulty of the case, together with the absence of any fee-paying client,

11  would have precluded most private attorneys from undertaking the time-consuming suit.  2002 U.S.

12  Dist. LEXIS 8635, at*31-32 (N.D. Cal. Jan. 29, 2002), The court further stated that "[e]ven with the

13  fee-shifting provisions of section 1988, had it not been for plaintiff counsel's dedication and

14  fortitude, more likely than not, [plaintiff] would have gone unrepresented." *Id.*, at *32.  *See also Doe

15  v. Bridgeport Police Dep't.*, 468 F. Supp. 2d 333, 339 (D. Conn. 2006) (awarding multiplier of 2.0

16  where plaintiff prevailed in expanding scope of injunction).

17      The Ninth Circuit Court of Appeals has held that in calculating a fee, the court may consider

18  any of 12 factors enumerated in *Kerr v. Screen Extras Guild, Inc.*, but need not consider them all.

19  *Jordan v. Multnomah County*, 815 F.2d 1258, 1267 n.11  (9th Cir. 1987).  The *Kerr* factors are: (1)

20  the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill

21  requisite to perform the legal service properly; (4) the preclusion of other employment by the

22  attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or

23  contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved

24  and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the

25  "undesirability" of the case; (11) the nature and length of the professional relationship with the

26  client; and (12) awards in similar cases. 526 F.2d 67, 70 (9th Cir. 1975).

27      Applying the *Kerr* factors, recently in *Bellows v. NCO Financial Systems, Inc.*, No. 07-cv-

28  1413, 2009 WL 35468 (S.D. Cal. Jan. 5, 2009), the Honorable Thomas J. Whelan approved a class

1   action settlement awarding Plaintiff's counsel a multiplier of 1.793.  Plaintiff alleged claims against

2   a debt collector pursuant to the federal Telephone Consumer Protection Act, 47 U.S.C. §227.

3   Among other things, Judge Whelan considered the 17-month delay in payment "considerable" and

4   justified adding the multiplier.  *Id.* at *8.

5        Many of the factors above are self-evident, and some are inapplicable here, but we will

6   highlight a few points to demonstrate that a 2.0 multiplier is appropriate in this case.

7        ***Preclusion of Other Employment:***  Ms. Arleo's and Mr. Khojayan's and Mr. Bragg's

8   practices cannot spread this risk over a large portfolio of cases.  Arleo Decl., ¶9; Khojayan Decl., ¶3.

9   Ms. Arleo in particular made a substantial, long-term commitment to this case, and she should be

10  well compensated for her dedication and success on behalf of Plaintiff and members of the class.

11  Simon Decl, ¶¶2, 15.  The demands of the case precluded Plaintiff's three attorneys from taking on

12  other matters during certain periods of heavy work.  Arleo Decl., ¶13.

13       ***Skills Required:***  The litigation required strong analytical and writing skills to defeat all the

14  defenses and opposition offered by Arrow Financial.  Arleo Decl., ¶¶17, 20-22, 24-27, 28; Khojayan

15  Decl., ¶22.

16       ***Results Obtained:***  Plaintiff's counsel obtained precisely what their client wanted – an Order

17  holding that Defendant's collection practices violated the FDCPA and the CA FDCPA.  *Gonzales v.*

18  *Arrow Fin. Servs. LLC*, 489 F.Supp.2d 1140 (S.D. Cal. 2007).  Plaintiff obtained a jury verdict for

19  both FDCPA and CA FDCPA and statutory damages for Mr. Gonzales and members of the class.

20       Plaintiff endeavored to and obtained a favorable result and recovered statutory damages for

21  himself and the class under *both* the FDCPA and CA FDCPA.  "[C]ompensation received several

22  years after the services were rendered – as it frequently is in complex civil rights litigation – is not

23  equivalent to the same dollar amount received reasonably promptly as the legal services are

24  performed, as would normally be the case with private billings."  *Romberg v. Nichols*, 953 F.2d

25  1152, 1164 (9th Cir. 1992).  "'[D]istrict courts have the discretion to compensate prevailing parties

26  for delay in the receipt of fees.'"  *EEOC v. Harris Farms, Inc.*, 2006 U.S. Dist. LEXIS 48808, at *20

27  n.7 (E.D. Cal. June 30, 2006) (citation omitted).

