ARLEO LAW FIRM, PLC
ELIZABETH J. ARLEO (CASB NO. 201730)
1672 Main Street, Suite E, PMB 133
Ramona, CA 92065
Telephone: 760/789-8000
760/789-8081 (fax)

HORWITZ, HORWITZ & ASSOCIATES
O. RANDOLPH BRAGG (IL BAR NO. 6221983)
CRAIG M. SHAPIRO (IL BAR NO. 6284475)
25 E. Washington Street, Suite 900
Chicago, IL 60602
Telephone: 312/372-8822
312/372-1673 (fax)

Attorneys for Plaintiff

[additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GONZALES, on Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>ARROW FINANCIAL SERVICES LLC,<br><br>　　　　　　　Defendant. | Case No. 05-CV-0171 JAH (RBB)<br><br>DECLARATION OF LEONARD B. SIMON IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES<br><br>DATE:　May 18, 2009<br>TIME:　2:30 p.m.<br>PLACE:　Courtroom 11<br><br>The Honorable John A. Houston |

I, LEONARD B. SIMON, declare as follows:

## BACKGROUND

1. I am an attorney duly licensed to practice before all of the courts of the State of California since 1973. I am of counsel to Coughlin Stoia Geller Rudman & Robbins LLP. I have no affiliation with any of the attorneys seeking fee awards in the pending matter, except as co-counsel in other matters. I have personal knowledge of the facts stated herein and would be competent to testify thereto if called upon to do so.

2. I am not being compensated by plaintiff's counsel for submitting this declaration. Rather, I am submitting it to confirm that Mr. Hensley's views are consistent with those of a practitioner within the District, and more generally because I believe that counsel taking on matters of this nature should be compensated fairly when they succeed, so that counsel remain available in the future for others with similar claims. In a case of this nature counsel will receive nothing if they fail; the availability of counsel for such cases will dry up if counsel are also underpaid when they succeed.

## QUALIFICATIONS

3. I am a 1973 graduate of Duke University School of Law. After clerking for the Honorable Irving Hill in the United States District Court for the Central District of California, I practiced law in Washington, D.C. until 1983, when I moved to San Diego and joined what was then Milberg Weiss. I have been an associate, then a partner, then managing partner, and now of counsel to that firm and its successors since 1983.

4. Although the Milberg firm did predominantly contingent fee work, I have always had some hourly clients, including Republic Pictures, Callaway Golf, the San Diego Padres, and others. Those clients always paid my standard hourly rates, the same rates we used for fee applications.

5. I am also an Adjunct Professor of Law at Duke University, the University of San Diego, and previously at the University of Southern California. I have taught several courses, including complex civil litigation which, at least as I teach it, includes a component on court-awarded attorney's fees.

6. I have appeared in this Court numerous times, in the Ninth Circuit numerous times, and in the United States Supreme Court once. I also handle cases in the California courts, and in out-of-state federal and state courts.

7. I have served as a mediator, and am currently serving as an arbitrator in a case involving a dispute over attorneys' fees.

8. I am active in bar and civic affairs. I was a District Representative to the Ninth Circuit Judicial Conference for three years, and am now serving a three-year term as a member of the Ninth Circuit Conference Executive Committee. I was also on the committee that assisted Governor Davis in selecting superior court judges. I have served on the Boards of the Legal Aid Society, the American Civil Liberties Union and the Association of Business Trial Lawyers.

9. In the course of my practice, I have applied for court-awarded attorneys' fees on dozens of occasions, ranging from multi-million dollar class actions to small-dollar pro bono cases. I have briefed and argued such matters, in this Court and elsewhere, and have become familiar with both the law and the rates charged by various attorneys in and out of the San Diego legal community.

10. I have been asked to express an opinion on the reasonableness of the attorneys' fees sought in this case. Of the attorneys seeking fees in this case I am personally knowledgeable about only one, Ms. Arleo. Ms. Arleo was an associate at the Milberg Weiss firm for several years, and we worked together there. Later, years after Ms. Arleo left the firm, she contacted me to assist in one of her cases which was in mediation before the Honorable Herbert Hoffman (which was successfully settled), and after that, to serve as her co-counsel in a Title IX gender discrimination case against the Ramona Unified School District, which has recently been successfully concluded before Judge Whelan of this Court.

11. From this experience I am quite familiar with Mr. Arleo's work. She is a tenacious and dedicated advocate for her clients, and an excellent co-counsel, gladly taking her share of the responsibility, and gladly taking advice and input from others. She does good work, and does not waste time or overbill. I believe that her requested hourly rate in this case, $385.00 per hour, is quite reasonable in the circumstances.

12. Although I do not have the vast data available to Mr. Hensley, I have practiced law in San Diego for 25 years and know the market for attorneys' fees. Lawyers of Ms. Arleo's experience charge rates ranging from somewhat below her requested rate to well above it, and her requested rate seems quite fair and reasonable in the circumstances. Thus, my San Diego-based experience and my knowledge of Ms. Arleo are consistent with Mr. Hensley's market-wide data.

13. I do not know Mr. Bragg or Mr. Khojayan, but the rates they request for the level of experience they have are also reasonable for the San Diego market.

14. Court awards of fees are also supportive of the rates requested by these three attorneys. In the course of my briefing and arguing attorneys fee petitions, I have read many published cases and unpublished orders on this subject, from this Court and elsewhere. The rates sought in this case fit comfortably within the range of fees awarded in those cases for lawyers of similar experience.

15. In gauging the reasonableness of the fee request, I must also note that the result, and the length of the litigation, support a generous award. This case was litigated for four years. Plaintiffs won summary judgment on liability, an unusual and impressive result in a class action. And damages were tried to a jury, although it is commonly said that class actions never go to trial. Rather than settling for a modest sum and seeking a handsome fee for less work, these lawyers pressed the case to a favorable resolution on the merits, taking the risk of a jury trial, and ought to be paid fairly for their substantial and successful work.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this twentieth day of March, 2009, at San Diego, California.

_____
LEONARD B. SIMON

# CERTIFICATE OF SERVICE

Attorney for Plaintiff certifies that the foregoing pleading is true and accurate and that a copy of the foregoing document has been served this day upon:

**Electronic Mail Notice List**

- Elizabeth J. Arleo
  elizabeth@arleolaw.com

- O. Randolph Bragg
  rand@horwitzlaw.com
  shannon@horwitzlaw.com

- Shaun Khojayan
  shaun@khojayan.com
  hashen@khojayan.com

- David M. Schultz
  dschultz@hinshawlaw.com
  courtfiling@hinshawlaw.com
  izielinski@hinshawlaw.com

- Craig M. Shapiro
  craig@horwitzlaw.com
  shannon@horwitzlaw.com

- Linda L. Streeter
  lstreeter@hinshawlaw.com
  scox@hinshawlaw.com
  dhinds@hinshawlaw.com

**Manual Notice List**

The following is a list of attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual noticing):

Jennifer W. Weller
HINSHAW AND CULBERTSON
222 North LaSalle Street—Suite 300
Chicago, Illinois 60601

I declare under penalty of perjury that the foregoing is true and correct.

DATED: March 20, 2009                               s/ Elizabeth J. Arleo
                                                    ELIZABETH J. ARLEO