28

1    Ms. Arleo has been working on the matter for over four years.  Arleo Decl., ¶7.  Defendant

2    has prolonged the litigation, increasing the necessary trial commitment and delaying payment of

3    fees.  The delays in this case are attributable to Arrow Financial.  Throughout this litigation, Plaintiff

4    attempted but Defendant rejected reasonable settlement proposals.  Arleo Decl., ¶23.

5    In sum, Plaintiff's requested multiplier of 2.0 is supportable under federal and state law.  It

6    should be adopted by the Court.

7    **F.      Plaintiff and His Attorneys Are Entitled To Recover Their Expenses**

8    Plaintiff's litigation expenses are compensable.  The FDCPA grants the successful plaintiff

9    "the costs of the action."  15 U.S.C. §1692k(a)(3).  Long distance telephone and faxing expenses, as

10   well as copying and postage have been awarded as costs.  *Sousa v. Miguel*, 32 F.3d 1370, 1374 (9th

11   Cir. 1994).  California Code of Civil Procedure §1021.5 also permits reimbursement for reasonable

12   costs incurred in the course of litigation.  Recoverable costs include travel, photocopies, lodging,

13   postage, telephone calls, and computerized research.  *Libertad v. Sanchez*, 134 F.Supp.2d 218, 236

14   (D.P.R. 2001).  Costs may be recovered as provided for by statute as well as 28 U.S.C. §1920.

15   Computer research costs are properly recoverable.  *Trs. Of Constr. Indus. & Laborers Health &*

16   *Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258-59 (9th Cir. 2006) .

17   Plaintiff has submitted documentation for costs and expenses which total $80,023.64.

18   Ms. Arleo's firm seeks $41,527.56 in litigation expenses.  Arleo Decl., ¶31, Ex. 4; Mr. Khojayan's

19   firm also incurred $758.80 in litigation expense. Khojayan Decl., ¶15, Ex. 2; Mr. Bragg's firm

20   incurred $37,737.28 in litigation expenses. Bragg Decl., ¶19, Ex. 2.

21   **G.      Plaintiff Will Seek A Supplemental Award Of Attorneys' Fees And Litigation
         Expenses For Time Expended Upon This Motion**

22

23   The Declarations submitted by Plaintiff's attorneys detail the costs and time expended in this

     litigation prior to the preparation of this brief.  "In statutory fee cases, federal courts, including our

24   own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is

25   compensable."  *In re Nucorp Energy,*  764 F.2d 655, 659-660 (9th Cir. 1985).  This is so because it

26   would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they

27   /////

28

1   reasonably spent in establishing their rightful claim to the fee. *Id*. at 660 (citing *Southeast Legal*

2   *Defense Group v. Adams*, 657 F.2d 1118, 1126 (9th Cir. 1981)). An award of fees is appropriate for

3   the time expended in pursuing a Motion For Award Of Attorneys' Fees. *Jordan v. Multnomah*

4   *County*, 815 F.2d 1258, 1264 (9th Cir. 1987). The award of a "flat fee" for litigating attorneys fees

5   is inappropriate; fees on fees are determined pursuant to the lodestar calculation. *Camacho II* at 981-

6   83. *See also Kurowski v. Krajewski*, 848 F.2d 767, 777 (7th Cir. 1988) (holding that counsel are

7   entitled to full compensation under §1988 for productive work.); *Haitian Refugee Center v. Meese*,

8   791 F.2d 1489, 1500-01 (11th Cir. 1986) (making prevailing party whole by upholding district

9   court's award for work performed by fee counsel); *David v. City of Scranton*, 633 F.2d 676, 677 (3d

10  Cir. 1980) (reversing district court's refusal to make an award for attorney's time spent in litigating

11  the opposed fee application as inconsistent with previous rulings.); *Johnson v. State of Miss.*, 606

12  F.2d 635, 638 (5th Cir. 1979) (concluding that attorney's fees may be awarded for time spent

13  litigating the fee claim.); *Perez v. Perkiss*, 742 F.Supp. 833, 891 (D. De. 1990) (stating that fees for

14  the hours expended by attorneys in connection with the litigation are recoverable and calculable

15  based upon the reasonable lodestar rate as determined by the court). After completion of briefing,

16  Plaintiff's counsel will submit Supplemental Declarations for an Award of Attorneys' Fees and

17  Litigation Expenses incurred.

18  /////

19  /////

20  /////

21  /////

22  /////

23  /////

24  /////

25  /////

26  /////

27  /////

28  /////

PLTF'S MEMO OF P&As IN SUPPORT OF        - 21 -                    05-CV-0171 JAH (RBB)
MOTION FOR ATTYS' FEES

IV.     CONCLUSION

Based upon the lodestar calculation of $648,907.50 and Plaintiff's requested multiplier of 2.0, attorneys' fees should be awarded to Plaintiff's counsel in the amount of $1,297,815.00.  Also, $80,023.34 litigation expenses should be awarded.  A supplemental Declaration for an award of attorneys' fees and litigation expenses will be submitted one week after the completion of briefing. Plaintiff also requests that Defendant be ordered to remit to Plaintiff the full amount of fees and expenses awarded within 14 days of receipt of award unless other arrangements are made between counsel.

DATED:  March 20, 2009                     Respectfully submitted,

ARLEO LAW FIRM, PLC
ELIZABETH J. ARLEO

      s/ Elizabeth J. Arleo
ELIZABETH J. ARLEO

1672 Main Street, Suite E, PMB 133
Ramona, CA  92065
Telephone:  760/789-8000
760/789-8081 (fax)

HORWITZ, HORWITZ & ASSOCIATES
O. RANDOLPH BRAGG
CRAIG M. SHAPIRO
25 E. Washington Street, Suite 900
Chicago, IL  60602
Telephone:  312/372-8822
312/372-1673 (fax)

LAW OFFICES OF SHAUN KHOJAYAN
  & ASSOCIATES, P.L.C.
SHAUN KHOJAYAN (CASB NO. 197690)
9454 Wilshire Blvd., Suite 600
Beverly Hills, CA 90212
Telephone:  310/274-6111
310/274-6211 (fax)

Attorneys for Plaintiff

1

**<u>CERTIFICATE OF SERVICE</u>**

2            Attorney for Plaintiff certifies that the foregoing pleading is true and accurate and that a copy

3    of the foregoing document has been served this day upon:

4    **Electronic Mail Notice List**

5        • **Elizabeth J Arleo**
           elizabeth@arleolaw.com
6        • **O Randolph Bragg**
           rand@horwitzlaw.com,shannon@horwitzlaw.com
7        • **Shaun Khojayan**
           shaun@khojayan.com,hashen@khojayan.com
8        • **David M Schultz**
9           dschultz@hinshawlaw.com,courtfiling@hinshawlaw.com,izielinski@hinshawlaw.com
         • **Craig M Shapiro**
10          craig@horwitzlaw.com,shannon@horwitzlaw.com
         • **Linda L. Streeter**
11          lstreeter@hinshawlaw.com,scox@hinshawlaw.com,dhinds@hinshawlaw.com

12

**Manual Notice List**

13
             The following is a list of attorneys who are not on the list to receive e-mail notices for this
14
     case (who therefore require manual noticing).
15

16                            **Jennifer W. Weller**
                              Hinshaw and Culbertson
17                            222 North LaSalle Street
                              Suite 300
18                            Chicago, IL 60601

19   I declare under penalty of perjury that the foregoing is true and correct.

20

21   DATED:  March 20, 2009                    _____
                                                    s/ Elizabeth J. Arleo
                                               ELIZABETH J. ARLEO

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE                          - 1 -                          05-CV-0171 JAH (RBB)